**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

THEODORE F. STEVENS,

Defendant.

Crim. No. 08-231 (EGS)

**REPLY IN SUPPORT OF MOTION TO TRANSFER THIS PROCEEDING TO THE DISTRICT OF ALASKA (SENATOR STEVENS'S PRE-TRIAL MOTION NO. 1)**

Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*

August 13, 2008

**INTRODUCTION**

The government does not dispute that almost all of the witnesses are located in Alaska. Nor can the government seriously dispute that Senator Stevens must be located in Alaska to campaign for reelection. And given the disputed conduct outlined by the government in the indictment – which focuses almost entirely on events in Alaska – there can be little doubt that Alaska is the location of events at issue in this case. The "center of gravity" of this action remains squarely in Alaska; *see United States v. Clark*, 360 F. Supp. 936, 941 (S.D.N.Y. 1973), and the Court should transfer this case to the District of Alaska pursuant to Federal Rule of Criminal Procedure 21(b) and *Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240 (1964).

**ARGUMENT**

**I. THE GOVERNMENT'S CHOICE OF FORUM IS NOT ENTITLED TO DEFERENCE IN THIS CASE.**

The government makes much of *United States v. Quinn*, 401 F. Supp. 2d 80 (D.D.C. 2005), suggesting that it stands for the proposition that the government's choice of forum is generally entitled to deference. Not so. Rather, *Quinn* simply held that when consideration of the "*Platt* factors leaves the Court in equipoise, the Court should err on the side of denying the motion to transfer." *Quinn*, 401 F. Supp. 2d at 85. Here, the *Platt* factors are not in equipoise, but instead weigh conclusively in favor of transfer to Alaska.

## II. THE *PLATT* FACTORS STILL WEIGH CONCLUSIVELY IN FAVOR OF TRANSFER.

The relevant factors as articulated by the Supreme Court in *Platt* still weigh overwhelmingly in favor of a transfer to the District of Alaska.

### A. Location of Senator Stevens.

Although Senator Stevens owns a house in the District of Columbia, his legal residence is in Alaska, and Alaska is the state where he needs to reside during this Fall's election season. His campaign headquarters are in Alaska, and Alaska is where the campaign is taking place. Thus, Senator Stevens's location still weighs in favor of transfer to Alaska.

### B. Location of Possible Witnesses.

The government claims that the defense should make a showing of who its witnesses are going to be, but does not dispute the defense's assertion that 90 percent of the witnesses are expected to be from Alaska. Rather, the government focuses on an undisclosed number of witnesses who live neither in Alaska nor the District of Columbia. This does not alleviate the expected burden on the forty or so witnesses believed to reside in Alaska. Nor does it alleviate the burden on counsel of making arrangements to get witnesses to court 3,500 miles from their home – especially during the rebuttal and surrebuttal portions of the trial. Although it appears to be undisputed that almost all of the witnesses reside in Alaska, defense counsel are willing to list potential witnesses and the subjects of their expected testimony *in camera* upon request.

The location of witnesses continues to weigh heavily in favor of transfer to Alaska.

**C. Location of Events Likely To Be in Issue.**

The overwhelming majority of disputed events took place in Alaska, which weighs heavily in favor of transfer. The government's opposition diverts attention from this truth by focusing on events that will not be in dispute – that the Financial Disclosure Forms were mechanically filed in the District of Columbia and that Senator Stevens on occasion participated in phone calls or sent emails from the District of Columbia. But the indictment makes clear that the core of the government's case relates to renovations to and furnishings for the Girdwood residence. For example, twenty-six of the twenty-seven paragraphs purporting to describe alleged gifts to Senator Stevens in Count 1[1] relate to the Girdwood Residence. *See* Indictment ¶¶ 18-44 (describing "things of value" allegedly received by Senator Stevens). The twenty-seventh addresses an automobile exchange centered in Alaska. The government's own indictment makes clear that the events at issue took place in Alaska, and thus this factor weighs substantially in favor of transfer.

**D. Disruption of Senator Stevens's Business Unless the Case Is Transferred and Special Factors Relative To Transfer.**

The government does not dispute that Senator Stevens's business during an election season is his campaign for reelection. Nor does the government dispute that Senator Stevens must campaign in Alaska. Instead, the government suggests that the fact that this case is occurring during an election season mitigates against a transfer to Alaska, because the ongoing campaign might taint jurors. Gov't Opp. at 9. The government essentially argues that the Senator's business needs to be disrupted because the government desires a non-Alaskan jury that

[1] Count 1 alleges a scheme from 1999 to 2007 to conceal gifts from the Senate Ethics Committee. It appears to incorporate nearly all the alleged gifts during these years, and the remaining counts are too devoid of detail to provide an accurate count of alleged gifts.

it apparently perceives as less favorable to Senator Stevens.[2] Disregarding the effect of venue on Senator Stevens's business due to the government's concerns about the jury pool turns an important *Platt* factor on its head. Senator Stevens's business requires him to be in Alaska this Fall, and the disruption to this business unless the case is transferred continues to weigh heavily in favor of transfer.

**E. Location of Counsel.**

The government argues that "all the parties and their counsel" are located in the District of Columbia. Gov't Opp. at 11. This is not true. Two of the named government counsel are Assistant United States Attorneys for the District of Alaska and the remaining government counsel are members of an office with national jurisdiction.[3] Defense counsel are quite willing to relocate temporarily to Senator Stevens's home state where he has long planned to be for most of the Fall, where the overwhelming majority of the witnesses reside, and where the events in dispute took place. Thus, this factor is at worst neutral, and most likely leans toward transfer.

**F. Docket Condition.**

The government ignores the fact that there are fewer cases in Alaska than in the District of Columbia and argues instead that there may not be a judge available in Alaska. The government concedes that this argument is "speculative." Gov't Opp. at 9. Moreover, it disappears if this Court were to agree to follow this case to Alaska. And even if this Court were

---

[2] Senator Stevens has received positive and negative publicity in Alaska and in the District of Columbia. This publicity can be expected to continue in both venues during the trial. In either venue, the effects of pre-trial publicity can be addressed during jury selection while the effects of publicity during trial can be addressed by appropriate instructions to the jury.

[3] Moreover, two of the remaining attorneys have been recently active in Alaska. In fact, on the same day that the government filed its opposition to this motion, four of the five government attorneys in this case were listed as government counsel in the indictment of William Weimar in the U.S. District Court for the District of Alaska (which is in addition to the eight other cases prosecuted there by these attorneys in the last two years).

to decline to follow the case to Alaska, such a speculative reason should not weigh into the *Platt* analysis, especially where the docket in Alaska is in fact less congested than in the District of Columbia. This factor remains neutral.[4]

**CONCLUSION**

The three most important factors the Court must consider in assessing a transfer motion under Rule 21(b) – the location of Senator Stevens, the location of potential witnesses, and the location of the events at issue – continue to weigh overwhelmingly in favor of transfer. Furthermore, transfer to Alaska is the only way to permit Senator Stevens even a minor role in his reelection campaign. The remaining factors are either neutral or support a transfer. Accordingly, Senator Stevens respectfully requests that the Court transfer this proceeding to the District of Alaska pursuant to Federal Rule of Criminal Procedure 21(b).

Dated: August 13, 2008

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: /s/ Robert M. Cary
Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*

[4] The parties agree that the remaining factors are neutral.