IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>THEODORE F. STEVENS,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Crim. No. 08-231 (EGS)<br>)<br>)<br>)<br>) |

**MOTION TO DISMISS COUNT I AS TIME-BARRED AND DUPLICITOUS OR, IN THE ALTERNATIVE, TO COMPEL THE GOVERNMENT TO ELECT BETWEEN COUNT I AND COUNTS II-VII ON GROUNDS OF MULTIPLICITY (SENATOR STEVENS'S PRE-TRIAL MOTION NO. 2)**

For the reasons set forth in the accompanying Memorandum, defendant Theodore F. Stevens, through undersigned counsel, moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b), to dismiss Count I of the indictment of July 29, 2008 as time-barred and duplicitous or, in the alternative, to require the government to elect between Count I or Counts II-VII because those counts are multiplicitous. A proposed order is attached.

Dated: August 14, 2008

                Respectfully submitted,

                WILLIAMS & CONNOLLY LLP

        By:   __/s/ Robert M. Cary__
                Brendan V. Sullivan, Jr. (Bar No. 12757)
                Robert M. Cary (Bar No. 431815)

                725 Twelfth Street, N.W.
                Washington, D.C. 20005
                (202) 434-5000
                (202) 434-5029 (facsimile)

                *Attorneys for Defendant Theodore F. Stevens*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>THEODORE F. STEVENS,<br><br>Defendant. | Crim. No. 08-231 (EGS) |

## ORDER

Upon consideration of the Defendant's Motion to Dismiss Count I as Time-Barred and Duplicitous or, In the Alternative, To Compel the Government To Elect Between Counts II and Counts II-VII on Grounds of Multiplicity, and the Court having heard the arguments of counsel, and good cause having been shown, it is

ORDERED that the motion is GRANTED; and it is

FURTHER ORDERED that Count I of the indictment is hereby dismissed.

Emmet G. Sullivan
United States District Judge

Dated:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> THEODORE F. STEVENS, <br><br> Defendant. | Crim. No. 08-231 (EGS) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
COUNT I AS TIME-BARRED AND DUPLICITOUS OR, IN THE ALTERNATIVE,
TO COMPEL THE GOVERNMENT TO ELECT BETWEEN
COUNT I AND COUNTS II-VII ON GROUNDS OF MULTIPLICITY
(SENATOR STEVENS'S PRE-TRIAL MOTION NO. 2)**

Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*

August 14, 2008

## **INTRODUCTION**

Count I of the indictment charges a broad "scheme" to conceal Senator Stevens's alleged receipt of things of value from Bill Allen and VECO, allegedly in violation of 18 U.S.C. § 1001(a)(1). This count is fatally defective for several reasons. First, § 1001(a)(1) is not a "continuing offense," yet Count I alleges a scheme executed in significant part outside of the applicable five-year statute-of-limitations period. Second, Count I alleges multiple violations of § 1001 within a single count and therefore is impermissibly duplicitous. Third, if Count I were not dismissed, the overall indictment would be multiplicitous, because Count I improperly charges the same offenses as Counts II-VII. Each of these defects is explained in detail below.

I. **COUNT I SHOULD BE DISMISSED BECAUSE IT IS PREDICATED ON ALLEGATIONS OUTSIDE THE APPLICABLE LIMITATIONS PERIOD AND BECAUSE 18 U.S.C. § 1001 IS NOT A "CONTINUING OFFENSE."**

Violations of 18 U.S.C. § 1001 are governed by a five-year statute of limitations. *See* 18 U.S.C. § 3282. Senator Stevens agreed during the investigation leading up to this indictment to toll the statute of limitations as of May 9, 2002. Senator Stevens did not agree to revive any alleged offenses that were already time-barred as of May 9, 2007. Therefore, any violations of 18 U.S.C. § 1001 that allegedly occurred before May 9, 2002 (five years before May 9, 2007) are time-barred.

Count I of the indictment alleges a "scheme to conceal a material fact" extending from "in or about May 1999, and continuing to in or about August, 2007." Indictment ¶ 15. It alleges as the central elements of the "scheme" that Senator Stevens filed inaccurate annual Financial Disclosure Forms, including for calendar years 1999-2000. *See* Indictment ¶ 16. These filings unquestionably occurred before May 9, 2002 and thus they are outside the limitations period.

