IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 08-231 (EGS) |
| | ) | |
| THEODORE F. STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO STRIKE PREJUDICIAL SURPLUSAGE
## (SENATOR STEVENS'S PRE-TRIAL MOTION NO. 3)

For the reasons set forth in the accompanying Memorandum, defendant Theodore F. Stevens, through undersigned counsel, moves this Court, pursuant to Federal Rule of Criminal Procedure 7(d), to strike paragraph 17 of the indictment of July 29, 2008 because it constitutes prejudicial surplusage. A proposed order is attached.

Dated: August 14, 2008

                                         Respectfully submitted,

                                         WILLIAMS & CONNOLLY LLP

By:      /s/ Robert M. Cary
           Brendan V. Sullivan, Jr. (Bar No. 12757)
           Robert M. Cary (Bar No. 431815)

           725 Twelfth Street, N.W.
           Washington, D.C. 20005
           (202) 434-5000
           (202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>THEODORE F. STEVENS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Crim. No. 08-231 (EGS)<br>)<br>)<br>)<br>) |

## ORDER

Upon consideration of the Defendant's Motion to Strike Prejudicial Surplusage, and the Court having heard the arguments of counsel, and good cause having been shown, it is

ORDERED that the motion is GRANTED; and it is

FURTHER ORDERED that Paragraph 17 of the indictment is hereby stricken.


_____
Emmet G. Sullivan
United States District Judge


Dated:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>THEODORE F. STEVENS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   Crim. No. 08-231 (EGS)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF MOTION OF
TO STRIKE PREJUDICIAL SURPLUSAGE
(SENATOR STEVENS'S PRE-TRIAL MOTION NO. 3)**

Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*

August 14, 2008

## INTRODUCTION

The indictment charges Senator Stevens solely with failing to report gifts or liabilities on Senate Disclosure Forms in violation of 18 U.S.C. § 1001. It does *not* charge Senator Stevens under the bribery statute or for any other offense that requires a *quid pro quo* exchange of official action for remuneration. Nonetheless, paragraph 17 of the indictment contains language – wholly unnecessary to the charges – suggesting that there may have been such a *quid pro quo* for gifts Senator Stevens allegedly received from Bill Allen and VECO. This language is blatantly inflammatory and prejudicial, and it is wholly immaterial to the charges that Senator Stevens violated § 1001. Paragraph 17 should be stricken from the indictment as surplusage.

## ARGUMENT

"Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). The purpose of this rule is to protect a defendant against "prejudicial allegations that are neither relevant nor material to the charges made in [the] indictment." *United States v. Watt*, 911 F.Supp. 538, 553 (D.D.C. 1995) (quotation marks omitted); *see also* Fed. R. Crim. P. 7(d) advisory committee's note (1944 adoption) ("This rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial."). A court should grant a motion to strike "if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Fornah*, 124 F. App'x 4, 6 (D.C. Cir. 2005) (quotation marks omitted).

Paragraph 17 of the indictment alleges that between 1999 and 2006, while he allegedly was receiving things of value from Bill Allen and VECO, Senator Stevens "accepted

solicitations for multiple official actions from ALLEN and other VECO employees, . . . and did use his official position and his office on behalf of VECO during that same time period." Indictment ¶ 17. This paragraph suggests that there was a *quid pro quo* relationship between the alleged gifts and official actions of Senator Stevens. Senator Stevens vehemently denies these allegations. As a matter of law, moreover, paragraph 17 should be stricken from the indictment, because a *quid pro quo* is not an element of the offense charged and is therefore surplusage. *See United States v. Weinberger*, No. 92-235, 1992 WL 294877, at *7 (D.D.C. Sept. 29, 1992) ("An allegation in a criminal indictment that is not an essential element of the offense charged is surplusage."). Accordingly, removing Paragraph 17 from the indictment would not alter the "substance of the indictment," but rather "would crystallize the charges and would better inform the jury of the essential substance of the indictment." *United States v. Espy*, 989 F. Supp. 17, 35 (D.D.C. 1997), *reversed in part on other grounds* 145 F.3d 1369 (D.C. Cir. 1998).[1]

---

[1] Indeed, the government has announced publicly that it did *not* intend for the indictment to allege a *quid pro quo* relationship. Mr. Friederich, the Acting Assistant Attorney General of the Criminal Division of the United States Department of Justice, so stated in a recent press conference:

> Unidentified Woman #4 (In Audience): Can you explain the difference between a quid pro quo and what's alleged in the indictment?
>
> Mr. FRIEDERICH: This indictment charges violations of the false statements statute, which is 18 U.S.C. § 1001. The bribery statute is found at 18 U.S.C. § 201, and, again, <u>bribery is not charged in this case as I mentioned earlier. Bribery requires proof of a specific agreement of a quid pro quo, this for that. This indictment does not allege such an agreement.</u>

Matthew Friederich, Acting Assistant Attorney General, DOJ Criminal Division, Press Conference at 4 (July 29, 2008) (emphasis added), *available at* http://www.usdoj.gov/opa/pr/2008/July/pin-stevens-pressconferencetranscript.pdf.

2

If not stricken, the gratuitous suggestion of a *quid pro quo* relationship would only serve to inflame the jury and create unfair prejudice against Senator Stevens. Because of this potential for improper prejudice, other courts have stricken language suggesting that a criminal defendant engaged in other, uncharged, criminal activity. *United States v. Whitehorn*, 710 F. Supp. 803, 819 (D.D.C. 1989) (striking language that would have tended to "erroneously and improperly suggest to the jury that [the defendants were] charged with offenses and conduct in addition to those actually listed in the indictment"); *United States v. Hubbard*, 474 F. Supp. 64, 83 (D.D.C. 1979) ("Since this occurrence is not charged in the indictment as a substantive offense, the Court finds that it may be prejudicial to the defendants. Accordingly, it shall be stricken from the indictment."). So too here, the Court should strike the inflammatory suggestion that Senator Stevens has engaged in alleged conduct that is not part of the charged offenses.

## CONCLUSION

For the foregoing reasons, Senator Stevens respectfully requests that the Court strike Paragraph 17 of the indictment.

Dated: August 14, 2008

                                        Respectfully submitted,

                                        WILLIAMS & CONNOLLY LLP

By:   /s/ Robert M. Cary
       Brendan V. Sullivan, Jr. (Bar No. 12757)
       Robert M. Cary (Bar No. 431815)

       725 Twelfth Street, N.W.
       Washington, D.C. 20005
       (202) 434-5000
       (202) 434-5029 (facsimile)

       *Attorneys for Defendant Theodore F. Stevens*