# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 08-231 (EGS) |
| | ) | |
| THEODORE F. STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS THE INDICTMENT FOR VIOLATION OF THE SPEECH OR DEBATE CLAUSE (SENATOR STEVENS'S PRE-TRIAL MOTION NO. 4)

For the reasons set forth in the accompanying Memorandum, defendant Theodore F. Stevens, through undersigned counsel, moves this Court pursuant to Federal Rule of Criminal Procedure 12(b) to dismiss the indictment of July 29, 2008 on the grounds that it violates the Speech or Debate Clause of the United States Constitution. A proposed order is attached.

Dated: August 14, 2008

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By:      /s/ Robert M. Cary
Brendan V. Sullivan, Jr., D.C. Bar No. 12757
Robert M. Cary, D.C. Bar No. 431815
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

*Attorneys for Defendant Theodore F. Stevens*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 08-231 (EGS) |
| | ) | |
| THEODORE F. STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Upon consideration of the Defendant's Motion to Dismiss the Indictment For Violation of the Speech or Debate Clause, and the Court having heard the arguments of counsel, and good cause having been shown, it is

ORDERED that the motion is GRANTED; and it is

FURTHER ORDERED that the indictment is hereby dismissed.


_____
Emmet G. Sullivan
United States District Judge


Dated:_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Crim. No. 08-231 (EGS) |
| | ) | |
| THEODORE F. STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE INDICTMENT FOR
VIOLATION OF THE SPEECH OR DEBATE CLAUSE
(SENATOR STEVENS'S PRE-TRIAL MOTION NO. 4)**

Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*

August 14, 2008

# INTRODUCTION

The Speech or Debate Clause of the United States Constitution "precludes any showing of how [a legislator] acted, voted, or decided." *United States v. Brewster*, 408 U.S. 501, 527 (1972). The indictment against Senator Stevens violates this command.

Though it does not charge bribery, Count I of the indictment expressly alleges that as "part of [Senator Stevens's] scheme" to conceal his alleged failure to disclose gifts from VECO, he "did use his official position on behalf of VECO." Indictment ¶ 17. The indictment also broadly alleges solicitations for official action on behalf of VECO that Senator Stevens supposedly received as part of the so-called "scheme." *See id.* These allegations apparently involve Senator Stevens's legislative actions, votes and decisions. As framed, therefore, Count I of the indictment could only be proven, and defended, with evidence of how Senator Stevens "acted, voted, or decided" as a legislator—in direct violation of the Speech or Debate Clause. *Brewster*, 408 U.S. at 527. For this reason, Count I should be dismissed.

The ramifications of this constitutional violation extend beyond Count I, because it appears that the grand jury was tainted by evidence in violation of the Speech or Debate Clause. The entire indictment is therefore tainted, and the only way to cure its constitutional infirmity is to dismiss the indictment in its entirety. At the least, the Court should allow defense counsel to review the grand jury proceedings, or should review them *in camera*, to ascertain the scope and severity of the constitutional violation.[1]

---

[1] Senator Stevens believes the allegations in paragraph 17 are unnecessary to the charges against him and is moving separately to dismiss them as prejudicial surplusage. *See* Senator Stevens's Pre-Trial Motion No. 3 (filed Aug. 14, 2008). In the event these allegations are deemed not to be surplusage, however, they would require evidence at trial in violation of the Speech or Debate Clause. And, even if paragraph 17 is dismissed as surplusage (which it should be), it shows that the grand jury was improperly exposed to evidence subject to the Speech or Debate privilege.

I.    **COUNT I OF THE INDICTMENT SHOULD BE DISMISSED BECAUSE IT CONTAINS ALLEGATIONS OF PROTECTED LEGISLATIVE ACTS.**

The Speech or Debate Clause provides that "for any Speech or Debate in either House, [Senators or Representatives] shall not be questioned in any other Place." U.S. Const., art. I, § 6, cl. 1 ("the Clause"). The purpose of the Clause is to "prevent intimidation of legislators by the Executive and accountability before a possibly hostile judiciary." *Gravel v. United States*, 408 U.S. 606, 617 (1972). Protection from the fear of prosecution is the "predominate thrust" of the Speech or Debate Clause, *United States v. Johnson*, 383 U.S. 169, 182 (1966), but the Clause does not bar every prosecution against a Member of Congress. For example, in *Brewster*, 408 U.S. 501, the Supreme Court explained the Clause's constraints on bribery prosecutions of Members: "It is beyond doubt that the Speech or Debate Clause protects against inquiry into acts that occur in the regular course of the legislative process <u>and into the motivation for those acts</u>." *Id*. at 525 (emphasis added).

> The question is whether it is necessary to inquire into how appellee spoke, how he debated, how he voted, or anything he did in the chamber or in committee in order to make out a violation of this statute. The illegal conduct is taking or agreeing to take money for a promise to act in a certain way. There is no need for the Government to show that appellee fulfilled the alleged illegal bargain; acceptance of the bribe is the violation of the statute, not performance of the illegal promise.

