IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>THEODORE F. STEVENS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   Crim. No. 08-231 (EGS)<br>)<br>)<br>)<br>) |

**MOTION TO DISMISS INDICTMENT**
**FOR VIOLATION OF SEPARATION OF POWERS**
**(SENATOR STEVENS'S PRETRIAL MOTION NO. 5)**

For the reasons set forth in the accompanying Memorandum, defendant Theodore F. Stevens, through undersigned counsel, moves this Court pursuant to Federal Rule of Criminal Procedure 12(b) to dismiss the indictment of July 29, 2008 because this prosecution violates the Separation of Powers. A proposed order is attached.

Dated: August 14, 2008

> Respectfully submitted,
>
> WILLIAMS & CONNOLLY LLP
>
> By:   /s/ Robert M. Cary
>       Brendan V. Sullivan, Jr. (Bar No. 12757)
>       Robert M. Cary (Bar No. 431815)
>
>       725 Twelfth Street, N.W.
>       Washington, D.C. 20005
>       (202) 434-5000
>       (202) 434-5029 (facsimile)
>
> *Attorneys for Defendant Theodore F. Stevens*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>v.  )<br>  )<br>THEODORE F. STEVENS,  )<br>  )<br>Defendant.  )<br>_____) | Crim. No. 08-231 (EGS) |

### ORDER

Upon consideration of the Defendant's Motion to Dismiss Indictment for Violation of Separation of Powers, and the Court having heard the arguments of counsel, and good cause having been shown, it is

ORDERED that the motion is GRANTED; and it is

FURTHER ORDERED that the indictment be dismissed.

_____
Emmet G. Sullivan
United States District Judge

Dated:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| | ) | Criminal No. 08-231 (EGS) |
| v. | ) ) ) | |
| THEODORE F. STEVENS, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS INDICTMENT
FOR VIOLATION OF SEPARATION OF POWERS
(SENATOR STEVENS'S PRE-TRIAL MOTION NO. 5)**

Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*

August 14, 2008

## INTRODUCTION

The indictment charges Senator Stevens with criminal violations based on alleged false statements and omissions in Financial Disclosure Forms he submitted pursuant to the rules of the United States Senate. As a matter of constitutional Separation of Powers, under Article 1, Section 5 of the United States Constitution, only the Senate may discipline a Senator for violating Senate rules, and Congress cannot delegate that authority to the Executive Branch. This prosecution therefore cannot proceed and the indictment should be dismissed.

**I.    THE FINANCIAL DISCLOSURE FORMS ARE A PRODUCT OF SENATE RULES PROMULGATED PURSUANT TO ARTICLE 1, SECTION 5 OF THE UNITED STATES CONSTITUTION AND ENFORCED EXCLUSIVELY BY THE SENATE.**

The United States Constitution vests each house of Congress, and only each house of Congress, with the authority to "determine the Rules of its Proceedings, punish its Members for disorderly Behaviour, and, with the Concurrence of two thirds, expel a Member." U.S. Const. art. I, § 5, cl. 2. Pursuant to this broad grant of authority, the Senate has created the Select Senate Committee on Ethics, and promulgated various rules governing behavior in the Senate. *See* Select Committee on Ethics, U.S. Senate, *Senate Ethics Committee Manual*, at 12 (2003 ed.), *available at* http://ethics.senate.gov/downloads/pdffiles/manual.pdf. One such rule, Senate Rule 34, requires that members submit a Financial Disclosure Report each year, disclosing various financial data to the Ethics Committee, which the Committee eventually discloses to the public. The form used for the Financial Disclosure Report requires the individual to certify the accuracy of the information submitted, and notes that anyone "who knowingly and willfully falsifies, or who knowingly and willfully fails to file this report may be subject to civil and criminal sanctions. (See 5 U.S.C. app. 6, 104, and 18 U.S.C. 1001)." U.S. Senate Financial Disclosure Report, *available at* http://ethics.senate.gov/downloads/pdffiles/cover1.pdf.

Senators are compelled to complete these reports only because the Senate has exercised its constitutional authority to require them pursuant to Article I, Section 5. Only the Senate may establish the rules binding its Members. And only the Senate, and not the Executive Branch, may punish a Senator for violating that Senate requirement. Article I, Section 5 specifically reserves to the Senate the authority to promulgate rules for its members and to "punish its Members for disorderly Behaviour." U.S. Const. art. I, § 5, cl. 2. Subjecting a sitting Senator to prosecution by any entity other than the Senate for a violation of a Senate rule promulgated under Article I, Section 5 is an impermissible violation of Separation of Powers, because it infringes on the Senate's authority to make its own rules and to punish its own Members in accordance with those rules.

