IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 08-231 (EGS) |
| ) | |
| THEODORE F. STEVENS, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO DISMISS THE INDICTMENT AS UNCONSTITUTIONALLY VAGUE (SENATOR STEVENS'S PRE-TRIAL MOTION NO. 6)

For the reasons set forth in the accompanying Memorandum, defendant Theodore F. Stevens, through undersigned counsel, moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b), to dismiss the indictment of July 29, 2008 because it is unconstitutionally vague. A proposed order is attached.

Dated: August 14, 2008

                                Respectfully submitted,

                                WILLIAMS & CONNOLLY LLP


                        By:     /s/ Robert M. Cary
                                Brendan V. Sullivan, Jr. (Bar No. 12757)
                                Robert M. Cary (Bar No. 431815)

                                725 Twelfth Street, N.W.
                                Washington, D.C. 20005
                                (202) 434-5000
                                (202) 434-5029 (facsimile)

                                *Attorneys for Defendant Theodore F. Stevens*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>THEODORE F. STEVENS,<br><br>Defendant. | Crim. No. 08-231 (EGS) |

## ORDER

Upon consideration of the Defendant's Motion to Dismiss the Indictment As Unconstitutionally Vague, and the Court having heard the arguments of counsel, and good cause having been shown, it is

ORDERED that the motion is GRANTED; and it is

FURTHER ORDERED that the indictment is hereby dismissed.

                                                                                                               Emmet G. Sullivan
                                                                                                               United States District Judge


                                                                                                               Dated:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                      )<br>)<br>THEODORE F. STEVENS,      )<br>)<br>Defendant.                         )<br>) | Crim. No. 08-231 (EGS) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE INDICTMENT AS UNCONSTITUTIONALLY VAGUE**
**(SENATOR STEVENS'S PRE-TRIAL MOTION NO. 6)**

Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*

August 14, 2008

## INTRODUCTION

Senator Stevens stands indicted under 18 U.S.C. § 1001 for making false statements to, and concealing material facts from, the government by failing to disclose the receipt of certain "things of value." Yet the indictment does not describe the alleged falsity or concealment with any degree of specificity. It does not state, for example, what "things of value" should have been disclosed on each of his Senate Financial Disclosure Forms; or the specific party from whom Senator Stevens allegedly received each of these things; or why each of the things of value met the criteria for disclosure on the Financial Disclosure Forms; or whether the things of value were "gifts" or "liabilities," which determines the monetary threshold over which their disclosure would be required. Because the indictment therefore does not give Senator Stevens fair notice of the false statements he is alleged to have made, it is unconstitutionally vague in violation of the Fifth and Sixth Amendments to the United States Constitution and should be dismissed.[1]

## ARGUMENT

The Notice Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. To meet this constitutional standard, an indictment must "sufficiently apprise[] the defendant of what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 763 (1962) (quotation marks omitted); *accord O'Connor v. United States*, 240 F.2d 404, 405 (D.C. Cir. 1956) ("The Sixth Amendment to the Constitution provides that in

---

[1] While Senator Stevens believes the vagueness of the indictment requires its dismissal, in the alternative he is also filing a separate motion for a bill of particulars requesting that the government supply further detail regarding the alleged false statements. See Senator Stevens's Pre-trial Mot. No. 7 (filed Aug. 14, 2008). A bill of particulars is insufficient to remedy an indictment that is unconstitutionally vague. *Russell*, 369 U.S. at 770 ("[I]t is a settled rule that a bill of particulars cannot save an invalid indictment.").

all criminal prosecutions the accused shall be informed of the nature and cause of the accusation.").

A vague indictment contravenes not only the Fair Notice Clause of the Sixth Amendment, but also the Grand Jury Clause of the Fifth Amendment, which provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. An indictment therefore must be factually particular enough to "'ensure that the prosecution will not fill in elements of its case with facts other than those considered by the grand jury.'" *United States v. Upton*, 856 F. Supp. 727, 738 (E.D.N.Y. 1994) (*quoting United States v. Abrams*, 539 F. Supp. 378, 384 (S.D.N.Y. 1982)). "A cryptic form of indictment" is unconstitutional because it "requires the defendant to go to trial with the chief issue undefined. It enables his conviction to rest on one point and the affirmance of the conviction to rest on another. It gives the prosecution free hand on appeal to fill in the gaps of proof by surmise or conjecture." *Russell*, 369 U.S. at 766. *See also* Fed. R. Crim. P. 7(c); *United States v. Nance*, 533 F.2d 699 (D.C. Cir. 1976).

