IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 08-231 (EGS) |
| ) | |
| THEODORE F. STEVENS, ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR BILL OF PARTICULARS**
**(SENATOR STEVENS'S PRE-TRIAL MOTION NO. 7)**

For the reasons set forth in the accompanying Memorandum, defendant Theodore F. Stevens ("Senator Stevens"), through undersigned counsel, hereby moves the Court to enter an order, pursuant to Federal Rules of Criminal Procedure 7(f), directing the government to file a Bill of Particulars, as follows.

**First**, the Indictment fails to specify all of the "things of value" that Senator Stevens allegedly received and failed to disclose, and it fails to specify whether the alleged undisclosed items were gifts or liabilities. Accordingly, the government should be directed to:

1. Specify the "other things" of value allegedly provided by Allen and VECO to Senator Stevens, as referenced in ¶ 15 of the Indictment and to specify the alleged value of these "other things."

2. Specify the "automobile exchanges" in which Senator Stevens allegedly participated and the alleged value of these "automobile exchanges" to Senator Stevens. ¶ 15.

3. Specify the "free labor, materials, and other things of value" allegedly received by Senator Stevens from Allen and VECO and the value of this "free labor, [these] materials and [these] other things of value." ¶ 19.

4. Specify the "labor costs of VECO employees and contractors" and the "cost of materials provided by VECO" that were allegedly not included in invoices sent to Senator Stevens and the value of these "labor costs" and "materials." ¶ 21.

5. Specify the tasks allegedly performed by VECO employees and contractors at the Girdwood Residence from June 2000 to April 2001, the "certain fixtures and appliances" purchased and/or installed by VECO employees and contractors, and the value of these "tasks" and "fixtures and appliances." ¶ 23,

6. Specify the costs for materials, labor, and other costs for the Girdwood Residence allegedly incurred by VECO from in or about the summer of 2000 to on or about December 31, 2001, and the value of these "materials, labor, and other costs." ¶ 24.

7. Specify the "other projects" allegedly performed by VECO employees and contractors at the Girdwood Residence during calendar year 2002 and the value of these "other projects." ¶ 26.

8. Specify the "additional tasks" that Senator Stevens allegedly "request[ed] that VECO employees or contractors perform" at the Girdwood Residence from July 2004 to on or about December 31, 2004, whether the "additional tasks" were performed and their value. ¶ 28.

9. Specify all "additional tasks" that Senator Stevens allegedly "request[ed] that VECO employees or contractors perform" at the Girdwood Residence from January 2005 to in or about December 2005, whether the "additional tasks" were performed, and their value. ¶ 29.

10. Specify the "other items of value" Allen allegedly gave Senator Stevens during the summer of 2001 and the value of these "other items of value." ¶ 44.

11. Specify every "transaction" or "thing[] of value" that Senator Stevens is alleged to have failed to disclose on his 2001 Financial Disclosure, its value, and whether it was a "gift[]" or a "liabilit[y]." ¶ 52.

12. Specify every "transaction" or "thing[] of value" that Senator Stevens is alleged to have failed to disclose on his 2002 Financial Disclosure, its value, and whether it was a "gift[]" or a "liabilit[y]." ¶ 58.

13. Specify the "gift" allegedly received by Senator Stevens from "the Fishing Association" and/or from "PERSON B" that Senator Stevens allegedly failed to report on his 2003 Financial Disclosure Form and value of this "gift." ¶ 64.

14. Specify every "transaction[]" or "thing[] of value" that Senator Stevens is alleged to have failed to disclose on his 2003 Financial Disclosure, its value, and whether it was a "gift[]" or a "liabilit[y]." ¶ 64.

15. Specify every "transaction[]" or "thing[] of value" that Senator Stevens is alleged to have failed to disclose on his 2004 Financial Disclosure, its value, and whether it was a "gift[]" or a "liabilit[y]." ¶ 70.

16. Specify every "transaction[]" or "thing[] of value" that Senator Stevens is alleged to have failed to disclose on his 2005 Financial Disclosure, its value, and whether it was a "gift[]" or a "liabilit[y]." ¶ 76.

