IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 08-231 (EGS) |
| ) | |
| THEODORE F. STEVENS, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR ADDITIONAL RELIEF
## (SENATOR STEVENS'S PRE-TRIAL MOTION NO. 8)

For the reasons set forth in the accompanying Memorandum, defendant Theodore F. Stevens, through undersigned counsel, moves this Court to permit him to seek additional relief from the Court as may be appropriate. A proposed order is attached.

Dated: August 14, 2008

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By:   /s/ Robert M. Cary
      Brendan V. Sullivan, Jr., D.C. Bar No. 12757
      Robert M. Cary, D.C. Bar No. 431815
      725 Twelfth Street, N.W.
      Washington, D.C. 20005
      (202) 434-5000

*Attorneys for Defendant Theodore F. Stevens*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>THEODORE F. STEVENS,<br><br>Defendant. | Crim. No. 08-231 (EGS) |

## ORDER

Upon consideration of Defendant's Motion for Additional Relief, and the Court having heard the arguments of counsel, and good cause having been shown, it is

ORDERED that the motion is GRANTED.

_____
Emmet G. Sullivan
United States District Judge


Dated:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| v. | ) ) Crim. No. 08-231 (EGS) |
| THEODORE F. STEVENS, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR ADDITIONAL RELIEF
(SENATOR STEVENS'S PRE-TRIAL MOTION NO. 8)**

Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*

August 14, 2008

# INTRODUCTION

In consideration of the impending trial date, the Court set a deadline of August 14, 2008 for pretrial motions. At the same time, the government is producing discovery materials under a compressed schedule. Because discovery is still in its infancy in this case, Senator Stevens may need to request additional relief after August 14 based on issues that he and his counsel are not currently in a position to identify. Senator Stevens accordingly requests that the Court permit him to file additional motions in the future as such issues may arise.

## I.   DISCOVERY MATTERS.

The government is required to provide discovery to Senator Stevens under Federal Rule Criminal Procedure 16, as well as under *Brady v. United States*, 397 U.S. 742 (1970), and its progeny. Less than a week ago, the government provided Senator Stevens with 500 gigabytes of electronic data, the vast majority of which consists of videos and photographs of the Girdwood residence, and audio and video surveillance, as well as several thousand pages of electronic copies of documents. Defense counsel have begun to review the discovery materials, and are working diligently to do so, but the review is not nearly complete. Moreover, we understand that the government will be producing substantial additional discovery, including documents obtained from VECO, later this week, after the August 14 motions deadline.

For these reasons, it is obviously not feasible for Senator Stevens to file all motions that may rise from discovery matters prior to August 14, 2008. Senator Stevens accordingly requests leave to file such motions after that date, promptly after any such disputes with the government are identified.

## II.   SUPPRESSION OF ELECTRONIC SURVEILLANCE MATERIALS.

To date, the government has produced more than 450 hours of telephone intercepts as well as a large amount of other electronic surveillance materials. These materials

were produced to the defense last week. The government's obligations pursuant to Federal Rule Criminal Procedure 16 and 18 U.S.C. § 3500 require that the government also ultimately provide the voluminous surveillance logs reflecting that surveillance, but those have not yet been produced to the defense.[1]

Because of the large volume of surveillance materials and their recent production, defense counsel have not nearly finished reviewing them. The complete review of these materials may well give rise to motions to suppress the use of electronic surveillance for any number of reasons. For example, motions to suppress surveillance commonly are predicated on the government's duty to "minimize" the interception of the communications of individuals not named as "interceptees" in the surveillance orders and to minimize interception of non-criminal communications. *See* 18 U.S.C. § 2518(5) (2000). Until defense counsel have had an opportunity to review the surveillance materials, it is not feasible to identify whether such violations (or others) have occurred that may warrant the filing of suppression motions. Senator Stevens accordingly requests leave to file such motions after that date, promptly after their grounds have been identified.

### III.  OTHER ISSUES.

In light of the compressed schedule for this case, it is possible that certain issues that are not now apparent will surface later as the case progresses, and that additional pretrial motions will be appropriate. Accordingly, Senator Stevens requests the opportunity to file additional pretrial motions if and when future circumstances may require.

---

[1] As noted during the Status Conference held on August 13, 2008, the government will determine whether these logs can be produced promptly and in electronic form. If the government decides to withhold the non-privileged content of these logs, we may move to compel the production of the logs.

Dated: August 14, 2008

        Respectfully submitted,

        WILLIAMS & CONNOLLY LLP

By:    /s/ Robert M. Cary
        Brendan V. Sullivan, Jr., D.C. Bar No. 12757
        Robert M. Cary, D.C. Bar No. 431815
        725 Twelfth Street, N.W.
        Washington, D.C. 20005
        (202) 434-5000

        *Attorneys for Defendant Theodore F. Stevens*