IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 08-231 (EGS) |
| ) | |
| THEODORE F. STEVENS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE
PRIOR CRIMINAL CONVICTIONS OF PROSPECTIVE GOVERNMENT WITNESSES**

The United States of America, by and through its undersigned counsel, hereby moves the Court in limine for an Order excluding the introduction of prior criminal convictions relating to witnesses the government may call at trial.

**I.   BACKGROUND**

Four former employees of VECO Corporation are prospective government witnesses at trial in this case.[1]  These potential witnesses have the following criminal history:

Witness A[2]

| | |
|---|---|
| Shoplifting (misdemeanor), Ak. Stat. § 11.46.150 | 11/11/1968 |
| Allen: Petty Larceny (misdemeanor), Ak. Stat. § 11.46.150 | 11/11/1968 |

---

[1]  On May 7, 2007, Witness A and Witness B each pleaded guilty to three separate felony offenses in the United States District Court for the District of Alaska: Conspiracy to Commit Extortion Under Color of Official Right, Bribery, and Honest Services Fraud in violation of 18 U.S.C. § 371; Bribery Concerning Programs Receiving Federal Funds in violation of 18 U.S.C. § 666(a)(2); and Conspiracy to Impair and Impede the Internal Revenue Service, in violation of 18 U.S.C. § 371.  Those guilty pleas were entered pursuant to a written plea agreement with the United States, and the Government does not move to exclude their guilty pleas to these felony counts.

[2]  Witness A's criminal history records reflect the offenses listed below as arrests, but do not show any disposition.  Thus, it is possible that these were are not actual convictions.

Witness B[3]

| | |
|---|---|
| DWI (misdemeanor), CA Veh. Code § 23152(b) | 12/23/1969 |
| DWI (misdemeanor), WA RCW § 46.61.502 | 10/26/1972 |

Witness C

| | |
|---|---|
| Manslaughter/Other - Neg. (felony), Ak. Stat. § 11.41.120 | 8/14/1985 |
| Failure to Assist/Aid (felony), Ak. Stat. § 28.35.060 | 6/9/1986 |
| DWI (misdemeanor), Ak. Stat. § 28.35.030 | 6/22/1999 |

Witness D

| | |
|---|---|
| Failing to Give Information of Accident (misdemeanor),[4] Ak. Stat. § 28.35.110(b) | 7/12/1987 |
| Driving Without License (misdemeanor), Ak. Stat. § 28.15.011 | 2/1/1989 |
| Reckless Driving (misdemeanor), Ak. Stat. § 28.35.030 | 6/7/2005 |

For the reasons set forth below, the Court should enter an Order excluding the introduction of any evidence or inquiry related to these prior convictions or arrests.

**ARGUMENT**

**I.  Legal Standard**

Rule 609(a) of the Federal Rules of Criminal Procedure states:

> For the purpose of attacking the character for truthfulness of a witness,
>
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the

---

[3] Witness B's criminal history records also reflect that he was arrested for the offenses listed herein, but do not show any disposition following arrest. Thus, it is possible that these are not actual convictions. It is Witness B's recollection that he was convicted in the 1969 DWI case, but was not prosecuted after arrest in the 1972 incident.

[4] Criminal history records show that Witness D received a suspended imposition of sentence for this conviction and that it was later set aside.

>law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>
>(2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

Fed. R. Evid. 609(a).

Crimes under Rule 609(a)(2) are narrowly defined. Indeed, Congress limited the crimes covered by Rule 609(a)(2) because of the Rule's inflexibility. E.g., United States v. Hayes, 553 F.2d 824, 827 (2d Cir.1977); United States v. Brackeen, 969 F.2d 827, 829-30 (9th Cir. 1992) (en banc) (per curiam) (distinguishing between the broad meaning of "dishonesty" as a lack of integrity or principles and its narrow meaning under Rule 609(a)(2) as a disposition to deceive). "The use of the second prong of Rule 609(a) is thus restricted to convictions that bear directly on the likelihood that the [witness] will testify truthfully (and not merely on whether he has a propensity to commit crimes)." Hayes, 553 F.2d at 827.

Moreover, Rule 609(a)(2) requires the party seeking to admit a prior conviction to prove that it related to a crime involving dishonesty or a false statement. United States v. Lipscomb, 702 F.2d 1049, 1057 (D.C. Cir. 1983); United States v. Glenn, 667 F.2d 1269, 1272-73 (9th Cir. 1982); 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 609.04[2][a] (2007). The proponent seeking to admit a prior conviction that was entered more than ten years ago must likewise present evidence upon which the court can determine that its probative value outweighs its prejudicial effect. United States v. Knight, No. 07-81CKK, 2007 WL 1760939 at *1 (D.D.C. June 18, 2007); United States v. Bensimon, 172 F.3d 1121, 1125-26 (9th Cir. 1999).

