**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 08-CR-231 (EGS) |
| | ) | |
| THEODORE F. STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT ONE
AS TIME BARRED AND DUPLICITOUS OR, IN THE ALTERNATIVE, TO COMPEL THE
GOVERNMENT TO ELECT BETWEEN COUNT ONE AND
COUNTS TWO THROUGH SEVEN ON GROUNDS OF MULTIPLICITY**

The United States of America, by and through its undersigned attorneys, hereby

respectfully opposes the motion of the defendant to dismiss Count One as time-barred and

duplicitous or, in the alternative, to compel the government to elect between Count One and

Counts Two through Seven on grounds of multiplicity (herein "Motion"). For the reasons set

forth below, the government asks this Court to deny the motion in all respects.

Introduction

The defendant has moved this Court for relief in several forms, none of which should be

granted. Defendant first argues that, whereas 18 U.S.C. § 1001 is not a "continuing offense",

Count One of the indictment is time barred because it includes some acts which occurred more

than five years prior to the statute of limitations tolling agreement signed on May 9, 2007. The

defendant next argues that Count One is duplicitous because it charges multiple violations of 18

U.S.C. § 1001 instead of one.  Finally, the defendant argues that Counts Two through Seven are defective because of multiplicity.

The case law is clear that a scheme of the type charged in Count One is not duplicitous, but instead properly charges a single scheme with acts that occur within the five-year statute of limitations period.  As such, Count One requires no alterations and is properly charged. Furthermore, severing reference to the earliest acts within the scheme, as seems to be the defendant's next logical request, would improperly convert the statute of limitations into an evidentiary or pleading rule.  There is no question that schemes and conspiracies can be charged by alleging acts taken more than five years from the end of the scheme.

The defendant next argues in the alternative that Counts Two through Seven of the indictment are multiplicitous of Count One, and that the government should be forced to elect among them.  While the defendant relies on language from cases still dealing with the duplicity question, the cases actually support the propriety of the counts as charged when considered under the multiplicity test.  Because the two subsections of 18 U.S.C. §1001 charge distinct offenses which require different proofs, the counts are not multiplicitous, and the defendant's motion should be denied in full.

## ARGUMENT

### I._____Count One is Properly Charged As A Single Scheme Coming Within The Statute Of Limitations._____

Count One of the current indictment charges a violation of 18 U.S.C § 1001(a)(1) rather than (a)(2), thereby charging a scheme to conceal rather than a single making of a material false fictitious and fraudulent statement or representation.  *See* Indictment, Count One, and ¶¶ 15-17.

As part of the scheme, the indictment describes acts of concealment, including both filing false financial disclosure forms for the years 1999 through 2006 as well as making false representations to friends, staff and media "during the nearly seven year period" of 1999 through 2006. Indictment ¶16.

### A. The "Continuing Offense" Doctrine Only Applies When No Affirmative Acts in Furtherance of the Scheme Occur Within the Limitations Period.

The defendant first argues that Count One of the Indictment must be dismissed in its entirety unless § 1001(a)(1) is, for statute of limitations purposes, a "continuing offense." Under the defendant's argument, because the charged scheme includes acts that occurred more than five years prior to the defendant signing a tolling agreement on May 9, 2007, the entire count must be dismissed. Motion, pp 1-3.

Although the defendant claims that his argument depends exclusively on whether or not § 1001(a)(1) is a continuing offense, the defendant is simply wrong. It is well-established that the doctrine of continuing offenses, for statute of limitations purposes, does *not* come into play where – as here – affirmative acts taken in furtherance of the scheme occur *within* the statute of limitations period. As the Fifth Circuit held in *United States v. Heacock*, 31 F.3d 249, 256 (5th Cir. 1994), "[t]he statute of limitations does not begin to run on a 'scheme' crime (count one charged a *scheme* to conceal in violations of 18 U.S.C. § 1001), until each overt act constituting the scheme has occurred…" (emphasis in original). *Heacock* analogized a §1001 scheme to a conspiracy and cited *United States v. Girard*, 744 F.2d 1170 (1984) for the proposition that if any overt act that furthers the purpose of a conspiracy occurs within the limitations period, including an act of concealment, then the indictment is timely.

