**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                              ) | |
| v.                           ) | Criminal No. 08-CR-231 (EGS) |
|                              ) | |
| THEODORE F. STEVENS,         ) | |
|                              ) | |
| Defendant.                   ) | |
| _____) | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE PREJUDICIAL SURPLUSAGE**

The United States, by and through undersigned counsel, files this opposition to defendant Stevens' Motion to Strike Surplusage. Defendant Stevens requests that this Court strike a single paragraph, Paragraph 17, from the approximately twenty-eight page Indictment, claiming that this paragraph is irrelevant and prejudicial to the charged crimes. Paragraph 17 alleges that defendant Stevens received and accepted solicitations for multiple official acts from VECO's chief executive officer and other VECO employees during the same time period that he filed false U.S. Senate financial disclosure forms concealing his receipt and acceptance of over $250,000 in things of value from VECO's chief executive officer and VECO.

Contrary to defendant Stevens' assertion, Paragraph 17 is highly relevant to the charged crimes because the evidence supporting Paragraph 17 proves both intent and materiality, essential elements of the charged crimes. The evidence in support of Paragraph 17 also proves motive, explaining why defendant Stevens did not report his receipt and acceptance of things of value from VECO and its Chief Executive Officer on his financial disclosure forms. Because Paragraph 17 is

highly relevant and certainly not prejudicial to the charged crimes, defendant Stevens' motion should be denied.

## BACKGROUND

On July 29, 2008, a federal grand jury returned a seven count Indictment against defendant Stevens. Count One charged that defendant Stevens "knowingly and willfully engaged in a scheme to conceal a material fact, that is, his continuing receipt of hundreds of thousands of dollars' worth of things of value from a private corporation and its chief executive officer by, among other things, failing to report them, as was required, on STEVENS' required yearly Financial Disclosure Forms" in violation of Title 18, United States Code, Section 1001(a)(1). *Indictment* ¶ 15.[1] The private corporation and its chief executive officer that gave the things of value to defendant Stevens were VECO and Bill Allen respectively. *Id*. at ¶ 3, 4.

The things of value provided by Allen and VECO to defendant Stevens consisted of substantial renovations, repairs and maintenance to defendant Stevens' residence in Girdwood, Alaska. *Id*. at ¶ 15. Those residential renovations, repairs and maintenance by Allen and VECO for the benefit of defendant Stevens spanned almost seven years and included the creation of a new first floor, a new garage, a new first- and second-story wraparound deck, new plumbing, new electrical work, and other additions, improvements, and repairs. *Id*. The things of value provided by Allen and VECO for the benefit of defendant Stevens also included automobile exchanges in which defendant Stevens received new vehicles worth far more than the "trade-ins" provided by defendant

---

[1] Counts Two through Seven charged substantive violations of Title 18, United States Code, Section 1001(a)(2) for each annual false financial disclosure form filed pursuant to the scheme, but Counts Two through Seven did not re-allege Paragraph 17. *Id.* at ¶¶ 47, 53, 59, 65, 71, 77. Therefore, Counts Two through Seven are not subject to this motion to strike.

Stevens; household goods, such as furniture, a new, permanently-attached professional Viking gas grill, and a new multi-drawer, stationary tool chest. *Id*.

During this same seven year period, or from approximately 1999 through 2006, defendant Stevens had an annual obligation to file accurate and complete U.S. Senate financial disclosure forms signed under the pains and penalties of perjury. *Id*. at ¶ 8- 11. Every year, defendant Stevens had to file a financial disclosure form that required defendant Stevens to disclose certain financial information for that calendar year. *Id*. at ¶ 12. In particular, the financial disclosure forms required defendant Stevens to disclose certain information regarding the amount of liabilities in excess of $10,000 owed at any point in time during that calendar year by defendant Stevens and to disclose gifts in excess of a certain aggregate value received from a single source, such as VECO or Allen, by defendant Stevens during that calendar year. *Id*. at ¶¶ 13, 14.

