IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 08-CR-231 (EGS) |
| ) | |
| THEODORE F. STEVENS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
"MOTION TO DISMISS THE INDICTMENT FOR
VIOLATION OF THE SPEECH OR DEBATE CLAUSE"**

The United States of America, by and through its undersigned attorneys, hereby responds in opposition to the "Motion to Dismiss the Indictment for Violation of the Speech or Debate Clause" ("Def. Mot.") filed by defendant Theodore F. Stevens ("Stevens") on August 14, 2008. Stevens, a United States Senator, stands charged in Count One of the indictment with abusing his office in a continuing scheme to conceal the receipt of more than $250,000 in things of value that he received from an oil services company. His argument turns on the fact that one aspect of the government's proof of the scheme will be that Stevens took official action in several non-legislative matters, such as writing letters to benefit that company, during the same period in which he accepted the company's largesse. Stevens theorizes that such routine, unremarkable evidence in cases of Congressional corruption and misconduct somehow presents a constitutional issue under the Speech or Debate Clause that threatens the very structure of our government. Stevens, however, does not and cannot carry his burden of demonstrating that privileged evidence of any legislative act, such as voting on a bill or speaking on the Senate floor, will be

introduced against him at trial. Nor does he or can he carry his burden to show that such evidence was introduced against him in the grand jury. Accordingly, the United States respectfully submits that the motion should be denied without any further proceedings, let alone the improper discovery that Stevens demands.

I.      **Count One Of The Indictment Is Valid On Its Face**

Stevens seeks the dismissal of Count One of the indictment. As noted in the government's speech or debate motion in limine (see Dkt. 19 at 3-4), it is Stevens' burden both to produce evidence and to persuade this Court that the Speech or Debate Clause privilege should apply in this case. United States v. Rostenkowski, 59 F.3d 1291, 1300 (D.C. Cir. 1995) (citing Virgin Islands v. Lee, 775 F.2d 514, 524 (3d Cir. 1985)); see also In re Possible Violations, 491 F. Supp. 211, 213-14 (D.D.C. 1980). He has not and cannot do so.

Stevens presents no evidence to carry his burden; he simply theorizes from what he asserts to be the "apparent" nature of the indictment, and of Paragraph 17 of Count One in particular. He asserts that Paragraph 17 somehow requires or allows proof of legislative acts or their motivation in violation of the Speech or Debate Clause. It does not. What is actually apparent on the face of the indictment is that Stevens stands charged with conduct involving proof of official acts, rather than any protected legislative act.

As the Supreme Court explained in United States v. Brewster, 408 U.S. 501 (1972), a Senator's acts are not privileged simply because they relate to his office or have some nexus to it. Id. at 528. Rather, the Speech or Debate privilege will not apply unless the acts at issue rise beyond the merely official or political (e.g., agreeing with a private person to vote for legislation) and qualify for the much narrower category of truly legislative action (e.g., actually voting on a

bill).  Id. at 526-27; see also United States v. Rose, 28 F.3d 181, 188 (D.C. Cir. 1994) ("[M]any activities routinely engaged in by lawmakers, such as constituent services, communications with government agencies, assistance in securing government contracts, and speeches delivered outside of Congress, do not qualify for immunity.") (citations omitted); United States v. McDade, 28 F.3d 283, 293 (3d Cir. 1994 ) (Alito, J.) ("the Clause prohibits only proof that a member actually performed a legislative act" in the past).  Stevens concedes, albeit by a footnote, this salient point of the controlling precedent.  Def. Mot. at 4 n.2.

Paragraph 17 of Count One is therefore entirely proper on its face because it charges official acts that need not and do not amount to legislative activity.  Count One of the indictment charges that Stevens had a scheme to conceal the receipt of things of value received from VECO Corporation and one of its officers, Bill J. Allen.  Paragraph 17 more specifically charges:

> It was a part of the scheme that STEVENS, during that same time period that he was concealing his continuing receipt of things of value from ALLEN and VECO from 1999 to 2006, received and accepted solicitations for multiple official actions from ALLEN and other VECO employees, and knowing that STEVENS could and did use his official position and his office on behalf of VECO during that same time period.  These solicitations for official action, some of which were made directly to STEVENS,  included the following topics:  (a) funding requests and other assistance with certain international VECO projects and partnerships, including those in Pakistan and Russia; (b) requests for multiple federal grants and contracts to benefit VECO, its subsidiaries, and its business partners, including grants from the National Science Foundation to a VECO subsidiary; and (c) assistance on both federal and state issues in connection with the effort to construct a natural gas pipeline from Alaska's North Slope Region.

