IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THEODORE F. STEVENS, )<br>)<br>Defendant. )<br>) | Cr. No. 08-231 (EGS) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS INDICTMENT FOR SEPARATION OF POWERS**

The United States of America, by its undersigned attorneys, objects to Motion of Defendant Theodore F. Stevens to Dismiss the Indictment for Separation of Powers Violations (Docket Nos. 15). Defendant sets forth an argument that has been rejected each time it has been raised by a member of Congress charged with federal crimes. The present motion should be denied as well.

**The Charges**

Stevens is charged in the indictment with seven counts of making false statements and omissions in Financial Disclosure Forms submitted pursuant to the Ethics in Government Act of 1978 ("EIGA"), Pub.L. No. 95-521, 92 Stat. 1824 (1978). EIGA required all members of the United States Senate to file a Financial Disclosure Form in May of each year detailing specified financial transactions that the Senator engaged in during the prior calendar year. *See* Indictment,

¶ 8. Financial Disclosure Forms were required to be submitted to and filed with the Secretary of the United States Senate. *Id.* A primary purpose of the Financial Disclosure Forms was to disclose, monitor and deter conflicts of interest, thereby maintaining public confidence in the integrity of the Senate and its Members. *Id.* at ¶ 9.

For the calendar years charged in the indictment, the Financial Disclosure Forms contained a section that read as follows: "Any individual who knowingly and willfully falsifies. . . . this report may be subject to civil and criminal sanctions. (See U.S.C. app. 6, 104, and 18 U.S.C. 1001.)." *Id.* at ¶ 11. This section was located next to the signature block on the first page of each Financial Disclosure Form. *Id.*

**Argument**

Defendant Stevens now argues that notwithstanding the explicit warning of potential criminal sanctions, judicial application of Senate rules is barred by the textual commitment of the rulemaking power to Congress in Article I, § 5 of the Constitution. Defendant argues that the government is attempting to enforce the Senate's internal rules, when that power belongs exclusively to the Senate itself. This and similar arguments have been considered and rejected by the Supreme Court and the District of Columbia Circuit beginning at least a hundred years ago.[1/]

The government does not dispute that the Constitution confers upon each house of Congress the power to "determine the Rules of its Proceedings," *U.S. Const.* art. I, § 5, cl. 2, and that a federal court may not decide a case asking it to impose judicially-formulated rules of

---

[1] Defendant does not appear to dispute that the Office of Secretary of the Senate is an agency of the United States within the meaning of Section 1001. *See United States v. Bramblett*, 348 U.S. 503 (1955).

conduct on the legislative branch. *United States v. Durenberger*, 48 F.3d 1239, 1244 (1995). Nor is there any dispute that the Select Senate Committee on Ethics can promulgate and enforce rules governing Senators' behavior. Def. Mem. 1-2. But this case does not involve enforcement of internal Senate rules. It involves enforcement of an unambiguous rule contained in the criminal law: do not lie when required by law to provide honest disclosure of assets. Defendant Stevens is charged with an uncomplicated offense, submitting false disclosure statements, in violation of 18 U.S.C. § 1001. This Court will be called upon simply to enforce the criminal law.

Defendant Stevens does not, and cannot, deny that many criminal statutes enacted by Congress apply to sitting Members. See, *e.g., United States v. Brewster*, 408 U.S. 501, 508-09 (1972). Nor can he dispute that the Constitution gives to the Executive Branch the authority to enforce these statutes. U.S. Const. art. II, § 3 ("[The President] shall take Care that the Laws be faithfully executed * * * "). For over a hundred years the Supreme Court has recognized that the "Take Care" Clause does not require the Executive Branch to first seek permission from the Senate or any of its committees prior to the enforcement of criminal statutes. See *Burton v. United States*, 202 U.S. 344, 366-67 (1906) (the Senate's power to expel or punish a Member does not limit the authority of the Executive to prosecute a sitting congressman for a violation of a federal criminal statute); *Brewster*, 408 U.S. at 508 (the Speech or Debate Clause was designed "to preserve legislative independence, not supremacy");

Nearly 30 years ago in *United States v. Diggs*, 613 F.2d 988, 999 (D.C.Cir.1979), the District of Columbia Circuit rejected the argument defendant makes here. Diggs, a Michigan congressman, was charged with 18 counts under Section 1001, alleging that he filed materially false and misleading Payroll Authorization Forms with the House of Representatives Office of

Finance. Diggs claimed that the government was somehow enforcing internal congressional rules in violation of Art. I, § 5. The court of appeals disagreed: "defendant clearly was tried not for violating the internal rules of the House of Representatives but for violating the mail fraud and false statements statutes." 613 F.2d at 1001.

Other cases are in accord. In *United States v. Rose*, 28 F.3d 181, 183 (D.C. Cir. 1994), a House member argued that a civil action brought by the Department of Justice under the Ethics in Government Act should be dismissed because the separation of powers doctrine prohibited the Justice Department from bringing the action because a House Committee had already investigated him. The court of appeals rejected that claim:

> We do not think the DOJ's action against Congressman Rose offends the separation of powers doctrine. The DOJ brought this action under section 706 of the Ethics Act, which authorizes it to investigate and prosecute "knowing and willful" violations of the Act. 2 U.S.C. § 706. It is true that the disclosure requirements of the Ethics Act applicable to Members of Congress have been incorporated into the House Rules, see House Rule XLIV, cl. 2 (adopting full text of Ethics Act), which are enforced by the House pursuant to its constitutional power to discipline its Members. But by codifying these requirements in a statute, Congress has empowered the executive and judicial branches to enforce them; in bringing this action, then, the DOJ was fulfilling its constitutional responsibilities, not encroaching on Congress's.

