**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| v.   ) | Criminal No. 08-231 (EGS) |
| ) | |
| THEODORE F. STEVENS,   ) | |
| ) | |
| Defendant.   ) | |
| _____) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**
**THE INDICTMENT AS UNCONSTITUTIONALLY VAGUE**

Pursuant to Fed. R. Crim. P. 7(c)(1), the United States, by and through the undersigned counsel, hereby submits the following opposition to Defendant Theodore F. Stevens' ("Stevens") motion to dismiss the indictment on the ground that the indictment is unconstitutionally vague.

**I.   INTRODUCTION**

Despite providing Stevens with an exceptionally detailed, 28-page, 82-paragraph, indictment, he nonetheless claims not to understand the charges against him. Even a cursory review of the indictment reveals in clear and specific terms that Stevens received things of value he was required to report on his financial disclosure forms and that he knowingly and willfully failed to report those items, thereby engaging in criminal conduct. See generally Dkt. 1 (Indictment). The indictment is far more than sufficient in providing Stevens with adequate notice of the charges he faces and to allow him to plead double jeopardy should he face the same charges in another proceeding. The United States, moreover, will prove at trial what is alleged in this detailed indictment – that Stevens knowingly and willfully submitted financial disclosure reports by which he concealed things of value he was required by law to reveal. Any alleged

ambiguity in the evidence will be resolved by the jury.  Stevens' motion to dismiss the indictment should therefore be denied on the face of the indictment alone.

In this motion defendant, yet again, has failed to cite for this Court a dispositive case that fully resolves the matter in the government's favor.  That case, <u>United States v. Blackley</u>, 167 F.3d 543 (D.C. Cir. 1998), <u>cert. denied</u>, 528 U.S. 868 (1999), is discussed in detail below.  In sum, however, <u>Blackley</u> makes abundantly clear that an indictment charging false statements based on financial disclosure forms is not insufficient because the government plead the indictment conjunctively and in the alternative.  <u>Id.</u> at 549-50.

## II.    THE ALLEGATIONS IN THE INDICTMENT

On July 29, 2008, the grand jury returned a seven count indictment against Stevens, charging him with violations of 18 U.S.C. § 1001.  Count 1 charges violations of Sections (a)(1) and (c)(1) of the false statement statute, as well as 18 U.S.C. § 2.  In part, Count 1 states as follows:

> 15.    Beginning in or about May 1999, and continuing to in or about August, 2007, in the District of Columbia and elsewhere, in a matter within the jurisdiction of the legislative branch of the United States Government and subject to the legislative function exception, STEVENS, while a sitting United States Senator, knowingly and willfully engaged in a scheme to conceal a material fact, that is, his continuing receipt of hundreds of thousands of dollars' worth of things of value from a private corporation and its chief executive officer by, among other things, failing to report them, as was required, on STEVENS' required yearly Financial Disclosure Forms.  These things of value provided by ALLEN and VECO to STEVENS included, among other things: home improvements to the Girdwood Residence, such as the creation of a new first floor, a new garage, a new first- and second-story wraparound deck, new plumbing, new electrical wiring, and other such additions and improvements; automobile exchanges in which STEVENS received new vehicles worth far more than the used

> vehicles STEVENS provided in exchange; other household goods, such as furniture, a new, permanently-attached professional Viking gas grill, and a new multi-drawer, stationary tool storage cabinet with new tools. The aggregate value of these things of value that STEVENS accepted was greater than $250,000.
>
> 16.    It was further part of the scheme that STEVENS took multiple steps to conceal his continued receipt of things of value from ALLEN and VECO. During the nearly seven-year period in which STEVENS received multiple things of value from ALLEN and VECO, STEVENS filed and caused to be filed false annual Financial Disclosure Forms for the years 1999 to 2006 that did not report STEVENS' receipt of any thing of value from ALLEN and VECO, either as gifts or liabilities, as required.

In eight full pages of text, the indictment describes in detail the various things of value provided to Stevens. With respect to the renovation of his residence in Girdwood Alaska, the indictment also alleges Stevens' involvement in and knowledge of the improvements and repairs.

Counts 2 through 7 incorporate the introductory language of Paragraphs 1-14, 19-25, and 37-44 of the indictment. Each count charges Stevens with violating 18 U.S.C. § 1001(a)(2) by making material false, fictitious, and fraudulent statements and representations in connection with the filing of financial disclosure reports beginning with his 2001 report and concluding with his 2006 report. Indictment ¶¶ 47-82.

