IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Criminal No. 08-231 (EGS) |
| ) | |
| THEODORE F. STEVENS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR BILL OF PARTICULARS (STEVENS MOTION NO. 7)**

The United States of America, by and through its undersigned counsel, hereby responds to the request by defendant Theodore F. Stevens ("Stevens") for a bill of particulars.

## ARGUMENT

The purpose of a bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987); *see also United States v. Esquivel*, 755 F. Supp. 434, 436 (D.D.C. 1990). A bill of particulars should thus be granted only when "necessary to prevent unfair surprise at trial." *United States v. Hsin-Yung*, 97 F. Supp.2d 24, 36-37 (D.D.C. 2000). The decision to grant or deny a motion for a bill of particulars "rests within the sound discretion of the trial court," and will only be overturned if the defendant suffers "surprise or prejudice" by the absence of a bill of particulars. *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006).

Applying these principles, courts have repeatedly concluded that a bill of particulars "is not a discovery tool or a device for allowing the defense to preview the government's evidence, [nor is it] the function of a bill of particulars to provide detailed disclosure of the government's

evidence in advance of trial." *United States v. Brodie*, 326 F. Supp.2d 83, 91 (D.D.C. 2004) (internal citation omitted). "It is not the function of a bill of particulars to provide a detailed disclosure of the government's evidence in advance of trial." *Overton v. United States*, 403 F.2d 444, 446 (5th Cir. 1968); *see also United States v. Torres*, 901 F.2d 205, 234 (2d Cir.) ("[a]cquisition of evidentiary detail is not a function of a bill of particulars"), *cert. denied*, 498 U.S. 906 (1990); *United States v. Armocida*, 515 F.2d 49, 54 (3rd Cir.) (bill of particulars is not intended as a vehicle for "whole sale discovery of the Government's evidence"), *cert. denied*, 423 U.S. 858 (1975).

The 28-page Indictment in this case – comprising 82 paragraphs of allegations in support of seven counts – sets forth in great particularity both the elements of the crimes charged and the facts that the government intends to prove at trial. The Indictment's specificity, coupled with the substantial discovery already provided, is more than sufficient to place Stevens in a position where he "understand[s] the charges [and can] prepare a defense" to them. *See Butler*, 822 F.2d at 1193.

  A. A Bill of Particulars is Not Warranted Where the Indictment is Specific and the Government's Disclosures are Voluminous.

As illustrated below, when considering whether a bill of particulars should be granted, a trial court should begin by analyzing the specificity of the allegations in the indictment and the nature of the discovery provided to the defendant. In situations where "the indictment is sufficiently specific, or . . . the requested information is available in some other form," a motion for a bill of particulars should be denied. *See Butler*, 822 F.2d at 1193. In the present case, both factors have been met.

First, this Court has repeatedly noted that a specific, detailed indictment obviates a defendant's need for a bill of particulars. For instance, in *United States v. Eiland*, No. CR-04-379 (RLH), 2006 WL 516743 at *7 (D.D.C. Mar. 2, 2006), this Court denied a motion for a bill of particulars concerning an indictment that, like the one in the present case, contained an "extremely specific" recitation of the conduct charged. In other situations where the indictment contained specific, detailed allegations concerning the allegedly-criminal conduct, this Court has concluded that bills of particulars were not warranted. *See, e.g., Brodie*, 326 F. Supp.2d at 92 (denying bill of particulars in part because "the charges against the defendants are detailed and alleged with particularity"); *United States v. Edelin*, 128 F.Supp.2d 23, 36 (D.D.C. 2001) (denying bill of particulars because "[t]he charges against each of the defendants are alleged with sufficient particularity"); *United States v. Cooper*, 91 F.Supp.2d 79, 84 (D.D.C. 2000) (no bill of particulars where "[t]he indictment sufficiently sets out each of the violations involved, the dates and times of those violations, and the statutes violated"); *United States v. Hsin-Yung*, 97 F. Supp.2d 24, 37 (D.D.C. 2000) (no bill of particulars where "sufficient notice and specification of the charges have already been given"); *United States v. Coleman*, 940 F.Supp. 15 (D.D.C. 1996) (motion for bill of particulars denied in part because the "government has provided counsel with a lengthy and detailed indictment").

