IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 08-231 (EGS) |
| | ) | |
| THEODORE F. STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION FOR ADDITIONAL RELIEF

The United States of America, by and through the undersigned counsel, hereby files the following opposition to Defendant Theodore F. Stevens' motion for miscellaneous relief (filed August 14, 2008).

### INTRODUCTION

At his arraignment, defendant proclaimed this case to be an uncomplicated one that should proceed to trial well before his upcoming election. Defendant persisted in his request for a quick trial date when the government made clear that it would be producing substantial discovery. Having assured the Court that the case would be uncomplicated, and having accepted the Court's motions schedule, defendant now seeks to make the case complicated and requests a blank check to file unspecified motions during the weeks leading up to trial. Defendant's request should be denied.

The government made clear at the arraignment that it would be producing a substantial amount of electronic and documentary discovery in this case, in addition to filing at least three or four motions.[1] See Transcript of Arraignment (7/31/08 Tr. at 6). Knowing this, the defendant

---

[1] The government agrees with defendant that this case is not complicated. The government, however, made clear on the record that there would be a substantial amount of

persisted in his request for an accelerated trial schedule, and he accepted the Court's motions deadline of August 14, 2008.  Despite this, defendant now seeks to be released from the motions schedule that he agreed to at the arraignment.

Now that he is actually receiving the government's discovery, defendant seeks the Court's permission to file an unlimited number of substantive motions in direct contravention of the Court's deadline for <u>all</u> motions and notices.[2]  Defendant, in other words, wants an accelerated trial schedule with expedited discovery, while at the same time leaving open the unfettered ability to engage in tactics typically associated with complex trials and extended trial dates – such as the filing of a large number of pre-trial motions in the final days before trial.  The Court should not countenance this request, particularly given defendant's past representations with respect to the filing of motions.

In deciding at the arraignment whether it was in the government's best interest to proceed to trial immediately, we accepted at face value defendant's representation that, in his view, this was not a complex case warranting a substantial number of motions.  <u>Id.</u> at 9 ("This is not a complex case.  It should be one that moves quickly.").  His assurance that there would not be a substantial number of motions has already turned into a hollow one that prejudices both the

---

discovery that should be taken into consideration when determining an appropriate trial schedule.

[2]/  To be sure, the parties and the Court discussed the possibility that there may be the need to file an additional discovery motion or two once defendant had an opportunity to review the government's discovery.  Transcript of Arraignment at 20 (Court recognizing that the parties may have a "motion or two" that is filed subsequent to the August 14th motions deadline).  The filing of an unlimited number of substantive motions was <u>not</u> discussed, however.

government and the Court.³ Including the change of venue motion, see Dkt. 4, defendant has now filed eight motions focusing on just the four corners of the indictment. These motions involve a number of constitutional and/or substantive challenges to the indictment, including the following grounds: (1) duplicity or, alternatively, multiplicity (Dkt. 12); (2) statute of limitations (Dkt. 12); (3) Speech or Debate Clause (Dkt. 14); (4) surplusage (Dkt. 13); (5) unconstitutionally vague (Dkt. 16); and (6) separation of powers (dkt. 15). Defendant has also filed a motion for an extensive bill of particulars. See Dkt. 17. Thus, to date he has filed eight motions relating solely to the indictment.

## ARGUMENT

Defendant contends in his motion that, "because discovery is still in its infancy at this stage" (Def. Mot. at 1), he is entitled to a placeholder that will permit him the unfettered ability to file a countless number of motions at any point in the future up to and including trial. Defendant claims he is entitled to do so because there are issues relating to the recently produced evidence that he cannot yet anticipate. Id. In other words, defendant apparently believes it fair to both sides that he can ignore the motions deadline – a deadline that was mostly self-imposed because he requested a speedy trial – so that he can file "additional motions in the future as such issues may arise." Id.

### I.  Additional Discovery Motions Are Unnecessary

Defendant specifically identifies three areas where he might need to file motions in the future: (1) discovery; (2) multiple motions to suppress evidence; and (3) an unspecified, "catch-

---

³/   The current schedule calls for a hearing on all of the motions on September 10, 2008. With jury selection beginning on September 22, 2008, the Court has only 12 days to issue rulings on the parties' various motions.

all" category. With respect to discovery, the parties, by and large, have been able to resolve their discovery disputes without Court intervention. To the extent the parties are unable to come to a reasonable compromise on any future disputes, the government is amenable to receiving guidance from the Court either telephonically or during an in-person conference. Given the compressed schedule, the government does not believe it necessary to engage in multiple rounds of briefing each time a party feels aggrieved during the discovery process. Most of these disputes can and should be resolved by the parties with neither the Court's involvement nor the filing of formal, written motions. This is particularly true where, as here, the parties are confronted by a schedule that begins with jury selection on September 22, 2008.

