# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 08-231 (EGS) |
| THEODORE F. STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION *IN LIMINE* TO EXCLUDE PURPORTED 404(B) EVIDENCE (SENATOR STEVENS'S PRE-TRIAL MOTION NO. 9)

For the reasons set forth in the accompanying Memorandum, defendant Theodore F. Stevens, through undersigned counsel, moves, *in limine*, for an order prohibiting the government from introducing any of the evidence mentioned in its Notice of the Intent to Introduce Evidence, which was filed with this Court on August 14, 2008. A proposed order is attached.

Dated: August 25, 2008

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By:     /s/ Robert M. Cary
Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)
Alex Romain (Bar No. 468508)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 08-231 (EGS) |
| THEODORE F. STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Upon consideration of the Defendant's Motion *In Limine* to Exclude Purported 404(b) Evidence, and the Court having heard the arguments of counsel, and good cause having been shown, it is

ORDERED that the motion is GRANTED; and it is

FURTHER ORDERED that the government is prohibited from introducing any of the allegations contained in its Notice of the Intent to Introduce Evidence, filed with this Court on August 14, 2008.


_____
Emmet G. Sullivan
United States District Judge


Dated:_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 08-231 (EGS) |
| ) | |
| THEODORE F. STEVENS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE*
TO EXCLUDE PURPORTED RULE 404(B) EVIDENCE
(SENATOR STEVENS'S PRE-TRIAL MOTION NO. 9)**

Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)
Alex Romain (Bar No. 468508)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*

August 25, 2008

**INTRODUCTION**

In its unnecessarily public filing on August 14, 2008,[1] the government stated its intention to introduce irrelevant and prejudicial evidence suggesting that Senator Stevens, or other members of his family, allegedly engaged in other improper or illegal conduct. *See* Notice of the Intent to Introduce Evidence (August 14, 2008) (Dkt. No. 20) ("Notice"). These allegations are not probative of any element the government must prove at trial. Instead, they are an obvious attempt to smear the Senator's character. Because the evidence is not probative of any legitimate issue, and because any possible probative value is entirely swallowed by its prejudicial nature, the government should be prohibited from introducing the evidence contained in the Notice.

**ARGUMENT**

In relevant part, Rule 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Fed. R. Evid. 404(b). "The intent of Rule 404(b) is to prevent the admission of evidence of other crimes for the purpose of demonstrating the bad character of the defendant by prejudicially revealing prior bad acts that have no evidentiary consequence to the criminal charges at issue." *United States v. Gray*, 292 F. Supp. 2d 71, 77 (D.D.C. 2003) (footnote omitted). The Rule is based on the "fear that the jury will tend to give [the evidence] excessive weight and on a

---

[1] Rule 404(b) requires notice to the accused, <u>not</u> public filing in court, of the government's proposed "other acts" evidence. The government's public filing is all the more surprising in light of its argument, in opposing transfer of venue, that Senator Stevens's mere assertion of his innocence in Alaska would taint the impartiality of potential jurors.

fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds." 29 Am. Jur. 2d *Evidence* § 409, at 464 (2008).

In this Circuit, courts employ a two part test to determine the admissibility of evidence proffered under Rule 404(b). "The first step requires only that the evidence be probative of some material issue other than character. The second step requires that the evidence not be inadmissible under any of the other general strictures limiting admissibility." *United States v. Washington*, 969 F.2d 1073, 1080 (D.C. Cir. 1992) (citations and internal quotation marks omitted). "The most important of these general strictures is Rule 403, which requires that the probative value of the evidence not be 'substantially outweighed' by its potential prejudice." *Id.* at 1081 (*quoting* Fed. R. Evid. 403); *see also United States v. Long*, 328 F.3d 655, 662 (D.C. Cir. 2003) ("admission for a proper purpose under Rule 404(b) does not end the inquiry, because Rule 403 has an independent role to play . . . ."). The proffered evidence in this case fails under both steps of this inquiry.

