**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 08-231 (EGS) |
| | ) | |
| THEODORE F. STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |

**SENATOR STEVENS'S OPPOSITION TO THE GOVERNMENT'S MOTION
*IN LIMINE* CONCERNING THE SPEECH OR DEBATE CLAUSE**

**AND**

**MEMORANDUM IN SUPPORT OF SENATOR STEVENS'S CROSS-MOTION
*IN LIMINE* TO EXCLUDE THE PROPOSED EVIDENCE DESCRIBED IN
THE GOVERNMENT'S MOTION
(SENATOR STEVENS'S PRE-TRIAL MOTION NO. 10)**

Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)
Alex G. Romain (Bar No. 468508)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*

August 25, 2008

The government proposes to introduce a stunningly broad set of materials relating to ten different categories of official acts allegedly solicited by VECO or done by Senator Stevens or his legislative staff.  Each proposed item of evidence is inadmissible under the Speech or Debate Clause, either because it refers to legislative acts or because it would require Senator Stevens to defend himself with constitutionally-protected Speech or Debate materials, or both.

In addition to violating the Speech or Debate Clause, all of the proposed evidence should be excluded under Federal Rule of Evidence 403 because it would be unduly prejudicial, confusing to the jury, and a waste of time.  The government's proposed evidence would convert this relatively straightforward false statements case into a trial of Senator Stevens's legislative record and his representation of Alaska.  It also would risk poisoning the jury with insupportable suggestions of an uncharged *quid pro quo* relationship.  The evidence should be excluded in its entirety.

I.      **THE GOVERNMENT'S PROPOSED EVIDENCE VIOLATES THE SPEECH OR DEBATE CLAUSE.**

In its motion *in limine*, the government asks the Court to approve ten categories of evidence relating to alleged solicitations of or actions by Senator Stevens in his capacity as a Senator from the State of Alaska.  The evidence on its face relates to entirely lawful requests and actions, allegedly for the benefit of VECO, once the largest private employer in Senator Stevens's home state.  It is safe to assume that virtually every Senator receives and responds favorably to such constituent requests, yet the government wishes to introduce the evidence to suggest that the Senator had a motivation to hide the alleged unreported home renovations that are the subject of the indictment's false statement charges.

Senator Stevens's Pre-Trial Motion No. 4 (Dkt. No. 14) discusses in detail the protections of the Speech or Debate Clause.  That discussion will not be repeated here, except to

emphasize three principles that the government's proposed evidence would violate.  First, the

Speech or Debate Clause "precludes any showing of how [a legislator] acted, voted, or decided,"

including any "inquiry into acts that occur in the regular course of the legislative process and into

the motivation for those acts."  *United States v. Brewster*, 408 U.S. 501, 525, 527 (1972)

(emphasis added).  Second, enforcement of the Clause's protections requires that the mere

"mention" of "a [legislative] act that has already been performed" is a violation of the Speech or

Debate Clause.  *United States v. Helstoski ("Helstoski I")*, 442 U.S. 477, 490 (1979).  Third, the

Clause protects a Member "not only from the consequences of litigation's results but also from

the burden of defending [himself]."  *United States v. Rostenkowski*, 59 F.3d 1291, 1297 (D.C.

Cir. 1995) (alteration in original) (quotation marks omitted).

        The evidence the government proffers in its motion would violate the Speech or

Debate Clause because it either refers to protected legislative acts or would require Senator

Stevens to defend himself with reference to such acts.  It also further confirms that the grand jury

likely was exposed to privileged Speech or Debate materials.

    **A.    Government Evidence of Legislative Acts.**

        At least some of the government's proposed evidence inquires directly into

Senator Stevens's past legislative acts.  For example, with respect to the alleged solicitations

concerning Alaska's Intra-State Natural Gas Pipeline, the government acknowledges that the

entire premise for the alleged solicitations was the implementation of that federal statute.  Gov't

Mot. at 6 (*citing* Alaska Natural Gas Pipeline Act, Pub. L. No. 108-324, § 105, 118 Stat. 1258,

1258-59, 15 U.S.C. § 720c (2004)).  Similarly, the government cites evidence of solicitations for

federal earmarks.  An "earmark" is a legislative act:  a provision of a bill or committee report

that designates a recipient for funds.[1]  Thus, VECO's alleged requests for Senator Stevens to

support "providing earmarks in the appropriations bill," Gov't Mot. at 10, and an "earmark

through the Department of Transportation and Treasury's Fiscal Year 2005 Appropriations Bill,"

Gov't Mot. at 13, would affirmatively inquire into legislative acts in violation of the Speech or

Debate Clause.

