IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>THEODORE F. STEVENS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   Crim. No. 08-231 (EGS)<br>)<br>)<br>)<br>) |

SENATOR STEVENS'S OPPOSITION TO
GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE PRIOR
CRIMINAL CONVICTIONS OF PROSPECTIVE GOVERNMENT WITNESSES

Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)
Alex G. Romain (Bar No. 468508)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*

August 25, 2008

## **INTRODUCTION**

The government's motion *in limine* asks this Court to exclude evidence of the past criminal convictions of four of its witnesses in this case. Yet it fails to provide either the Court or defense counsel with sufficient information about those convictions, or about the role the witnesses will play in the government's case, to determine their probative value and admissibility. In fact, many of the prior convictions are highly probative and admissible.

While Senator Stevens does not presently intend to introduce evidence of the forty-year-old convictions of Witness A and Witness B, he may seek to admit the more recent, and far more serious, convictions of:

- Witness C for felony manslaughter (1985), felony failure to assist (1986), and DWI (1999), and

- Witness D for failure to give information of an accident causing death, injury, or damage (1987), and reckless driving (2005).

Most of these convictions are admissible under Fed. R. Evid. 609(a) to impeach the witnesses' "character for truthfulness." In addition, at least some of them are admissible for other purposes not restricted by Rule 609. For example, Witness C's and Witness D's convictions may be relevant to establish their motivation for testifying against Senator Stevens— namely, the hope that by cooperating with the government these witnesses will receive more lenient sentences for their alleged criminal acts than their criminal histories otherwise would dictate under the Federal Sentencing Guidelines.

## ARGUMENT

Rule 609 of the Federal Rules of Evidence reflects "'[t]he idea . . . whether right or wrong . . . that criminals are more likely to testify untruthfully.'" *United States v. Pettiford*, 238 F.R.D. 33, 42 (D.D.C. 2006) (quoting *Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992)); *see also Charles v. Cotter*, 867 F. Supp. 648, 656 (N.D. Ill. 1994) ("[T]he premise of Rule 609 that crookedness and lying are correlated, is not for the court to question.") (quotation marks omitted). The Rule "on its face, strongly implies that a prior conviction is per se probative of credibility for certain kinds of crimes." *United States v. Lipscomb*, 702 F.2d 1049, 1056 (D.C. Cir. 1983).

Rule 609(a) accordingly permits a party to "attack[] the character for truthfulness of a witness" with evidence that the witness has been convicted of either: (1) *any* crime punishable by "imprisonment in excess of one year," Fed. R. Evid. 609(a)(1), subject to the balancing test of Fed. R. Evid. 403, or (2) a crime, regardless of the punishment, "the elements of [which] required proof or admission of an act of dishonesty or false statement by the witness," Fed. R. Evid. 609(a)(2), without regard to Rule 403. The admissibility of either type of evidence is limited only by the requirement that, when more than ten years have elapsed since the completion of the witness's incarceration, evidence of the underlying conviction is admissible only if the probative value "substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).

This risk of such prejudice is most "acute" when the government seeks to impeach *the accused* with a prior conviction. *See* Fed. R. Evid. 609 advisory committee notes, 1990 amends. ("[T]he danger that prior convictions will be misused as character evidence is particularly acute when the defendant is impeached . . . ."). "The danger of unfair prejudice is far greater when the accused, as opposed to other witnesses, testifies, because the jury may be prejudiced not merely

2

on the question of credibility but also on the ultimate question of guilt or innocence." *Lipscomb*, 702 F.2d at 1063 n.55 (alteration omitted) (quoting S. Rep. 93-1277, 14 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7051, 7061).

