IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 08-231 (EGS) |
| THEODORE F. STEVENS, | ) ) ) | |
| Defendant. | ) ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF SENATOR STEVENS'S OPPOSITION TO
THE GOVERNMENT'S MOTION *IN LIMINE* CONCERNING
THE SPEECH OR DEBATE CLAUSE**

Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)
Alex G. Romain (Bar No. 468508)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*

August 29, 2008

Senator Stevens's Opposition to the Government's Motion *In Limine* (Dkt # 34) argues that the government's proposed evidence would violate the Speech or Debate Clause both on its face, because it inquires into legislative acts, and because it would require Senator Stevens to defend the charges against him by introducing privileged material. After filing the opposition, counsel identified an additional portion of the D.C. Circuit's opinion in *United States v. Rostenkowski*, 59 F.3d 1291 (D.C. Cir. 1995), which may bear upon this motion.

In *Rostenkowski*, the defendant was charged with misappropriation of congressional funds. He argued that the indictment should be dismissed because his prosecution would require him to introduce protected Speech or Debate evidence to defend himself. The Court disagreed, noting that "Rostenkowski points to nothing on the face of the indictment . . . to show that such a defense is necessary or that his legislative acts will ever be at issue in the trial." *Id*. at 1303. The Court further stated, "to the extent that Rostenkowski himself chooses to present evidence of his status or activities as a legislator, we agree with the Second and Third Circuits that the constitutional protection against his being 'questioned' for his legislative acts 'does not prevent [a Member of Congress] from offering such acts in his own defense, even though he thereby subjects himself to cross-examination.'" *Id.* (*quoting United States v. McDade*, 28 F.3d 283, 295 (3d Cir. 1994), and *citing United States v. Myers*, 635 F.2d 932, 942 (2d Cir. 1980)).[1]

This case presents a much different circumstance than *Rostenkowski*. Senator Stevens does not argue that his indictment must be dismissed because he would be required to introduce Speech or Debate material in his defense. Rather, he argues for exclusion of

---

[1] The same year, in *United States v. Kolter*, 71 F.3d 425 (D.C. Cir. 1995), the Court declined to revisit *Rostenkowski* based on "facts that are indistinguishable" from *Rostenkowski* and where the defendant's speech or debate claim was "totally devoid of legal argument." *Id.* at 430-31.

extraneous evidence in part because it would require him to introduce such materials. Fundamental to the D.C. Circuit's decision in *Rostenkowski*, moreover, was that "nothing on the face of the indictment . . . show[ed] that such a defense is necessary or that [Rostenkowski's] legislative acts will ever be at issue in the trial." 59 F.3d at 1303. Here, by contrast, not only does paragraph 17 of the indictment indicate that legislative acts will be at issue, but the government has affirmatively moved to introduce evidence that would require such a defense.

Accordingly, this is not a case, like *Rostenkowski*, where the defense might freely "choose[]" to offer Speech or Debate evidence. *Id.* Unlike the cases there relied on, moreover, the introduction of legislative evidence is not "a matter of speculation" for the Court, *Myers*, 635 F.2d at 942, nor would its use merely be "tactically beneficial" to Senator Stevens, *McDade*, 28 F.3d at 294. Here, it is the government that proposes to "question" Senator Stevens regarding official acts, and he can only answer that evidence with Speech or Debate materials.

Dated: August 29, 2008

                    Respectfully submitted,

                    WILLIAMS & CONNOLLY LLP

By:    /s/ Robert M. Cary
        Brendan V. Sullivan, Jr., D.C. Bar No. 12757
        Robert M. Cary, D.C. Bar No. 431815
        Alex G. Romain, D.C. Bar No. 468508
        725 Twelfth Street, N.W.
        Washington, D.C. 20005
        (202) 434-5000

*Attorneys for Defendant Theodore F. Stevens*