Count I is pled as though a "scheme" under § 1001 were a continuing offense for statute of limitations purposes, like a conspiracy charge. But it is not. The governing case on continuing offenses is *Toussie v. United States*, 397 U.S. 112 (1970). The *Toussie* Court recognized that statutes of limitation are designed to "protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." *Toussie*, 397 U.S. at 114-15. To ensure that this protection is not abrogated by prosecutorial fiat, the Supreme Court held that a continuing offense exists only if "the explicit language of the substantive criminal statute *compels* such a conclusion, or the nature of the crime involved is such that Congress *must assuredly have intended* that it be treated as a continuing one." *Id.* at 115 (emphasis added); *see also id.* at 121 ("questions of limitations are fundamentally matters of legislative not administrative decision"); 18 U.S.C. § 3282(a) (five-year statute of limitations should not be extended "[e]xcept as otherwise expressly provided by law").

Applying the *Toussie* standard to 18 U.S.C. § 1001(a)(1) "scheme" allegations, courts have held that the statute does not set forth a continuing offense. *See United States v. Dunne*, 324 F.3d 1158, 1164 (10th Cir. 2003) ("Nothing in the explicit language of § 1001 'compels' the conclusion that an offense committed thereunder is to be considered a continuing one. . . . Nor does the nature of the crime involved indicate that Congress intended that it be a continuing offense."(citation omitted)); *United States v. Gremillion-Stovall*, 397 F. Supp. 2d 798, 802 (M.D. La. 2005) ("The court finds that the language of 18 U.S.C. § 1001 does not explicitly compel that the conduct alleged in the indictment be construed as a continuing offense, nor does the nature of the alleged conduct compel such an outcome[.]"); *United States v. Mubayyid*, -- F. Supp. 2d --, No. 05-40026-FDS, 2008 WL 2856415, at *15 (D. Mass. July 24, 2008) ("[T]he

2

Court concludes that the crime described in § 1001(a)(1) is not a continuing offense for statute of limitations purposes.") (internal quotations marks omitted).[1]

*United States v. Hubbell*, 177 F.3d 11 (D.C. Cir. 1999) (per curiam), is not to the contrary. While the Court in that case found that a "scheme" offense could be charged under § 1001, it was not presented with, and did not address, the question whether such a scheme was a continuing offense for statute of limitations purposes. *Id.* at 13. In fact, one court has expressly concluded that *Hubbell* is inapposite to a continuing offense analysis under *Toussie*. *See Mubayyid*, 2008 WL 2856415, at *15.[2]

Because Count I is predicated on conduct prior to the applicable limitations period, and because § 1001(a)(1) is not a continuing offense, Count I should be dismissed.

## II.  COUNT I SHOULD BE DISMISSED BECAUSE IT IS IMPROPERLY DUPLICITOUS.

Count I of the indictment also fails for the separate reason that it charges not one, but multiple violations of 18 U.S.C. § 1001 in a single count, in violation of the rule against duplicity. Duplicity "is the joining in a single count of two or more distinct and separate offenses." *United States v. Quinn*, 401 F. Supp. 2d 80, 103 (D.D.C. 2005) (*quoting United States v. Klat*, 156 F.3d 1258, 1266 (D.C. Cir. 1998)). Count I improperly alleges that Senator Stevens

---

[1] *But see United States v. Heacock*, 31 F.3d 249, 256 (5th Cir. 1994) (without engaging in *Toussie* analysis, likening "scheme" liability under § 1001 to conspiracy in a matter where a § 1001 charge could not have been brought until the completion of the last overt act).

[2] The *Hubbell* court cited *Bramblett v. United States*, 231 F.2d 489 (D.C. Cir. 1956), which applied a liberal view of the statute of limitations to a charge under 18 U.S.C. § 1001. *Bramblett*, however, was decided before the Supreme Court's decision in *Toussie* and its reasoning is no longer sustainable after *Toussie*. *See Mubayyid*, 2008 WL 2856415, at *15 ("*Bramblett* was decided long before the Supreme Court's decision in *Toussie*, and is hardly persuasive authority as to the interpretation of [18 U.S.C.] § 1001 under that case."); *Gremillion-Stovall*, 397 F. Supp. 2d at 802 ("*Bramblett* was decided before *Toussie* and, therefore, does not contain the analysis mandated by the Court in that case.").

3

filed false financial forms on eight different occasions—for calendar years 1999-2006, which would have been filed in 2000, 2001, 2002, 2003, 2004, 2005, 2006 and 2007. *See* Indictment ¶¶ 15-16, 45.