*Id*. at 526.

Subsequent decisions have reinforced the principle that inquiry into legislative acts is impermissible. In *United States v. Helstoski* (*"Helstoski I"*), 442 U.S. 477, 489 (1979), the Supreme Court held that evidence of past legislative acts by a Member could not be introduced as part of his prosecution. The Court acknowledged that "without doubt the exclusion of such evidence [of a Member's past legislative acts] will make prosecutions more difficult. Indeed, the Speech or Debate Clause was designed to preclude prosecution of

2

Members for legislative acts." *Id.* at 488.  Thus, although "a <u>promise</u> to introduce a bill is not a legislative act," *id.* at 490, the mere "mention" of "a [legislative] act that has already been performed" is a violation, *see id.*  After remand from the Supreme Court, the Third Circuit in *Helstoski* affirmed dismissal of the indictment, noting that the Clause "requires that the privilege be construed generously." *United States v. Helstoski* ("*Helstoski II*"), 635 F.2d 200, 201 (3d Cir. 1980).

Here, Count I alleges that part of Senator Stevens's so-called scheme to conceal his non-disclosure of gifts from VECO was that he "did use his official position on behalf of VECO." Indictment ¶ 17.  This is a clear inquiry into the "motivation" for his legislative acts, which is a per se violation of the Speech or Debate Clause. *Brewster*, 408 U.S. at 525. Moreover, it is important to note the broad scope of activities that the government packs into paragraph 17 through the strategic use of pluralization and the word "including." The indictment alleges that Senator Stevens received solicitations on behalf of VECO for "funding requests" [plural] as well as "other assistance with certain international VECO projects and partnerships" [plural]; those international projects and partnerships "includ[ed]" "those in Pakistan" and those in "Russia." *Id.* ¶ 17(a).  Senator Stevens allegedly received requests for "multiple federal grants" [plural] and also "contracts" [plural], which benefited "VECO, its subsidiaries, and its businesses"; those solicitations "include[ed]" "grants from the National Science Foundation to a VECO subsidiary." Indictment  ¶ 17(b).  Senator Stevens allegedly received solicitations for "assistance" in connection with an "effort to construct a natural gas pipeline from Alaska's North Slope Region"; those solicitations involved "both federal and state issues" [plural]. *Id.* ¶ 17(c). All of these alleged solicitations were "included" among (but apparently do not exhaust the list of) the solicitations Senator Stevens allegedly received from VECO. *Id.* ¶ 17.

3

Of course, only conduct relating to legislative acts falls within the protection of the Speech or Debate Clause,[2] but the broad and vague allegations of paragraph 17 appear on their face to encompass legislative activities. Defending against Count I would require Senator Stevens to defend his legislative acts, which would run afoul of the Clause's express terms protecting a Member "not only from the consequences of litigation's results but also from the burden of defending [himself]." *United States v. Rostenkowski*, 59 F. 3d 1291, 1297 (D.C. Cir. 1995) (alteration in original) (quotation marks omitted). Count I should be dismissed.

## II.    THE INDICTMENT SHOULD BE DISMISSED IN ITS ENTIRETY BECAUSE THE GRAND JURY WAS TAINTED BY PROTECTED MATERIAL.

Merely dismissing Count I or precluding the introduction of evidence of legislative acts at trial will not cure the indictment's fundamental constitutional flaw. The purpose of the Clause is not merely to prevent convictions; rather, "the Speech or Debate Clause was designed to preclude <u>prosecution</u> of Members for legislative acts." *Helstoski I*, 442 U.S. at 488 (emphasis added). An additional constitutional violation therefore occurs where the grand jury hears, and indicts on the basis of, protected material. As the court explained in *Helstoski II*:

> We must recognize that the mere issuance of an indictment has a profound impact on the accused, whether he be in public life or not. Particularly for a member of Congress, however, publicity will be widespread and devastating. Should an election intervene before a trial at which he is found innocent, the damage will have been done, and in all likelihood the seat lost. Even if the matter is resolved before an election, the stigma lingers and may well spell the end to a political career.

---

[2] The Supreme Court has explained that the following fall outside the Speech or Debate Clause: "a wide range of legitimate errands performed for constituents, the making of appointments with Government agencies, assistance in securing Government contracts, preparing so-called news letters to constituents, news releases, and speeches delivered outside the Congress." *Brewster*, 408 U.S. at 512 (internal quotation marks omitted).

635 F.2d at 205 (ordering dismissal of indictment where grand jury heard testimony about protected information). Here, the indictment alleges a series of official acts that, on their face, appear to fall within the protections of the Clause. The broad allegations of paragraph 17 suggest strongly that legislative information was presented to the grand jury, which approved their inclusion in the indictment.

Moreover, the indictment is not the only indication that protected information was put before the grand jury. It has been publicly reported that at least one former member of Senator Stevens's staff testified before the grand jury. Counsel understand that several past and present legislative staff personnel have been interviewed by the FBI. Even if these staffers did not themselves testify before the grand jury, it is equally problematic if FBI agents summarized testimony about protected information to the grand jury.