To the extent the government may contend that, in addition to his obligations under Senate rules, Senator Stevens had a parallel duty to complete the Financial Disclosure Forms pursuant to provisions of the Ethics in Government Act ("the Act"), the Act as applied to a house of Congress must be read as advisory only. That is, it provides guidance to each house of Congress, but does not delegate enforcement of House or Senate rules to any entity other than the House or Senate, respectively. Article I, Section 5 specifically reserves to the <u>Senate</u>, not the full Congress, the authority to make rules governing its members, such as the requirement to file a Financial Disclosure Form. *See INS v. Chadha*, 462 U.S. 919, 955 n.21 (1983) (Article 1, Section 5 authorizes "[e]ach House . . . to act alone in determining specified internal matters."). The Senate cannot delegate to the full Congress and the President the authority to act under Article I, section 5. "[O]ne Congress cannot yield up its own powers, much less those of other Congresses to follow." *Clinton v. City of New York*, 524 U.S. 417, 452 (1998) (Kennedy, J.,

2

concurring); *see also* Part II, *infra*.[1]  As a result, the requirements of the Act that compel financial disclosure, and truthfulness in such a disclosure, bind Senators only because they have been adopted as Senate Rules pursuant to the Senate's constitutionally-delegated authority to make rules and punish its own Members.  In particular, the Senate adopted the requirement to file the Financial Forms by promulgating Senate Rule 34: "For purposes of this rule, <u>the provisions of title I of the Ethics in Government Act of 1978 (Pub. L. 95521) shall be deemed to be a rule of the Senate</u> as it pertains to Members, officers, and employees of the Senate."  Standing Rules of the Senate R. XXXIV(1), *at* http://rules.senate.gov/senaterules/rule34.php (emphasis added).

The Senate in fact has promulgated detailed procedures in furtherance of its Article I, Section 5 authority to oversee its members' conduct in regard to the Financial Disclosure Reports.  Senate Rule 34 mandates financial disclosure, and sets out a procedural framework for the Senate Ethics Committee to review the Disclosure Forms, and to take specific remedial actions if it believes them necessary.  "The Committee develops forms and instructions for financial disclosure, gives advice regarding compliance and reviews the completed Reports of Members . . . for compliance with applicable laws and Senate Rules."  *See Senate Ethics Manual*, at 125.  The Committee also has developed a robust enforcement regime pursuant to its

---

[1] Any rule of proceeding or punishment regime enacted through statute could only be amended or repealed by a subsequent statute.  This would impermissibly inject the other house of Congress, not to mention the Executive, into the rule-making process of each house through the Article I, Section 7 requirements that a statute be passed by both houses of Congress and signed by the President.  Each chamber must be free to enact and amend its own rules without regard for the preferences of any other institution.  *Cf. Chadha*, 462 U.S. at 954 n.18 ("There is no provision allowing Congress to repeal or amend laws by other than legislative means pursuant to Art. I."); *see generally*, Aaron-Andrew P. Bruhl, *Using Statutes to Set Legislative Rules: Entrenchment, Separation of Powers, and the Rules of Proceedings Clause*, 19 J.L. & Pol. 345 (2003).

authority under Article I, Section 5. *See id.*, at 12. The Committee reviews the Financial Disclosure Reports to "determine whether they have been filed in a timely manner and whether their contents have been disclosed accurately and in compliance with the law and Senate Rule." *Id.* at 126 (footnote omitted). The filer is notified if the Committee believes there is a problem, and is asked to "respond and amend his or her Report, if necessary." *Id.* at 127. The Committee may also order a member to "be reprimanded or pay restitution, or both" if it determines that misconduct has occurred. S. Res. 338, 88th Cong., 2d Sess., § 2(a)(3) (1964).

In summary, the Financial Disclosure Forms are a product of Senate rules which, under Article I, Section 5 of the Constitution, only the Senate can enforce.

## II. CONGRESS CANNOT DELEGATE THE ENFORCEMENT POWER TO ANOTHER BRANCH OF GOVERNMENT.

Even to the extent that the Senate may have intended that misstatements on the Financial Disclosure Reports be enforceable by the Executive, it had no authority to delegate to federal prosecutors its exclusive constitutional authority to enforce Senate rules. Accordingly, the Disclosure Form's reference to 18 U.S.C. § 1001 does not salvage this indictment.