In a case in which the government has alleged a false statement, courts have consistently required that the indictment specifically allege what was supposedly false and cannot rely on general or unspecific assertions of falsity. As one court has explained:

> In the false statement case the inquiry is threefold: Did the defendant say what the indictment charges him with saying? If he did, does it depart from the truth? Was it material? The starting point for everything is the statement. Once the defendant is informed [of] what it is he is claimed to have said, then he can marshal his evidence tending to show that he did not make the utterance charged, or that it is true, or that it was not material. If the threshold information given is not correct, the defendant is hampered in defending on all three grounds, since the starting point for the latter two is the content of his alleged statement.

*United States v. Lambert*, 501 F.2d 943, 948 (5th Cir. 1974) (en banc) (footnote omitted), *overruled in part on other grounds*, *United States v. Rodriguez-Rios*, 14 F.3d 1040 (5th Cir. 1994). *See also, e.g., Nance*, 533 F.2d at 701 ("[A]bsent any allegation whatsoever in the indictment as to what the false pretenses were, the United States Attorney would have a free hand to insert the vital part of the indictment without reference to the grand jury."); *United States v. Pickett*, 353 F.3d 62, 67 (D.C. Cir. 2004) (it is a fundamental "protection[] which an indictment is intended to guarantee," that the indictment "contain[] the elements of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet." (alterations in original) (*quoting Russell*, 369 U.S. at 763)).

Courts have dismissed indictments under 18 U.S.C. § 1001 that fail to specify the allegedly false statements or omissions. For example, in *United States v. Fried*, 450 F. Supp. 90 (S.D.N.Y. 1978), the court dismissed 16 counts of an indictment charging § 1001 violations because the indictment failed to "state precisely what in the allegedly felonious paper is claimed to [be] false." *Id.* at 93. Relying upon the Supreme Court's holding in *Russell*, the court cautioned that a § 1001 indictment that fails to identify the purported false statement with specificity "renders impossible any acceptable degree of confidence that the grand jury genuinely knew what it was doing" when it returned the indictment. *Id.* at 94; *see also United States v. Weinberger*, No. 92-235, 1992 U.S. Dist. LEXIS 14534, at *12 (D.D.C. Sept. 29, 1992) ("Under § 1001, the indictment has to provide adequate notice of the wording of the statements alleged to be false."); *United States v. Tonelli*, 577 F.2d 194, 200 (3d Cir. 1978) (vacating false statement conviction for perjury because the indictment "did not set forth the precise falsehoods alleged" and noting that "[t]o hold otherwise would permit the trial jury to inject its inferences into the grand jury's indictment" (alteration and quotation marks omitted)).

3

As discussed below, the indictment in this case should be dismissed because it suffers from similar infirmities.

I.   **COUNT I OF THE INDICTMENT SHOULD BE DISMISSED.**

Count I alleges that Senator Stevens violated 18 U.S.C. § 1001(a)(1), which criminalizes the conduct of one who "falsifies, conceals, or covers up by any trick, scheme, or device a material fact" from the government. 18 U.S.C. § 1001(a)(1) (2000). The charging paragraphs of this Count, ¶¶ 45-46, allege that Senator Stevens sought to "conceal and cover up his receipt of things of value by filing Financial Disclosure Forms that contained false statements and omissions concerning [his] receipt of these things of value." Indictment ¶ 46. Presumably the referenced "things of value" are those described in paragraphs 18-36 of Count I. Those paragraphs describe certain improvements to Senator Stevens's residence over a six-year period and an exchange of automobiles in 1999.