17. Specify every "transaction[]" or "thing[] of value" which Senator Stevens is alleged to have failed to disclose on his 2006 Financial Disclosure, its value, and whether it was a "gift[]" or a "liabilit[y]." ¶ 82.

**Second**, the Indictment does not adequately describe the solicitations for official actions Senator Stevens allegedly received regarding VECO, as well as Senator Stevens's alleged use of his official position on behalf of VECO. Accordingly, the government should be directed to:

18. Specify the "multiple official actions" for which Senator Stevens allegedly received and accepted solicitations from Allen and other VECO employees. ¶ 17.

19. Specify the ways in which Senator Stevens allegedly "did use his official position and his office on behalf of VECO during that same time period." ¶ 17.

20. Specify the "certain international VECO projects and partnerships," including but not limited to those in "Pakistan and Russia," for which Senator Stevens or others on his staff allegedly received "solicitations for official action." ¶ 17.

21. Specify the "multiple federal grants and contracts to benefit VECO, its subsidiaries, and its business partners," including but not limited to "grants from the National Science Foundation to a VECO subsidiary," for which Senator Stevens or others on his staff allegedly received "solicitations for official action." ¶ 17.

22. Specify the "federal and state issues in connection with the effort to construct a natural gas pipeline from Alaska's North Slope region" for which Senator Stevens or others allegedly received "solicitations for official action." ¶ 17.

**Third**, the Indictment fails to set forth the false statements that Senator Stevens allegedly made or caused others to make. Accordingly, the government should be directed to:

23. Specify each of the "multiple false representations" that Senator Stevens allegedly made to "his friends, his staff, and the media." ¶ 16.

24. Further specify those false representations that Senator Stevens allegedly "caused to be made" by these or other individuals ¶ 16.

3

The grounds for this motion are set forth in the accompanying Memorandum.

Dated: August 14, 2008

        Respectfully submitted,

        WILLIAMS & CONNOLLY LLP

By:  /s/ Robert M. Cary
    Brendan V. Sullivan, Jr., D.C. Bar No. 12757
    Robert M. Cary, D.C. Bar No. 431815
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    (202) 434-5000

    *Attorneys for Defendant Theodore F. Stevens*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>THEODORE F. STEVENS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   Crim. No. 08-231 (EGS)<br>)<br>)<br>)<br>) |

### ORDER

Upon consideration of the Defendant's Motion for a Bill of Particulars, and the Court having heard the arguments of counsel, and good cause having been shown, it is:

ORDERED that the motion is GRANTED; and it is

FURTHER ORDERED that the government shall file a Bill of Particulars setting forth the requested information by _____.

 

 

_____
Emmet G. Sullivan
United States District Judge

 

Dated:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>THEODORE F. STEVENS,<br><br>Defendant. | )<br>)<br>)<br>)   Crim. No. 08-231 (EGS)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF MOTION FOR A BILL OF PARTICULARS**
**(SENATOR STEVENS'S PRE-TRIAL MOTION NO. 7)**

Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*

August 14, 2008

# **INTRODUCTION**

The indictment fails to disclose basic factual allegations that are critical to Senator Stevens's ability to understand and defend against the charges. These omissions fall into three categories:

First, the indictment fails to specify each "thing of value" received by Senator Stevens, and relies on mere examples. The indictment also fails to specify whether each of the "things of value" Senator Stevens allegedly received was a "gift" or a "liability," which would determine the criteria for its disclosure on the Financial Disclosure Forms at issue in this case.

Second, although the government does not allege that Senator Stevens ever participated in any *quid pro quo* exchange for the "things of value" he allegedly received, the indictment nonetheless alleges that he "use[d] his official office and position on behalf of VECO"—without in any way explaining how he did so. Indictment ¶ 17. And, the indictment claims that Senator Stevens "received and accepted" certain "solicitations for multiple official actions" from VECO or Allen but provides only selected general topics and not the specifics of each alleged solicitation. *Id.*

Third, the indictment alleges that as part of his so-called scheme, Senator Stevens took steps to conceal the receipt of the alleged things of value by making, and causing to be made, "multiple false representations to his friends, his staff, and the media," without providing any detail about the alleged false statements. Indictment ¶ 16.