The court must also "make findings of specific facts and circumstances on the record to support the introduction of the prior conviction." Bensimon, 172 F.3d at 1125-26 (citations omitted).

Moreover, impeachment by evidence of conviction of a crime under Rule 609 is subject to the following time restraint:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Fed. R. Evid. 609(b). "[C]onvictions over 10 years old will be admitted very rarely and only in exceptional circumstances." Fed. R. 609(b) advisory comm. notes (emphasis added).

## II.    Witness A's Prior Misdemeanor Convictions Are Inadmissible

As noted, Witness A's criminal history records are unclear as to whether he has any actual misdemeanor convictions. Out of abundance of caution, the government will treat them as actual convictions for the purpose of this motion.

There are three independent reasons for excluding Witness A's stale misdemeanor convictions. First, both of the misdemeanor convictions are 40 years old – well beyond the 10 year old threshold. The plain language of Rule 609(b) clearly makes these convictions inadmissible.

Second, misdemeanor convictions for shoplifting and petty larceny are not crimes involving deceit or falsity. See United States v. Dorsey, 591 F.2d 922, 935-36 (D.C. Cir. 1978) (ruling that shoplifting is not a crime of dishonesty); United States v. Fearwell, 595 F.2d 771, 775-77 (D.C. Cir. 1978) (ruling that petit larceny is not a crime of dishonesty). As to shoplifting

or larceny convictions generally, other courts have reached the same conclusion. E.g., United States v. Sellers, 906 F.2d 597, 603 (11th Cir. 1990) ("[C]rimes such as theft, robbery, or shoplifting do not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2)."); see also Glenn, 667 F.2d at 1127 (ruling that burglary and grand theft are not per se crimes of dishonesty).

Finally, even if the Court finds Witness A's two, 40-year-old misdemeanor convictions to be admissible under Rule 609(a) and 609(b), they should be excluded under Rule 403. These convictions extremely state and are thus far afield from the "very rare[]" and "exceptional circumstances" that would warrant the admission of a conviction over ten years old. Witness A's remote convictions should be excluded given their limited probative value, their clear prejudicial effect and risk of confusion of the issues and misleading the jury, and their attenuated relationship to the allegations and the time frame set forth in the superseding indictment. Thus, Witness A's convictions should be excluded from evidence and should not be used to impeach him.

### III.  Witness B's Prior Misdemeanor Convictions Are Inadmissible

As with Witness A, Witness B's criminal history records reflect two misdemeanor arrests, but do not reflect any disposition thereafter. Although Witness B recalls that he was convicted of only one of these two charges, for the purpose of this motion, the government has chosen to treat both of these prior incidents as though they are actual convictions.

There are a number of independent reasons for excluding Witness B's stale misdemeanor convictions for driving while intoxicated. First, these misdemeanor convictions are over 30 years

old – well beyond the 10 year old threshold. The plain language of Rule 609(b) clearly makes this conviction inadmissible.

Second, misdemeanor convictions for offenses related to the operation of a motor vehicle, such as Witness B's [year] conviction for driving while intoxicated, are not crimes involving deceit or falsity. See, e.g., United States v. Wiman, 591 F.2d 922, 935-36 (7th Cir. 1978) (concluding that the district court did not err in preventing defendant from impeaching a government witness with evidence of a prior DUI conviction). Thus, Witness B's misdemeanor convictions do not relate to crimes involving dishonesty or false statements and should therefore be excluded.

Finally, even if the Court finds Witness B's DWI misdemeanor convictions to be admissible under Rule 609(a) and 609(b), it should be excluded under Rule 403. This conviction is stale and are thus far afield from the "very rare[]" and "exceptional circumstances" that would warrant the admission of a conviction over ten years old. The DWI convictions should be excluded given their limited probative value, the clear prejudicial effect from their admission, the risk of confusion of the issues and misleading the jury, and their attenuated relationship to the allegations and the time frame set forth in the indictment.

Clearly Witness B's misdemeanor DWI convictions should be excluded from evidence and should not be used to impeach him.