-3-

Other courts have held, consistent with *Heacock*, that when an affirmative act in furtherance of a § 1001 scheme occurs within five years of the date of indictment, such an act obviates the need for a "continuing offense" analysis.  *See, e.g., United States v. Grenier*, 513 F.3d 632, 639 (6th Cir. 2008)("[a] [§1001] scheme continues until each overt act constituting the scheme has occurred") (citing *Heacock,* 31 F.3d at 256); *United States v. Culoso*, 461 F.Supp 128, 134 (S.D.N.Y. 1978) (orally aff'd, 607 F.2d 999) (a charge of scheme to conceal under §1001 which began well before the period of limitations was not time barred where affirmative acts in furtherance of the scheme continued into the limitations period.)

The last case cited by the defendant in support of his time-bar argument, *United States v. Mubayyid.* ___F. Supp.2d___, No. 05-40026-FDS, 2008 WL 2856415 (D. Mass July 24, 2008) is perhaps the best example of how the defendant's analysis is misguided.  In *Mubbayid,* the court explicitly stated that where a concealment scheme includes "multiple affirmative acts of concealment within the limitations period," it is "entirely unnecessary" to reach a continuing offense ruling for the purpose of the statute of limitations. 2008 WL 2856415 at *15 n. 35  Under *Mubayyid*'s rationale, each time the defendant commits an affirmative act of concealment in furtherance of the scheme, a new limitations period is triggered for the scheme.  *Mubayyid*, 2008 WL 2856415 at * 15.

The meaning of *Mubayyid* then, missed by the defendant, is that the *only* purpose of applying the continuing offense analysis to a §1001 scheme is to determine if the "[m]ere continuation or acceptance of an illegally-obtained benefit" or the sustained impact of the concealment, is "enough to extend the accrual of the limitations." *See Mubayyid*, 2008 WL 2856415 at * 15.  The actual application of the analysis in *Mubayyid* is further evidence of this

conclusion:  two defendants who had committed no affirmative acts within the limitation period

had their counts dismissed, whereas the one defendant who had filed three false forms with the

IRS in furtherance of the scheme and within the five year period did not have his count

dismissed.  *See Mubayyid*, 2008 WL 2856415 at *15 - *20.

### B.     The D.C. Circuit Has Held that §1001(a)(1) is a Continuing Offense.

Although some other courts have held otherwise, the District of Columbia Circuit has

held that Section 1001 schemes constitute "continuing offenses" for statute of limitations

purposes.  In *United States v. Hubbell*, 177 F.3d 11 (D.C. Cir. 1999), the District of Columbia

Circuit reviewed the district court's dismissal of a count that charged a seven-year § 1001(a)(1)

scheme.  In concluding that the district court improperly dismissed the count, *Hubbell*

unequivocally embraced the principle that a § 1001 scheme is a continuing offense:

> [O]ur prior decision in *Bramblett* [*v. United States*, 231 F.2d 489
> (D.C. Cir. 1956),] expressly held that the plain language of § 1001
> permits the charging of scheme crimes.  In that case, the defendant,
> a member of Congress, filed a false designation with the
> Disbursing Office of the House of Representatives claiming that he
> had hired a clerk; he then proceeded to collect the phantom-clerk's
> monthly paychecks.  The defendant argued that the prosecution
> under § 1001 was timebarred because the crime was complete
> when the designation was filed, more than three years before the
> indictment was returned.  We rejected that argument, however,
> explaining that "the indictment [did] not merely charge the making
> of a false statement," but instead alleged a falsification by scheme.
> By "falsifying a material fact, and in leaving it on file, thereby
> continuing the falsification in order repeatedly to partake of the
> fruits of the scheme," the defendant committed a *continuing crime
> of falsification by scheme* that "fairly falls within the terms of
> section 1001." *Bramblett*, 231 F.2d at 491.

*Hubbell*, 177 F.3d at 146 (emphasis added); *see also United States v. Shaw,* 150 Fed. Appx. 863

(10th Cir. 2005)(unpublished) ( §1001 scheme offenses are in fact continuing offenses); *United*

*States v. Mermelstein*, 487 F.Supp.2d 242, 256 (E.D.N.Y. 2007) (in prosecution under 18 U.S.C.
§ 1035(a)(1), which "mirrors" § 1001(a)(1), court analogized to § 1001(a)(1) jurisprudence that
the "scheme" language constitutes a continuing offense).