Defendant Stevens did not do so despite the fact that his gifts from Allen and VECO and his liabilities to Allen and VECO exceeded six figures in some years. *Id*. at ¶ 24. Instead, defendant Stevens took steps to conceal his receipt of things of value from Allen and VECO by filing and causing the filing of false annual financial disclosure forms for the years 1999 to 2006. *Id*. at ¶ 16. Defendant Stevens did not report his receipt of any thing of value received from ALLEN and VECO, either as gifts or as liabilities, as required during that span of seven years. *Id*. at ¶ 16.

As alleged in the Indictment, one reason for not doing so was that, during the same period of time that defendant Stevens concealed his continuing receipt of things of value from Allen and VECO through the filing of false financial disclosure forms, Allen and other VECO employees solicited multiple official actions from defendant Stevens and his office. *Id*. at ¶ 17. Stevens knew of these solicitations and nonetheless used his official position and his office on behalf of VECO

during the same time period that he was receiving and concealing his receipt of things of value from Allen and VECO. *Id.* at ¶ 17.

## DISCUSSION

Rule 7(d) of the Federal Rules of Criminal Procedure provides that "[t]he court on motion of the defendant may strike surplusage from the indictment or information." "Rule 7(d) has been strictly construed against striking surplusage." *United States v. Jordan,* 626 F.2d 928, 930 n. 1 (D.C. Cir.1980). *See also United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006); *United States v. Poindexter*, 725 F. Supp. 13, 35 (D.D.C. 1989). Indeed, the courts have developed an "exacting standard" necessary for striking language from an indictment returned by the grand jury. 1 Charles Alan Wright, *Federal Practice and Procedure* § 127, at 426 (2d ed. 1982). This standard is so exacting that "[m]otions to strike surplusage from an indictment are highly disfavored in this Circuit." *United States v. Watt*, 911 F. Supp. 538, 554 (D.D.C. 1995). *See also United States v. Cisneros*, 26 F.Supp.2d 24, 54 (D.D.C. 1998).[2]

"[A] motion to strike surplusage from the indictment should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998)); *Poindexter*, 725 F. Supp. at 35 (It is "settled that a defendant is entitled to have language stricken only if it is both irrelevant and prejudicial.") (citing *United States v. Jordan*, 626 F.2d 928, 930 n.l (D.C. Cir. 1980)). It is not enough for the subject language to be either irrelevant or prejudicial; it must be both irrelevant *and* prejudicial. *United States v. Oakar*, 111 F.3d 146, 157 (D.C. Cir. 1997). *See also United States v. Hedgepeth*, 434 F.3d

---

[2] Curiously, nowhere in defendant Stevens' motion does he acknowledge, let alone cite to this Court, the exacting standard that he must meet under the caselaw in this Circuit, or the fact that surplusage motions are disfavored within the District of Columbia.

609, 612 (3d Cir. 2006) ("[I]nformation that is prejudicial, yet relevant to the indictment, must be included for any future conviction to stand and information that is irrelevant need not be struck if there is no evidence that the defendant was prejudiced by its inclusion."); *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990) ("If evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken."). In fact, "*[r]elevant* language . . . `should not be stricken even if it may be prejudicial.'" *United States v. Hsia*, 24 F.Supp.2d 14, 24 (D.D.C . 1998) (quoting *United States v. Weinberger*, 1992 WL 294877 at *7 (D.D.C. Sept. 29 1992)). *See also United States v. Naegele*, 341 B.R. 349, 364 (D.D.C. 2006) (stating that "relevant statements in an indictment should not be stricken even if they may be prejudicial"). Thus, legally relevant information is not surplusage.