Paragraph 17 is primarily concerned with requests and solicitations from VECO and Allen to Stevens, which are squarely within the Brewster rule allowing evidence of corrupt

discussions and agreements so long as the resulting legislative action is not proven. The government readily agrees, however, that Paragraph 17 also expressly implicates Stevens' "official actions," "his official position," and "his office." (Emphasis added). And at trial the government will certainly prove that Stevens took official or political, non-legislative actions in furtherance of the charged scheme – as litigants challenging corruption or misconduct are routinely entitled to do under Brewster and its progeny. E.g. Gravel v. United States, 408 U.S. 606, 626 (1972) (government may inquire into criminal acts done in preparing for or implementing legislative acts); Brown & Williamson Tobacco Corp. v. Williams, 62 F.3d 408, 415 (D.C. Cir. 1995) ("Malfeasance by a Member does not fall within the legislative sphere simply because it is associated with congressional duties."); Fields v. Office of Eddie Bernice Johnson, 459 F.3d 1, 24 (D.C. Cir. 2006) (en banc) ("Members of Congress are constantly in touch with the Executive Branch or administrative agencies – they may cajole, and exhort with respect to the administration of a federal statute – but such conduct, though generally done, is not protected legislative activity.") (quoting Brewster).

For example, the government intends to introduce evidence of letters from Stevens to bodies such as the World Bank on behalf of VECO. While such actions by Stevens were certainly official or political, they were just as certainly not legislative. E.g., Rose, 28 F.3d at 188 (constituent services and communications with government agencies are not privileged). Accordingly, this and other proof of official or political acts is entirely proper as evidence, and is properly pled in Paragraph 17 as a part of the scheme.[1]

---

[1] Evidence of Stevens' official and political acts in this case is detailed and argued separately, and more extensively, in the government's "Motion in Limine Concerning the Inapplicability of the Speech or Debate Clause," incorporated here by reference. See Dkt. 19.

There is simply no reason to assume from the face of Paragraph 17 that the government would offer at trial any evidence of legislative rather than merely official or political acts.  There is even less reason to assume that this Court would allow evidence of legislative acts into evidence.  In fact, the D.C. Circuit presumes the contrary, recognizing that this Court can and should rule on particular evidence and particular Speech or Debate objections in the routine course of trial, rather than dismiss an indictment because privileged legislative acts would be relevant to the truth of the charges.  Rostenkowski, 59 F.3d at 1300 (defendant can vindicate privilege "by objecting to the introduction of Speech or Debate material at such point(s) in the trial as the Government may propose to put protected material into evidence.").  At trial, therefore, Stevens may properly interpose his privilege to prevent the jury from learning of relevant legislative acts, assuming the government sought to introduce such evidence.

In sum, nothing about Paragraph 17, and certainly nothing advanced by Stevens as proponent of the Speech or Debate privilege, remotely justifies a conclusion that the government would or could seek to introduce evidence of a legislative act into the trial proceedings.  As pled in accord with Federal Rule of Criminal Procedure 7(c)(1), the indictment provides general notice of the charged scheme, and permits the proper introduction of evidence of official acts that furthered that scheme.  It does not in any way restrict this Court from ruling against the admission of evidence that might qualify as legislative on a proper showing by Stevens, nor does it describe a particular legislative action on its face.  Accordingly, Stevens has failed to carry his burden of demonstrating a violation of the Speech or Debate Clause warranting dismissal of Count One of the indictment.

**II.     The Government Did Not Present Privileged Evidence To The Grand Jury**

There is a "'presumption of regularity in grand jury proceedings,'. . . and a defendant seeking dismissal of an indictment on the grounds of grand jury error therefore faces a very heavy burden." United States v. Trie, 23 F. Supp. 2d 55, 61 (D.D.C. 1998) (citation omitted; collecting cases).  Yet Stevens demands dismissal of the entire indictment, simply asserting that the facts of Paragraph 17 of Count One "strongly suggest that legislative information was submitted to the grand jury."  Def. Mot. at 5.  As discussed above, however, Stevens' motion rests on the untenable premise that pleading official or political action by a Senator somehow necessitates the admission of privileged evidence of legislative acts.  Stevens bootstraps from his faulty premise to the wholly speculative conclusion that privileged evidence was presented to the grand jury in obtaining an indictment on count one.  It was not.  As discussed above, Count One implicates official and political acts, not legislative ones.  The prosecutors who were involved in the grand jury proceedings are not aware of any evidence introduced to the grand jury that reflects an act taken by Stevens, such as votes on bills or statements on the floor of the Senate, that would be considered a protected legislative activity.[2]  In fact, the government carefully guarded against the introduction of privileged evidence to the grand jury, warning both witnesses and grand jurors away from protected evidence.