28 F.3d at 190.[2]/

In *United States v. Durenberger*, 48 F.3d 1239, 1245-46 (1995), Senator Durenberger was charged with submitting false lodging claims based on his use of a condominium which he

---

[2] Defendant claims (Mem. 6) that *Rose* has not survived the Supreme Court's decision in *Clinton v. City of New York*, 524 U.S. 417 (1998). *Clinton* is inapposite because a prosecution under Section 1001 does not even remotely implicate "delegation" by the Senate of its power to enforce its on rules. That power exists side-by side with the Executive's power to prosecute crimes.

in fact owned.  Durenberger argued that a court could find his false statements material only if it determined that the applicable Senate rules did not permit him to be reimbursed for expenses connected with a lodging he owned.  Durenberger claimed that the rules were uncertain on the point, forcing a court to make "an initial policy determination of a kind clearly for nonjudicial discretion . . . " [citation omitted].  The court of appeals disagreed.

> Durenberger's prosecution raises no such concern.  It does not require the district court to "develop rules of behavior for the Legislative Branch,"*id*., nor does it ask the court to "interject itself into practically every facet of [a coordinate] Branch of the federal government, on a continuing basis,". . . . Rather, the district court is called upon simply to determine whether untruths in a Senator's travel vouchers could influence the Senate's reimbursement decision.

48 F. 3d at 1245.  The court later reiterated:  "Durenberger has not been charged simply with obtaining reimbursement for stays in a condominium he owned, in violation of an internal Senate rule.  He has been indicted for making false statements regarding his ownership of that condominium in travel vouchers."  *Id*.  The mere fact that the prosecution's case would include a reference to Senate Rules would not change the fact that  "Durenberger's prosecution is grounded in a substantive federal statute."  *Id*. at 1245.

In *United States v. Rostenkowski*, 59 F.3d 1291 (D.C. Cir. 1995), the Court reaffirmed its holding in Durenberger:

> Often, in a prosecution for fraud or embezzlement, the Government must show that the defendant diverted the funds of an institution - such as his employer - from an authorized to an unauthorized purpose.  In order to make that showing it is typically necessary to enter into evidence the institution's internal rules governing the expenditure of funds. . . . A congressman's prosecution for fraud and embezzlement of official funds is no different:  in order to prove several of the counts against Rostenkowski, the Government

>    must show that he diverted congressional funds from authorized to
>    unauthorized purposes.  As the regulations governing the use of
>    official funds by a congressman, the House Rules are necessary and
>    proper evidence to make that showing.  Indeed, if Rostenkowski's
>    argument were accepted it would effectively insulate every
>    Member of Congress from liability under certain criminal laws.
>    Neither the Rulemaking Clause nor the doctrine of the separation
>    of powers requires that result.

*Id*. at 1305.  Analogously, in this case the reference to Senate Rules will simply be used to establish the defendant's duty to file the Financial Disclosure Statements and the materiality of his falsehoods and omissions.

　　The Senate Rules implementing the EIGA are simply relevant evidence in reviewing the materiality of defendant's false statements in this case, and the indictment's reference to them is entirely proper.  This has been done in a number of criminal cases involving false submissions by Members of Congress.  *See United States v. Hansen*, 772 F.2d 940, 949-950 (D.C. Cir. 1985) (considering House rules in evaluating materiality under 18 U.S.C. § 1001); *Diggs*, 613 F.2d at 999 & n.65 (same).  There is no question that the courts may consider and apply internal congressional rules: "[i]t has long been settled, of course, that rules of Congress and its committees are judicially cognizable... [a]nd a legislative committee has been held to observance of its rules ...."  *Yellin v. United States*, 374 U.S. 109, 114 (1963); *accord Christoffel v. United States*, 338 U.S. 84, 87-90 (1949) (applying House Rules regarding presence of a quorum in perjury prosecution); *United States v. Ballin*, 144 U.S. 1, 5 (1892) (applying House quorum rule); *Meyers v. United States*, 171 F.2d 800, 811 (D.C.Cir. 1948) (considering presence of quorum in perjury prosecution).

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny Defendant's Motion to Dismiss the Indictment for Violation of Separation of Powers.

Dated: August 25, 2008

WILLIAM M. WELCH II
Chief

By:      /s/
BRENDA MORRIS
Principle Deputy Chief
NICHOLAS A. MARSH
EDWARD SULLIVAN
Trial Attorneys
United States Department of Justice
Criminal Division
Public Integrity Section
(202) 514-1412

JOSEPH W. BOTTINI
JAMES A. GOEKE
Assistant United States Attorneys
  for the District of Alaska

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 25th day of August, 2008, a copy of the Government's Opposition to Defendant's Motion to Dismiss for Separation of Powers was served electronically, via the District Court's ECF system, on the following:

> Brendan V. Sullivan, Jr., Esq.
> Robert Cary, Esq.
> Williams & Connolly LLP
> 725 Twelfth Street, N.W.
> Washington, D.C.  20005

   /s/
  Edward Sullivan