In each of these counts (with the exception of Count 4 which is discussed separately below), the indictment sets forth the obligation to file an annual financial disclosure form; the requirement that Stevens identify and provide details regarding his receipt of gifts from any single source with an aggregate value of a specific threshold amount;[1] and the requirement that he identify and report any liabilities greater than $10,000 owed by him, his spouse, and his

---

[1]    The aggregate value varied by year. Each count of the indictment, however, sets forth the aggregate value for the specific year in question. E.g., Indictment ¶¶ 49, 55, 73, and 79.

dependent children at any time during the year as to which the report is made. Each count then charges that Stevens knowingly and willfully made and caused to be made material false, fictitious, and fraudulent statements and representations.

In substance, Stevens reported that he had received no gifts from a single source in the aggregate amount that was required to be reported, and that he had no liabilities exceeding $10,000. Stevens did so, the indictment charges, knowing that his transactions with various entities and persons (who are specified in the indictment) were required to be reported either as gifts or liabilities on the financial disclosure form. The indictment sets forth in full the questions on the financial disclosure form that Stevens is alleged to have answered falsely. E.g., Indictment ¶¶ 50, 51.

Count 4, which addresses defendant's financial disclosure form for calendar year 2003, is slightly different because defendant's financial disclosure form contained an additional type of falsehood, which is clearly set forth in paragraphs 62-64 of the indictment. In this disclosure form, defendant again failed to disclose the things of value that had been provided by VECO and Bill Allen, either as gifts or continuing liabilities.[2] In addition, his 2003 disclosure form stated that he had received a $250 gift from an entity identified in the indictment as the "Fishing Association 501(c)(3)", when in fact the gift was given to him by Person B and had a value greater than $285. Like the others, this count incorporates the relevant background paragraphs in the indictment, and provides ample detail regarding the nature of the falsity that is charged.

---

[2]    Defendant fails to acknowledge that his receipt of things of value from Bill Allen and VECO prior to 2003, as plainly alleged in the indictment, would remain subject to disclosure in 2003 as either continuing liabilities of $10,000 or more if the things of value were loans that had not been repaid, or as gifts if an earlier debt had somehow been forgiven in 2003.

**III.    ARGUMENT**

    **A.    The Indictment More Than Satisfies The Legal Standard For Sufficiency**

On the face of the indictment alone, it is readily apparent that the government's allegations are sufficient in all respects and not at all vague or ambiguous. With its detailed particularity, the indictment easily meets the governing standard for determining whether an indictment charging a violation of § 1001 is legally sufficient:

> The Fifth Amendment guarantees that prosecutions for serious crime may be instituted only by indictment. In implementing this constitutional guarantee the Supreme Court has recognized that the indictment as a charging instrument has two central purposes to apprise the accused of the charges against him so that he may adequately prepare his defense, . . . and to describe the crime with which he is charged with sufficient specificity to enable him to protect against future jeopardy for the same offense. It has also been recognized that in order to satisfy the first purpose of giving the defendant notice of the charge against him the indictment must allege the essential elements of the offense.

United States v. Haldeman, 559 F.2d 31, 123 (D.C. Cir. 1976) (footnote and internal citations omitted). See also Hamling v. United States, 418 U.S. 87, 117 (1974) ("[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.").

Each count of the indictment here sets forth the elements of the offense charged – alleging a scheme to conceal and cover up Stevens' receipt of things of value in Count 1, and that he made a series of statements that were false and material in Counts 2 through 7. As to Count 1, the indictment "sets forth the acts of falsification and concealment; the nature of the scheme by which these material facts were falsified and concealed; and the material facts that [Stevens]

concealed" on his annual financial disclosure forms. United States v. Hubbell, 177 F.3d 11 (D.C. Cir. 1999). As to all the counts, the indictment provides particulars of the alleged offenses and the false disclosures, including a detailed statement of the means employed to conceal, cover up, and make the false statements. Given this level of specificity in the indictment, Stevens cannot seriously claim he is confused about the charges against him.