Indeed, this Court has even denied motions for bills of particulars in circumstances where *far less* detail was provided to the defendant in the indictment. In *United States v. Crosby*, No. 91-0559-08, 1992 WL 35124 (D.D.C. Feb. 5, 1992), the Court denied a motion for bill of particulars in a RICO prosecution, despite the fact that the indictment's language was only "bare bones":

> [A] "bare bones" indictment as regards statutory language, places, dates, and other particulars is the norm and fully permissible, so long as it sets forth all the essential elements of the crime to be charged.

*Id.* at *1.

There can be no credible dispute that the Indictment in this case is more than sufficient to allow defendant Stevens to "understand the charges [and] to prepare a defense." *Butler*, 822 F.2d at 1193. Spanning 28 pages and 82 paragraphs, the Indictment defines in great detail both the crimes charged and the conduct in which Stevens is alleged to have engaged. For instance, where the Indictment charges that Stevens engaged in an automobile transaction with Bill Allen, the Indictment provides the years, makes, and models of the automobiles in question, as well as specific dollar values relating to the transaction. Indictment ¶ 18. Similarly, where the Indictment charges that Stevens received things of value at the Girdwood Residence, the Indictment specifically notes that the "renovation work included jacking up and resting the house on stilts, building a new first floor with two bedrooms and a bathroom, renovating the existing residence, and adding a garage with workshop and a second-story wraparound deck." *Id.* ¶ 23. Where the Indictment charges that VECO performed work at the Girdwood Residence, the Indictment specifically states that "VECO employees and contractors also installed electrical, plumbing, framing, heating, and flooring materials in the Girdwood Residence [and that] VECO employees and contractors also purchased and installed certain fixtures and appliances." *Id*. Given the level of detail provided in the charging document, Stevens cannot credibly claim that he cannot understand the charges or prepare his defense without a bill of particulars from the government.

In addition to the detailed Indictment in this case, Stevens has also been provided with a significant amount of discovery by the government. The discovery – comprised of hundreds of hours of telephone recordings, video recordings, and more than 100,000 pages of documents – contains evidence of all of the conduct that the government intends to introduce at trial. Although Stevens suggests that the government may not "defeat a bill of particulars on the basis of the discovery it provided," *see* Stevens Mem. No. 7 at 4,[1] the federal courts in the District of Columbia disagree. *See, e.g., Mejia*, 448 F.3d at 445-46 (affirming district court's denial of motion for bill of particulars where specific discovery materials provided to the defendant contained necessary information); *Butler*, 822 F.2d at 1193 (bill of particulars not required "if the requested information is available in some other form"); *Eiland*, 2006 WL 516743 at *7 (motion denied in part because "extensive discovery has been made available to defendants, including many recordings, images, documents and reports"); *Brodie*, 326 F. Supp.2d at 92 ("no reason" for bill of particulars where "the discovery provided by the government has been voluminous, including file cabinets of loan files, IRS documents, bank records, etc."); *Edelin*,

---

[1] Although Stevens cites two cases in support of this proposition, *see* Stevens Mem. No. 7 at 4-5, it appears that, like the District of Columbia, the overwhelming majority of cases from other jurisdictions have denied bills of particulars where the information sought by the defendant could be obtained from materials provided by the government in discovery. *See, e.g., United States v. Glecier*, 923 F.2d 496, 502 (7th Cir.) (bill of particulars denied where government's pretrial disclosures provided defendants with sufficient information concerning the charges), *cert. denied*, 502 U.S. 810 (1991); *United States v. Marrero*, 904 F.2d 251, 258 (5th Cir.) ("when the information requested is provided in some other form, no bill of particulars is required"), *cert. denied*, 498 U.S. 1000 (1990); *United States v. Roya*, 574 F.2d 386, 391-92 (7th Cir.), *cert. denied*, 439 U.S. 857 (1978); *United States v. Perez*, 489 F.2d 51, 70 (5th Cir. 1974); *United States v. Amend*, 791 F.2d 1120, 1125 (4th Cir.), *cert. denied*, 479 U.S. 930 (1986); *United States v. Society of Independent Gasoline Marketers*, 624 F.2d 461 (4th Cir. 1979), *cert. denied*, 440 U.S. 1078 (1981); *United States v. Buckner*, 610 F.2d 570 (9th Cir. 1979), *cert. denied*, 445 U.S. 961 (1980); *United States v. Duncan*, 598 F.2d 839, 849 (4th Cir.), *cert. denied*, 444 U.S. 871 (1979).