## II.     Defendant Should Not Be Allowed To File Motions To Suppress Electronic Evidence

Defendant suggests that he will have to file at least one motion to suppress, arguing that the government improperly minimized "the interception of communications of individuals not named as 'interceptees' in the surveillance orders and to minimize interception of non-criminal communications." Def. Mot. at 2 (citing 18 U.S.C. § 2518(5) (2000)). Setting aside the merits of this argument (of which there are none)[4] this request illustrates exactly why defendant's motion should be denied.

First, on August 8, 2008, the government provided defendant with, among other things, all of the pertinent Title III recordings and all recordings, pertinent and non-pertinent, relating to

---

[4]/    Minimization challenges should relate only to those calls involving an intercepted party who has standing to make the challenge. Defendant, moreover, must first identify the calls that supposedly should have been minimized or were improperly minimized before he can proceed with any such challenge. United States v. Carter, 449 F.3d 1287, 1295 (D.C. Cir. 2006); United States v. Jones, 451 F. Supp.2d 71, 83-84 (D.D.C. 2006).

defendant.  The government also provided defendant with all of the affidavits, orders, and court applications that govern this court-authorized, electronic surveillance.

With this information in his possession, defendant had ample material with which to file a motion to suppress the government's Title III interceptions prior to the August 14, 2008 deadline.  Among the many bases for attempting to challenge the legality of intercepted communications, defendant had enough information to determine, among other things, whether the communication was unlawfully intercepted, whether the application or approval order under which it was intercepted was insufficient on its face, or whether the interception was not made in conformity with the order of authorization or approval.  See generally 18 U.S.C. §§ 2515, 2518(10)(a).  Instead of filing a motion to suppress within the appropriate deadline (which defendant was capable of doing), defendant has instead waited in an attempt to bootstrap all of its various suppression arguments to a straightforward minimization issue.  Defendant could and should have filed any substantive motion to suppress by August 14, 2008, while seeking leave to supplement with the minimization argument if he determined that such an argument should be raised.  Having not done so, he should be precluded from doing so in the future.

Second, the fact that the government obtained extensive electronic evidence in this case and others has been widely reported by the media and was a fact known by defendant at the time of arraignment.  When the government informed the Court and defense counsel that there would be extensive electronic discovery, defense counsel should have discussed at that time whether it was in defendant's best interest to either:  (1) proceed to trial immediately knowing that there might not be an opportunity to move to suppress the electronic evidence; or (2) request that the trial date be extended so that the electronic evidence could be thoroughly reviewed.  Defendant

-5-

should not be able to turn a dilemma of his own making into a tactical advantage that requires the government to produce substantial amounts of discovery very quickly and operated on an accelerated motions schedule, without holding defendant to the same time constraints that confront the government.

### III. Electronic Surveillance Monitoring Logs Are Not Discoverable

In its motion, defendant erroneously contends that surveillance logsheets (commonly referred to as "linesheets" or "monitor logs") must be produced by the government as part of Rule 16 discovery. At the status conference on August 13, 2008, the government briefly explained that a monitoring agent's logs are work product outside the scope of Rule 16. The government further advised the Court that defendant not only wants the government to produce a substantial volume of discovery in a very short period of time, but do his homework, too, by producing internal work product. Nonetheless, in the spirit of compromise, the government advised defendant and the Court that we would produce indices of all of the government's court-authorized audio and videotape, including the participants we believe were intercepted (to the extent they could be identified) and the start and stop times of the recordings. The government has complied with these requests.[5]

---

[5] The government further indicated to the Court that it would attempt to provide minimization information, <u>but</u> only if doing so was both feasible and not overly burdensome. We specifically informed the Court that we needed to consult with our agents to determine whether it could be accomplished. Since then, we have discussed this issue with our agents and have been informed that such a production of information will indeed be unduly burdensome and resource-intensive because of the extensive redactions that would need to take place prior to the production. At minimum, these redactions would take approximately two months to complete because they would have to be performed by hand.

To the extent defendant's motion seeks the production of monitoring logs above and beyond the material previously furnished, the government opposes this request. As a threshold matter, linesheets or logs prepared by agents when monitoring court-authorized electronic surveillance are not discoverable because they are work product barred from production by Fed. R. Crim. P. 16(a)(2).[6] That rule exempts from disclosure items such as reports, memoranda or other internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of the case.