## I.    THE ACTS IDENTIFIED IN THE GOVERNMENT'S NOTICE ARE NOT PROBATIVE OF ANY MATERIAL ISSUE IN THIS CASE.

The government identifies seven categories of "evidence concerning other acts taken by Stevens" that it proposes to introduce. Notice at 3-9. It does not explain why it believes that any particular piece or category of evidence is probative of any issue other than to attempt to smear Senator Stevens's character. Rather, the government contends that all seven categories of evidence are admissible for any of five separate reasons: (1) the evidence allegedly "is proof of elements of the crimes charged;" (2) it "relates to conduct that is inextricably linked with" the charged offenses; (3) it establishes "personal relationships" between Senator Stevens and others; (4) it "provides background" to the charges; "and/or" (5) it supposedly is evidence of "consciousness of guilt." Notice at 2.

2

Obviously the government could not reasonably contend that all of the alleged acts are probative for all of the above reasons, but it provides no further clarification.  In any event, none of these "reasons" supports admission of any of the seven categories of evidence, all of which should be excluded.

### A.      The Florida Real Estate Transaction

The government alleges that Senator Stevens improperly incurred an undisclosed liability as a result of his pre-construction agreement to purchase real estate in Florida in 2001 and that this liability was improperly omitted from Senator Stevens's Financial Disclosure Form(s).  Notice at 3-5.  By no stretch of the imagination could this transaction be considered "proof of elements of the crimes charged in the indictment."  Notice at 2.  The indictment charges Senator Stevens with making false statements on his Financial Disclosure Forms to conceal things of value he received from VECO in Alaska.  Nowhere in its more than twenty-five pages does the indictment make reference to Florida, a condominium, Person C, or Company B.[2]

Nor, for similar reasons, is the conduct "inextricably intertwined" with the indicted offenses.  As a matter of law, this concept requires that the other alleged acts be "performed contemporaneously" with and "facilitate the commission of the charged crime." *United States v. Gooch*, 514 F. Supp. 2d 63, 69 (D.D.C. 2007) (quotation marks omitted). Nothing about the Florida transaction can be said to facilitate the Senator's alleged concealment of things of value he received from VECO.

Because it has nothing to do with VECO, moreover, the Florida transaction also does nothing to establish relevant "background" or "personal relationships"—even assuming

---

[2] The government  has confirmed the identity of these unnamed entities and individuals.

"background" and "relationship" could be lawful bases for admissibility in an appropriate case.[3]
Nor could the Florida matter conceivably establish Senator Stevens's "consciousness of guilt"
with respect to alleged false statements about items received from VECO.

Finally, even if evidence of an undisclosed liability unrelated to VECO bore some
relationship to this case, which it does not, the Florida evidence lacks probative value because
Senator Stevens did nothing improper. A full factual rebuttal is outside the scope of this
memorandum, and it should be unnecessary because the evidence is inadmissible for the reasons
set forth above. Significantly, however, the government's Notice fails to mention that the value
and fact of this investment were properly and clearly disclosed on every Financial Disclosure
Form Senator Stevens filed while he owned it.

**B.     The Generator**

The Notice reflects that the Senator received a backup generator from Bill Allen
and VECO in 1999, which he allegedly failed to reimburse or report. This allegation of a nine-
year-old gift is not proof of any element of the alleged offenses and it is time-barred in any
event. *See* Senator Stevens's Pre-trial Mot. No. 2 (allegations in the indictment pre-dating May
9, 2002 are time-barred and improper). Because each individual Financial Disclosure Form
constitutes a discrete set of statements, it is also impossible for evidence regarding the generator
to be "inextricably intertwined" with the offenses charged in the indictment, namely material
misrepresentations on the Financial Disclosure Forms for the years 2001-2006.

---

[3] Admission of other crimes or wrongs for "background" or "relationship" purposes appears to
be invoked almost exclusively in connection with conspiracy charges, in which the fact of the
relationship is central to the charge and the background of the relationship is central to the
offense. Here, background and relationships are immaterial to the charges, which relate to the
disclosures on Senator Stevens's Financial Disclosure Forms.

4

Finally, this evidence provides neither background information nor relationship evidence that is necessary at trial. There will be no dispute that Bill Allen and Senator Stevens were friends. The "generator" evidence would, however, be prejudicial. *See* Senator Stevens's Pre-Trial Motion No. 2 (arguing that time-barred allegations in the Indictment should be stricken as improper and prejudicial).