### B.    Requiring Defense Evidence of Legislative Acts.

A core protection of the Speech or Debate Clause is immunity from "<u>inquiry</u> into

acts that occur in the regular course of the legislative process."  *Brewster*, 408 U.S. at 525, 527

(emphasis added).  The government's proposed evidence necessarily requires such an inquiry

because Senator Stevens would have to defend himself by introducing protected Speech or

Debate material.  A greater intrusion into the basic principles underlying the Clause does not

exist, and the Supreme Court has so held.

In *United States v. Johnson*, 383 U.S. 169 (1966), the Supreme Court overturned

the conviction of a congressman who was required to introduce Speech or Debate material in his

own defense.  The congressman allegedly agreed to exert influence on the Department of Justice

to dismiss charges against a loan company and its officers, and also agreed to make a speech in

support of the savings and loan association.  The government's theory was that "the speech was

made solely or primarily to serve private interests, and that Johnson in making it was not acting

in good faith, that is, that he did not prepare or deliver the speech in the way an ordinary

---

[1] According to the Congressional Research Services, "Earmarks" are "Provisions associated with legislation (appropriations or general legislation) that specify certain congressional spending priorities or in revenue bills that apply to a very limited number of individuals or entities. Earmarks may appear in either the legislative text or report language (committee reports accompanying reported bills and joint explanatory statement accompanying a conference report)."  *See* Sandy Streeter, Gov't & Fin. Div., *Comparison of Selected Senate Earmark Reform Proposals*, at CRS-2 (C.R.S. Mar. 6, 2006).

Congressman prepares or delivers an ordinary speech." *Id*. at 177.  Finding that the prosecution

violated the Speech or Debate Clause, the *Johnson* Court noted that the government's allegations

required the defendant to defend himself with reference to protected materials:

> Johnson's defense quite naturally was that his remarks were no
> different from the usual congressional speech, and to rebut the
> prosecution's case he introduced speeches of several other
> Congressmen speaking to the same general subject, argued that his
> talk was occasioned by an unfair attack upon savings and loan
> associations in a Washington, D.C., newspaper, and asserted that
> the subject matter of the speech dealt with a topic of concern to his
> State and to his constituents.

382 U.S. at 177.

In a related vein, the D.C. Circuit has held that the Speech or Debate Clause

strictly limits the Executive and Judicial branches' ability to require Members to disclose

materials relating to the legislative process—as the government's proposed evidence would

require Senator Stevens to do in his defense.  In *United States v. Rayburn House Office Building,*

*Room 2113, Washington, D.C. 20515*, 497 F.3d 654 (D.C. Cir. 2007), *cert. denied*, 128 S. Ct.

1738 (2008), the Court held that the review of a congressman's paper files pursuant to a search

warrant exposed his legislative material to the Executive in violation of the Speech or Debate

Clause.  That the FBI had set up a screening team to review and return protected materials to the

congressman did not cure the violation.  *Id.* at 662.

Similarly, in *Brown & Williamson Tobacco Corp. v. Williams,* 62 F.3d 408 (D.C.

Cir. 1995), the Court held that two congressmen could not be compelled to comply with a civil

subpoena to produce documents that had been stolen from a tobacco company and sent to the

congressmen in connection with hearings being conducted by a House subcommittee.  The

congressmen were not parties to the litigation, and the subpoena requested production of

4

corporate documents that were not created as part of the legislative process.  Finding the

subpoena unenforceable under the Speech or Debate Clause, the D.C. Circuit explained:

> Documentary evidence can certainly be as revealing as oral
> communications—even if only indirectly when, as here, the
> documents in question . . . do not detail specific congressional
> actions.  But indications as to what Congress is looking at provide
> clues as to what Congress is doing, or might be about to do—and
> this is true whether or not the documents are sought for the purpose
> of inquiring into (or frustrating) legislative conduct or to advance
> some other goals . . . .

*Id*. at 420 (emphasis added).  Thus, the information was protected despite its non-legislative

content because its production would reveal other information protected by the Speech or Debate

Clause—the contents of Congress's deliberations in fulfilling its investigative functions.  Once it

was determined that the information sought "was part of the legislative process," that was "the

end of the matter."  *Id*. at 418 (*quoting MINPECO, S.A. v. Conticommodity Servs., Inc.,* 844 F.2d

856, 861 (D.C. Cir. 1988)).