Importantly, the limitations of Rule 609 apply only when evidence of a prior conviction is offered "[f]or the purpose of attacking the character for truthfulness of a witness." Fed. R. Evid. 609(a). If the evidence is offered for a different purpose, Rule 609 is inapplicable and admissibility is judged under the rules applicable to any item of evidence. *See United States v. Norton*, 26 F.3d 240, 243 (1st Cir. 1994) ("Rule 609 evidence is admissible for the purpose of attacking credibility generally, but the rule does not address the admissibility of prior convictions when they are offered for another purpose."). The use of prior convictions to show bias or incapacity, or to contradict direct testimony, is "not the type of situation for which the safeguards of Rule 609 are intended; rather, under the general standards of Rules 402 and 403, the evidence should be admitted if it is relevant and if its probative value is not substantially outweighed by the danger of unfair prejudice." *United States v. Carter*, 953 F.2d 1449, 1458 (5th Cir. 1992).

I.   **"WITNESS C'S" PRIOR CONVICTIONS ARE ADMISSIBLE.**

Witness C is a former VECO employee who allegedly performed work on Senator Stevens's Girdwood, Alaska residence that is the subject of the indictment in this case. Although Witness C apparently will be a principal government witness against Senator Stevens, the government seeks to exclude from the jury's consideration his prior convictions for manslaughter (a felony), failure to assist (a felony), and DWI (a misdemeanor). The motion should be denied.

   A.   **Witness C's Convictions for Felony Manslaughter and Felony Failure To Assist Are Admissible Under Federal Rule of Evidence 609.**

The government concedes that Witness C's felony convictions for manslaughter and failure to assist are "punishable by . . . imprisonment in excess of one year," Fed. R. Evid.

3

609(a)(1), but contends that evidence of these convictions should nevertheless be excluded under Fed. R. Evid. 403 because they are more than ten years old and would be more prejudicial than probative. Gov't Mot. at 7-8. The government's position is meritless. The Court should not exclude these very serious crimes from the jury's consideration of this witness's credibility.

The government has failed to provide any information about the nature of Witness C's felonies or his expected testimony, and accordingly it cannot establish that the evidence should be excluded as unduly prejudicial. "Among the factors pertinent to an inquiry into whether the probative value of the prior conviction outweighs its prejudicial effects are the nature of the crime, the time of the conviction, . . . the importance of the [witness]'s testimony, and the degree to which the [witness]'s credibility is central to the case." *United States v. Jackson*, 627 F.2d 1198, 1209 (D.C. Cir. 1980). "This list does not exhaust the range of possible factors, but it does outline the more basic concerns relevant to the balancing under Rule 609(a)(1)." *Id.*; *see also Pettiford*, 238 F.R.D. at 41 (identifying a five-factor balancing test); *United States v. Knight*, No. 07-81 (CKK), 2007 WL 1760939, at *3 (D.D.C. June 18, 2007) (same).

The government's motion explains only that Witness C committed manslaughter and that, on a separate occasion, he feloniously failed to assist another after an "accident resulting in injury to or death of a person or damage to a vehicle." Mot. at 2 (citing Alaska Stat. § 28.35.060). The government has refused to provide any further detail about these very serious crimes,[1] for example: who Witness C killed; why and how he did so; who was the victim of the "accident" whom Witness C failed to assist; the nature of the accident; whether Witness C in fact caused the accident; what injuries the victim suffered; what other charges were brought against Witness C in these cases; and whether his convictions resulted from guilty pleas or trials. Of

4

equal importance, the government also has failed to explain what role it expects Witness C to play as a government witness at trial.

Without this information, it is not feasible for the Court to weigh the probative value of the impeachment evidence against the unfair prejudice it would allegedly cause to the government. As the D.C. Circuit held in *Jackson*—itself a case in which a manslaughter conviction was used to impeach a witness—this balancing test cannot be determined blindly, but instead depends upon an assessment of the nature of the witness's crime, the topics on which he will be asked to testify, the importance of his testimony to the government's case, and the centrality of issues of credibility to the defense. *Jackson*, 627 F.2d at 1209; *see also United States v. Pickard*, 211 F. Supp. 2d 1287, 1291 (D. Kan. 2002) (denying in part government motion *in limine*; "Any attempt to preclude the introduction of evidence when we do not know all of the details is difficult, at best.").