When a count alleges "scheme" liability, it is improperly duplicitous unless it is "carefully crafted [] to allege only one execution of an ongoing scheme that was executed numerous times." *United States v. Bruce*, 89 F.3d 886, 890 (D.C. Cir. 1996) (*quoting United States v. Hammen*, 977 F.2d 379, 383 (7th Cir. 1992)). In *Bruce*, the defendant was accused of a "scheme" to defraud a bank. 89 F.3d at 889. Bruce argued that the indictment was impermissibly duplicitous because it alleged four separate fraudulent loan applications, which should have been charged in separate counts. *Id.* The D.C. Circuit held that "certain situations would justify indictment either in one count or in separate counts" and that "the question in this case is whether [the] indictment was written so as to allege only one execution of an ongoing scheme." *Id.* at 889-90 (internal quotation marks omitted). The indictment in *Bruce* survived because it specifically charged a single execution of the scheme—receipt of a specified cashier's check—as the culmination of the scheme. *Id.* at 890.

Here, in contrast, the indictment against Senator Stevens is not "carefully crafted" "to allege only one execution of an ongoing scheme that was executed numerous times." *Id.* at 890 (*quoting Hammen*, 977 F.2d at 383). Instead, the indictment alleges that Senator Stevens "knowingly and intentionally sought to conceal and cover up his receipt of things of value by filing Financial Disclosure Form<u>s</u> that contained false statement<u>s</u> and omission<u>s</u> . . . ." Indictment ¶ 46 (emphases added). Nowhere does it seek to limit the charges in Count I to a single instance of execution of the alleged scheme. The indictment thus alleges multiple "schemes" and is impermissibly duplicitous. *See also Gremillion-Stovall*, 397 F. Supp. 2d at 802

4

(Defendant stood accused of making the same allegedly false representation on several successive home loan application forms over several years. Over the government's objection, the court declined to find the acts part of a prolonged scheme stating that "*each alleged application was a completed offense*, not merely an act in a prolonged crime." (emphasis added)).

Under these circumstances, it would be speculation for anybody to state whether the grand jury properly indicted Senator Stevens on any of the multiple offenses alleged. *United States v. Cryan*, 490 F. Supp. 1234, 1239, 1244 (D.N.J. 1980) (when multiple schemes "have been welded improperly into one, the intentions of the grand jury are seldom susceptible to analysis, making it improper for the Court even to attempt any amendment."), *aff'd mem.*, 636 F.2d 1211 (3d Cir. 1980). Accordingly, Count I should be dismissed as duplicitous.

### III. IF COUNT I WERE NOT DISMISSED, THE INDICTMENT WOULD BE IMPROPERLY MULTIPLICITOUS BECAUSE THE SAME OFFENSES ARE CHARGED IN COUNTS II-VII.

If Count I were to stand, then the indictment as a whole would be improperly multiplicitous. "Counts of an indictment are multiplicitous if they both charge a defendant with the same offense." *United States v. Cisneros*, 26 F. Supp. 2d 24, 44 (D.D.C. 1998). 18 U.S.C. §1001 provides three different means by which an individual may commit the underlying offense. *See United States v. Stewart*, 433 F.3d 273, 319 (2d Cir. 2006) ("The several different types of fraudulent conduct proscribed by section 1001 are not separate offenses . . . rather they describe different means by which the statute is violated."); *see also United States v. Hixon*, 987 F.2d 1261, 1265 (6th Cir. 1993) ("Congress, in enumerating several different types of fraudulent conduct in Section 1001 did not create separate and distinct offenses." (quotation marks omitted)). Count I alleges that Senator Stevens "knowingly and intentionally sought to conceal and cover up his receipt of things of value by filing Financial Disclosure Forms that contained

5

false statements and omissions." Indictment ¶ 46 (emphasis added). Counts II-VII charge Senator Stevens with offenses predicated on identical conduct. *See, e.g.*, Indictment ¶ 52 (alleging that Senator Stevens violated 18 U.S.C. § 1001(a)(2) by making materially false statements in his 2001 Financial Disclosure Form). The government should not be permitted to proceed on an indictment that impermissibly charges Senator Stevens with multiple violations of the same offense. Accordingly, if the Court permits Count I to stand, it should order the government to elect between proceeding on Count I of the indictment or on Counts II-VII.

## CONCLUSION

For the foregoing reasons, Count I of the indictment should be dismissed for alleging offenses barred by the statute of limitations and as duplicitous.


Dated: August 14, 2008

        Respectfully submitted,

        WILLIAMS & CONNOLLY LLP


By:    /s/ Robert M. Cary
       Brendan V. Sullivan, Jr. (Bar No. 12757)
       Robert M. Cary (Bar No. 431815)

       725 Twelfth Street, N.W.
       Washington, D.C. 20005
       (202) 434-5000
       (202) 434-5029 (facsimile)

       *Attorneys for Defendant Theodore F. Stevens*