Courts consistently have held that when an indictment is procured through the presentation of privileged materials to the grand jury, it is constitutionally defective and must be dismissed. As the D.C. Circuit noted in *Rostenkowski*, "the circuits that have focused their attention more precisely upon the use of Speech or Debate material before a grand jury are unanimous in their condemnation of the practice." 59 F.3d at 1298 (collecting cases). *See also Helstoski II*, 635 F.2d 200 (affirming dismissal where Speech or Debate materials presented to the grand jury); *United States v. Durenberger*, No. 3-93-65, 1993 WL 738477 (D. Minn. Dec. 3, 1993) (dismissing indictment where grand jury was presented with reports from the Senate Ethics Committee). The indictment in this case should be dismissed because the grand jury apparently saw or heard protected information.

III.    **IN THE ALTERNATIVE, THE COURT SHOULD ORDER A REVIEW OF THE GRAND JURY MATERIALS BY DEFENSE COUNSEL OR BY THE COURT *IN CAMERA*.**

The D.C. Circuit has held that, "[i]n order fully to secure [those] purposes [of the Clause], it seems that a court may find it necessary, at least under some circumstances, to look beyond the face of an indictment and to examine the evidence presented to the grand jury." *Rostenkowski*, 59 F.3d at 1298.  *See also United States v. Dowdy*, 479 F.2d 213, 223 (4th Cir. 1973) ("[I]f the speech or debate clause . . . is to be given meaning, the validity of an indictment must be determined in the context of the proof which is offered to sustain it, or in the context of facts adduced on a motion to dismiss it.").  The D.C. Circuit explained that "[o]therwise, a prosecutor could with impunity procure an indictment by inflaming the grand jury against a Member upon the basis of his Speech or Debate, subject only to the necessity of avoiding any reference to the privileged material on the face of the indictment." *Rostenkowski*, 59 F.3d at 1298.  This case implicates precisely that concern.

The *Rostenkowski* court established the threshold for *in camera* review, which is easily met here.  The D.C. Circuit held:

> Although [a Member] obviously cannot be expected to know exactly what transpired before the grand jury or what was presented to that body, he must be able to provide, either from the allegations of the indictment or from some other source, at least <u>some reason to believe that protected information was used to procure his indictment.</u>

59 F.3d at 1313 (emphasis added).  In this case, Senator Stevens has more than offered "some reason to believe" that the grand jury heard protected information.  As described above, the allegations of paragraph 17 of the indictment itself strongly suggest that the grand jury heard evidence about legislative acts.  Further, counsel understand that past and present legislative staff members were either questioned by the FBI or appeared before the grand jury.  This, in

combination with the indictment itself, is ample basis for the Court to order a review of the grand jury materials. *Cf. Rostenkoswki*, 59 F.3d at 1313 (review not ordered where no evidence of legislative acts on face of indictment and where Member relied merely on "his status as a Member of Congress" as the basis of his request).

Even if the Court declines on this record to dismiss the indictment, therefore, it should order a review of the grand jury record to determine the extent to which the grand jury was tainted by evidence in violation of the Constitution's Speech or Debate Clause. Such a review could be conducted by defense counsel, who would then make a presentation to the Court under seal. Alternatively or in addition, the Court may elect to review the proceedings *in camera*.[3]

## CONCLUSION

For the reasons set forth above, the Court should dismiss the indictment pursuant to the Speech or Debate Clause. Alternatively, the Court should order a review of the grand jury record to ascertain the extent to which the grand jury was exposed to evidence in violation of the Clause.

---

[3] A similar procedure was undertaken in the pending case against Congressman William Jefferson, who sought to review grand jury transcripts for Speech or Debate materials, and to dismiss the indictment against him if such materials were presented to the grand jury. *See United States v. Jefferson*, Cr. No. 1:07-209 (E.D. Va. Sept. 7, 2007) (dkt. # 28). In response to that motion, the government produced limited materials encompassing the grand jury transcripts of Congressman Jefferson's staffers. Both Jefferson and the government then submitted additional briefing on whether those transcripts contained Speech or Debate materials, and Jefferson requested the opportunity to personally review, or have the court review, the remaining grand jury materials. *See id.* (dkt. #s 64, 80, 90, 91). Judge Ellis ruled that Jefferson had failed to show, either on the basis of his indictment or anything else, any reason to believe that the remaining transcripts would contain Speech or Debate materials. Nonetheless, noting the importance of the Clause's protections, Judge Ellis conducted an *in camera* review of the remaining materials. *See id.* (dkt. # 115).

Dated:  August 14, 2008

                          Respectfully submitted,

                          WILLIAMS & CONNOLLY LLP

        By:        /s/ Robert M. Cary
                          Brendan V. Sullivan, Jr., D.C. Bar No. 12757
                          Robert M. Cary, D.C. Bar No. 431815
                          725 Twelfth Street, N.W.
                          Washington, D.C.  20005
                          (202) 434-5000

                          *Attorneys for Defendant Theodore F. Stevens*