The Supreme Court has long enforced the Separation of Powers doctrine, which ensures that the branches of government are constrained within the separate spheres delineated in the Constitution. *See, e.g., Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 587 (1952) ("[T]he President's power to see that the laws are faithfully executed refutes the idea that he is to be a lawmaker."); *Bowsher v. Synar*, 478 U.S. 714, 722 (1986) ("The Constitution does not contemplate an active role for Congress in the supervision of officers charged with the execution of the laws it enacts."). As the Court has emphasized, "[t]he fundamental necessity of maintaining each of the three general departments of government entirely free from the control or coercive influence, direct or indirect, of either of the others, has often been stressed and is

4

hardly open to serious question." *Humphrey's Ex'r v. United States*, 295 U.S. 602, 629 (1935). "The hydraulic pressure inherent within each of the separate Branches to exceed the outer limits of its power, even to accomplish desirable objectives, must be resisted." *Bowsher*, 478 U.S. at 727 (alteration omitted) (*quoting Chadha*, 462 U.S. at 951). Empowering the Executive Branch to prosecute violations of Senate rules, and the Judicial Branch to adjudicate them, flatly undermines the Senate's exclusive constitutional authority under Article I, Section 5, and violates the Separation of Powers doctrine.

"Functionally, the doctrine [of Separation of Powers] may be violated in two ways. One branch may interfere impermissibly with the other's performance of its constitutionally assigned function. Alternatively, the doctrine may be violated when one branch assumes a function that more properly is entrusted to another." *Chadha*, 462 U.S. at 963 (Powell, J., concurring) (citations omitted). This encroachment need not be adversarial to violate the constraints of the constitution—indeed, it is impermissible for one branch of government to affirmatively cede its power to another branch.

In striking down the Line Item Veto Act, for example, the Supreme Court held that Congress could not authorize an arrangement that conferred legislative authority on the President in violation of Separation of Powers:

> The fact that Congress intended such a result is of no moment. Although Congress presumably anticipated that the President might cancel some of the items in the Balanced Budget Act and in the Taxpayer Relief Act, Congress cannot alter the procedures set out in Article I, § 7, without amending the constitution.

*Clinton*, 524 U.S. at 445-46; s*ee also id.* at 452 (Kennedy, J., concurring) ("That a congressional cession of power is voluntary does not make it innocuous. . . . Abdication of responsibility is not part of the constitutional design." (citations omitted)); Bruhl, *supra* note 1, at 412 ("And it is no response to say that both houses consented to this arrangement when the original statute was

5

passed, for that is true of the Line Item Veto Act and every other statute that would impair the legislature's constitutional stature. Unilateral control over rules of proceedings is (along with other features of legislative self-governance) constitutive of the body's independence, and so, in the Framers' view, of its institutional separateness." (footnote omitted)).

*Clinton* thus supersedes any previous decisions permitting the enforcement of the Act against a member of Congress. For example, in *United States v. Rose*, 28 F.3d 181 (D.C. Cir. 1994), the D.C. Circuit held that Congress had empowered the executive and judicial branches of government to enforce violations of House rules. *Id.* at 190. But that holding does not survive the Supreme Court's decision in *Clinton*, which expressly rejected the notion that one branch of government may cede constitutional power to another. As the *Clinton* court held, Congress cannot delegate procedures set out in the Constitution without amending the Constitution.

Nor should claims that the agreed upon arrangement is more efficient, or a more effective way to administer the affairs of government, survive constitutional challenge. "The Constitution's structure requires a stability which transcends the convenience of the moment." *Clinton*, 524 U.S. at 449 (Kennedy, J., concurring); *see also id.* ("Failure of political will does not justify unconstitutional remedies."); *Chadha*, 462 U.S. at 945 ("even useful 'political inventions' are subject to the demands of the Constitution which defines powers and . . . sets out just how those powers are to be exercised.").

As with the Line Item Veto Act, Congress cannot delegate power entrusted to it by the Constitution to a coordinate branch. The Constitution authorizes only the Senate to determine the rules of proceeding for the body, and to punish Senators for violation of those rules. The requirement that Senators file Financial Disclosure Reports is such a rule, and its

enforcement falls squarely within the ambit of Article I, Section 5. As a result, both the Executive and the Judiciary are constitutionally incapacitated from enforcing these rules, even at the Senate's request.

This is not to say that members of Congress are above the law, or that they cannot be prosecuted for violations of laws of general applicability passed pursuant to other congressional powers—only that they cannot be prosecuted for violating rules whose enforcement is reserved to the Senate by the Constitution, or for violating a statute that purports to criminalize violation of such a Senate rule. In this case, Senator Stevens was properly required to complete the Financial Disclosure Reports only because of a rule promulgated under the Senate's authority under Article I, Section 5 of the Constitution.

## **CONCLUSION**

For the foregoing reasons, the indictment should be dismissed for violation of the constitutional Separation of Powers.

Dated:  August 14, 2008

>Respectfully submitted,
>
>WILLIAMS & CONNOLLY LLP
>
>By:     /s/ Robert M. Cary
>Brendan V. Sullivan, Jr., D.C. Bar No. 12757
>Robert M. Cary, D.C. Bar No. 431815
>725 Twelfth Street, N.W.
>Washington, D.C.  20005
>(202) 434-5000
>
>*Attorneys for Defendant Theodore F. Stevens*

8