These allegations are insufficient, as a matter of law, to provide Senator Stevens with fair notice of the charges against him or to ensure that the grand jury properly returned an indictment in this matter. Count I fails to allege precisely what was said or omitted in the multiple forms referenced in the charging paragraphs. It fails to state which of the alleged things of value were required to be disclosed on the Financial Disclosure Forms, and if so why. Senator Stevens should not be faced with the task of parsing every possible eventuality in Count I and attempting to determine what, exactly, the government has alleged and must prove. Instead, he is constitutionally owed a statement of the *specific charges against him*, a requirement not satisfied by a recitation of facts followed by general allegations.

Such cryptic indictments are impermissible because they fail to provide proper notice to a defendant and because they provide no comfort that the grand jury process was not compromised. Without the specific identification of the false statements or omissions in

4

question, the government, at trial, will have freedom to "roam at large—to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal." *Russell*, 369 U.S. at 768. Such patent vagueness is impermissible and unconstitutional, and requires the dismissal of Count I

## II.    COUNTS II THROUGH VII OF THE INDICTMENT SHOULD BE DISMISSED.

Counts II through VII of the indictment allege violations of 18 U.S.C. § 1001(a)(2), which criminalizes the making of "false, fictitious or fraudulent statements or representations" to the government. Each of these counts is unconstitutionally vague because it fails to allege specifically the manner in which the statements made by Senator Stevens were false. <u>First</u>, each these counts alleges that Senator Stevens responded falsely to two separate questions on an annual Financial Disclosure Form without identifying which of the two questions Senator Stevens allegedly answered falsely. <u>Second</u>, each of these counts alleges Senator Stevens's receipt of things of value from several persons and entities without specifying *which* thing of value led to the precise false statement upon which the grand jury's indictment was predicated, or *why* his receipt of the thing of value made the statement false.

Count II, for example, alleges that Senator Stevens answered the following two questions in the negative on his Financial Disclosure Form for the calendar year 2001:

> Did you, your spouse, or dependent child receive any reportable gift in the reporting period (i.e., aggregating more than $260 and not otherwise exempt)? If yes, Complete and Attach PART V; and

> Did you, your spouse, or dependent child have any reportable liability (more than $10,000) in the reporting period? If yes, Complete and attach PART VII.

Indictment ¶¶ 50-51. Based on those negative responses, Count II alleges that Senator Stevens made "false, fictitious, and fraudulent statements and representations" on his 2001 Financial Disclosure Form because "STEVENS knew that his transactions with, including his receipt of

5

things of value from, ALLEN, VECO, PERSON A and PERSON B were required to be reported either as gifts or liabilities on his 2001 Financial Disclosure Form." Indictment ¶ 52 (emphases added).

Which of these two questions did Senator Stevens allegedly answer falsely? Who exactly gave Senator Stevens the thing of value that allegedly had to be disclosed? Was it a gift or liability? Why did this alleged gift or liability qualify as such under the applicable rules for completing the form in question?[2] Notably, the monetary disclosure thresholds are vastly different for gifts and liabilities: during the relevant period a gift had to be disclosed if it exceeded an amount between $260 and $305, while a liability had to be disclosed only if it exceeded $10,000. *See* Indictment ¶¶ 13-14. Count II answers none of these questions explicitly.

The background paragraphs incorporated into Count II from Count I do nothing to cure the vagueness. A charge of false statements requires the government to disclose the precise false statement and why it was false. While the incorporated paragraphs describe certain things of value allegedly received by Senator Stevens, they do not explain which things of value needed to be disclosed on any particular Financial Disclosure Form, or precisely who gave them to him, or why they needed to be disclosed, or whether they were gifts or liabilities.

---

[2] Wholly absent from the indictment is any allegation by the government about why the things of value at issue qualified as a "gift" or "liability" as those terms are described on the face of the Financial Disclosure Form. These words, in the context of the completion of that form, are terms of art and cannot be interpreted colloquially or cavalierly. *See* Senate Financial Disclosure Report, dated 3/08, pp. 14-17, *available at* http://ethics.senate.gov/downloads/pdffiles/cover1.pdf (instructions for "Gifts" and "Liabilities" sections) (relevant pages attached as Exh. 1). The indictment's failure to mention these instructions or to allege the manner in which the things of value allegedly meet the operative definitions, calls the grand jury process itself into question in this matter by suggesting that the grand jury was not properly informed of the meaning of these terms—terms central to a determination that Senator Stevens's answers were inaccurate.