Senator Stevens respectfully requests a bill of particulars so that he may adequately prepare his defense to these unexplained allegations.[1]

---

[1] On August 4, 2008, defense counsel wrote a letter to the government requesting the specification set forth in the Motion, and stating an intention to file this Motion if the government declined to provide the information. In response, Ms. Morris asserted that there was no legal basis for the bill of particulars in light of information previously provided and

## ARGUMENT

I.   **A BILL OF PARTICULARS SHOULD BE GRANTED WHEN THE INDICTMENT FAILS TO SUPPLY INFORMATION NECESSARY TO PREPARE A DEFENSE.**

Under Rule 7(f) of the Federal Rules of Criminal Procedure, the Court has broad discretion to order the government to provide a bill of particulars. *See* Fed. R. Crim. P. 7(f); *see also, e.g., United States v. Anderson*, 441 F. Supp. 2d 15 (D.D.C. 2006). Notably, the 1966 amendment to Rule 7(f) eliminated "the requirement of a showing of cause." Fed. R. Crim. P. 7(f) advisory committee notes (1996 amends.). This amendment was "designed to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." *Id.*; *see also United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989). Courts have noted that this liberalization has contributed to a "desirable decline in the 'sporting theory' of criminal justice." *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971) (*quoting United States v. Jaskiewicz*, 278 F. Supp. 525, 529 (E.D. Pa. 1968). Accordingly, the spirit of the 1966 amendment is that defendants

---

information shortly to be provided in discovery. The only additional particularity the government elected to provide was that "[o]ther projects and tasks not specifically mentioned in the Indictment, but paid by VECO Corporation or Bill Allen, include detailed work performed on the garage; work performed around the fireplace; repairs made to the heat tape system installed in the Girdwood residence's roof appliances installed in the residence; as well as repairs to the back-up generator." As for discovery, the government has provided 500 gigabytes of electronic data, but the vast majority of that data consists of videos and photographs of the Girdwood residence, and audio and video surveillance that are largely not related to the substance of the allegations against Senator Stevens. The government did produce tens of thousands of pages of electronic copies of documents, but these pages were not in a usable format. Paper copies are now being made. Moreover, the government has still not produced any documents from VECO, though it has claimed that it will do so by the end of this week. In short, discovery to date has not given Senator Stevens the essential alleged facts underlying the allegations against him. Finally, the government did meet with defense counsel prior to indictment to provide examples of allegations against Senator Stevens, but that meeting was never represented to be exhaustive and was understood to be non-binding and by way of example only. It is no substitute for written particulars.

should "be given the benefit of the doubt in gray areas." *United States v. Thevis*, 474 F. Supp. 117, 124 (N.D. Ga. 1979), *aff'd*, 665 F.2d 616 (5th Cir. 1982); *accord United States v. Rogers*, 617 F. Supp. 1024, 1028 (D. Colo. 1985). Where there is gray, "the doubt must be resolved in favor of disclosure and the conflicting concerns must yield to paramount public interest in affording the accused a reasonable foundation for mounting a defense." *United States v. Manetti*, 323 F. Supp. 683, 696 (D. Del. 1971).

"The purpose of a bill of particulars is to apprise the defendant of the charges lodged against him and of the essential facts of the crime." *United States v. Espy*, 989 F. Supp. 17, 34 (D.D.C. 1997), *aff'd in part, rev'd on other grounds*, 145 F.3d 1369 (D.C. Cir. 1998). A bill of particulars is often warranted "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). Courts should therefore grant such motions when "required to prevent unfair surprise at trial." *United States v. Hsia*, 24 F. Supp. 2d 14, 30-31 (D.D.C. 1998); *see also Espy*, 989 F. Supp. at 34 ("[A] motion for a bill of particulars should be granted if the request is particularized and the requested information is necessary to prevent unfair surprise at trial."); *United States v. Clark*, 10 F.R.D. 622, 623 (W.D. Mo. 1950) ("Accused is generally entitled to a bill of particulars where the charges of a valid indictment are nevertheless so general in their nature that they do not fully advise him of the specific acts with which he is charged, so that he may properly prepare his defense . . . ." (quotation marks omitted)).