## IV. Witness D's Prior Vehicular Misdemeanor Convictions Are Inadmissible

As with Witness B, there are several independent reasons for excluding Witness D's misdemeanor convictions. First, Witness D's first two misdemeanor convictions are well over ten years old. The first misdemeanor conviction is from 1987 and the second misdemeanor

conviction is from 1989, nearly twenty years old.  As noted above, the plain language of Rule 609(b) clearly makes these convictions inadmissible.

Second, as noted earlier, misdemeanor convictions for offenses related to the operation of a motor vehicle, including Witness D's 2005 conviction for reckless driving, are not crimes involving deceit or falsity.  See, e.g., United States v. Wiman, supra.  Thus, none of Witness D's misdemeanor convictions relate to crimes involving dishonesty or false statements and should therefore be excluded.

Finally, even if the Court finds any of Witness D's vehicular misdemeanor convictions to be admissible under Rule 609(a) and 609(b), they should be excluded under Rule 403.  As noted above, such convictions are inadmissible because they are remote in time and the underlying course of conduct is entirely unrelated to any of the offenses charged here.  These attenuated convictions have limited, if any, probative value, and will serve only to confuse the jury and cause prejudice.

As with Witness B, Witness D's vehicular misdemeanor convictions should be excluded from evidence and should not be used to impeach him.

### V.     Witness C's Prior Convictions Are Inadmissible

Finally, Witness C's convictions are inadmissible.  His first two convictions are barred by Rule 609(b) because they are each over twenty years old – 1985 for the first conviction and 1986 for the second.  The third conviction – driving while intoxicated – is a misdemeanor and is not a crime involving an act of dishonesty or false statement as defined by Rule 609(a)(2).  As noted above, convictions for misdemeanor offenses related to the operation of a motor vehicle, such as driving while intoxicated, are not in and of themselves crimes involving deceit or falsity.

<u>Wiman</u>, 591 F.2d at 935-36.  Thus, Witness C's misdemeanor conviction from 1999 should be excluded because it does not include as an element of the crime proof or admission of an act of dishonesty or false statement.

Finally, even if the Court finds any of Witness C's convictions to be admissible under Rule 609(a) and 609(b), they should be excluded under Rule 403 for the same reasons as noted with Witness A and Witness D.  Witness C's manslaughter and failure to assist convictions are over twenty years old and the underlying course of conduct is entirely unrelated to any of the offenses charged here.  In fact, given the especially charged nature of the convictions – manslaughter and failure to assist – the admission of these convictions to impeach Witness C's testimony greatly risks inflaming the jury and confusing the issues, particularly in a case here where the charged offenses includes making false statements.

Witness C's driving while intoxicated conviction, while nine years old and thus just barely within the time limit imposed by Rule 609(b), is, like his first two convictions, entirely unrelated to the allegations involved in this case.  Thus, Witness C's convictions should be excluded given their limited probative value, their risk of confusion of the issues and misleading the jury, and their attenuated relationship to the allegations and the time frame set forth in the indictment.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court enter an Order directing that the prior convictions sustained by Witness A, Witness B, Witness C, and

Witness D are not admissible and that no evidence of them or inquiry into them may be made at trial.

        Respectfully submitted,

        WILLIAM M. WELCH II
        Chief, Public Integrity Section


        /s/ Brenda K. Morris
        BRENDA K. MORRIS
        Principal Deputy Chief

        NICHOLAS A. MARSH
        EDWARD P. SULLIVAN
        Trial Attorneys

        JOSEPH W. BOTTINI
        JAMES A. GOEKE
        Assistant United States Attorneys
          for the District of Alaska

Dated: Washington, D.C.
       August 14, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 08-CR-231 (EGS) |
| | ) | |
| THEODORE F. STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

[PROPOSED] ORDER GRANTING UNITED STATES'
MOTION IN LIMINE TO EXCLUDE PRIOR CRIMINAL CONVICTIONS OF
PROSPECTIVE GOVERNMENT WITNESSES

Having considered the foregoing Motion *in Limine* to Exclude Prior Criminal Convictions of Prospective Government Witnesses , I hereby order that the Motion is GRANTED.

_____
The Honorable Emmet G. Sullivan
United States District Judge

Dated: Washington, D.C.
_____, 2008

CERTIFICATE OF SERVICE

      I hereby certify that on August 14, 2008, a copy of the United States' Motion *in Limine* to Exclude Prior Criminal Convictions of Prospective Government Witnesses was served electronically, via the District Court's ECF system, on defense counsel as set forth below:

      Robert Cary, Esq.
      Williams & Connolly LLP
      725 Twelfth St. NW
      Washington, D.C.  20005

                                                      /s/ Nicholas A. Marsh
                                                        Nicholas A. Marsh