While some other courts have adopted a different approach, *see, e.g.*, *Grenier*, 513 F.3d
632, 639 (concluding that § 1001 schemes are not continuing offenses), the District of Columbia
Circuit is not one of them.  Nor is the defendant compelling in suggesting that *Hubbell* is "not to
the contrary" because *Hubbell* "did not address" whether § 1001(a)(1) schemes were continuing
offenses.  Motion at 3.  As quoted above, *Hubbell* specifically held that § 1001(a)(1) schemes
were continuing offenses, and used as persuasive authority a case in which a § 1001 prosecution
went forward despite the fact that no affirmative acts occurred within the statute of limitations
period.[1]

**C.      Count One Also Can Be Limited by a Jury Instruction.**

Should the Court disagree with the foregoing cases and conclude that the defendant may
be criminally liable under § 1001(a)(1) only for acts committed on or after May 9, 2002, it is
plain that neither Count One nor any allegation contained therein need be stricken from the
Indictment.  There can be no question that evidence of the defendant's receipt of things of value

---

[1]      Nor should this Court place any weight on the fact that two other district courts have
concluded that *Bramblett* and *Hubbell* should not be followed because of the United States
Supreme Court's decision in *Toussie v. United States*.  397 U.S. 112 (1970).  Motion at 3 n.2.
*Toussie* involved a different statute – one that related to registration for Selective Service – and
explicitly noted that whether a particular statute provided for a "continuing offense" should be
decided on a case-by-case basis.  *Toussie*, 397 U.S. at 115.  Here, the District of Columbia
Circuit, twenty-seven years after *Toussie*, cited a pre-*Toussie* case (*Bramblett*) for persuasive
authority that § 1001 scheme offenses were in fact continuing offenses.  While the District of
Massachusetts and the Middle District of Louisiana may disagree with *Hubbell*'s legal ruling, it
would be improvident to assume that the *Hubbell* panel was unaware of *Toussie*.

prior to May 9, 2002, and evidence of the defendant's engagement prior to May 9, 2002 in a

scheme to conceal his receipt of those things of value, is relevant to prove the elements of the

scheme charged in Count One.  *See, e.g.*, *Heacock*, 31 F.3d at 257 (noting that the federal statute

of limitations provision "is a defense to prosecution, not a rule of evidence"); *Culoso*, 461 F.

Supp. at 134.  As such, the jury in this case could simply be instructed that, with respect to Count

One, the jury must find unanimously that an affirmative act  in furtherance of the scheme was

committed on or after May 9, 2002.

## II.     <u>Count One Is Not Duplicitous</u>

The law is absolutely clear that schemes such as the one charged here are properly

charged under the plain language of the statute.  18 U.S.C. § 1001(a)(1) provides in relevant

part:[2]

> (a) ... whoever, in any matter within the jurisdiction of the
> executive, legislative, or judicial branch of the Government of the
> United States, knowingly and willfully -
> (1) falsifies, conceals or covers up by any trick, scheme, or
> device a material fact;
> ... shall be fined under this title [or] imprisoned not more than 5 years ...

Count One of the indictment alleges one scheme and one scheme only, which is:

> "Beginning in or about May 1999, and continuing to in or about August,
> 2007, in the District of Columbia and elsewhere, in a matter within the
> jurisdiction of the legislative branch of the United States Government
> and subject to the legislative function exception, STEVENS, while a
> sitting United States Senator, knowingly and willfully engaged in a
> scheme to conceal a material fact, that is, his continuing receipt of
> hundreds of thousands of dollars' worth of things of value from a private

---

[2]      The statute was amended in the 1996 "False Claims Act" to separate out the different
sections, evidencing further intent to differentiate the statutory provisions.  Prior to the
amendment, there was only one paragraph enunciating the numerous and distinct ways one could
violate the statute.

corporation and its chief executive officer by, among other things, failing
to report them, as was required, on STEVENS' required yearly Financial
Disclosure Forms.

Indictment, ¶ 15.

Defendant claims that Count One is duplicitous because it does not "seek to limit the

charges in Count I to a single instance of execution of the alleged scheme." Motion, p. 4.

However, as the Court of Appeals for the DC Circuit has stated:

> [I]t is well established that two or more acts, each of which would
> constitute an offense standing alone and which therefore could be charged
> as separate counts of an indictment, may instead be charged in a single
> count if those acts could be characterized as part of a single continuing
> scheme.

*United States v. Shorter*, 809 F.2d 54, 56 (D.C. Cir. 1987).

Although the defendant cited to *United States v. Hubbell*, 177 F.3d 11 (D.C. Cir. 1999) in

his "continuing offense" argument, the defendant inexplicably does *not* cite to *Hubbell* in his

duplicity argument, and apparently for good reason. *Hubbell* specifically and unequivocally

considered – and rejected – exactly the same argument the defendant makes here. There can be

no credible claim in this Circuit after *Hubbell* that a scheme charged under 18 U.S.C. §

1001(a)(1) cannot include a series of false statements.