Due to this exacting standard requiring both irrelevancy and prejudice, motions to strike information as surplusage are rarely granted. *See, e.g.*, *Williams*, 445 F.3d at 733-34 (upholding refusal of district court to strike allegations of murder from indictment); *Rezaq*, 134 F.3d at 1134 (upholding refusal of district court to strike allegations of murder of airplane passengers from indictment); *Hartsell*, 127 F.3d at 353 (finding no abuse of discretion in denial of motion to strike); *United States v. DeSalvo*, 797 F. Supp. 159, 171 (E.D.N.Y. 1992)(refusing to strike references to Colombo Organized Crime Family); Wright, *Federal Practice and Procedure* § 127.

1. <u>Allegations Proving Essential Elements Are Highly Relevant and Not Surplusage</u>

Allegations in an indictment that prove an essential element of the charged crimes, such as the intent of a defendant are highly relevant, and therefore, by definition, not surplusage. *Rezaq*, 134 F.3d at 1134 (upholding refusal of district court to strike allegations of shooting airplane passengers because allegations were relevant to essential element of air piracy); *United States v.*

*Fornah*, 2005 WL 481570 at * 2 (D.C. Cir. 2005) (affirming denial of motion to strike surplusage because allegations in indictment, although prejudicial, proved intent to commit bribery); *Cisneros*, 26 F.Supp.2d at 55 (denying motion to strike surplusage because allegations in indictment concern essential elements of charged crimes); *Hsia*, 24 F.Supp.2d at 26 (denying motion to strike surplusage because allegations in indictment relevant to prove intent to commit the charged crimes) . *See also United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988) (affirming denial of motion to strike surplusage where allegations in indictment, although prejudicial, proved the defendant's intent to commit the charged crimes); *United States v. Stein*, 1994 WL 285020 at *3 (E.D. La. 1994)(allegations of financial losses not stricken because relevant to prove intent).

In *Fornah*, 2005 WL 481570 at *2, the Court of Appeals upheld the district court's denial of a motion to strike surplusage, finding that the contested indictment language was relevant to the defendant's intent. The defendant had been charged with taking a bribe from a friend who had been convicted of operating a large-scale immigration scheme, and the indictment described the friend's immigration fraud scheme, his use of shell companies to advance the scheme, and the defendant's "peripheral connection" to the scheme. *Id*. Although noting that the allegations were prejudicial in that they suggested the defendant's involvement in a scheme largely unrelated to anything that the defendant did, the Court of Appeals concluded that the "government rightly points out that these facts make it more likely Fornah knowingly waived [his friend's] fees in exchange for receiving" the bribe. *Id*.

*Fornah*, cited by defendant Stevens in support of his motion to strike, does nothing of the sort, and instead buttresses the government's argument that Paragraph 17 is not surplusage. Intent is an essential element of the charged crimes. *See United States v. Safavian*, 528 F.3d 957, 967

(D.C. Cir. 2008); *United States v. Hsia*, 176 F.3d 517, 522 (D.C. Cir. 1999). The Government must prove that defendant Stevens knowingly and intentionally made a false statement on his financial disclosure forms. *Safavian*, 528 F.3d at 967. Lack of intent, such as literal truth, negligence, or mistake, is a potential defense to the charged crimes, and in fact the defendant already has proffered publicly such a defense. *See* July 29, 2008 Statement of Senator Ted Stevens ("I have never knowingly submitted a false disclosure form required by law as a U.S. Senator.").

The fact that defendant Stevens engaged in official acts benefitting VECO and Bill Allen while contemporaneously receiving things of value from VECO and Bill Allen tends to prove that the defendant knowingly and intentionally did not disclose those things of value on his Senate financial disclosure forms. Had the defendant reported the things of value, the defendant would have subjected himself to public scrutiny and criticism regarding his on-going relationship with VECO and Bill Allen, and the fact that he was laboring under a conflict of interest. Disclosure most assuredly would have sparked ethics committee complaints from watchdog groups or other organizations, subjected defendant Stevens to an inquiry by the Senate Select Committee on Ethics, and potentially affected his future re-election bids. Most importantly, however, disclosure of the things of value and the negative repercussions flowing from that disclosure would have threatened the defendant's future stream of things of value from VECO, Bill Allen and others.