---

[2/]     The prosecutors who were involved in the grand jury proceedings have identified a handful of witnesses who, at least facially, might have been privy to information protected by the Speech or Debate Clause.  The government has reviewed the grand jury testimony for these witnesses and is aware of no evidence elicited from them that arguably could be considered Speech or Debate privileged.  If the Court deems it necessary, the government will submit these transcripts to the Court for an in camera, ex parte review so that the Court can make an independent determination.

Stevens' only further argument (or "suggestion") is that, based on media reports, certain Congressional staff cooperated with the investigation, and that they must have provided evidence of legislative acts to the grand jury directly or through a summary witness. See supra at 3 & n.3. Stevens' motion in this regard is simply speculation, and the government reiterates that it is wrong. Further, Stevens' "showing" here depends solely on the status of witnesses as Congressional staff, rather than on any proof of any Speech or Debate evidence supposedly provided to the grand jury. The D.C. Circuit, however, has squarely rejected application of the Speech or Debate Clause to the fact of such status on Capitol Hill. Rostenkowski, 59 F.3d at 1303. Accordingly, Stevens' motion to dismiss the entire indictment must fail.

Moreover, even assuming arguendo that Stevens had met his burden to show that the grand jury considered some evidence of Speech or Debate material – which he has not – he misstates the law in claiming that it requires that the indictment therefore "must be dismissed." The law is actually replete with contrary cases recognizing that trials may proceed on indictments even where the grand jury considered Speech or Debate material. See, e.g., United States v. Johnson, 383 U.S. 169, 185 (1966) (conspiracy count not precluded in retrial where original indictment itself alleged legislative act).³ The D.C. Circuit in particular has declined to adopt any such rule of automatic dismissal, recognizing that there will be factual spectrum to be addressed

---

³/     On remand in Johnson, the district court dismissed the conspiracy count without objection, and the Fourth Circuit upheld convictions on the other counts even where evidence of the legislative speech for the dismissed count was "17 per cent of all grand jury testimony." United States v. Johnson, 419 F.2d 56, 58-59 (4th Cir. 1969); see also United States v. Williams, 644 F.2d 950, 952 (2d Cir. 1981) (dismissal not warranted where improper testimony before grand jury of two Senate aides who produced legislative bills "constituted an insignificant portion of the evidence presented to the jury and was not a factor in the issuance of the indictment"); United States v. Myers, 635 F.2d 932, 941 n.10 (2d Cir. 1980) (need not consider dismissal where district court found grand jury heard extensive evidence of guilt).

case by case: "For the moment, we express no view upon the question of when the presentation of Speech or Debate Clause material to a grand jury invalidates a facially valid indictment; we conclude only that at some point the presentation of such material requires the court to dismiss the resulting bill." Rostenkowski, 59 F.3d at 1299-1300.

Further, even the cases that Stevens cites for the mistaken proposition that dismissal is automatically required do not hold nearly so much.  In United States v. Helstoski, 635 F.2d 200 (3rd Cr. 1980) ("Helstoski II"), the court upheld the dismissal of charges against a former Congressman who had appeared before eight different grand juries on ten occasions and testified at length regarding certain immigration legislation.  The Third Circuit based its decision upon the district court's factual findings that the "privileged matter permeated the whole proceedings" and that the "prosecutor's practice of reading the transcripts of [Congressman Helstoski's] testimony, previously given to each grand jury that considered the matter, had the effect of aggravating the original error of admitting evidence."  Id. at 205.  It distinguished Johnson and Brewster based upon the trial judge's determination that it would be "unrealistic [to] attempt to cull out single counts of the indictment."  Id.  Helstoski II was thus driven by its facts rather than any rule of automatic dismissal, and those facts were far from the present case in which Stevens identifies not one single instance of privileged material before the grand jury, let alone privileged material that "permeated the whole proceedings."