B.    Stevens' Claimed Ambiguities Are Erroneous As A Matter Of Fact And As A Matter Of Controlling Law

Confronted by an indictment that is legally sufficient on its face, Stevens attempts to reach beyond the plain language of the indictment in order to manufacture ambiguities where there are none. Throughout his motion, Stevens variously claims that the indictment is deficient and impermissibly vague because it does not describe the alleged falsity or concealment with any degree of specificity; it does not state the "things of value" that should have been disclosed on each of his Senate Financial Disclosure Forms; it does not specify the party from whom Stevens received each thing of value; it fails to explain why the things of value met the criteria for disclosure; and it fails to specify whether the things of value received were "gifts" or "liabilities."[3] E.g., Def. Br. at 1, 4.

---

[3]    According to Stevens, Count 1 of the indictment must be dismissed because: (1) it fails to allege precisely what was said or omitted in the multiple forms referenced in the charging paragraphs; and (2) it fails to state which of the alleged things of value were required to be disclosed on the Financial Disclosure Forms and why. Without specific identification of the false statements or omissions in question, according to Stevens, the government at trial will have freedom to "roam at large – to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal." Def. Br. at 5-6.

As Counts 2 through 7, Stevens' generally argues that the government must elect which of the two separate questions on the Financial Disclosure Form he answered falsely. Id. at 5-7. He further complains the indictment does not specify who provided the thing of value, which thing of value led to the precise false statement upon which the grand jury's indictment was predicated,

In addition to attacking the specificity of Counts 1-7, Stevens maintains that the indictment's detailed introductory paragraphs do not go far enough to eliminate his confusion. That is, he claims that they do not explain which things of value needed to be disclosed on any particular Financial Disclosure Form, precisely who gave them to him, why they needed to be disclosed, or whether they were gifts or liabilities.[4]

Had defense counsel made even a minimal effort to research his claims, they would have realized that all of them, including their litany of supposed deficiencies, have been squarely rejected by this Circuit in United States v. Blackley, 167 F.3d 543 (D.C. Cir. 1998), cert. denied, 528 U.S. 868 (1999) and United States v. Hubbell, supra.[5] Indeed, Stevens' arguments here concerning the inadequacy of the indictment are remarkably similar to the claims rejected in Blackley. In that case, the defendant, Ronald Blackley, was the former chief of staff to the U.S. Secretary of Agriculture. Following Blackley's conviction of three counts of making false

---

or why his receipt of the thing of value made that statement false. Id.

[4] Stevens, in a footnote, faults the indictment for not mentioning the instructions for completion of the financial disclosure form and for not alleging the manner in which things of value allegedly meet the operative definitions. See Def. Br. at 6 n.2. This "missing" material, he asserts, "calls the grand jury process itself into question in this matter by suggesting that the grand jury was not properly informed of the meaning of these terms, terms central to a determination that Stevens' answers were inaccurate." Id. Stevens' argument is entirely speculative and unsupported, particularly given the strong presumption of regularity which attaches to any indictment valid on its face and which was returned by a duly constituted grand jury. Costello v. United States, 350 U.S. 359, 363 (1956). Stevens, unsurprisingly, makes no attempt to overcome this presumption.

[5] In addition to Blackley, Stevens inexplicably fails to cite Hubbell, supra, in which the D.C. Circuit reviewed the district court's dismissal of a count that charged a seven-year § 1001(a)(1) scheme for vagueness, among other reasons. The appellate court reversed, holding that the false statement count incorporated by reference 85 other paragraphs which fully informed the defendant of the charges pending against him. 177 F.3d at 13-14.

statements relating to over $22,000 he received from individuals regulated by the Department of Agriculture, Blackley argued that the indictment did not adequately notify him of the nature of the charges against him.  In particular he claimed one count, which charged him with failure to disclose on his financial disclosure report some $22,025 received that year, simply enumerated the eleven checks through which the money was received (with their dates and amounts), plus all four categories on the financial disclosure form ("Assets and Income," "Gifts, Reimbursement and Travel Expenses," "Liabilities," and "Agreements or Arrangements").  Thus, the indictment did not connect any of the checks to a specific box on the form.  Blackley made a similar argument as to other counts, claiming the indictment left him uncertain as to exactly which of his various denials was contradicted by his receipt of the $22,025.  The D.C. Circuit rejected Blackley's argument:

> But is it a fatal defect for an indictment to charge a failure to disclose and to assert four categories in the conjunctive, rather than specifying which box each check belonged in?  Where the indictment alleges only one offense, it is proper to charge the different means for committing that offense in the conjunctive.  See Joyce v. United States, 454 F.2d 971, 976 (D.C. Cir. 1971); United States v. UCO Oil Co., 546 F.2d 833, 838 (9th Cir. 1976); F. R. Crim. P. 7(c)(1) (indictment may allege that defendant committed offense "by one or more specified means").  In this case, the categories on the form simply enumerate the various ways the defendant could violate the disclosure requirements of the SF 278 form, and proof of any one of those allegations could sustain a conviction.  See UCO Oil Co., 546 F.2d at 838.  And the proceeding on any count "will bar further prosecution on all matters alleged therein."  Joyce, 454 F.2d at 977 (emphasis added).  So the charging in the conjunctive here was proper and satisfies the two requirements for an indictment set out in Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962) – telling the defendant "what he must be prepared to meet" and showing to what extent he might in any future proceeding plead former acquittal or conviction.  Id. at 763-64, 82 S.Ct. 1038.

167 F.3d at 549-50.[6]

The indictment in this case is far more detailed than the one at issue in Blackley. Stevens' indictment charges him with making false statements either by failing to report the things of value as gifts or by failing to report them as liabilities on his financial disclosure report. In contrast, the Blackley indictment did not specify which of the four categories on the disclosure form had been answered falsely. The United States Court of Appeals for the District of Columbia Circuit nonetheless held that the indictment was sufficiently detailed. Given that the D.C. Circuit found a far less detailed indictment in a similar case involving the same criminal statute to be legally sufficient, it logically follows that Stevens' motion should be rejected, too.

### IV.     This Jurisdiction Does Not Require The Specificity That Stevens Seeks

In addition to ignoring Blackley, Hubbell, and other decisions from this circuit that have addressed vagueness challenges involving § 1001 violations,[7] Stevens cites a hodgepodge of cases that are factually inapposite, legally distinguishable, and non-binding. Stevens, for instance, relies on United States v. Nance, 533 F.2d 699 (D.C. Cir. 1976) (per curiam), for the proposition that "[i]n a case in which the government has alleged a false statement, courts have

---

[6]     Defense counsel's failure to cite Blackley (and Hubbell) reflects a disturbing trend in Stevens' motions. Like Quinn, the controlling case on venue, defense counsel failed to bring Blackley to the Court's attention even though Blackley is binding on this Court, is entirely on point, and is directly adverse to Stevens' position.

[7]     See, e.g., United States v. Brown, No. 07-75 (CKK), 2007 WL 2007513 at *14 (D.D.C. July 9, 2007) (Kollar-Kotelly, J.); United States v. Anderson, 441 F. Supp.2d 15, 19 (D.D.C. 2006) (Friedman, J.).

consistently required that the indictment specifically allege what was supposedly false and cannot rely on general or unspecific assertions of falsity." Def. Br. at 2-3.[8]

First and foremost, "no requirement exists in this circuit that the [i]ndictment include the precise 'materially false, fictitious, or fraudulent statement or representation,' attributed to a particular defendant." United States v. Brown, No. 07-75 (CKK), 2007 WL 2007513 at *14 (D.D.C. July 9, 2007) (Kollar-Kotelly, J.) (citing, e.g., Hubbell, 177 F.3d at 13 (holding that a § 1001 count which "sets forth the acts of falsification and concealment; the nature of the scheme by which these material facts were falsified and concealed; and the material facts . . . concealed" should not be dismissed for vagueness, and that the "charging language" may incorporate by reference the introduction to the indictment including such information); United States v. Anderson, 441 F. Supp.2d 15, 19 (D.D.C. 2006) (Friedman, J.) ("[T]his Court does not believe that generally it is necessary to provide date, time, and place of each false statement or concealment and the persons involved." (internal quotation and citation omitted))."[9]

---

[8]    Stevens also quotes a non-binding case, United States v. Lamberth, 501 F.2d 943, 948 (5th Cir. 1974) (en banc), overruled in part on other grounds, United States v. Rodriguez-Rios, 14 F.3d 1040 (5th Cir. 1994), in support of this proposition. The Fifth Circuit, in Lamberth, found a fatal variance between the allegations and the proof at trial. Unlike here, however, the alleged false statements were oral ones. Given the explicit, written certifications that had to be made on the annual disclosure forms, Stevens here is not left "to guess what part or parts of the [oral] statement placed in evidence the government will rely upon." Lambert, 501 F.2d at 948.