128 F.Supp.2d at 36 (denying motion for bill of particulars because "[t]he preparation of a defense is aided by the substantial discovery already provided by the government in this case"); *Cooper*, 91 F.Supp.2d at 84 (bill of particulars not necessary partly because of "the discovery provided to date or the discovery that will be provided as or ordered herein"); *Coleman*, 940 F.Supp. at 15 (denying motion for bill of particulars in part because the government produced *"fourteen* boxes of discovery materials") (emphasis in original).

With respect to bills of particulars, the courts in the District of Columbia have been absolutely clear: where a defendant is provided with a specific, detailed indictment and voluminous, comprehensive discovery, a bill of particulars is not warranted. Stevens has received both in this case, and as a matter of well-settled law, the government should not be required to particularize the evidence in additional detail.

B.    Stevens' Bases for Demanding a Bill of Particulars Lack Merit

Notwithstanding the foregoing, well-settled principles of law, Stevens asks this Court to order the government to provide Stevens with a bill of particulars as to the allegations set forth in the Indictment. Specifically, Stevens demands specification of four categories of information: (1) "each thing of value that Senator Stevens failed to report;" (2) "whether each thing of value is alleged to be a gift or a liability;" (3) "what solicitations for official action Senator Stevens allegedly received;"[2] and (4) each "false representation" that Stevens made or caused to be

---

[2] With respect to this request by the defendant, we respectfully refer the Court to the Motion *in Limine* By the United States Concerning the Inapplicability of the Speech or Debate Clause, filed at Docket No. 19, which provides additional detail concerning the government's proposed proof of these allegations. We note that, at the oral argument on August 20, 2008, the defense objected to the government providing such details in its motion *in limine*, and yet he now asks the Court to require additional detail in the form of a bill of particulars.

made. Stevens Mem. No. 7 at 7-9. Stevens is not entitled to a bill of particulars for the disclosure of any of the foregoing information.

> 1. The Government is Not Required to Identify Every Act it Plans to Prove at Trial.

Stevens' motion primarily seeks specific identification of "each" and every act that the government intends to prove at trial. *See* Stevens. Mem. No. 7 at 6-9. However, a defendant's constitutional right underlying a bill of particulars is to know the offense with which he is charged, *not* to be provided each and every detail of how it will be proved. *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981), *cert. denied*, 455 U.S. 1021 (1982). A motion for bill of particulars is properly denied where, as here, its requests "go to the Government's proof rather than to a clarification of the indictment." *United States v. Smith*, 341 F. Supp. 687, 690 (N.D. Ga. 1972). However, where a bill of particulars seeks "whole scale discovery of the government's evidence," it should be denied. *Edelin,* 118 F.Supp.2d at 36.

This Court has repeatedly refused to permit defendants to obtain a bill of particulars that requires the government to make an exhaustive list of every act it plans to prove at trial. For instance, in *United States v. Cisneros,* 26 F. Supp.2d 24 (D.D.C. 1998),[3] this Court considered whether a bill of particulars was warranted for a 21-count indictment (including 12 counts alleging false statements in violation of 18 U.S.C. § 1001) against multiple defendants. The lead defendant in that case – former Secretary of Housing and Urban Development Henry Cisneros – moved the Court for a bill of particulars for the following information:

---

[3] Although *Cisneros* is not cited in defendant's Memorandum, we assume that the defense is aware of the case given that Mr. Sullivan was counsel of record for the defendant in that case. *See Cisneros*, 26 F. Supp.2d at 30.

> (a) the allegedly false statements which form the basis of the indictment; (b) the questions to which the alleged false statements and concealment were allegedly responsive; (c) the precise manner in which the statements are alleged to be false; (d) the alleged duty to disclose the information which was allegedly concealed; (e) the alleged affirmative acts of concealment; (f) the alleged acts of obstruction; (g) the individuals whom Cisneros allegedly corrupted; (h) the dates of the alleged acts of obstruction; (i) the dates on which the alleged Personnel Office proceeding and Senate inquiry were pending; (j) the persons with whom Cisneros allegedly conspired; and (k) the precise manner in which Cisneros purportedly carried out the alleged conspiracy.