In contrast to the case previously cited by defendant, United States v. Wright, 121 F. Supp.2d 1344 (D. Kan. 2000),[7] the majority of courts reviewing this issue have found that memoranda, logs, or notes related to wiretapping, eavesdropping or other surveillance by the government which have been developed by the prosecution are specifically exempted from discovery. United States v. Nakashian, 635 F. Supp. 761, 775 (S.D.N.Y. 1986) ("Defendant's

---

[6]  However, if a monitoring agent testifies, then the government will turn over the notes of the agent as Jencks material.

[7]  In Wright, the district court required the government to disclose the monitoring agent's logsheets, but with redactions because of extensive work product contained in the logsheets:

> The court concurs with the government that an agent's summary of the call or conversation is protected from discovery, because it is the officer's mental impressions amounting to work product and is an internal document solely prepared for the criminal investigation under Rule 16(a)(2). The defendants have not shown that the information typically found in this segment of a monitor log sheet would be material to their minimization challenge. . . . [T]he decision to redact the call summaries obviously remains a matter within the government's discretion.

121 F. Supp. 2d at 1351-52. The court also "appreciate[d] the additional burden placed on the government in producing the monitor log sheets . . . ." Id.

motion for production of memoranda, logs or notes related to wiretapping, eavesdropping or other surveillance by the government is denied. Such internal government documents developed by the prosecution are specifically exempted from discovery."); rev'd on other grounds, 820 F.2d 529 (2d Cir. 1987), cert. denied, 484 U.S. 963 (1987); United States v. Spagnulo, 549 F.2d 705, 712-13 (9th Cir. 1977); United States v. Marquez, No. 91 CR. 951 (SWK), 1992 WL 88139 at *10 (S.D.N.Y. 1992); United States v. Payden, 613 F. Supp. 800, 820 (S.D.N.Y. 1985) (requests for analysis performed on toll records and other conclusions of investigative officers denied in that these were internal government documents made in connection with the investigation of the case), aff'd, 768 F.2d. 487 (2d Cir. 1985); United States v. Smith, 405 F. Supp. 144, 145 (E.D. Pa. 1975); United States v. Chimera, 201 F.R.D. 72, 77-78 (W.D.N.Y. 2001); United States v. Howell, 514 F.2d 710, 713 (5th Cir. 1975) (trial court correctly denied pre-trial inspection of the monitoring agent's logs.  The logs were furnished to the defense after the monitoring agent testified.  Complete transcripts of all recorded conversations were made available to the defense during pre-trial discovery).[8]

---

[8] During the status conference on August 13, 2008, defendant cited two additional cases (both of which are cited in Wright) for support.  See United States v. Martinez, No. 94-CR-219, 1995 WL 10849, at *4 (S.D.N.Y. Jan. 12, 1995); United States v. Sanchez, No. 92-CR-51, 1992 WL 295989, at *2 (S.D.N.Y. Oct. 6, 1992).  These cases merely indicate that the government included log sheets as part of its Rule 16 discovery in two individual cases.  Whether logsheets have ever been turned over in any individual case is not the proper issue.  The question to be asked is whether such logsheets must be turned over as a matter of course pursuant to Rule 16.  The weight of the law indicates that there is no such requirement.

**IV.     Defendant Is Not Entitled To File Any Other Unspecified Motions**

Having obtained the speedy trial date that he sought, defendant now asks for permission to file unlimited motions as he sees fit. In addition to future discovery and suppression motions, defendant essentially asks the Court for a blank check that will allow him to write and file any other type of motion "if and when" issues "surface later as the case progresses" or, basically, whenever "future circumstances may require." Def. Mot. at 2. Defendant's overbroad and ambiguous request should be denied out of hand.

### CONCLUSION

For the foregoing reasons, the government respectfully requests that defendant's motion for additional relief be denied.

Respectfully submitted,

WILLIAM M. WELCH II
Chief, Public Integrity Section

/s/
BRENDA K. MORRIS
Principal Deputy Chief

NICHOLAS A. MARSH
EDWARD P. SULLIVAN
Trial Attorneys

JOSEPH W. BOTTINI
JAMES A. GOEKE
Assistant United States Attorneys
  for the District of Alaska

Dated: August 25, 2008
       Washington, DC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of August, 2008, a copy of the Government's Opposition to Defendant's Motion for Additional Relief was served electronically, via the District Court's ECF system, on the following:

>Brendan V. Sullivan, Jr., Esq.
>Robert Cary, Esq.
>Williams & Connolly LLP
>725 Twelfth Street, N.W.
>Washington, D.C.  20005

>_____/s/_____
>Edward P. Sullivan