### C.    The Jeep Cherokee

The Notice suggests that Senator Stevens's adult daughter, Lily Stevens, received a Jeep Cherokee at a discounted price from Bill Allen and VECO. Indisputably this is not proof of any offense alleged in the indictment. As the government forcefully argued at the recent hearing on Senator Stevens's motion to change venue, this case is about allegedly false statements made on Senator Stevens's Financial Disclosure Forms. During the relevant period, those forms required the disclosure of any reportable gift received by "you, your spouse, or dependent child." Indictment ¶ 74 (emphasis added) (quoting 2005 form). Again, a factual rebuttal is outside the scope of this memorandum, but Lily Stevens was not a dependent, and her alleged receipt of a good price on an automobile would not have triggered a disclosure obligation for Senator Stevens. In any event, the indictment does not allege that the Senator was required or failed to disclose this transaction.

As for the government's other bases for admission, the Jeep transaction is not "inextricably intertwined" with the charged conduct because it in no way "facilitate[d] the commission of the charged offenses." *See supra*, p. 3. Nor does the price Ms. Stevens paid for her Jeep add anything of importance to the background of an alleged offense or establish a significant personal relationship. Instead, it is a misguided attempt to impugn Senator Stevens and his family before the jury.

### D.    Employment of Senator Stevens's Son and Grandson

Continuing its assault on the Senator's family, the government seeks to introduce evidence that VECO employed Senator Stevens's son and grandson, and apparently that Bill Allen discussed assisting the Senator's son in obtaining other employment in Phoenix. These allegations too are immaterial to the charges in the indictment. The government does not contend that these events triggered any reporting duties for Senator Stevens, which in fact they did not.

Not only are these allegations completely irrelevant, they describe conduct that is entirely lawful, and the government does not allege otherwise. There is nothing improper or uncommon about a father or grandfather inquiring about employment opportunities for his family members. Introduction of this evidence would be probative of nothing except Senator Stevens's commitment to his family; it would be unfairly prejudicial; and it should be excluded.

### E.    Correspondence With Person A

The government cites two sets of e-mail correspondence that Senator Stevens sent to a close personal friend. Presumably the government contends that these e-mails show "consciousness of guilt," as the other four bases it cites for admission of 404(b) evidence are not remotely on point. Consciousness of guilt typically is proven by some affirmative falsity, intimidation, evasion, or obstruction. *See Aka v. Wash. Hosp. Ctr.*, 156 F.3d 1284, 1293 (D.C. Cir. 1998) (lies can establish consciousness of guilt); *United States v. Edmonds*, 240 F.3d 55, 62 (D.C. Cir. 2001) (flight can constitute consciousness of guilt); *United States v. Simmons*, 431 F. Supp. 2d 38, 68 (D.D.C. 2006) (intimidation constitutes consciousness of guilt). The e-mails the government cites bear no resemblance to these circumstances, do not indicate consciousness of guilt, and should be excluded.

September 1, 2006 E-mail.  Senator Stevens allegedly sent this e-mail after the media had reported that search warrants had been executed for several offices in Alaska, including his son's office, as well as an unidentified location in Girdwood, Alaska.  During that time period, Senator Stevens's son was within the scope of an investigation in Alaska for activities having nothing to do with the issues in this case.  Senator Stevens's son spent a significant amount of time at the Senator's Girdwood residence.  Accordingly, when Senator Stevens learned that authorities had searched an unnamed location in Girdwood, he reasonably asked whether that location was his house.  This evidence hardly proves the Senator's "consciousness of guilt" with respect to unrelated charges of false statements on his Senate Financial Disclosure Forms.

The May 2007 E-mails.  The government alleges that Senator Stevens sent two e-mails to a close friend who had received a grand jury subpoena.  These e-mails are attached as Exhibits 1 and 2 to this Memorandum; they are entirely innocuous.  In the first e-mail, Senator Stevens advised Person A to have his lawyer speak with the U.S. Attorney to determine whether Person A was a "peripheral potential target," as Person A had apparently heard from another source.  It was in this context that the e-mail states, "I hope we can work something out so that you aren't lead astray on this occasion."  Far from showing consciousness of guilt, this e-mail suggests that Senator Stevens wanted Person A to receive accurate information from the U.S. Attorney.