     As the principles in these cases demonstrate, the government's proposed evidence

here would violate the Speech or Debate Clause because it would require Senator Stevens to put

forth evidence of his protected legislative acts.  This is a direct intrusion into the independence of

the Legislature.   For example, the first category of the government's proposed evidence relates

to alleged solicitations concerning the Alaska gas pipeline.  The pipeline was a matter of federal

legislation, which Senator Stevens enthusiastically supported.  As the Chairman of the

Appropriations Committee, he was instrumental in drafting, seeking co-sponsors for, and

ultimately voting for the very statute the government cites, Pub. L. No. 108-324, which

established the federal and state-based mechanisms for the pipeline to be approved.  To rebut the

government's implication that the solicitation from VECO was improper, Senator Stevens would

have to explain his reasoning in drafting, supporting and voting for this legislation.  He also

would have to introduce evidence of his legislative record, and whether it reflected long-standing support for efforts to bring a pipeline and other similar initiatives to Alaska.[2]

The government's other proposed evidence introduces the same problems. The government alleges that Senator Stevens assisted VECO in securing at least two federal earmarks, one from the Department of Transportation, and one from the appropriation to the "independent agencies." Senator Stevens could only defend the appearance of impropriety by explaining the reasons he viewed those earmarks to be in the interest of Alaska—in other words, the reasons why he may have acted and voted for them. More broadly, all of the proposed evidence would need to be defended by introducing evidence regarding how his office receives constituent requests, how it evaluates them, and how it ultimately translates those requests into legislative action. He may also need to introduce evidence of situations in which he acted or voted <u>against</u> VECO's interests during the relevant time period.

The Speech or Debate Clause protects members of Congress from subjecting their legislative acts to inspection by the Executive or Judiciary. Here, the government proffers evidence of Senator Stevens's past official acts, and Senator Stevens's defense will require him to defend his motivations and reasoning in performing legislative acts. The evidence is constitutionally inadmissible, and the government's motion *in limine* should be denied.

C.    **Grand Jury Inquiry into Legislative Acts.**

In his Pre-trial Motion No. 4 (Dkt. No. 14), Senator Stevens pointed out, based on information then available to him, that the grand jury may have been exposed improperly to

---

[2] The government cites *Fields v. Office of Eddie Bernice Johnson*, 459 F.3d 1 (D.C. Cir. 2006), for the proposition that Senator Stevens must submit "an affidavit from an individual eligible to invoke the Speech or Debate Clause recounting facts sufficient to show that[] the Clause applies." Gov't Mot. at 3-4. But the Court there went out of its way to emphasize the narrowness of its holding, which arose in the context of the unusual burden-shifting applicable to employment disctimination cases. *See Fields*, 459 F.3d at 16.

6

protected Speech or Debate material.  The Government's motion *in limine* reinforces that

concern, as it makes apparent that the government has actively investigated Senator Stevens's

legislative conduct, such as his support for the Alaska gas pipeline project.  Senator Stevens

accordingly renews his request for the relief sought in his Motion No. 4.

## II.      THE GOVERNMENT'S PROPOSED EVIDENCE IS INADMISSIBLE UNDER FEDERAL RULE OF EVIDENCE 403.

         In addition to violating the Speech or Debate Clause, the government's proposed

evidence should be excluded as unduly prejudicial, confusing and wasteful under Federal Rule of

Evidence 403.  Rule 403 provides that:

> Although relevant, evidence may be excluded if its probative value
> is substantially outweighed by the danger of unfair prejudice,
> confusion of the issues, or misleading the jury, or by
> considerations of undue delay, waste of time, or needless
> presentation of cumulative evidence.

Fed. R. Evid. 403.  Here, the government through its proposed evidence seeks to prejudice

Senator Stevens and confuse the jury by smuggling in the appearance of bribery where it has

alleged none.  In the process, the government would dramatically expand the scope and length of

the trial by requiring evidence from both sides about official actions that are entirely extraneous

to the charges in the indictment.