In this evidentiary vacuum, it is impossible to conclude that convictions for felony manslaughter and felony failure to assist do not implicate Witness C's credibility. On the contrary, courts have found that both of these crimes may be admissible under Rule 609. In *United States v. Butch*, 48 F. Supp. 2d 453, 466 (D.N.J. 1999), *aff'd*, 256 F.3d 171 (3d Cir. 2001), the defendant sought to exclude evidence of a conviction for "fail[ure] to comply with his duty to . . . render assistance in connection with an accident involving death or injury" on the ground that it did not reflect on his propensity to tell the truth. *Id.* (ellipsis in original). At the government's urging, the court disagreed, finding:

> Contrary to defense counsel's characterizations, Butch's 1989 state conviction is particularly relevant to his credibility. The fact that Butch was convicted of, among other things, leaving the scene of

---

[1] Senator Stevens's counsel specifically requested such detail, and the government refused to provide it. *See* Exs. 1, 2. (letter exchange).

5

>an accident involving a serious injury, which he caused, is
>probative of Butch's efforts to avoid responsibility for his criminal
>acts. This goes directly to the heart of Butch's credibility, should
>he choose to testify in his own defense.

*Id.* at 467 (citation omitted). So too, courts have found that a felony manslaughter conviction is admissible to impeach a witness's credibility. *See Jackson*, 627 F.2d at 1210 (affirming, as proper exercise of the district court's discretion, order permitting the use of a manslaughter conviction to impeach defendant's testimony); *United States v. Russo*, 540 F.2d 1152, 1156 (1st Cir. 1976) (same).

It is no answer that these felonies may have occurred more than ten years ago.[2] Even if Witness C completed his incarceration more than ten years prior to his testimony, evidence of his convictions nevertheless would be admissible because "the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). The factors that this court must consider in striking that balance are identical to those required in a Fed. R. Evid. 403 determination. *See United States v. Sloman*, 909 F.2d 176, 181 (6th Cir. 1990) (applying five-factor balancing test to Rule 609(b)) (*citing Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967)). Because the government has failed to provide the Court with sufficient information about the crimes to make such a determination, its motion to exclude these convictions should be denied.

---

[2] The government has not established this fact. Although Witness C's felony manslaughter charges and felony failure to assist convictions apparently were entered more than ten years ago, the time limit set forth in Fed. R. Evid. 609(b) does not come into play unless more than ten years have elapsed since the witness *completed his incarceration*. The government has provided no information as to the sentence Witness C received, let alone when he completed serving it.

### B. Each of Witness C's Criminal Convictions Is Also Relevant To Establish His Motive To Testify Favorably to the Government.

Witness C's criminal history is also relevant and admissible for a separate reason: It affects his exposure for any crimes for which he is currently under investigation, including in connection with the allegations of this case. The government does not appear to dispute that Senator Stevens has the right to cross-examine a government witness concerning any leniency or other considerations received as a result of his cooperation. Mot. at 1 n.1. But the witness's criminal history cannot logically be excluded from any such examination. Depending upon the length of sentence imposed for his prior crimes, Witness C's criminal history could affect his guidelines range in sentencing for any new offenses.[3] That history is therefore integral to explaining the benefit that Witness C may receive for testifying against Senator Stevens, and directly bears upon the potential for bias in his testimony. Senator Stevens is fully entitled to introduce such evidence. *See United States v. Landerman*, 109 F.3d 1053, 1061 n.12 (5th Cir. 1997) (Criminal histories are admissible, without regard to Rule 609, if used to show "bias or ulterior motive for testifying.").