Each of Counts III-VII suffers from the same infirmities as Count II and, therefore, all of these counts should be dismissed as unconstitutionally vague. Indeed, Count IV may be the most deficient of all of them. Count IV alleges material falsities in Senator Stevens's Financial Disclosure Form for the year 2003 (filed in May 2004), including the receipt of things of value from Allen and VECO in that year. Indictment ¶ 64. The background paragraphs of Count I do not allege the receipt of a single thing of value by Senator Stevens during 2003, even in general terms. Nor do the allegations of Count IV itself specify a particular thing of value received from Allen or VECO during 2003. *See* Indictment ¶ 64(2).[3]

The indictment's fundamental failure to specifically allege the false representations in Counts II-VII is not a mere technical flaw. Rather, it is fatal to the indictment. By failing to specify the nature and source of the things Senator Stevens allegedly failed to disclose, the indictment does not give Senator Stevens fair notice of his alleged offenses, in violation of the Sixth Amendment; and it is entirely possible that different segments of the grand jury indicted on entirely different theories, in violation of the Fifth Amendment. Accordingly, Counts II-VII should be dismissed as unconstitutionally vague.

## CONCLUSION

For the reasons set forth above, this Court should dismiss the indictment for unconstitutional vagueness.

---

[3] Count IV also refers cryptically to a 2003 gift from the Fishing Association which allegedly actually was given by Person B. *See* Indictment ¶ 54(1). The indictment does not identify the nature of this gift or explain why it was not given by the Fishing Association.

7

Dated:  August 14, 2008

                        Respectfully submitted,

                        WILLIAMS & CONNOLLY LLP

By:     /s/ Robert M. Cary
         Brendan V. Sullivan, Jr. (Bar No. 12757)
         Robert M. Cary (Bar No. 431815)

         725 Twelfth Street, N.W.
         Washington, D.C. 20005
         (202) 434-5000
         (202) 434-5029 (facsimile)

         *Attorneys for Defendant Theodore F. Stevens*

# Exhibit 1

reporting individual may indicate that these transactions were at the direction of a trustee.

**Exclusions:** You need not report a transaction involving: (1) Your personal residence(s); (2) a money market account or personal savings account; (3) an asset of your spouse or dependent child if the asset meets the three-part Exemption Test; (4) a holding of a "qualified blind trust," or an "excepted trust;" (5) U.S. treasury bills, notes, and bonds; (6) transactions which occurred prior to your Federal Government employment; and (7) transactions solely by and between you, your spouse, or your dependent child.

**Example:** The example on the form shows the proper way to disclose ABC Corporation common stock which the reporting individual purchased for $50,000 on 2/1/0X.

**Exemption Test:** With respect to transactions involving interests of a spouse or a dependent child, do not report transactions involving items which meet the three part exemption test described in the Definitions above. If you do not report any transaction for any item for a spouse or dependent child because that item meets the above three-part test, you must indicate so at the bottom of the page.

## PART V: GIFTS

The Act requires you to disclose the receipt of gifts by you, your spouse, or your dependent child from any one source other than the U.S. Government. This reporting requirement applies to gifts received by your spouse or dependent child to the extent the gift was not given to him or her totally independent of the relationship to you. A "gift" means any payment, forbearance, advance, rendering or deposit of money, or anything of value, unless consideration of equal or greater value is received by the donor (see Interpretative Rulings 327 and 414).

### General Instructions

Report the identity of the source, a brief description (including a travel itinerary, dates, and the nature of expenses provided, where appropriate), and the value of gifts aggregating more than $335 in value from any one source which you, your spouse, or your dependent child each received during the reporting period. You need only aggregate gifts that are received directly by you, or your spouse, or your dependent child for purposes of disclosure. Thus, even if you and your spouse each receive a $180 sculpture from the same donor (source), the gifts do not have a value of more than $335 to each one of you, individually, and therefore need not be reported. The gifts would, however, be aggregated with any other gifts with a value of more than $134 received by each person from the same source during the reporting period.

To report a gift, give the name and address of the source; briefly describe the item(s), and show the value by exact amount. If an item is given jointly to you (or your spouse or dependent child) and any other person, and is not readily divisible, the gift must be reported as if the entire gift was given to you (or your spouse or dependent child) individually (see Interpretative Ruling 201).