Further, when one of the above purposes is served, "it [is not] any answer to a motion for a bill of particulars for the government to say: 'The defendant knows what he did,

3

and, therefore, has all the information necessary.'" *United States v. Anderson*, 254 F. Supp. 177, 181 (W.D. Ark. 1966) (*quoting United States v. Smith*, 16 F.R.D. 372, 375 (W.D. Mo. 1954)). As the *Anderson* court reasoned,

> This argument could be valid only if the defendant be presumed to be guilty. For only if he is presumed guilty could he know the facts and details of the crime. Instead of being presumed guilty, he is presumed to be innocent. Being presumed to be innocent, it must be assumed "that he is ignorant of the facts on which the pleader founds his charges."

*Id.* (*quoting Fontana v. United States*, 262 F. 283, 286 (8th Cir. 1919)); *see also United States v. Spur Knitting Mills, Inc.*, 187 F. Supp. 653, 654 (S.D.N.Y. 1960) ("The fact that a defendant may have some, or even all the information requested, does not necessarily defeat his right to a bill of particulars . . . [A] defendant is presumed to be innocent and hence, that it must be assumed he is ignorant of the facts on which the pleader founds his charges." (internal quotation marks and footnote omitted)); *United States v. Smith*, 16 F.R.D. 372, 375 (W.D. Mo. 1954).

A bill of particulars is particularly necessary when the allegations span several years or when there are financial transactions at issue. As the Court noted in *United States v. Palfrey*, 499 F. Supp. 2d 34, 51-52 (D.D.C. 2007), the "[d]efendant should not have to waste precious pre-trial preparation time guessing what data among her thirteen years of financial information will be relevant to her defense." *See also United States v. Davidoff*, 845 F.2d 1151, 1155 (2d Cir. 1988) (reversing convictions based on denial of particulars in case involving conduct over seven-year period); *United States v. Fischbach & Moore, Inc.*, 576 F. Supp. 1384 (W.D. Pa. 1983) (ordering particulars where indictment charged seven-year antitrust conspiracy).

Nor may the government defeat a bill of particulars on the basis of the discovery it provided. *See, e.g., United States v. Trie*, 21 F. Supp. 2d 7, 21 n.12 (D.D.C. 1998) ("The open file discovery . . . is no substitute for adequate specification of the crimes with which [defendant]

4

is charged."). "While the practice of voluntary discovery is to be encouraged . . . it may not substitute for straightforward identification in a bill of essential matters that the defendant needs to avoid surprise at trial . . . ." *United States v. DeGroote*, 122 F.R.D. 131, 143 (W.D.N.Y. 1988).

II.  **SENATOR STEVENS IS ENTITLED TO A BILL OF PARTICULARS BECAUSE THE INDICTMENT OMITS CRITICAL INFORMATION NECESSARY FOR HIM TO PREPARE HIS DEFENSE.**

   A.  **The Indictment Fails To Specify All of the "Things of Value" that Senator Stevens Allegedly Received and Failed To Disclose, and It Fails To Specify Whether They Were Gifts or Liabilities.**

The indictment centrally alleges that Senator Stevens failed to disclose "things of value" on certain annual Financial Disclosure Forms as mandated by the Ethics in Government Act of 1978, 5 U.S.C. app. § 101 *et seq.* (2006). The Financial Disclosure Forms required the filer to disclose gifts from a single source if the aggregate value of gifts received in that year was greater than a particular dollar value, which was set annually and ranged from $260 to $305 between 1999 and 2006. Indictment ¶ 14. The Forms also required the filer to disclose any liabilities in excess of $10,000. Indictment ¶ 13. The government theorizes that if in any given year Senator Stevens knowingly failed to disclose a single gift or liability with a value above the annual threshold, he has committed a crime in violation of 18 U.S.C. § 1001. It therefore is essential to Senator Stevens's ability to defend the case that he have notice of *any and all* things of value, whether gifts or liabilities, that the government alleges he failed to disclose. The indictment fails to provide this essential information, instead reverting to citations of *examples* of the "things of value" allegedly received.