In 1994, defendant Webster ("Web") Hubbell was charged with fifteen counts alleging

that he concealed certain relationships and made various false statements in relation to certain

real estate transactions involving Madison Guaranty Savings and Loan Association. Count One

charged, pursuant to 18 U.S.C. §1001, that the defendant:

> `did knowingly and willfully falsify, conceal and cover up by scheme
> material facts about and related to the true nature' of his relationship with
> Seth Ward, Madison Guaranty, and Madison Financial, and that he made

> 'materially false and fraudulent statements and representations to the FDIC and the RTC' about these relationships.

*Hubbell*, 177 F.3d at 12.  The Count also incorporated by reference 85 paragraphs alleging "many false statements and acts of concealment."  *Id.* at 13.

Just as the defendant does in this case, Hubbell made a duplicity argument, complaining that "by charging numerous false statements and acts of concealment in Count 1, the indictment impermissibly charges multiple offenses in one count."  *Id*. at 14.  The D.C. Circuit rejected that argument – again, the same argument made here by the defendant – by explaining:  "But this construction makes sense only if § 1001 does not state an offense for a scheme crime-which it clearly does." *Id.*

The Circuit's holding in *Hubbell* plainly forecloses the defendant's duplicity argument. The defendant's citations to bank and wire fraud cases, *see, e.g., United States v. Bruce*, 89 F. 3d 886 (D.C. Cir. 1996), *United States v. Hamman*, 977 F.2d 379 (7th Cir. 1992), are insufficient to overcome the decision in *Hubbell*.

## III.    Counts Two Through Seven Are Not Multiplicitous of Count One

Defendant finally and briefly argues in the alternative that Counts Two through Seven are multiplicitous of Count One, and that the government should be made to elect between the counts.  This, too, is incorrect.

Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one offense is whether each count requires proof of an additional fact which the other does not. *United States v. Cisneros*, 26 F.Supp 2d 24 (D.D.C. 1998) (citing *Blockburger v. United States*, 284 U.S. 299

at 304, 52 S. Ct. 180, 76 L.Ed. 306 (1932)).  Here, the two separate statutory provisions of 18

U.S.C. §1001 have been acknowledged to require separate proof.  *See e.g.*, *United States v.*

*Mancuso*, 852 F.2d 572, at **1 -2, 1988 WL 72861 (9th Cir. 1988) (unpublished) ("'It is well

established that this section encompasses two distinct offenses, false representation and

concealment of a material fact.'" (*quoting United States v. Tobon-Builes,* 706 F.2d 1092, 1096

(11th Cir. 1983)); *United States v. Ford*,  797 F.2d 1329, 1334 (5th Cir. 1986) (whereas

presentation of a check with insufficient funds to a federal agency would not sufficiently prove a

false statement, it would satisfy the elements of a scheme theory of § 1001 as an affirmative act

in the scheme to conceal the lack of sufficient funds); *United States v. London* 550 F.2d 206, 213

(5th Cir. 1977) (In order to give full effect to statutory distinctions and to prevent mere silence

from being criminalized, the terms "trick, scheme or device" must require as an element the

proof of an affirmative act of "trick, scheme or device" by which a material act is concealed, as

distinct from the plain making of a false statement); *Culoso*, 461 F. Supp at 132 ("The structure

of 18 U.S.C. § 1001 makes it plain that participation in a scheme to conceal material facts from

the government, quite apart from the affirmative misstatement of facts, is a crime.").

        In the current case, the jury would be required to find for Count One, among other things,

that the defendant engaged in affirmative acts of scheming to conceal the truth of his financial

relationship to VECO and its CEO from the Senate and thereby the public.  The count alleges

that this was accomplished through a series of acts, which included filing numerous false

financial forms as well as various other lies to his family, friends and the media.  Such a scheme

can even be accomplished by a deliberate failure to disclose or hiding from discovery.  *See*

*United States v. Dale*, 782 F.Supp 615, 626 (D.D.C. 1991) (under the concealment scheme, "a

person's deliberate failure to disclose to the government material facts, in the face of a duty to disclose such facts, constitutes an 'affirmative act' within the contemplation of the statute."). For Counts Two through Seven, the jury would be required to find the specific making of each of the specific false statements alleged, none of which is actually required for Count One.