Therefore, Paragraph 17 is relevant because it tends to prove an essential element of the charged crimes and cannot be considered surplusage. The defendant knowingly and intentionally filed false financial disclosure forms concealing his receipt of things of value from VECO and Bill Allen to avoid the negative consequences flowing from such disclosure, particularly during a time frame when the defendant had been engaged in performing official acts for VECO and Bill Allen.

Paragraph 17 also tends to prove the materiality of defendant Stevens' false statements on his financial disclosure forms. Like intent, materiality is an essential element of the charged crimes. *Cisneros*, 169 F.3d at 766; *United States v. Hansen*, 772 F.2d 940, 949 (D.C. Cir. 1985). The fact that defendant Stevens engaged in official acts on behalf of VECO and Bill Allen while contemporaneously receiving over $250,000 in things of value from VECO and Bill Allen tends to prove that his false statements were material. Once again, had the defendant reported the things of value, he would have been the subject of public scrutiny and criticism for his ongoing relationship with one of the largest employers in Alaska, which provided defendant with substantial things of value while doing business with his Office. Complaints would have been filed with the Senate Select Committee on Ethics, subjecting defendant Stevens to an inquiry by the Committee and possible reprimand, censure or expulsion by the full Senate.

The perceived linkage between official acts and things of value exchanged between defendant Stevens and VECO and Bill Allen goes to the heart of the materiality inquiry because the commission of official acts *plus* the receipt of things of value made it more likely, if not a certainty, that "an investigation might commence." *Hansen*, 772 F.2d at 949. Consequently, Paragraph 17 is relevant and not surplusage because official acts committed by defendant Stevens *plus* his receipt of things of value from the beneficiaries of those official acts made it more likely that his conduct would be examined by the Senate Select Committee on Ethics.

There is nothing inherently prejudicial upon the evidence underlying Paragraph 17. As the defendant acknowledges and must concede, Paragraph 17 does not allege the commission of any crimes. In fact, Paragraph 17 does not even allege any bad acts. It makes no sense to claim that Paragraph 17 is prejudicial when the allegations neither allege a crime nor a bad act. And even if

one assumed for the sake of argument that the allegations do create some prejudice for the defendant, *Fornah* eviscerates that argument in light of the relevance of Paragraph 17.

    2. <u>Allegations Proving Motive Are Highly Relevant and Not Surplusage</u>

An allegation in an indictment "suggesting a motive for a crime is relevant" and not surplusage. *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993)(affirming denial of motion to strike surplusage where allegations in indictment proved a motive for the charged crime). The cases in support of this statement of law are legion not only within the District of Columbia, *see e.g. Hsia*, 24 F.Supp.2d at 26 (denying motion to strike surplusage because allegations in indictment prove motive for the charged crimes); *Trie*, 21 F.Supp.2d at 19 (denying motion to strike surplusage because allegations in indictment "plausibly state a motive" for the charged crimes); *Weinberger*, 1992 WL 294877 at *7 (allegations in indictment not stricken because relevant to prove defendant's state of mind, intent and motive for his actions); but also within other circuits. *E.g., United States v. Tomero*, 496 F.Supp.2d 253, 256 (S.D.N.Y. 2007) (association to organized crime family relevant to show motive for extortion and not stricken); *United States v. El-Silimy*, 228 F.R.D. 52, 59 (D. Maine 2005)(allegations of financial gain to show motive not stricken); *United States v. Bortnick*, 2004 WL 2861868 at *4 (E.D.P.A. 2004) (allegations in indictment pertaining to intent and motive for taking fraudulent actions not surplusage); *United States v. Hanna*, 198 F.Supp.2d 236, 245 (E.D.N.Y. 2002) (allegations in indictment pertaining to intent and motive for engaging in fraudulent securities deals not surplusage).