Likewise, the unpublished district court opinion in United States v. Durenberger, No. Crim. No. 3-93-65, 1993 WL 738477 (D. Minn. Dec. 3, 1993), was driven by the fact that the grand jury might have given great weight to the evidence at issue, which included factual findings of wrongdoing against the defendant Senator.  Id. at *2.  It was further driven by the lack

of any record that the grand jury was cautioned against considering that evidence. Id. at *3.[4] Moreover, the opinion of the District Court for Minnesota in Durenberger held as an initial and critical premise that it should extend the Speech or Debate Clause privilege of members of the Senate Select Committee on Ethics to a Senator appearing before it, id. at *1, and relied on that premise in ruling that dismissal was required to protect the "integrity and independence of the Committee." Id. at *4. That premise, however, is inconsistent with United States v. Rose, 28 F.3d 181 (D.C. Cir. 1994), in which this Circuit held that evidence of proceedings before the parallel House committee were not privileged. Id. at 186-89.

Accordingly, Stevens consistently fails to address the reality that the law of this and other Circuits looks to the facts of a given case to determine whether any remedy is appropriate, even where Speech or Debate material is actually presented to the grand jury. More importantly, given his burden to establish the privilege under Rostenkowski, he fails to demonstrate any introduction or use of privileged material before the grand jury, let alone the type of permeating or wholesale use that might warrant any remedy. As in Rostenkowski, Stevens "offers virtually no specific reason to believe that such material was presented to the grand jury" and fails to "provide, either from the allegations of the indictment or from some other source, at least some reason to believe that protected information was used to procure his indictment." 59 F.3d at 1313. His submission is entirely speculative, and it warrants no relief, let alone the extraordinary remedy of dismissing an indictment.

---

[4]/     While the D.C. Circuit cited Durenberger as indirect authority for automatic dismissal in Rostenkowski – without adopting that rule of decision – the Rostenkowski opinion did not account for Durenberger's recitation of and reliance on the particular facts of that record.

**III.     No Further Proceedings Are Necessary Or Proper**

Stevens argues that the Court should apply the Speech or Debate Clause in contravention of the Jencks Act, 18 U.S.C. § 3500, Federal Rule of Criminal Procedure 6(e), and the presumption of grand jury regularity to allow defense counsel to conduct a fishing expedition through the secret record of the grand jury's proceedings. His showing in support of this extraordinary demand is no more than that discussed above. In short, he argues that because the indictment relates to his office as a Senator, and because witnesses are Congressional staff, then somehow legislative acts must have been used against him to obtain the indictment. This theory is insufficient as a matter of logic because no evidence of a legislative act is necessary to find probable cause (or guilt) on the charges returned by the grand jury. It is also insufficient as a matter of law:

> To give him a right to in camera review without any particular reason apart from his status as a Member of Congress and therefore a person protected by the Speech or Debate Clause would completely disregard the "long-established policy" in favor of grand jury secrecy, see Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399 (1959), and would fail to strike an appropriate (indeed any) balance between the grand jury's "functional independence from the Judicial Branch," United States v. Williams, 504 U.S. 36, 48 (1992), and a Congressman's right to be free from prosecution for his legislative acts.

Rostenkowski, 59 F.3d at 1313.

Accordingly, the motion should be denied without intruding on the grand jury proceedings or providing premature and improper discovery under the Jencks Act.[5]

---

[5]     In the alternative, the United States stands ready to submit any or all of the record of grand jury proceedings to this Court for such ex parte, in camera review as it might deem necessary and appropriate.

## IV.   Conclusion

For the reasons discussed above, the United States submits that Stevens' motion fails to demonstrate a constitutional issue under the Speech or Debate Clause, and it should be denied in its entirety and without further proceedings.

Respectfully submitted,

WILLIAM M. WELCH II
Chief, Public Integrity Section

_____/S/_____
BRENDA K. MORRIS
Principal Deputy Chief

NICHOLAS A. MARSH
EDWARD P. SULLIVAN
Trial Attorneys

JOSEPH W. BOTTINI
JAMES A. GOEKE
Assistant United States Attorneys
   for the District of Alaska

Dated: August 25, 2008
       Washington, DC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of August, 2008, a copy of the Government's Opposition to Defendant's Motion to Dismiss the Indictment for Violation of the Speech or Debate Clause was served electronically, via the District Court's ECF system, on the following:

> Brendan V. Sullivan, Jr., Esq.
> Robert Cary, Esq.
> Williams & Connolly LLP
> 725 Twelfth Street, N.W.
> Washington, D.C.  20005

_____/s/_____
Edward P. Sullivan