[9]    In United States v. Weinberger, No. 92-235, 1992 WL 294877 (D.D.C. Sept. 29, 1992) (Hogan, J.), the court held that the indictment charging a violation of section 1001 need not state the questions posed to a defendant, but stated in dicta and without further citation that "[u]nder § 1001, the indictment has to provide adequate notice of the wording of the statements alleged to be false." Unlike this case, Weinberger involved oral statements made by the defendant in an interview. Here, there can be no issue with the wording of the questions or answers because the wording is contained on written forms signed by the defendant himself.

Second, Nance is factually distinguishable, since the counts of the indictment at issue in that case accused the defendant of falsely making the "following representations," but without providing the representations that were allegedly false. Id. at 700 n.3. In other words, the indictment in Nance explicitly promised to provide information that it plainly omitted, which did not occur in either Blackley or the instant case. In fact, the indictment here plainly states that Stevens was required to report things of value (which are described in painstaking detail) on his financial disclosure report, and he knowingly and willfully failed to do so. The reasoning of Nance, moreover, has been severely undercut by the holding of Blackley. In the words of the D.C. Circuit, "Nance gets Blackley nowhere." 167 F.3d at 549. See also Brown, 2007 WL 2007513 at *14 (noting that the defendants read Nance too narrowly "and without recognizing the degree to which Nance is limited by [Blackley]").

Stevens also cites an unreported decision, United States v. Weinberger, No. 92-235, 1992 WL 294877 (D.D.C. Sept. 29, 1992) (Hogan, J.), as a case in which the indictment was held to be insufficient. This Court, however, actually upheld the indictment's sufficiency in Weinberger:

> Under § 1001 the indictment has to provide adequate notice of the wording of the statements alleged to be false. But there is no requirement that the indictment state what questions were asked. Although the defendant has a right to attempt to prove that his statements were literally true in the context of the questions, this is a matter for trial and is not required to be in the indictment. All that is required by Fed. R. Crim. P. 7(c) is that the indictment state the elements of the offense and fairly inform the defendant of the charges against him. Hamling v. United States, 418 U.S. 87, 117 (1974). The elements of 18 U.S.C. § 1001 are that the statement made be false, that it be knowingly and willfully made, that it be material, and that it be made in a matter that is within the jurisdiction of the federal government. See United States v. Barr, 963 F.2d 641, 645 (3d Cir. 1992). Each of the elements is properly alleged in the indictment.

Id. at *4.[10]  If anything, these and other cases cited by Stevens demonstrate why the indictment should not be dismissed.  In many of Stevens' cases, the indictment was deemed sufficient even though the respective indictments had far less detail than the present one.

---

[10/]    In another case cited by Stevens, United States v. Pickett, 353 F.3d 62, 67 (D.C. Cir. 2004), the indictment was found insufficient, but only because it failed to recite a specific element charged – that the false statement was made in the course of an investigation or review. Stevens is not claiming in his motion that the indictment fails to allege elements of the charged offenses.

**CONCLUSION**

The indictment here is sufficient to inform Stevens of the charges against him so that he can prepare for trial and recognize the charges should he be placed in jeopardy again. The indictment permissibly charges the making of false statements by way of one or more alternative means, either by failing to report a gift or a liability on his financial disclosure report. Stevens is on notice the government will adduce evidence with respect to each alternative means of committing the crimes with which he is charged, and can prepare his defense accordingly. The motion to dismiss for vaguenss should therefore be denied.

                                      Respectfully submitted,

                                      WILLIAM M. WELCH II
                                      Chief, Public Integrity Section

                                      /s/
                                      BRENDA K. MORRIS
                                      Principal Deputy Chief

                                      NICHOLAS A. MARSH
                                      EDWARD P. SULLIVAN
                                      Trial Attorneys

                                      JOSEPH W. BOTTINI
                                      JAMES A. GOEKE
                                      Assistant United States Attorneys
                                        for the District of Alaska

Dated: Washington, D.C.
        August 25, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2008, a copy of the Government's Opposition to Defendant's Motion to Dismiss the Indictment As Unconstitutionally Vague was served electronically, via the District Court's ECF system, on the following:

Brendan V. Sullivan, Jr., Esq.
Robert Cary, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005

/s/
Edward P. Sullivan