*Id*. at 56. The Court rejected Cisneros' motion, noting that the "65-page Indictment sufficiently informs Cisneros of the charges against him to allow for the preparation of his defense:"

> The Indictment contains 31 pages of background facts, including details about the duration of the defendant's alleged criminal conduct; the unlawful nature of the defendant's conduct; the names of the individuals involved in the alleged conspiracies; and the specific dates when the defendant purportedly engaged in the alleged crimes. Read as a whole, the Indictment clearly provides enough information to allow Cisneros to understand the charges against him and prepare to defend himself against those charges. *The detail that Cisneros requests the Government to provide is beyond the proper scope of a bill of particulars. Accordingly, the Court will deny Cisneros' motion.*

*Id.* (emphasis added).

Cisneros is but one of many decisions in which this Court has rejected a defendant's attempt to use a bill of particulars to require the government to define and identify every act it intends to prove. For instance, in *Crosby*, this Court recognized that "[b]ills of particulars, as a general matter, are not to serve the purpose of revealing the government's evidence." 1992 WL 35124 at *1. *Crosby* further held that, even in cases that charge complex, wide-scale schemes, "the prosecution need not normally disclose in advance of trial *every act it will prove that may violate some criminal statute*." *Id.* (emphasis added). *See, e.g., Edelin*, 128 F.Supp.2d at 36 ("[i]t

is not the purpose of a bill of particulars to provide for whole sale discovery of the Government's evidence") (internal quotation marks omitted); *Cooper*, 91 F.Supp.at 84 (denying bill of particulars to require the government to disclose, among other information, "the amount of income or other proceeds that each person invested in the enterprise and each act performed by each person in the enterprise").  A similar result is required here.

In support of his argument, Stevens cites to *United States v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988), for the proposition that a bill of particulars is required "when an indictment contains generic references to 'other' acts that a defendant may have been [sic] committed."  Stevens Mem. No. 7 at 6.  *Davidoff*'s holding is, however, exactly the opposite of what Stevens claims it is.  In *Davidoff*, the Second Circuit reversed a RICO conviction because the government introduced evidence of multiple additional extortionate schemes that did not involve any of the parties or entities set forth in the Indictment.  *Id.* at 1154.  Noting that the principles underlying a bill of particulars "must be applied with some care [regarding] statutes as broad as RICO," the Second Circuit concluded that the district court should have ordered a bill of particulars identifying "the *victims* of discrete extortionate schemes that the prosecution intended to prove."  *Id.* (emphasis added).  But as to the question of whether the indictment is required to define *all* of the acts that the government intends to prove, *Davidoff* said no: "We do not mean to imply that even in a RICO case the prosecution must always disclose in advance of trial every act it will prove that may violate some criminal statute." *Id*. at 1154.

Similarly, Stevens cites to *United States v. Crisona*, 271 F. Supp. 150 (S.D.N.Y. 1967) for the proposition that a bill of particulars is required where the indictment "fails to specify "what false representations [Stevens] made," "the individuals to whom the representations were

made," and "when they were made," concerning the allegations set forth in Paragraph 16 of the Indictment. *See* Stevens Mem. No. 7 at 9. *Crisona*, however, actually *rejected* that notion:

> Although the Government is required only to show the existence of the alleged scheme, Crisona's motion for the most part requests evidentiary details as to how the scheme was actually carried out, such as the date and place of each false representation actually made, persons by and to whom it was made, and similar details. In view of the fact that the Introduction apprises the defendants in considerable detail of the charges which they must prepare to meet at trial, such evidence need not be supplied.

*Id*. at 156.