In the second e-mail, Senator Stevens advises Person A to "remember Martha Stewart and [Scooter] Libby"—both of whom of course were prosecuted for providing inaccurate information to law enforcement—and goes on to suggest, "don't let them rattle you and don't answer questions you don't KNOW the answers to."  Read in context, this obviously is

an admonition to Person A that he should testify truthfully. Certainly the e-mail on its face does not suggest anything untoward, let alone "consciousness of guilt."

## II.    IF THE PROFFERED EVIDENCE HAD ANY PROBATIVE VALUE, IT WOULD BE SUBSTANTIALLY OUTWEIGHED BY ITS POTENTIAL PREJUDICE.

In a criminal trial, the government is compelled to prove the charges for which it has sought and obtained an indictment. Here, the indictment is predicated on alleged false statements in connection with the Senator's Financial Disclosure Forms—as the government itself confirmed to the Court in opposing the Senator's venue motion. As discussed above, however, the evidence in the government's Notice is not probative of any material issue in this case. Rather, the government apparently hopes that a litany of unindicted acts put before the jury will sufficiently impugn the character of a man with more than fifty years of public service and facilitate a conviction. This is precisely what Rules 404(b) and Rule 403 prohibit.

The probative value of the evidence contained in the notice is "substantially outweighed by the danger of unfair prejudice" and "confusion of the issues"; and its introduction would, instead, only serve to "mislead[] the jury," cause "undue delay" and be a "waste of time" when time is of the essence. Fed. R. Evid. 403. Accordingly, the government's proffered evidence should be excluded.

8

**CONCLUSION**

For the reasons set forth above, this Court should exclude the evidence of alleged

prior acts listed in the government's Notice.

Dated:  August 25, 2008

                                        Respectfully submitted,

                                        WILLIAMS & CONNOLLY LLP

                        By:     _/s/  Robert M. Cary_____
                                        Brendan V. Sullivan, Jr. (Bar No. 12757)
                                        Robert M. Cary (Bar No. 431815)
                                        Alex Romain (Bar No. 468508)

                                        725 Twelfth Street, N.W.
                                        Washington, D.C. 20005
                                        (202) 434-5000
                                        (202) 434-5029 (facsimile)

                                        *Attorneys for Defendant Theodore F. Stevens*

# Exhibit 1

Subj:    **Re: (no subject)**
Date:    5/17/2007 11:40:12 A.M. Alaskan Standard Time
From:    Theodorefulton
To:      Muskyx2

**Bob: under those circumstance it is imperative that you get your attorney there in Alaska to talk to that U.S. Attorney. Some people might try to scare people with comments like you heard. It is not right-if you are a peripheral potential target you should know that. Your attorney should know what is it they are seeking if at all possible. I hope we can work something our to make sure you aren't lead astray on this occasion. best teds**

---

See what's free at AOL.com.

US-A-00191

Thursday, May 17, 2007 America Online: Muskyx2

# Exhibit 2

Subj:     **Re: (no subject)**
Date:     5/17/2007 5:57:20 P.M. Alaskan Standard Time
From:     Theodorefulton
To:       Muskyx2

Bob: I agree with what you said, but remember Martha Stewart and Libby. If they know you have legal advice, they will be more careful. It wouldn't hurt to have your guy there call Phillips. He is not a defense lawyer but he is a good lawyer. I seriously doubt you are going to be a target on the chalet-these people have their eyes on the LLC's also. Why, I don't know.

    Again, don't let them rattle you and don't answer questions you don't KNOW the answers to. They have lots of info from Bill-I do not know the scope of that so far as you are concerned. They gave me a two page single space list of issues and people they were interested in And, they have asked for a "voluntary search agreement". We have not agreed to that yet. I told the lawyers I didn't have anything to hide but they are resisting trying to get the Feds to issue specific subject subpoenas. Twice before in the situation you are in I answered questions, went before the grand jury and answered their questions and that was the end of it. I hope this is the end for you also. best teds

---

See what's free at AOL.com.

US-A-00193

Thursday, May 17, 2007 America Online: Muskyx2