### A.      The Government's Proposed Evidence Would Confuse the Jury and Would Unfairly Prejudice Senator Stevens.

         The government does not allege that Senator Stevens accepted any bribes or that

anyone ever attempted to bribe him.  Nor can the government argue that there is anything

improper about a Senator receiving or acting on a solicitation for official acts by the largest

employer in his home state, for any suggestion to that effect would require the imprisonment of

the entire Legislative branch.  The government thus proposes to introduce evidence of entirely

lawful and commonplace acts.  It explains that these acts are somehow relevant to show Senator

7

Stevens's alleged motive and intent for concealing the things of value he allegedly received from VECO and Bill Allen.  Gov't Mot. at 1.

As an initial matter, the government's argument defies basic logic.  Under Senate Rules, which adopt the Ethics in Government Act, Senator Stevens is forbidden from accepting gifts exceeding a certain monetary threshold—even if he discloses them.  Yet, the government contends that Senator Stevens was motivated to conceal hundreds of thousands of dollars of allegedly improper gifts, <u>not</u> because receiving those gifts violated Senate Rules and the Ethics in Government Act, but instead because he was simultaneously receiving perfectly <u>legal and appropriate</u> solicitations from VECO.

The utter illogic of the government's position reveals what is really going on.  The government wishes to smuggle in suggestions of bribery and corruption that it has not charged and cannot prove.  The indictment alleges no *quid pro quo* for any gifts Senator Stevens allegedly received, but the government now asks permission to introduce evidence of official actions in order to invite the jury baselessly to infer just such a *quid pro quo*.  The potential prejudice to Senator Stevens from this evidence would far outweigh its nonexistent probative value.  And the evidence might well confuse the jury into thinking that it should consider whether Senator Stevens had performed official acts for VECO in exchange for things of value.  *See United States v. Fuller*, 387 F.3d 643 (7th Cir. 2004) (proposed testimony that defendant only threatened to kill the President because he wanted to stay in prison properly excluded because his intent was not at issue and evidence would confuse the jury); *United States v. Graves*, 5 F.3d 1546, 1551 (5th Cir. 1993) (in trial of state official charged with making false statements to Internal Revenue Service, evidence of price paid by state for other parcels of land was properly excluded because such evidence would have "unduly consumed time and risked

8

jury confusion on an issue of little, if any, relevance"); *United States v. Reevey*, 364 F.3d 151

(4th Cir. 2004) (affirming exclusion of proposed ballistics evidence as irrelevant to offenses

charged and confusing to jury).

 

      **B.**      **The Government's Proposed Evidence Would Cause Undue Delay and Waste of Time.**

      The defense is committed to completing the trial before the election.  Yet the

government now proposes to offer ten categories of evidence relating to complicated legislative

issues that span the state, federal, and international level.  This evidence would require multiple

mini-trials with respect to each of the government's proposed categories, in which Senator

Stevens would be required to introduce testimony from himself or from his own legislative aides

to explain:  the context for the issue; the exact nature of the solicitation received; the reasons

why the solicitation was appropriate or in the interests of Alaska; other examples of similar

action taken on behalf of other constituents; occasions where Senator Stevens declined to act in a

manner requested by VECO or Allen; and so forth.  The proposed evidence therefore introduces

"the risk of a trial within a trial that so frequently justifies the courts in excluding [such]

evidence."  *See Coles v. Perry*, 217 F.R.D. 1, 10 (D.D.C. 2003) (excluding report because it

would cause undue delay and waste of time).

      In short, the government's evidence will convert these proceedings into a trial on

Senator Stevens's representation of Alaska.  If, as the government claims, this case is merely

about whether Senator Stevens failed to disclose the receipt of things of value on his Financial

Disclosure Forms, then the government's proposed evidence can only be characterized as

collateral, prejudicial, and wasteful of the time and resources of the Court, the parties, and the

electorate.  It should be excluded.

## **CONCLUSION**

For the reasons set forth above, the Court should deny the government's motion *in limine* and grant Senator Stevens's cross-motion *in limine* to exclude the proposed evidence relating to solicitations by VECO.


Dated:  August 25, 2008


                          Respectfully submitted,

                          WILLIAMS & CONNOLLY LLP

        By:      /s/ Robert M. Cary
                          Brendan V. Sullivan, Jr., D.C. Bar No. 12757
                          Robert M. Cary, D.C. Bar No. 431815
                          Alex G. Romain, D.C. Bar No. 468508

                          725 Twelfth Street, N.W.
                          Washington, D.C.  20005
                          (202) 434-5000

                          *Attorneys for Defendant Theodore F. Stevens*