Witness C's conviction for driving while intoxicated is relevant and admissible for yet another reason directly relevant to the substance of the charges as defense counsel will explain in full to the Court in the form of an *ex parte* proffer. An *ex parte* submission is necessary to preserve Senator Stevens's Fifth Amendment right to avoid revealing "the nature of his defense in advance of the presentation of his evidence at the trial," *United States v. Poindexter*, 727

---

[3] The Government alleges the commencement of a conspiracy by VECO employees to confer benefits on Senator Stevens as early as 2000. Depending upon the length of sentence imposed, Witness C's 1985 and 1986 felony convictions may affect his guidelines range. *See* U.S. Sentencing Guidelines Manual §§ 4A1.1(a), 4A1.2(e)(1) (2007). Likewise, Witness C's 1999 DWI conviction affects his criminal history score for future sentencing. *Id.* §§ 4A1.1(b), (c), 4A1.2(e)(2).

F. Supp. 1501, 1507 (D.D.C. 1989), and to protect his Sixth Amendment right to confront his accusers. In the related circumstance of Rule 17 discovery, courts consistently permit defendants to seek Rule 17(c) subpoenas on an *ex parte* basis "to avoid disclosing their trial strategy to the government." *United States v. Reyes*, 162 F.R.D. 468, 470 (S.D.N.Y. 1995); *see also United States v. Tomison*, 969 F. Supp. 587, 593 (E.D. Cal. 1997) (defendant's "right to protect his trial strategy" requires *ex parte* communications for Rule 17(c) subpoenas); *United States v. Meriwether*, 486 F.2d 498, 506 (5th Cir. 1973); *United States v. Beckford*, 964 F. Supp. 1010, 1019 (E.D. Va. 1997); *United States v. Dale*, 1995 WL 495995, at *1 (D.D.C. 1995) (utilizing *ex parte* proffer). Similarly, courts will permit motions *in limine* and oppositions thereto to be submitted *ex parte*. *See, e.g., United States v. Belk*, 2002 WL 264894, *1 (S.D.N.Y. 2002).

## II.   "WITNESS D'S" PRIOR CONVICTIONS ARE ADMISSIBLE.

Witness D is also a former VECO employee who allegedly performed work at the Senator's Girdwood residence that is the subject of the indictment. He too is expected to be a key government witness. Witness D's convictions are admissible either to impeach his credibility or to establish his motive to testify favorably for the government.

### A.   Witness D's Conviction for Failing To Give Information of an Accident Is Admissible To Impeach His Credibility.

Witness D's 1987 conviction for Failing to Give Information of an Accident is a crime of dishonesty and therefore admissible to impeach his character for truthfulness under Rule 609(a)(2). Under the governing Alaska statute, that offense is committed when a "driver of a vehicle involved in an accident resulting in bodily injury to or death of a person or total property damage to an apparent extent of $2,000 or more" fails to report the accident as required by Alaska law. Alaska Stat. §§ 28.35.080(a), 28.35.110(b) (2008).

That Witness D was involved in a serious accident—one that involved death, bodily injury or significant property damage—and failed to report it, "goes directly to the heart of [his] credibility." *Butch*, 48 F. Supp. 2d at 467. The conviction is therefore admissible under Rule 609(a)(2), "regardless of the punishment." As for the government's suggestion that the conviction can be independently excluded under Rules 403 or 609(b), Mot. at 6-7, here again the government has failed to provide any of the necessary context—the circumstances of the offense, the subjects upon which Witness D will testify, and the importance of that testimony to the overall case. *Jackson*, 627 F.2d at 1209; *Sloman*, 909 F.2d at 181. As a result, there is no basis on the current record for the Court to exclude the evidence under the balancing test mandated by Rules 403 or 609(b).

### B. Witness D's 2005 Reckless Driving Conviction May Be Admissible To Establish His Motive To Testify Favorably to the Government.