**Exclusions:** In determining which tangible gifts must be reported or aggregated; exclude these items:

1. Gifts having a value of $134 or less;

2. Gifts received from "relatives" (see Definitions of Terms; Relative);

3. Bequests and other forms of inheritance;

4. Food and beverages not consumed in connection with a gift of overnight lodging;

5. Gifts given to a spouse or dependent child totally independent of the relationship to you;

6. Gift items in the nature of communications to your office, such as subscriptions to newspapers and periodicals;

7. Gifts received during the non-Federal Government employment periods;

8. Campaign contributions;

9. Gifts for which you received a publicly available waiver of this reporting requirement from the Senate Select Committee on Ethics;

10. Food, lodging, transportation, and entertainment or reimbursement provided by a foreign government within a foreign country or by the U.S. Government, the D.C. Government, state, or local governments; and

11. Gifts of personal hospitality on the donor's personal or family premises (personal hospitality must be for a non-business purpose; may only be from a person rather than a business or other entity; and does not include transportation; see Interpretative Ruling 139).

**Note:** Disclosure of gifts does not authorize their acceptance in violation of Senate Rule 35 or any other applicable law. Some gifts may qualify under an exception to the Gifts Rule and thus be acceptable; such gifts are still required to be reported here under the

14

disclosure statute (e.g. Personal friendship gifts over $335).

## PART VI: REIMBURSEMENTS

You must report reimbursement (payments to cover travel related expenses) received by you, your spouse, or your dependent child during the reporting period which aggregate more than $335 from any one source other than the U.S. Government (see Interpretative Ruling 284). This reporting requirement applies to you regardless of whether the trip was officially connected, personal or campaign (but see exclusions). This reporting requirement applies to reimbursements received by your spouse or dependent child to the extent that the reimbursement was not given to him or her totally independent of the relationship to you.

Members are also required to disclose as a "reimbursement" the use of any campaign funds to defray otherwise unreimbursed expenses incurred in connection with official duties. Disclosure must include the identity of the campaign committee from which funds were received, the date and purposes of the disbursement, the amount, and the individual or organization to whom payments were made. This disclosure is not required, however, if disbursements are itemized in reports filed under the Federal Election Campaign Act (see Interpretative Ruling 389).

### General Instructions

Report the source and a brief description (including a travel itinerary, dates, and the nature of expenses provided) of any reimbursements (except those from the United States Government or otherwise excluded) aggregating more than $335 which you, your spouse, or your dependent child received from any one source. Amounts of reimbursements need not be specified unless they were made from campaign funds.

For example, if you were reimbursed $400 for travel and lodging expenses in connection with a speech you made for the Denver Realtors Association, you would report this item on the form by showing under SOURCE . . ."Denver Realtors Assoc., 45 Bridge St., Denver, CO", and under BRIEF DESCRIPTION..."travel expenses for speech made in Denver: United Airlines round trip from Washington, D.C. 1/22/0X; lodging at Denver Airport Marriott". If your spouse made this speech and received the reimbursement totally independent of his or her relationship to you, no information for this item need be reported.

Note: Disclosure under Rule 34 may be necessary (if the payment meets the definition of a reimbursement) even though disclosure under Rule 35 may not be required.

Exclusions: In determining which reimbursements must be reported or aggregated, exclude: (1) reimbursements received during non-Federal Government employment periods; (2) reimbursements provided by the U.S. Government, D.C. Government, or any state or local government; (3) reimbursements required to be reported under the Foreign Gifts and Decorations Act (5 U.S.C. 7342); (4) reimbursements for political trips which were required to be reported under section 304 of the Federal Election Campaign Act of 1971 (2 U.S.C. 434); and (5) Reimbursements reported to the Office of Public Records pursuant to Rule 35 (Forms RE-1/2 or RE-3).

## PART VII: LIABILITIES

### General Instructions

Identify and give the category of amount of the liabilities which you, your spouse or dependent child owed to any creditor which exceeded $10,000 at any time during the reporting period. You need only disclose liabilities which exceeded $10,000 at any time during the reporting period.