Compounding the problem, the indictment never specifies whether the "things of value" Senator Stevens allegedly received were in fact gifts or were instead liabilities. It is essential for Senator Stevens to know this information because gifts and liabilities are governed

5

by different monetary thresholds for disclosure. The indictment thus alleges two wholly different theories of liability without specifying under which theory Senator Stevens has been charged. For example:

- Paragraph 15 alleges that the "things of value provided by ALLEN and VECO to STEVENS included, <u>among other things</u> . . . ," and proceeds to list a few such items. Indictment ¶ 15 (emphasis added). It fails to specify what those "other things" allegedly received are. *Id.* Paragraph 15 also states that Senator Stevens engaged in "automobile exchanges," but only one such exchange is later described in the Indictment, in Paragraph 18. Nor does the indictment specify whether any of these things were gifts or liabilities.

- Paragraph 19 speaks of free labor, materials, and "<u>other things of value</u>" allegedly received by Senator Stevens. Indictment ¶ 19 (emphasis added). It does not specify what these "other things of value" are. Once again, the indictment does not specify whether these were gifts or liabilities.

- Paragraph 44 alleges that in the summer of 2001, Senator Stevens received "<u>other items of value, including</u> new and used furniture, a new stationary tool storage cabinet with new tools, and a new professional Viking gas grill." Indictment ¶ 44 (emphasis added). It does not specify the full list of these alleged items of value, nor does it specify whether they were gifts or liabilities.

Courts consistently have held that a bill of particulars is warranted when an indictment contains generic references to "other" acts that a defendant may have been committed. *See Davidoff*, 845 F.2d at 1153-55 (reversing conviction when district court failed to grant bill of particulars to explain unspecified violations indicated in indictment by phrase "but were not limited to" (quotation marks omitted)); *see also United States v. Hubbard*, 474 F. Supp. 64, 81 (D.D.C. 1979) (ordering government to disclose "the manner or means with which the acts alleged in the indictment were carried out"); *United States v. Stocker*, No. 89-00463-01, 1990 WL 157153, at *1-2 (E.D. Pa. Oct. 10, 1990) (ordering government to disclose "other violations" to which indictment referred (quotation marks omitted)); *United States v. Genstil*, 205 F. Supp.

6

604, 605 (D. Mass. 1962) (directing government to detail "other assets" and "other liabilities" alleged in indictment (quotation marks omitted)).

In addition, the allegations here are analogous to tax cases, in which courts have held that a bill of particulars should be more liberally granted in light of the defendant's need to know what about his financial reporting was improper. *See, e.g., United States v. Horton*, 526 F.2d 884, 887 (5th Cir. 1976) (purpose of bill of particulars "is particularly well-served" in tax prosecutions); *United States v. Earnhart*, 683 F. Supp. 717, 718 (W.D. Ark. 1987) (noting that it is "generally recognized" that "motions for bills of particulars should be viewed more liberally" in the tax context). It is well established in tax cases that the government must identify specifically what is fraudulent about the tax returns, including in appropriate cases the particular entries on a return alleged to be incorrect, *United States v. Brown*, 179 F. Supp. 893, 895 (E.D.N.Y. 1959); the amounts that should have been entered on particular lines of a tax return, *United States v. Hedman*, 458 F. Supp. 1384, 1386 & n.3 (N.D. Ill. 1978); how the government arrived at specific figures alleged in the indictment (such as for the amount of tax owed), *United States v. Wheeland*, 25 F.R.D. 481 (M.D. Pa. 1960); the alleged specific items making up a defendant's taxable income and their sources, *United States v. Oliva*, 466 F. Supp. 710, 712-13 (W.D. Pa. 1979), *rev'd on other grounds*, 611 F.2d 23 (3d Cir. 1979); and the date, amount, character, and source of unreported income, *United States v. Goldstein,* 56 F.R.D. 52, 56 (D. Del. 1972).

The reasoning of these cases is equally forceful here. The exact nature of the "things of value" Senator Stevens allegedly received and failed to disclose are "essential facts" of the crimes alleged against Senator Stevens. *Espy,* 989 F. Supp. at 34. Likewise, whether these things of value were in fact gifts, or were rather liabilities, is an "essential fact[]" of the

7

allegations. *Id.* Accordingly, the government should be instructed to provide a bill of particulars specifying each thing of value that Senator Stevens received and failed to report. The government should also be required to specify whether each thing of value is alleged to be a gift or a liability.