Just as the scheme involved in §1001 has been compared to a conspiracy (*see Heacock*, 31 F.3d at 256), so, too, it is informative to consider the relationship of a conspiracy to commit a crime and the substantive crimes involved. It is beyond dispute that it is not multiplicitous to charge both a conspiracy to commit a crime and the substantive crime itself in separate counts. *See Pinkerton v. United States*, 328 U.S. 640, 643, 66 S.Ct. 1180, 90 L.Ed 1489 (1946); *Curley v. United States*, 160 F. 2d 229, 237 (D.C. Cir. 1947); *United States v. Kabbaby*, 672 F.2d 857, 861 (11th Cir. 1982) ("It is common and proper to allege overt acts as substantive violations and join them with conspiracy charges."). This analogy is appropriate because the basis of this rule is that the agreement is the crime in a conspiracy (*see, e.g., Pinkerton,* 328 U.S. at 644 (the agreement to do an unlawful act is distinct from the doing of the act)), and likewise it is the trick, scheme, or device that is the method of concealment that must be proven under §1001(a)(1). *See e.g. London,* 550 F.2d at 213.

Because Counts Two through Seven require different and additional proof from Count One, and *vice-versa*, and just as overt acts of a conspiracy can be charged as substantive offenses in separate counts, the counts of this indictment are not multiplicitous. Therefore, election between counts is inappropriate, and the defendant's motion for such relief should be denied.

However, should the Court determine that further factual development is required on this matter, numerous courts have pointed out that it is appropriate to defer judgments about

multiplicity until after the evidence at trial has been presented. *See Hubbell*, 177 F.3d at 14 (agreeing to defer multiplicity claims until after trial in order to develop factual issues about statements and acts of concealment); *Cisneros*, 26 F. Supp 2d at 44–45 (within the court's discretion to defer judgment on multiplicity until after trial and to do so where factual development was required); *United States v. Cook*, 2007 WL 3020081 (D.D.C. 2007, memorandum opinion).

To prove his argument, the defendant relies on two cases which say merely that the separate sections of 18 U.S.C. § 1001 are only different means of committing the same offense, and not separate offenses. However, those cases used that analysis for the purpose of finding that single counts charging both means are not duplicitous, and not for the purpose of finding that multiple counts charging the different means are multiplicitous, as the defendant seeks here. *See United States v. Hixon,* 987 F.2d 1261, 1265 (6th Cir. 1993) ("The District Court did not err in concluding that 'an indictment alleging the different kinds of conduct in a single count based on a single document is not duplicitous'"); *United States v. Stewart*, 433 F.3d 273, 319 (2d Cir. 2006).

In *Stewart*, the Second Circuit distinguished its earlier ruling in *United States v. Diogo*, 320 F.2d 898 (2nd Cir. 1963) and limited its decision to the issue of duplicity, leaving intact the point that for matters of proof, the two sections are separate offenses:

> when this Court said in dictum that false representation and concealment are 'two distinct offenses', *id*. at 902, we were not addressing the issue of duplicitous pleading. Rather, this Court was discussing the differences in proof necessary to establish each of the theories. *See id*. at 901-02. We noted that false representation requires evidence of actual falsity, while concealment is proved by showing 'wilful nondisclosure by means of a 'trick, scheme or device' Id at 902.

433 F.3d at 319.   It is precisely this distinction, however, that demonstrates that the weight of authority relevant to the multiplicity question favors the Government.

### Conclusion

WHEREFORE, for the foregoing reasons, the government respectfully requests this Court to find that Count One is not duplicitous and is not time-barred, and that Counts Two through Seven are not multiplicitous of Count One and require no election, and thereby deny the defendant's motion in full.

Respectfully submitted,

WILLIAM M. WELCH II
Chief, Public Integrity Section

  /s/
BRENDA K. MORRIS
Principal Deputy Chief

NICHOLAS A. MARSH
EDWARD P. SULLIVAN
Trial Attorneys

JOSEPH W. BOTTINI
JAMES A. GOEKE
Assistant United States Attorneys
   for the District of Alaska

Dated: Washington, D.C.
        August 25, 2008

-13-

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2008, a copy of the United States' Opposition To Defendant's Motion To Dismiss Count I As Time-Barred And Duplicitous Or, In The Alternative, To Compel The Government to Elect Between Count I and Counts II-VII on Grounds of Multiplicity was served electronically, via the District Court's ECF system, on defense counsel as set forth below:

> Robert Cary, Esq.
> Williams & Connolly LLP
> 725 Twelfth St. NW
> Washington, D.C.  20005

                                    ___/s/_____
                                    Edward Sullivan

-14-