Paragraph 17 demonstrates defendant Stevens' motive for having filed false financial disclosure forms. As discussed above, the defendant's disclosure of the things of value received from VECO and Bill Allen would have been immediately linked to the official acts performed

9

contemporaneously by defendant Stevens and his office on behalf of VECO and Bill Allen. From defendant Stevens' perspective, only negative things could flow from public disclosure of those facts: scrutiny and criticism of his conflicts of interest, ethics complaints, an ethics inquiry, or something else. The focus of any inquiry from the media or any Senate proceeding would have quickly expanded either to identify or to foreclose the possible receipt of other non-disclosed things of value from other individuals or entities. Defendant Stevens would have been forced to stop receiving things of value from VECO and Bill Allen, and certainly pay back that which he received. Thus, the defendant had every incentive to conceal his receipt of things of value while contemporaneously performing official acts on behalf of VECO and Bill Allen because only good things flowed from that concealment.

Defendant Stevens' reliance on *United States v. Whitehorn*, 710 F.Supp. 803 (D.D.C. 1989) and *United States v. Hubbard*, 474 F.Supp. 64 (D.D.C. 1979) do nothing to advance his arguments. In both *Whitehorn* and *Hubbard*, the defendants moved to strike phrases such as "among others", "including but not limited to", and "in part" because the phrases improperly insinuated and suggested uncharged criminal conduct to the jury. *Whitehorn*, 710 F.Supp. at 819; *Hubbard*, 474 F.Supp. at 82. In other words, according to the defendants, the contested phrases were so broad and ill-defined that a jury would assume that the defendant had committed additional uncharged crimes. The district courts in both cases ultimately struck the challenged phrases.

Quite the opposite exists in this case. The language of Paragraph 17 is neither broad nor ill-defined, but in fact is quite specific as to what VECO and Bill Allen solicited from the defendant and his office and what the defendant did in response to those solicitations. As previously stated, Paragraph 17 does not allege the commission of a crime let alone the commission of a bad act.

Paragraph 17 simply and plainly states that the defendant and his office performed official acts during the same time that he received and concealed things of value from the beneficiaries of those official acts. The specificity of the language as well as any subsequent jury instructions should lay to rest any concern of a jury's imagination run amok.

Put another way, the defendant's "argument is a non-sequitur." *DeSalvo*, 797 F.Supp. at 171. *Whitehorn* and *Hubbard* "found the open-ended language objectionable precisely because it was vague and thereby insinuated that `the crime alleged had great and hidden implications.'" *Id*. (citation omitted). "Limited and clearly stated implications thus cannot present a problem under the rationale of those cases." *Id*. Thus, defendant Stevens' argument impales itself upon the logic of the very cases that he cites.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny Defendant's Motion to Strike Prejudicial Surplusage.

                                              Respectfully submitted,

                                              WILLIAM M. WELCH II
                                              Chief, Public Integrity Section

                                              /s/
                                              BRENDA K. MORRIS
                                              Principal Deputy Chief
                                              NICHOLAS A. MARSH
                                              EDWARD P. SULLIVAN
                                              Trial Attorneys
                                              JOSEPH W. BOTTINI
                                              JAMES A. GOEKE
                                              Assistant United States Attorneys
                                                 for the District of Alaska

Dated: Washington, D.C.
       August 25, 2008

## CERTIFICATE OF SERVICE

      I hereby certify that on this 25th day of August, 2008, a copy of the Government's Opposition to Defendant's Motion to Strike Prejudicial Surplusage was served electronically, via the District Court's ECF system, on the following:

Brendan V. Sullivan, Jr., Esq.<br>
Robert Cary, Esq.<br>
Williams & Connolly LLP<br>
725 Twelfth Street, N.W.<br>
Washington, D.C.  20005

          /s/ _____
          Edward Sullivan