Finally, Stevens cites to this Court's decision in *United States v. Palfrey*, 499 F. Supp.2d 34 (D.D.C. 2007), for the proposition that Stevens is entitled to a bill of particulars concerning each and every act the government intends to prove. *See* Stevens Mem. No. 7 at 8. While *Palfrey* granted a bill of particulars concerning a forfeiture allegation included in the Indictment, *Palfrey* rejected as "excessively broad" the defendant's motion for a bill of particulars seeking virtually the same information that Stevens seeks here. As the *Palfrey* court determined, "the Government is not required to disclose its evidence as to the details of the activities of [the] co-conspirators."[4]

        2.     A Bill of Particulars Cannot Be Used to Require the Government to Identify the Specific Legal Theory it Intends to Use at Trial

---

[4] Stevens also places great reliance on this Court's decision in *United States v. Trie*, 21 F. Supp.2d 7 (D.D.C. 1998) (Friedman, J.). However, the author of the *Trie* opinion, Judge Friedman, wrote in a later opinion that *Trie*'s holding should be considered in light of the fact that "*Trie* was a unique case because of the convoluted theory on which the defendant was indicted and the way in which the indictment was drafted." *United States v. Anderson*, 441 F. Supp.2d 15, 19 (D.D.C. 2006) (Friedman, J.).

Stevens also argues that the Court should grant his bill of particulars to require the government to identify the legal theory by which the statements are false, *e.g.*, whether each thing of value constitutes a "gift" or a "liability." Stevens Mem. No. 7 at 7. In demanding that the government must identify a *single* theory as to how Stevens' Financial Disclosure Forms were false, Stevens fails to note that under Federal Rule of Criminal Procedure 7(c), an indictment may allege that "the defendant committed [an offense] by one *or more* specified means." Fed. R. Crim. P. 7(c) (emphasis added). Furthermore, Stevens' demand runs directly counter to the holding of the District of Columbia Circuit in *United States v. Blackley*, 167 F.3d 543 (D.C. Cir. 1998). In *Blackley*, a case involving false statements on a United States Government financial disclosure form, the District of Columbia Circuit specifically held that "the categories on the [disclosure] form simply enumerate the various ways the defendant could violate the disclosure requirements of the . . . form, and proof of any one of those allegations could sustain a conviction." *Id*. at 549. For these reasons alone, this Court should reject Stevens' request for such information.

Moreover, in other circumstances this Court has rejected the argument that a bill of particulars can require the government to disclose its legal theory for specific counts. *See, e.g.*, *Palfrey*, 499 F. Supp.2d at 51 (in a bill of particulars, the government cannot be "required to disclose its theories, *e.g.*, 'how [Defendant] had the intent to promote the carrying on of the specified unlawful activity'); *Cooper*, 91 F. Supp.2d at 84 (no bill of particulars where defendant requested government's theory on how conduct affected interstate commerce); *Hsin-Yung*, 97 F. Supp.2d at 36-37 (D.D.C. 2000) (denying motion for bill of particulars that sought "the Government's theory of the case"); *Coleman*, 940 F.Supp. 15 ("[t]he government need not reveal

to the defendants the precise manner in which it intends to prove its case"); *Crosby*, 1992 WL 35124 at *1 ("[b]ills of particulars, as a general matter, are not to serve the purpose of revealing the government's . . . theories").[5]  Similarly, Stevens is not entitled to a bill of particulars concerning the manner in which the government intends to prove the charges set forth in the Indictment.

## CONCLUSION

For the foregoing reasons, Stevens' Motion for a Bill of Particulars should be denied.

Respectfully submitted,

WILLIAM M. WELCH II
Chief, Public Integrity Section


_____/S/_____
BRENDA K. MORRIS
Principal Deputy Chief

NICHOLAS A. MARSH
EDWARD P. SULLIVAN
Trial Attorneys

JOSEPH W. BOTTINI
JAMES A. GOEKE
Assistant United States Attorneys
  for the District of Alaska

Dated: Washington, D.C.
       August 25, 2008

---

[5] Numerous other courts have also concluded that a bill of particulars cannot be used to to force the government to reveal a legal theory of its case. *See, e.g., Torres*, 901 F.2d at 234; *United States v. Burgin*, 621 F.2d 1352 (5th Cir.), *cert. denied*, 449 U.S. 1015 (1980); *United States v. Buckner*, 610 F.2d 570, 574 (9th Cir. 1979); *United States v. Leonelli*, 428 F. Supp. 880 (S.D.N.Y. 1964).

**Certificate of Service**

    I hereby certify that on this 25th day of August, 2008, a copy of the Government's Opposition to Defendant's Motion For a Bill of Particulars was served electronically, via the District Court's ECF system, on the following:

Brendan V. Sullivan, Jr., Esq.
Robert Cary, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005

    /s/
Edward Sullivan