As discussed above with respect to Witness C, *see* Section I.B, *supra*, a prior conviction may be admissible to show a witness's motivation to testify favorably to the government in the hope of receiving lenient treatment with respect to his criminal history category at sentencing. The same considerations may apply to Witness D's recent conviction for reckless driving.

State law reckless driving convictions factor into defendants' criminal history scores whenever they include a "term of probation of more than one year or a term of imprisonment of at least thirty days." U.S. Sentencing Guidelines § 4A1.2(c)(1) (2007). Pending disclosure by the government of additional information concerning Witness D's conviction and sentence, the fact of his conviction may well be relevant to the jury's understanding of the benefit he may be receiving for testifying against Senator Stevens, and it is admissible on that basis.

9

## CONCLUSION

For the foregoing reasons, the government's motion *in limine* should be denied, or in the alternative deferred pending the government's disclosure of the witnesses' anticipated role at trial and the circumstances of their prior offenses.

Dated: August 25, 2008

                Respectfully submitted,

                WILLIAMS & CONNOLLY LLP


By:    /s/ Robert M. Cary
         Brendan V. Sullivan, Jr. (Bar No. 12757)
         Robert M. Cary (Bar No. 431815)
         Alex G. Romain (Bar No. 468508)

         725 Twelfth Street, N.W.
         Washington, D.C. 20005
         (202) 434-5000
         (202) 434-5029 (facsimile)

         *Attorneys for Defendant Theodore F. Stevens*

# Exhibit 1

LAW OFFICES
## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

ROBERT M. CARY
(202) 434-5175
rcary@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 21, 2008

**VIA E-MAIL**

Brenda K. Morris
Deputy Chief
Public Integrity Section
U.S. Department of Justice
Criminal Division
1400 New York Avenue, NW
Washington, DC 20005

Re: United States v. Theodore F. Stevens, United States District Court for the District of Columbia, Crim. No. 08-CR-231 (EGS)

Dear Brenda:

I write regarding the "Government's Motion in Limine to Exclude Inflammatory, Impermissible Cross-Examination." That motion should have been filed on the public record. We intend to oppose your motion to file that motion under seal.

In an effort to reach a compromise, however, I can represent that we will not introduce evidence (or cross-examine Bill Allen) regarding the Anchorage Police Department investigation of Bill Allen without giving you advance notice so that the Court may rule on the issue first. We do request, however, that you immediately provide all information regarding that investigation under Brady and Giglio and their progeny so that we may evaluate the information.

In light of the representation that we will give you advance notice before raising the Anchorage Police Department investigation, we would hope that you would withdraw your original motion and refile it on the public record without reference to that investigation. This would alleviate the need for the Court to rule on whether your motion should have been filed under seal.

Please let me know if you are willing to enter into this compromise or if you have questions.

Sincerely yours,

*[signature]*

Robert M. Cary

# Exhibit 2



**U.S. Department of Justice**

Criminal Division

---

Washington, D.C. 20530

August 21, 2008

BY ELECTRONIC MAIL

Robert M. Cary, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

    Re:    *United States v. Theodore F. Stevens*
            Crim. No.08-CR-231(EGS)

Dear Rob:

    This is in response to your letter from earlier today concerning the government's submission filed *under seal* on August 14, 2008, in the above-referenced case. We disagree with your assessment that any pleading we have placed *under seal* was done so unnecessarily. At this time, we will not discuss any *sealed* matter pending with the Court in a letter to you. We respect your desire to raise with the Court any issue you determine necessary.

    We also understand our *Brady* and *Giglio* obligations and we will continue to provide you information pursuant to those obligations.

                                   Very truly yours,

                                   WILLIAM M. WELCH II, Chief

                                   Brenda K. Morris
                                   Principal Deputy Chief

                                   Nicholas A. Marsh
                                   Edward P. Sullivan
                                   Trial Attorneys
                                   Public Integrity Section

                                   Joseph W. Bottini
                                   James A. Goeke
                                   Assistant United States Attorneys