The "Over $1,000,000" category applies only if the obligation was, that of the spouse or dependent child. If the obligation was the filer's, or a joint obligation with the spouse or dependent child, use the other categories, as appropriate.

Report the name and address (city, state) of the creditor to whom the liability is owed. You must also indicate the type of liability and date the liability was incurred, interest rate, and term (if applicable) of each liability. The category of value which must be checked is that which indicates the highest amount owed on that liability during the reporting period, not just at the end of the period. If the liability was completely paid during the reporting period, you may also note that on the form if you wish.

If you are only able to identify a fiduciary rather than the actual creditor, and you certify in the report that you have made a good faith effort to determine who the actual creditor is and were unable to do so, you may give the name and address of the fiduciary, rather than the actual creditor.

If the interest rate is not a set rate or is a variable one, indicate the range of the rate during the year, or the formula used to vary

15

the rate if it can be determined by public reference, i. e. prime +2%; and under TERM, the duration of the loan.

You are required to report any liability of any business, investment pool, or other entity, in which you, your spouse, or your dependent child have an interest, unless (1) the liability is incidental to the primary trade or business of the entity, (2) the entity is an excepted investment fund reportable in Part IIIA, or (3) the entity is publicly traded and described in standard reference manuals for publicly traded entities reportable in Part IIIA.

**Exclude:**

1. a personal liability owed to a spouse or dependent child; or to a parent, brother, sister, or child of you, your spouse, or your dependent child;

2. a mortgage or home equity loan secured by real property which is your personal residence (or which is not used for producing income);

3. a loan secured by a personal motor vehicle; or by household furniture or appliances, where the loan does not exceed the purchase price of the item;

4. a revolving charge account where the outstanding liability did not exceed $10,000 as of the close of the reporting period; and

5. any liability of your spouse or dependent child which meets the three-part Exemption Test set forth below:

**Exemption Test:** With respect to liabilities of a spouse or a dependent child, do not report items which meet the three part exemption test described in the instructions. If you do not report any item for a spouse or dependent child because that item meets the above three-part test, you must indicate so at the bottom of the page.

---

**PART VIII: OUTSIDE POSITIONS**

**General Instructions**

Give the name, address (city & state), and brief description (type) of the organization; the title or their brief functional description of the position; and the dates you held the position. Report all compensated and uncompensated positions held by you during the applicable reporting period, as well as those positions you currently hold as an officer, director, trustee, general partner, proprietor, representative, employee or consultant of (1) any corporation, company, firm, partnership, trust, or other business enterprise; (2) any non-profit organization; (3) any labor organization; (4) any educational institution; or (5) any organization other than the United States Government.

**Exclude** position held in any religious, social, fraternal, or political entity, and any position solely of an honorary nature. No report is required regarding any positions held by your spouse or your dependent child.

**Be sure to report on Part II any earned income over $200 that you received from any of these positions.**

---

**PART IX: AGREEMENTS OR ARRANGEMENTS**

**General Instructions**

You must disclose any negotiations for future employment from the point you and a potential private sector employer have agreed to your future employment by that employer whether or not you have settled all of the terms, such as salary, title benefits, and date employment is to begin. Your office or agency may require internal disclosure of negotiations much earlier and you should seek guidance before conducting any negotiations with persons with whom you do business.

**Example:** The example on the form shows the severance agreement under which the reporting individual expects to receive a lump sum payment from the law firm he has left in order to enter the Government. It also shows a continuing pension interest and describes the nexus between the organization and the

Provide information regarding any agreements or arrangements you have concerning (1) future employment (including any current arrangement with a publisher to write a book or any portion thereof); (2) a leave of absence during your period of Federal Government service; (3) continuation of payments by a former employer other than the United States Government; and/or (4) continuing participation in an employee welfare or benefit plan maintained by a former employer other than the U.S. Government. No report is required on this Part regarding your spouse or your dependent child.

Under STATUS AND TERMS, describe the agreement or arrangement with appropriate specificity. Under PARTIES, show the name of the organization, or entity, and (if applicable) the name and title of the official, corporate officer, or principal person responsible for carrying out the terms of the agreement or arrangement. Under DATE, show the date of any such arrangement.

16