### B. The Indictment Fails To Specify How Senator Stevens Allegedly Used His Influence on Behalf of VECO.

The indictment also alleges that Senator Stevens "received and accepted solicitations for multiple official actions from ALLEN and other VECO employees, and that he "did use his official position and his office on behalf of VECO . . . ." Indictment ¶ 17.[2] The allegation that Senator Stevens "did use his official position" for VECO's benefit is completely unexplained. *Id.* With respect to solicitations, the indictment claims that they "included" three topics[3] and that "some" of them "were made directly to" Senator Stevens, but it does not otherwise describe the particular solicitations or limit them to the alluded-to topics. *Id.*

These descriptions are so vague that Senator Stevens must guess at the allegations against him, and a "[d]efendant should not have to waste precious pre-trial preparation time guessing" at the essential facts alleged by the government. *United States v. Palfrey*, 499 F. Supp. 2d 34, 51-52 (D.D.C. 2007). In *United States v. Espy,* for example, the court found that because the defendant allegedly received things of value "for and because of *official acts*," a bill of

---

[2] Because these allegations are so irrelevant to the indictment, the defendant also expects to file a motion to strike them from the indictment.

[3] The solicitations supposedly "included" topics described as "certain international VECO projects and partnerships, including those in Pakistan and Russia," "multiple federal grants and contracts to benefit VECO, . . . including grants from the National Science Foundation to a VECO subsidiary," and "both federal and state issues in connection with the effort to construct a natural gas pipeline from Alaska's North Slope region." Indictment ¶ 17.

8

particulars was necessary to clarify what those official acts were. 989 F. Supp. at 34 (quotation marks omitted).

Similarly here, the government should be required to specify what solicitations for official action Senator Stevens allegedly received, and which actions he allegedly influenced. Because the indictment's allegation is not "stated with enough precision to allow the defendant to understand the charges [and] to prepare a defense," a bill of particulars is warranted. *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). *See also Espy*, 989 F. Supp. at 34 ("The purpose of a bill of particulars is to apprise the defendant of the charges lodged against him and of the essential facts of the crime."

### C. The Indictment Alleges that Senator Stevens Made Other False Representations, but It Fails To Specify Them.

Paragraph 16 of the indictment alleges that Senator Stevens "took multiple steps to conceal" his receipt of the alleged things of value, and that he further "made and caused to be made multiple false representations to his friends, his staff, and the media concerning the improvements at the Girdwood residence." Indictment ¶ 16. This allegation is unsupported by any further detail. The indictment fails to specify what steps Senator Stevens allegedly took to conceal his alleged crimes; it fails to specify what false representations he allegedly made to his friends, or to his staff, or to the media; it fails to identify the individuals to whom the representations were made, or when they were made; and it fails to specify how he allegedly caused others to make such false representations. Courts have held that a bill of particulars is appropriate under such circumstances. *See, e.g., United States v. Crisona*, 271 F. Supp. 150 (S.D.N.Y. 1967) (in prosecution for conspiracy to commit fraud, defendants entitled to bill of particulars informing them of the identify of persons to whom alleged misrepresentations were made). *See also United States v. Bortnovsky*, 820 F.2d 572, 574-75 (2d Cir. 1987) (per curiam)

(abuse of discretion not to order bill of particulars because the government's failure to reveal detailed information about the charges "hindered [the defendants] in preparing their defense" in that they "were forced to explain the events surrounding [uncharged conduct] and to confront numerous documents unrelated to the charges pending").

## CONCLUSION

For the reasons set forth above, this Court should enter an order directing the government to provide a bill of particulars for the information requested in Senator Stevens's Motion for a Bill of Particulars.

Dated: August 14, 2008

                                     Respectfully submitted,

                                      WILLIAMS & CONNOLLY LLP

By:      /s/ Robert M. Cary
           Brendan V. Sullivan, Jr., D.C. Bar No. 12757
           Robert M. Cary, D.C. Bar No. 431815
           725 Twelfth Street, N.W.
           Washington, D.C.  20005
           (202) 434-5000

*Attorneys for Defendant Theodore F. Stevens*