# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                       )
UNITED STATES OF AMERICA,              )
                                       )
            v.                         )
                                       )        Crim. No. 08-231 (EGS)
THEODORE F. STEVENS,                   )
                                       )
        Defendant.                     )
_____)


**REPLY IN SUPPORT OF MOTION TO DISMISS
COUNT I AS TIME-BARRED AND DUPLICITOUS OR, IN THE ALTERNATIVE,
TO COMPEL THE GOVERNMENT TO ELECT BETWEEN
COUNT I AND COUNTS II-VII ON GROUNDS OF MULTIPLICITY
(SENATOR STEVENS'S PRE-TRIAL MOTION NO. 2)**


Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)
Alex G. Romain, D.C. Bar No. 468508
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*


September 2, 2008

## I.      COUNT I SHOULD BE DISMISSED AS TIME-BARRED.

The government contends that it may allege and prove acts far predating the applicable five-year limitations period, because § 1001(a)(1) is a "continuing offense" or, alternatively, because the indictment alleges a long-running "scheme" extending into the limitations period.  Neither of these rationales survives scrutiny.

### A.      18 U.S.C. § 1001(a)(1) Is Not a Continuing Offense.

Ordinarily, a criminal statute of limitations begins to run on the first day that the elements of the offense are satisfied, such that the defendant may be criminally charged at that time.  *See Toussie v. United States*, 397 U.S. 112, 115 (1970) ("statutes of limitations normally begin to run when the crime is complete" (alteration and quotation marks omitted)).  A narrow exception exists for "continuing offenses," for which the limitations period does not begin running until some later date.  Section 1001(a) is not such an offense.

*Toussie* is the controlling Supreme Court precedent on continuing offenses.  It commands that a continuing offense is to be found *if and only if* "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one."  397 U.S. at 114-15.  The government's opposition does not engage in a *Toussie* analysis, instead suggesting in a footnote that the Supreme Court's seminal authority on continuing offenses applies only to draft evaders.  Opp. at 6 n.1.

Applying *Toussie*, it is apparent that § 1001(a) is not a continuing offense.  The statute punishes those who make false statements to the government, including "whoever, in any matter within the jurisdiction of the . . . Government of the  United States, knowingly and willfully -- . . . falsifies , conceals, or covers up by any trick, scheme, or device a material fact."  18 U.S.C. § 1001(a)(1)(2000).  Section 1001 is not "explicit" that it is a continuing offense for

limitations purposes, nor is there anything about the act of concealing a material fact from the government (whether by "trick," "scheme" or otherwise) that necessarily demands that the statute of limitations should not begin to run upon the occurrence of the act of concealment (here, allegedly the filing of a false Financial Disclosure Form).

Rather than addressing the controlling precedent, the government relies almost entirely upon *United States v. Hubbell*, 177 F.3d 11 (D.C. Cir. 1999), but it takes grave liberties in describing that case. *Hubbell* does <u>not</u> address the question of whether or not 18 U.S.C. § 1001 is a continuing offense, for the simple reason that <u>no statute of limitations claim was asserted there</u>. *See also United States v. Mubayyid*, -- F. Supp. 2d --, No. 05-40026-FDS, 2008 WL 2856415, at *15 (D. Mass. July 24, 2008) (because *Hubbell* did not address *Toussie*, it was immaterial to the question of whether 18 U.S.C. § 1001 is a continuing offense).  In the passage the government quotes, Opp. _, *Hubbell* cited *Bramblett v. United States*, 231 F.2d 489 (D.C. Cir. 1956), for a different proposition, not statute of limitations.  While *Bramblett* (unlike *Hubbell*) in fact did address a statute-of-limitations claim, *Bramblett* was decided long before *Toussie*, and its reasoning and result quite obviously do not survive the Supreme Court's strict limitations on continuing offenses.  *See United States v. Gremillion-Stovall*, 397 F. Supp. 2d 798, 802 (M.D. La. 2005) ("*Bramblett* was decided before *Toussie* and, therefore, does not contain the analysis mandated by the Court in that case.").[1]

The government has not cited one case holding that 18 U.S.C. § 1001 is a continuing offense under *Toussie*.[2]  It clearly is not.

---

[1] Though it is cited prominently in Senator Stevens's opening memorandum, the government's opposition fails to mention *Gremillion-Stovall*.

[2] Contrary to the government's characterization, *United States v. Shaw*, 150 F. App'x 863 (10th Cir. 2005), does not stand for the proposition that "§ 1001 scheme offenses are in fact continuing offenses."  Opp. at 5.  It addresses <u>only</u> the question of whether a scheme offense can bridge the

**B.    Count I Alleges Offenses Whose Elements Were Satisfied Prior to the Applicable Limitations Period.**

Because § 1001(a) is not a continuing offense, the five-year limitations period began to run on the first day its elements allegedly were satisfied.  *See United States v. Musacchio*, 968 F.2d 782, 790 (9th Cir. 1992) ("statute of limitations begins to run when 'the crime is complete'") (*quoting Toussie*, 397 U.S. at 115).  The statute has five elements:

> (1) [T]he defendant must make a statement, or have a duty to disclose the information; (2) the statement must be false, or there must be acts amounting to concealment; (3) the statement or concealed facts must be material; (4) the person must make the statement or conceal the facts knowingly and willfully; and (5) the statement or concealed information must concern a matter within the jurisdiction of a federal department or agency.

*United States v. Moore*, 446 F.3d 671, 677 (7th Cir. 2006).  The statutory term "scheme" refers to one of the potential "acts amounting to concealment" that could lead to a violation.  *See* 18 U.S.C. § 1001(a)(1) ("falsifies , conceals, or covers up <u>by any trick, scheme, or device</u> a material fact" (emphasis added)).  In other words, while a "scheme" may be a component of the offense, 18 U.S.C. § 1001 does not criminalize a "scheme" per se.[3]  Instead, the offense is the making of material false statements or concealment of material information in the face of a duty to disclose to the government; and the "scheme" merely refers to the manner in which that impermissible goal must be achieved.  *See United States v. Safavian*, 528 F.3d 957, 965 n.8 (D.C. Cir. 2008)

---

statute of limitations period.  The court in *Shaw* clearly stated that its analysis of that question was "not to be confused with the continuing offense doctrine," and that "§ 1001 <u>is not a continuing offense crime for statute of limitations purposes</u>."  150 F. App'x at 876 n.27 (emphasis added) (*citing United States v. Dunne*, 324 F.3d 1158, 1166 (10th Cir. 2003) (cited in Mem. at 2)).  Similarly, the government twists a single footnote in *Mubayyid* to obscure that court's clear holding that "the crime described in 18 U.S.C. § 1001(a)(1) is <u>not a continuing offense</u>."  *Mubayyid*, WL 2856415, at *15 (emphasis added) (internal quotation marks omitted).

[3] Section 1001 thus differs dramatically from the crime of conspiracy—an offense to which the government repeatedly attempts to analogize—which criminalizes an illicit agreement.  *See* 18 U.S.C. § 371 (2000).

("concealment <u>must be accomplished in a particular way</u>:  by a trick, scheme, or device")
(emphasis added) (internal quotation marks omitted); *see also United States v. St. Michael's
Credit Union*, 880 F.2d 579, 592 (1st Cir. 1989) ("When the prosecution is for a cover up or
concealment, however, there is the additional requirement of proving a trick, scheme or device.
To establish this the government <u>must prove some affirmative act of concealment</u>." (citation
omitted)).[4]

   Here, the government contends that Senator Stevens's "acts of concealment" were
the filing of multiple Financial Disclosure Forms that omitted material information.  *See*
Indictment ¶¶ 45-46.  These filings are the only acts charged in Count I that conceivably could
represent a "scheme" to conceal a material fact within the jurisdiction of the U.S. Government.[5]
(While the indictment also cites unexplained false statements to friends, staff and the media, *see*
Indictment ¶ 16, such falsehoods are not actionable under § 1001.)

   A Financial Disclosure Form addresses the finances of a Senator <u>only</u> for a single
calendar year.  *See* 1999 United States Senate Public Financial Disclosure Report Form
Instructions (Attached as Ex. 1); 2000 United States Senate Public Financial Disclosure Report
Form Instructions (Attached as Ex. 2).  The filing of each annual Financial Disclosure Form
therefore closed the loop on any offense of concealment regarding the year to which it applied.
Senator Stevens would have been required to disclose gifts and liabilities in 1999, for example,

---

[4] The statute's use of the term "scheme" together with "device" and "trick" is particularly
instructive.  If the government had alleged that Senator Stevens accomplished the act of
concealing his improper receipt of things of value from VECO and others through the "device"
of filing false Financial Disclosure Forms, the nature of the charges against Senator Stevens
would not be materially altered.  Yet the government presumably would not contend that the
term "device" can be inflated to sweep in acts dating back to 1999.

[5] Senator Stevens does not concede that the filing of a false Senate Financial Disclosure Form,
without more, can constitute a "scheme" under § 1001(a)(1) as a matter of law.

on the Financial Disclosure Form he filed in the spring of 2000, and the statute of limitations for any allegedly "concealed" 1999 gifts and liabilities began to run at that time.  If, as the government contends, the Senator took actions in 1999 that were improperly omitted from his Financial Disclosure Form in 2000, that charge could have and should have been brought within five years of the day he filed it.

United States v. Gremillion-Stovall is directly on point.  There, the government charged a defendant with a violation of 18 U.S.C. § 1001(a)(1) in connection with identical concealments on three successive forms filed between April 14, 1998 and February 22, 1999.  397 F. Supp. 2d at 802.  The government contended that all three filings were part of a "scheme" to conceal the facts in question.  The court disagreed.  It also distinguished United States v. Heacock, 31 F.3d 249 (5th Cir. 1994), the case on which the government here principally relies.

> According to the indictment, in making each application, Defendant concealed the fact that Mr. Stovall resided with her and earned substantial wages.  The government admits that [this] case could have been brought and proved when Defendant made each individual application for benefits.  Therefore, unlike Heacock, each alleged application was a completed offense, not merely an act in a prolonged scheme.

Gremillion-Stovall, 397 F. Supp. 2d at 802 (emphasis added) (internal quotation marks omitted).[6]

The reasoning in Gremillion-Stovall—in which the same misrepresentation was allegedly made on several separate occasions—applies with even greater force here where each Financial Disclosure Form addresses a distinct and discrete time period.  The statute of limitations began to run on any § 1001 charges stemming from a Financial Disclosure Form on

---

[6] Significantly, the Gremillion-Stovall court sat within the Fifth Circuit, where Heacock was binding precedent.  Yet, the court found Heacock not to be controlling in the circumstances of that case.

the day that form was filed.  The government cannot now revive time-barred allegations through a legally misguided "scheme" theory.

### C.    Count I Cannot Be Cured Through a Jury Instruction.

When an indictment alleges an offense that cannot be prosecuted because of a statute of limitations, the appropriate remedy is dismissal.  *See, e.g.*, *United States v. Hitt*, 107 F. Supp. 2d 29 (D.D.C. 2000), *aff'd*, 249 F.3d 1010 (D.C. Cir. 2001).  This case should be no exception.  Count I of the indictment alleges a series of acts, many of which are time-barred.  Accordingly, it is impossible for Senator Stevens to be assured that the grand jury intended to indict him for any offense that occurred within the permissible time period.  *See id.* at 37.  A jury instruction cannot cure this facial insufficiency in the indictment, and Count I should be dismissed.

## II.    COUNT I SHOULD BE DISMISSED AS DUPLICITOUS.

As discussed above, each annual Financial Disclosure Form that allegedly concealed material information necessarily constitutes a separate alleged offense under § 1001(a)(1).  Because Count I charges that multiple annual Forms concealed material information, it is improperly duplicitous.  But even if the government somehow were permitted to craft a single "scheme" under § 1001(a)(1) that includes multiple annual Forms, the indictment here does not allege such a scheme.

In *United States v. Bruce*, 89 F.3d 886, 887-89 (D.C. Cir. 1996), the Court addressed an indictment for bank fraud, which requires a showing that the defendant "knowingly execute[] . . . a scheme or artifice . . . to defraud a financial institution."  18 U.S.C. § 1344 (2000).[7]  The indictment purported to charge, in one count, a lengthy multi-step offense.  The

---

[7] Unlike § 1001(a)(1), under § 1344 the "scheme" is the offense that is "executed"; it is not merely the manner of executing the offense.

government contended that all of the underlying executions made up a single "scheme" and that it had properly alleged one count rather than charging multiple counts predicated on each execution (as it apparently could have done). *Bruce*, 89 F.3d at 887-89. The Court held that such a charging decision was permissible if, and only if, the "indictment was written <u>so as to allege only one execution of an ongoing scheme</u>." *Id.* at 890 (emphasis added) (internal quotation marks omitted).

*Bruce* featured prominently in Senator Stevens's opening memorandum, but the government's opposition barely mentions it and does not seriously contend that this indictment pleads a single scheme as defined there. Unmistakably, Count I of the indictment cannot stand under the *Bruce* standard. Even under the government's legally over-broad conception of the scheme, the indictment does not allege "one execution" of that scheme. Rather, Count I alleges that Senator Stevens "sought to conceal and cover up his receipt of things of value by filing Financial Disclosure <u>Forms</u> that contained false statements and omissions." Indictment ¶ 46 (emphasis added); *cf. Bruce*, 89 F.3d at 889 (indictment alleged receipt of a specific cashier's check on a specific date for the purpose of "executing and attempting to execute a scheme").

Ignoring *Bruce*, the government instead relies wholly on *Hubbell*, which contains a brief discussion of duplicity in the context of a much larger analysis of the defendant's vagueness challenge. 177 F.3d at 14. The panel in *Hubbell* nowhere suggests that it is overruling the much more developed discussion of duplicity in *Bruce*, nor could it have done so. On the contrary, the *Hubbell* decision does not address *Bruce* at all, and merely rejects a duplicity challenge on the ground that the indictment properly charged a scheme made up of multiple acts. *Id.* As discussed above, the acts alleged here (filing discrete annual Forms) are

not properly pled as a single "scheme."  Even if they were, the indictment does not plead a single "execution" as *Bruce* requires.

Count I of the indictment charges multiple offenses in a single count.  It therefore is duplicitous and should be dismissed.

## III.    IN THE ALTERNATIVE, THE GOVERNMENT MUST ELECT BETWEEN COUNT I AND COUNTS II-VII.

If Count I somehow were to survive the limitations and duplicity challenges, it would render the indictment multiplicitous, because Count I charges the same conduct as Counts II through VII.  As the government concedes, the test for multiplicity is whether the individual counts require proof of different facts.  *See Blockburger v. United States*, 284 U.S. 299 (1932); *United States v. Cisneros*, 26 F. Supp. 2d 24 (D.D.C. 1998).  In Count I, the indictment alleges that Senator Stevens made materially false statements and omitted other material facts from his Financial Disclosure Forms.  Indictment ¶ 45.  In Counts II-VII, the indictment alleges that Senator Stevens made materially false misstatements on those same forms.  *See, e.g.*, Indictment ¶¶ 50-52.  Thus, conviction under either Count I or Counts II-VII does not require proof of different facts—quite the contrary, the face of the indictment makes clear that the government has indicted on the basis of the exact same facts.  If the Court does not dismiss Count I, therefore, the government should be compelled to elect between Count I and Counts II-VII.

## CONCLUSION

For the foregoing reasons, and those set forth in the opening Memorandum, Count I of the indictment should be dismissed for alleging offenses barred by the statute of limitations and as duplicitous.  In the alternative, the government should be required to elect between Count I or Counts II-VII.

Dated:  September 2, 2008

Respectfully submitted,

WILLIAMS & CONNOLLY LLP


By:     /s/  Robert M. Cary
Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)
Alex G. Romain, D.C. Bar No. 468508
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*

# Exhibit 1

# United States Senate
# Public Financial Disclosure Report
# Form Instructions

# 1999

Revised 3/00

# UNITED STATES SENATE PUBLIC FINANCIAL DISCLOSURE REPORT

This form contains two cover pages, ten sections for reporting certain items held by you, your spouse, or your dependent child, and detailed instructions for completing the form.

**COVER PAGE:** Choose the cover page which covers the type of report which you are filing. Annual and Termination filers use one cover page, New Employees and Candidates use the other page. These pages are clearly marked at the top. If you do not choose the correct cover page, the questions asked on that page will not correspond to your required reporting.

**PARTS I-X:** After you have read the instructions at the back of this booklet, you must determine whether you have items to report on each of the applicable Parts. To determine which Parts must be completed and attached, answer the questions on the appropriate cover page. For each question checked "YES," complete and attach that Part in accordance with the instructions. For each question checked "NO," no further report is required. If you do not check either "YES" or "NO" for each applicable question, your form may be deemed incomplete.

Once your form is complete, **sign and date your form** at the bottom of the cover page. Make sure you have completed the information regarding your filing status at the top of the cover page.

The due date for annual reports is **May 15.** The due dates for new employee, candidate, and termination reports are described on the first two pages of the instructions. In the event that May 15 or other filing date falls on a weekend, or other holiday, the filing deadline shall be on the next business day.

Requests for extensions of time for filing must be in writing and sent to the Committee at the address below. The Committee may grant an extension up to 90 days beyond the due date. A candidate may not file their first report later than 30 days before the election regardless of any extension granted by the Committee.

Before filing, separate the pages and file only those required. Be sure you have completed each applicable section on the cover page including filer information and status.

Please contact the Committee if you need additional assistance in completing this form, or if you are unsure of your filing requirements. If you have been requested to complete this form and believe this request is in error, you must notify the Committee in order to determine whether this report is required.

A $200 late filing fee shall be assessed against any individual who files more than 30 days after the due date of a report or the due date of any extensions granted by the Committee.

Your completed form (and any subsequent amendment) must be filed with the

**Secretary of the Senate**
**Office of Public Records**
**232 Hart Senate Office Building**
**Washington, D.C. 20510**

Additional forms may be obtained from the Select Committee on Ethics at 220 Hart Senate Office Building, United States Senate, Washington, D.C. 20510. Telephone: (202) 224-2981.

Previous Editions Cannot Be Used

# PUBLIC FINANCIAL DISCLOSURE REPORT FOR THE UNITED STATES SENATE

## I. Introduction

Title I of the Ethics in Government Act of 1978, as amended (the "Act," 5 U.S.C. app., Section 101 et seq., also adopted as Senate Rule 34) and Senate Rule 41.1 require certain members, officers and employees of the U.S. Senate, related offices, and candidates for the Senate to file Financial Disclosure Statements with the Secretary of the Senate, Office of Public Records. The Act gives the Senate Select Committee on Ethics the authority to administer the Act for the Senate, promulgate the Senate Financial Disclosure Report Forms and Instructions and issue advisory opinions regarding the Act for the Senate and related offices and Senate candidates. If you need additional information about completing these reports, or wish to obtain a copy of the Interpretative Rulings of the Select Committee on Ethics, please contact the Committee at 220 Hart Senate Office Building, Washington, D.C. 20510.

## II. Who Must File

**Members of the United States Senate** must file: Annual Reports for each year they remain in office; a Termination Report upon leaving office; and in the case of a Member who did not file as a candidate, a New Employee Report.

**Officers and Employees of the Legislative Branch** who assume a position wherein they expect to be compensated for a period in excess of 60 days during a calendar year at the annual rate of pay equal to or in excess of 120% of the basic rate of pay in effect for Grade GS-15 of the General Schedule (5 U.S.C. 5223) must file a New Employee Report. An individual would not file a New Employee Report if he or she, within 30 days of assuming this position, had left another position in which they were required to file a public disclosure form under Title I of the Ethics in Government Act. If the individual has served in excess of 60 days during a calendar year at the annual rate of pay equal to or in excess of 120% of the basic rate of pay in effect for Grade GS-15 of the General Schedule, he or she must file an Annual Report or a Termination Report, whether or not a New Employee Report was filed.

Part-time employees are required to file if their rate of pay after adjustment to reflect full-time service would be greater than 120% of the basic rate of pay in effect for Grade GS-15 of the General Schedule. For information on how to treat bonuses in computing annual rates of pay, see Interpretative Ruling 435.

For purposes of these instructions, the Legislative Branch includes the Senate, the General Accounting Office, the Office of the Attending Physician, and any agency or commission established in the legislative branch where the statute establishing such agency or commission designates filing with the Secretary of the Senate, or if there is no designation, any agency or commission established in even numbered calendar years. An employee of the Senate includes any individual, other than a Senator or the Vice President, whose compensation is disbursed by the Secretary of the Senate, and any individual who, pursuant to Senate Rule 41(4)(c) has agreed to comply with the Senate Code of Official Conduct.

A **Principal Assistant** must be designated each year to file an Annual Report by each Member who does not have an employee compensated in excess of 60 days at a rate equal to or in excess of 120% of the annual rate of basic pay in effect for grade GS-15 of the General Schedule. A Principal Assistant would also file a Termination Report if he or she leaves Senate employment during that year.

**Political Fund Designees** must file an Annual Report for each calendar year in which they are designated to handle political funds at any time during that calendar year, pursuant to Senate Rule 41. A Political Fund Designee must also file a Termination Report within 30 days of leaving that filing position unless they continue to hold another filing position.

**Fellows, reemployed annuitants, and other** individuals serving in the Senate whose outside salary is treated as if it is disbursed by the Secretary of the Senate (per Rule 41.2-41.4) must file as if that individual is a full-time employee of the Senate. Contact the Ethics Committee for confirmation on whether or not your service meets the requirements of Rule 41.

**Candidates for the Senate** must file a Senate Public Financial Disclosure Report for each calendar year they continue to be a candidate whether or not they are elected. The candidate would follow all instructions for a Candidate Report. For purposes of this report, "candidate" is an individual: who seeks nomination for election, or election, to Federal office; and has received contributions aggregating in excess of $5,000, or has made

expenditures aggregating in excess of $5,000; or the individual has given his or her consent to another to receive contributions or make expenditures on his or her behalf aggregating in excess of $5,000. "Election" means (1) a general, special, primary, or run-off election, or (2) a convention or caucus of a political party which has authority to nominate a candidate. For candidates who withdraw their candidacy, see Interpretative Ruling No. 413.

## III. When to File

*New Employee Reports*: Within 30 days after assuming a position in the legislative branch (described above), unless such individual has left another public filing position specified in Title I of the Ethics in Government Act within 30 days prior to assuming the new position, or has already filed a report as a candidate for the position (Senators).

*Annual Reports*: No later than May 15th annually. In the event that May 15th or other filing date falls on a weekend or a holiday, the filing deadline shall be on the next business day.

*Termination Reports*: In the event an individual terminates the filing position, and does not accept another public filing position described above within 30 days, the report must be filed no later than 30 days after termination.

*Candidate Reports*: Within 30 days after becoming a candidate for nomination or election to the office of Member of the United States Senate, or by May 15 of that calendar year, whichever is later, but at least 30 days before the election, and on or before May 15 of each succeeding year an individual continues to be a

candidate. A candidate who currently holds an elected position in the United States Congress is not required to file a Candidate Report.

## IV. Where to File

Reports (and amendments to Reports) should be filed with the Secretary of the Senate, Office of Public Records, Room 232, Hart Senate Office Building, U.S. Senate, Washington, D.C. 20510.

## V. $200 Penalty for Late Filing

Any individual who is required to file this report and does so more than 30 days after the date the report is required to be filed, or, if an extension is granted, more than 30 days after the last day of the filing extension period shall be subject to a $200 penalty (fine). Such penalty must accompany the disclosure report when filed with the Secretary of the Senate and must be made payable for deposit in the U.S. Treasury. In extraordinary circumstances this fee may be waived by the Select Committee on Ethics. A waiver of the penalty fee must be requested in writing and should indicate the circumstances believed to justify the waiver.

## VI. Timeliness of Filing

Reports shall be deemed to have been filed in a timely manner if they are delivered or postmarked on or before the due date. Please note, however, that the Postal Service will not postmark envelopes bearing the frank unless specifically requested. In the event that May 15th or other filing date falls on a weekend or a holiday, the filing deadline shall be the next business day.

A report filed more than 30 days after the date it is required to be filed, or more than 30 days after the last day of any filing extension granted by the Committee, must be accompanied by a certified check or money order in the amount of $200 made payable to the U.S. Treasury in order for the form to be deemed filed in accordance with the Ethics in Government Act.

## VII. Extensions

The Select Committee on Ethics may, in its discretion, grant reasonable extensions of time for filing reports. To obtain an extension, you must submit a written request to which the Committee shall respond in writing. The total of any extensions granted for any one report may not exceed 90 days under the law. An extension granted to a candidate is ineffective until the date such extension will result in a report being filed later than 30 days prior to an election in which the reporting individual is a candidate. The Committee will accept extension requests by facsimile.

## VIII. Failure to File or Falsifying Reports

Knowing or willful falsification of information, or failure to file or report information required to be reported by section 102 of the Act may subject you to a civil penalty of not more than $11,000 and to disciplinary action by the Select Committee on Ethics and/or any other appropriate authority under section 104 of the Act. Knowing and willful falsification of information required to be reported by section 102 of the Act may also subject you to criminal prosecution and sentencing under 18 U.S.C. 1001 and 18 U.S.C. 3571.

## IX. Review

The information contained in your report and any attachments thereto will be reviewed by the Select Committee on Ethics within 60 days of filing to determine whether such report is in compliance with applicable laws, rules, and regulations. If the review indicates an apparent error, omission, or discrepancy in your report, you will be notified and asked to correct or clarify the information by amendment within a certain time period. An amendment may be in the form of a revised report, corrected pages of your previously filed report, or an explanatory letter.

If you believe the amendment was requested in error, you must contact the Committee to indicate why you believe the request is in error. The Committee can then determine whether such an amendment or clarification is needed. Amendments should be filed with the Secretary of the Senate, Office of Public Records.

## X. Public Access

Your report may be disclosed within 30 days by the Secretary of the Senate to any requesting person pursuant to section 105 of the Act or as otherwise authorized by law. Any person requesting a copy of a report may be required to pay a reasonable fee to cover the cost of reproduction and mailing. You may inspect applications for public access of your own form upon request at the Office of Public Records, 232 Hart Senate Building, Washington, D.C. 20510. Except for unsuccessful candidates, all disclosure reports shall remain available for public inspection for a period of six years after receipt.

## XI. Unlawful Use of Reports

It is unlawful for any person to obtain or use a disclosure report: (1) for any unlawful purpose; (2) for any commercial purpose, other than by news and communications media for dissemination to the general public; (3) for determining or establishing the credit rating of an individual; or (4) for use, directly or indirectly, in the solicitation of money for any political, charitable, or other purpose.

The Attorney General may bring a civil action against any person who obtains or uses a report for any of the prohibited purposes mentioned above. A penalty may be assessed in any amount not to exceed $10,000 in addition to any other remedy available under statutory or common law.

---

## CONTENTS OF REPORTS

## General Guidelines for Completing the Public Financial Disclosure Report

### A. Reporting Periods

*Annual Reports:*

Parts I–VII: The reporting period is the preceding calendar year. Value assets and liabilities as of any date you choose that is within 31 days of the close of the reporting period.

Parts IV, V, and VI: Do not include transactions made, or gifts or reimbursements received, during a period when the filer was not a Federal employee.

Part VIII: List positions held at any time during the current year to the date of filing.

Part IX: Report agreements and arrangements

as of the date of filing.

Part X: First Time Filers only. Report sources of income in the two preceding calendar years and the current year.

*New Employee Reports and Candidate Reports:*

Parts II, IIIA, IIIB, and VII: The reporting period for income is the preceding calendar year and the current calendar year up to the date of filing this report. Value assets and liabilities as of any date you choose that is within 31 days of the close of the reporting period.

Parts I, IV–VI: Not applicable.

Part VIII: List positions held during the current and two previous calendar years.

Part IX: Report agreements and arrangements as of the date of filing.

Part X: First Time Filers only. Report sources of income in the two preceding calendar years and the current year.

*Termination Reports:*

Parts I–IX: The reporting period begins at the end of the period covered by your previous filing and ends at the date of termination of your filing position. Value assets and liabilities as of any date you choose that is within 31 days of the close of the reporting period. Otherwise, follow annual reporting periods.

Part X: First Time Filers only. Report sources of income in the two preceding calendar years and the current year.

### B. Disclosure of Information Concerning Spouse and Dependent Children

In addition to your individual financial information, you are required to report information concerning your spouse and

dependent children in several Parts of the form unless they meet the three-part exemption test (See Definitions of Terms: Exemption Test). You must also make the appropriate notation for each entry on each part to indicate that the asset, interest, obligation, income, etc. is that of your spouse or dependent child. Assets not so identified are presumed to be assets of the filer. The extent of the reporting requirement is noted in each Part. It is the responsibility of each reporting individual to ascertain whether a spouse or dependent child has, or had, any items reportable on the public disclosure report.

No report is required with respect to your spouse if he or she is living separate and apart from you with the intention of terminating the marriage or permanent separation. In addition, no report is required with respect to the receipt or payment of alimony, child support, or other property settlement arising from the dissolution of a marriage or the permanent separation from a spouse. There are other exceptions to the reporting of assets and income, transactions, and liabilities of a spouse or dependent child which are discussed in the instructions applicable to those subjects.

# C. Definitions of Terms

## Category of Amount

Reportable financial interests are disclosed either by actual amount or by category of amount, depending on the interest, as specified by the form. You may, but you are not required to, indicate an actual amount where the form provides for a category of amount or value. You may not indicate a category of amount where an exact amount is required.

## Dependent Child

The term "dependent child" means your son, daughter, stepson, or stepdaughter if such person is either: (1) unmarried, under age 21, and living in your household, or (2) a "dependent" of yours within the meaning of section 152 of the Internal Revenue Code of 1986.

## Excepted Investment Fund

As "excepted investment fund" is a mutual fund, common trust fund of a bank, pension or deferred compensation plan, or any other investment fund, which is: (1) widely held (i.e. has more than 100 participants or investors); and (2) publicly traded (or available) or widely-diversified; and (3) held under circumstances where you neither exercise control over nor have the ability to exercise control over the financial interests held by the fund. A fund is widely diversified when it holds no more than 5% of the value of its portfolio in the securities of any one issuer (other than the U.S. Government) and no more than 20% in any particular economic or geographic sector.

## Exemption Test

The reporting individual is not required to report assets, transactions, and/or liabilities which the reporting individual certifies: (1) represents the spouse's or dependent child's sole financial interest or responsibility and which the reporting individual has no knowledge of; (2) which are not in any way, past or present, derived from the income, assets, or activities of the reporting individual; and (3) which the reporting individual neither derives, nor expects to derive, any financial or economic benefit.

**Note:** It is EXTREMELY difficult for an asset to meet all three parts of this test, especially (3). For instance, if you file a joint tax return with your spouse, you derive a financial or economic benefit from the items involved and you are charged with knowledge of those items.

## Honoraria

The term "honoraria" means payments of money or anything of value for an appearance, speech, or article, excluding any actual and necessary travel expenses incurred by the individual (and one relative) to the extent that such expenses are paid or reimbursed by any other person, and the amount otherwise determined shall be reduced by the amount of any such expenses to the extent that such expenses are not paid or reimbursed.

## Relative

The term "relative" means an individual who is your father, mother, son, daughter, brother, sister, uncle, aunt, great uncle, great aunt, first cousin, nephew, niece, husband, wife, grandfather, grandmother, grandson, granddaughter, father-in-law, mother-in-law, son-in-law, daughter-in-law, brother-in-law, sister-in-law, stepfather, stepmother, stepson, stepdaughter, stepbrother, stepsister, half brother, half sister, your spouse's grandfather or grandmother, or your fiance or fiancee.

## Necessary Travel Related Expenses

The term "necessary travel related expenses" means the cost of transportation, and the cost of lodging and meals while a Member, officer, or

employee, or a relative of any such individual is away from his or her residence or principal place of employment.

Value

The term "value" means a good faith estimate of the dollar value if the exact value is neither known nor easily obtainable and is not otherwise required by the Instruction.

For personal property, you may use any of the following options to determine the value:

Option 1: value based upon a recent appraisal of the property interest;

Option 2: the book value of non-publicly traded stock, or the exchange value of corporate stock, or the face value of corporate bonds or comparable securities;

Option 3: the net worth of your interest (as in a business partnership or other jointly held business interest);

Option 4: the equity value of your interest (as in a solely owned business or commercial enterprise);

Option 5: statement balance (e.g., personal savings accounts, excepted investment fund, or any investment portion of an insurance policy);

Option 6: any other recognized indication of value (but any individual using this option must describe the method used to determine the value); or

Option 7: where the value of real property or a real estate partnership is not ascertainable without an appraisal; (a) the assessed value of real property for tax purposes adjusted to reflect current market value if the tax assessment is computed at less than 100% of current value (but an individual using this option should

describe the method used to determine this value and list an actual amount rather than a category of value on the financial disclosure report); or (b) the actual purchase price of the real property and the date of purchase (but both should be listed on the report form).

## D. Additional Assistance

If you need assistance in completing this form, contact either the Senate Select Committee on Ethics or the ethics official of the agency in which you serve, will serve, or have served.

## Specific Instructions For Completing the COVER PAGE and Attached PARTS

### COVER PAGE

### General Instructions

The form has two COVER PAGES. If you are an Annual or Termination filer, choose the COVER PAGE which indicates at the top that it is for Annual and Termination Reports. If you are a Candidate or New Employee, choose the COVER PAGE which indicates at the top that it is for Candidate and New Employee Reports. It is extremely important that you choose the correct COVER PAGE, since the questions correspond to the PARTS applicable to that type of filer. Using the wrong COVER PAGE could lead to an incomplete report which will subsequently require amendment.

### Filer Information

At the top of the form, please complete the

boxes required for your full name, complete office mailing address, and office phone number. Candidates must also complete the Confidential Address Form so the committee may be able to contact candidates with questions about the Form.

Put your name on all of the attached PARTS. You must also complete the appropriate boxes for your filing status. An annual filer must indicate the calendar year covered by the report (generally the prior calendar year) and the office or agency in which they are employed. Termination filers must indicate the date on which they terminated their filing position and identify the office or agency in which they held the filing position. New Employees must indicate the commencement date of their employment and the office or agency in which they are employed. Candidates must indicate the date or the commencement of their candidacy and the state in which they are a candidate.

## Questions on Reportable Items

The COVER PAGE contains multiple questions which must be answered. In order to answer these questions, it is important that you first read the instructions. Once you have determined what your filing requirements are, then you should answer each question asked on your COVER PAGE. If the appropriate COVER PAGE for your report does not ask you question about a particular PART, then that PART is not applicable to you.

If you checked "NO" to a question, you need not attach the corresponding PART. If you checked "YES," then that PART must be completed and attached to your COVER PAGE. Please check "YES" even if you have attached

the completed PART. If you checked "NO" to every question, then only the COVER PAGE must be filed.

## Certification

Please sign and date your COVER PAGE in the space provided. Your signature certifies that this page and all attached pages and statements are true, complete, and correct to the best of your knowledge and belief. Do not write in the box reserved for the signature of the reviewing official.

---

## PART I: PAYMENTS TO CHARITABLE ORGANIZATION IN LIEU OF HONORARIA

---

### General Instructions

Report payments made directly to a charitable organization on account of a speech, appearance, or article by you. You must report the date the payment was made (or, if unascertainable, the date of the speech, article, or appearance), the name and address of the organization making the payment, the activity generating the payment, and the exact amount of the payment.

Although you may transmit a check made out by the sponsor to the charitable organization, you may not accept payments made to you which you then donate to charity. Accepting payment for a speech, article, or appearance may be an honoraria which may not be accepted by you even if you subsequently donate the

Page 6

---

amount to charity. If you have questions about the honoraria ban, please contact the Committee.

On a separate confidential report, you are also required to identify the charitable organization to which the payment was made. A separate, confidential report which names such charitable organizations receiving such payments must be filed directly with the Select Committee on Ethics.

---

## PART II: EARNED AND NON-INVESTMENT INCOME

---

### General Instructions

For yourself, report the name and address of the source, type, and the actual amount of non-investment and earned income exceeding $200, from any one source in the appropriate columns on the form. For your spouse, report the name and address of the source and type, but not the amount, of earned income exceeding $1,000. If you wish, you may indicate that the amount of salary is "over $1,000", but the last column may be left blank. No report of earned income of your dependent children is required.

### Individuals not covered by the Honoraria Ban: For you and/or your spouse, report the name and address of the source of honoraria income received which aggregates $200 or more by exact amount. Give the date and describe the activity (speech, appearance, or article) generating such honoraria payment. For payments which are received by an individual

---

through a speaker's bureau, list the actual payor as the source. Do not include payments in lieu of honoraria reported on Part I.

Include all income from non-investment sources including fees, commissions, salaries, income from personal services, retirement income, pension payments, royalty payments, or similar non-investment income. For example, if you earned $450 teaching at a law school, your entry should read … "John Jones Law School, Rockville, MD; Salary $450". If you earned $75 for teaching in one law school and $250 from teaching at another school, report only the $250 amount. If you have a property interest or asset (including a retirement plan) related to the item of income, list that item on Part IIIA or B as appropriate.

If you or your spouse is self-employed in a business or profession, for example as a practicing attorney who earned $50,000 during the year, to report that income you would show: For you: "self-employed practicing attorney; Bethesda, MD; salary; and "$50,000" in the appropriate columns. For your spouse: "self-employed practice psychologist-spouse"; Bethesda, MD; salary; and "over $1,000" or you may leave the last column blank. If you or your spouse is not self-employed, then the name of the employer would be listed in the first column. Note! If this is your First Report, you are also required to complete Part X.

Exclude income from employment by the United States Government including military pay from Federal Reserve Programs, social security income, and retirement income from the United States government.

### Examples:

The first example on the form represents the proper method of reporting the source of

$15,000 of earned income (salary) from computer programming services the reporting individual had earned from a second job while an employee of the Senate. The second example represents acceptable reporting of a spouse's income. Note that no amount of income for the spouse is reported, and that the filer attributed this income to the spouse.

**NOTE:** Disclosure of income earned from outside employment is not a substitute for obtaining the approval of the Supervisor of your employing office as required by Senate Rule 37.3. Additionally, Senate Rule 36 limits outside earned income of individuals paid at or above 120% of the GS–15 rate of pay. However, not all types of income reportable in this Part are limited by Rule 36.

---

**PART IIIA: PUBLICLY TRADED ASSETS AND UNEARNED INCOME SOURCES**

---

**General Instructions**

Aside from "earned" income, you must also report sources of "unearned" income and assets held for investment or the production of income. This form separates the reporting of **publicly traded assets and unearned income sources** from reporting of **non-publicly traded assets and unearned income sources.** Although the reporting is similar, greater information is required for those non-public assets and unearned income sources because there is no publicly available information which can supplement the information provided on your form.

PART IIIA is designed to enable you to report assets and unearned income sources where those reportable items are publicly traded. Generally a description of your, your spouse's, and your dependent child's publicly traded assets and sources of unearned income is required to be listed in BLOCK A of this PART. Reading from left to right across the page from each description of the asset or income source, you will be able to report in BLOCK B the value of each asset, and in BLOCK C the type and amount of income generated by that asset or received from the source. Unless specifically excepted, the specific instructions following refer to you, your spouse, and your dependent children even if the instructions refer only to "you".

Normally you will have to list an item only once in BLOCK A with all other value and income information associated with that item shown on the same line to the right. However, when you have a number of different kinds of financial arrangements and income involving one entity, full disclosure of all the required information for that entity may require more than one line. You may always use more than one line for clarification if you choose.

If you are unable to ascertain through publicly available reference material or an investment advisor or broker whether an asset is publicly available, you may wish to report it, along with the additional information, on PART IIIB. Reporting the item on PART IIIA indicates to the Committee that this item is appropriately reported in this section.

**Identification of PUBLICLY TRADED ASSETS and UNEARNED INCOME SOURCES: BLOCK A**

Report the complete identity and category of value of any interest in property (real or personal) attributable to or held by you, your spouse, or your dependent child, in a publicly traded business, for investment or the production of income, which has a fair market value which exceeds $1,000 as of the close of the reporting period or from which you received or had accrued to your benefit unearned income in excess of $200 during the reporting period.

These interests include, but are not limited to, publicly traded stocks, bonds, pension interests which are excepted investment funds or hold publicly traded assets, annuities, futures contracts, mutual funds, publicly traded IRA assets, personal savings or other bank accounts excepted and qualified blind trusts.

Publicly Traded Stocks & Bonds: These stocks need only be identified by using the complete name (and, preferably, the exchange upon which the stock is listed) so that any person examining your report could locate the information relating to this holding through publicly available reports or reference materials. If you hold different types of securities of the same corporation (e.g., bonds and stocks of "X" Corporation), these holdings should be considered as being from the same source for purposes of determining whether the aggregate value of the interest is below or above the $1,000 threshold value.

Municipal Bonds: Municipal bonds must be identified by the name of the municipality offering the bond and the complete name of the

bond which generally indicates its type. If the bond is a general obligation bond, you may so indicate by placing "G.O." after the complete name of the bond.

Personal Savings Accounts: Report the complete name of the financial institution where you have personal savings accounts aggregating more than $5,000 or which generated more than $200 in unearned income during the reporting period. This includes checking, savings, certificates of deposits, and any other type of account offered through a financial institution. You must aggregate all accounts with an institution to determine whether you have reached the reporting thresholds. Do not combine accounts at separate financial institutions.

Mutual Funds: A publicly traded mutual fund must be completely identified by its complete name; i.e., the name of the investment institution offering the mutual (e.g. Templeton, Vanguard, Merrill Lynch, etc.) and the specific identification of the fund (e.g. Total Return, Equity, Science and Technology, Gold, etc.).

Investment Clubs or Other Holding Arrangements: If you (your spouse or dependent child) have an interest in an investment club or similar entity which is organized to hold publicly traded assets for the purposes of investment, your report should not only include the identification of the investment club, it should also identify an underlying investment asset or property held by the club (i) if your (your spouse or dependent child's) interest in the asset exceeds $1,000 in value (and its corresponding category of value) or (ii) if the asset generated more than $200 in income for you (your spouse or dependent child) unless

Page 8

shares in the investment club or similar entity are publicly traded, or the information regarding the underlying assets is not reportable because the club itself meets the definition of an excepted investment fund (see Definition of Terms: Excepted Investment Fund).

If you have an interest in an investment fund or pool which is an excepted investment fund you need only identify the interest by giving the complete name of the fund rather than listing the portfolio items. However, under Block C, you must indicate that it is an excepted investment fund so that reviewers will know that the information may not be publicly traded. Reporting individuals other than Members or Candidates may be asked by a supervisor for further identification of the general nature of the investments of non-diversified excepted investment funds reported on your form. You may wish to include this information when filing your disclosure report.

Retirement Plans: An individual who has a retirement plan (including an IRA, an SEP, a 401K plan or other pension plan) must identify each publicly traded (and, on PART IIIB any non-publicly traded) asset which is held by the retirement plan. If the retirement plan meets the requirements of an excepted investment fund described above, the underlying assets do not have to be disclosed. Your individual IRA generally will not meet the test for an excepted investment fund because it is held only by you, and thus cannot be "widely held". However, the underlying asset of your IRA may be an excepted investment fund, and therefore must be identified as a holding of your retirement plan. If your IRA is invested solely in a mutual fund such as "Templeton World Fund, Inc," and that fund was properly disclosed, that would be sufficient

identification of your IRA. If, however, the IRA had an individually or privately managed portfolio, detailed disclosure of the portfolio would be required on Part IIIA in the same amount of detail as if each investment were directly held. You may attach statements from a broker or investment advisor which contain the required information. If your IRA also holds non-publicly traded assets, these should be reported on Part IIIB.

Trusts: On PART IIIA, report qualified blind trusts, excepted trusts, and any other attributable trust interest which is publicly traded. Once you have given the complete name of the trust, you must also identify the underlying assets of that trust. However, you need not give the underlying assets of a trust which is a qualified blind trust or an excepted trust (unless they are known to you).

A qualified blind trust is one which has been certified by the Senate Select Committee on Ethics, in accordance with Senate Rule 34.

An excepted trust is one which:
A. was not created by you, your spouse, or your dependent child; and
B. has holdings or sources of income of which you, your spouse, and any dependent child have no knowledge.

Although you may know the total value of the trust, contributions by you, your spouse or your dependent child to the corpus of the trust, or payment of the trust taxes by you, your spouse or your dependent child will remove a trust from this "excepted" status.

In the case of these two special types of trusts, you must show in BLOCK A the complete name of that trust, and in BLOCK B show the category of value of the trust (unless the qualified blind trust was executed prior to July 24, 1995, AND

precludes you from receiving information of the trust's fair market value). If the value of an "excepted trust" is unknown, you may indicate "unknown." In BLOCK C, classify the trust as a "qualified blind trust" or an "excepted trust." The category of amount of the trust income to you, your spouse or dependent child, or paid on behalf of one or more of them, if it exceeded $200, must also be reported in BLOCK C.

**Note:** You may not "create" an excepted trust by instructing a trustee not to divulge information or otherwise avoiding previous sources of knowledge upon entering Government service. A qualified blind trust is not considered to be established until it has the written approval of the Select Committee on Ethics.

Except for the special trusts or funds referred to above, you must identify each individual investment holding of a trust or fund which had a value in excess of $1,000 as of the close of the reporting period. For example, in BLOCK A an entry such as "trust held by First National Bank (Boston, MA) consisting of ITT stock, U.S. Treasury certificates, and Dallas (G.O.) Municipal Bonds" might be listed. In BLOCK B the applicable value of each of these underlying trust assets would be entered. (As described below, the income from each asset would be entered in BLOCK C as well as income from i assets of the trust sold during the reporting period.) You may attach statements from a trustee which contain the required information.

**Exclusions:**

Exclude any retirement benefits from Federal Government employment (including the Thrift Savings Plan) and any social security benefits.

Exclude also any deposits aggregating $5,000 or less in personal savings accounts in a single financial institution (unless listed as a source of income). (Personal savings accounts include any certificate of deposit or any other form of deposit in a bank, savings and loan, credit union, or other similar financial institution.) You may also exclude any assets of your spouse and dependent child which meets the three part exemption test defined above.

## Valuation of Assets: BLOCK B

After you have identified the asset or income source in BLOCK A, you must show the category of value attributable to that interest by checking the appropriate column in BLOCK B. Only the category of value, rather than the actual value of the property interest or asset, must generally be shown. Please note that Option 7 requires that you give the exact value. If the value is below the reporting threshold, check the first (or "none") column.

The "Over $1,000,000" category of value only applies if the specific asset is/was held independently by the spouse or dependent child. If the asset is/was held by the filer or jointly with the spouse or dependent child, use the other categories of value, as appropriate.

You need not disclose which valuation methods you selected unless you chose either option 6 or 7 described under Definition of Terms: Value. If you prefer to give the exact value, you may.

## Type and Amount of Unearned Income: BLOCK C

Report the type and amount of investment or unearned income received by (or accrued to the

benefit of) you, your spouse, or your dependent child which exceeded $200 from any one source during the reporting period in Block C of the same line where the source is identified in Block A. Those types of unearned income which are listed at the top of columns on the form may be reported by checking the appropriate type of income in the column and by then checking the appropriate category of amount of income. If there was no unearned income from the related holding, or if the income was below the reporting threshold, check the "None (or less than $201)" column.

The "Over $1,000,000" category of income only applies if the specific asset is/was held independently by the spouse or dependent child. If the asset is/was held by the filer or jointly with the spouse or dependent child, use the other categories of income, as appropriate. If the unearned income is not of a type already listed on the form in Block C, you must specify the type under the "Other" column and give the actual amount of the income. Only unearned income of those types listed on the form may be reported by category. However, you may give the actual amount of unearned income even if the type is specified on the report.

For purposes of determining whether you meet the "over $200" threshold from any one source, you must aggregate all types of investment income from that same source. For your spouse or dependent child, investment income is only required to be reported if the source of that income must be reported in BLOCK A as an interest or asset described above. Unearned (or investment) income includes, but is not limited to income derived from dealings in property, interest, rents, dividends, capital gains, income

from annuities, the investment portion of life insurance contracts, endowment contracts or from discharge (forgiveness) of debts owed by you, your distributive share of partnership or joint venture income, gross business income, and income from an interest in a estate or trust.

Check all applicable classifications of income and corresponding categories of amounts. If more than one type of income is derived from the same asset, check all relevant types which pertain to the category of amount or categories of amount indicated (unless an excepted investment fund) Categories of amounts may be distinguished by using the abbreviations D (for dividends), R (for rent), I (for interest), and CG (for capital gains) in the appropriate boxes in lieu of checks.

DIVIDENDS: Check the Dividends column and the category of amount you, your spouse, or your dependent child received or accrued as dividends from investment sources including common and preferred securities, and pension and mutual funds.

RENT: Check the appropriate columns in Block C to indicate the type and category of income received or accrued by you, your spouse, or your dependent child as rental or lease payments for occupancy or use of personal or real property in which any one of you have an interest. In addition, show payments accrued or received from such interests as mineral leases, rental or lease of business equipment, or other similar interests. Identify the source of such income and check the category of amount.

INTEREST: Check the appropriate columns in Block C to specify interest income and the

Page 10

category of amount of any interest received or accrued by you, your spouse, or your dependent child as income from investment holdings including bills and notes, loans, personal savings, accounts, annuity funds, bonds, and other securities.

CAPITAL GAINS: Report the type and category of amount of income from capital gains realized by you, your spouse, or your dependent child from sales or exchanges of publicly traded business interests or securities.

EXCEPTED and other INVESTMENT FUND INCOME: Specify the category of amount and the type(s) of income for investment fund income, such as mutual or pension funds which exceeds $200 for you, your spouse, or your dependent child. Dividends, capital gains, and interest may be checked for a single fund (but is not necessary for an excepted investment fund). Income from each individual asset of the fund must also be listed (unless it is an excepted investment fund). Because you are not required to identify the specific assets of an Excepted Investment Fund, the form allows you to check only one type of income—"excepted investment fund"—rather than requiring that you determine the full nature of the types of income received.

TRUST INCOME: Report the category of amount and the type of any income of more than $200 received or accrued from any trust. Whenever you are required to identify the source of trust income either for yourself or for a spouse or dependent child, it is not enough simply to say "John Jones Trust." Generally, the investment holdings of the trust, discussed above, and the income derived from each holding must be

identified to the same extent as if held directly. If the trust is a qualified blind trust or an excepted trust, in BLOCK C check the classification of the trust interest as a "qualified blind trust," or "excepted trust," and show the amount of income received by or attributable to you, your spouse, or your dependent child. For assets which have income in excess of $200 during a reporting period prior to their placement in a qualified blind trust, you still report this asset as a source of income item separately. Likewise, assets removed from a qualified blind trust for which reportable income was received during a reported period must be reported for the time it was held outside the trust.

Report by exact amount all legal expenses paid on your behalf by any legal expense trust fund established according to the Senate regulations governing such trust funds, whether or not you are a named beneficiary to the trust. If you are the grantor of the trust, you must also include the category of value of the trust fund at the close of the reporting period.

OTHER INVESTMENT INCOME: In Block C, report any items of investment income from publicly traded assets and income sources which are not addressed above by identifying the specific type and actual amount of the income which exceeded $200 during the reporting period. This may include items such as annuities, the investment portion of life insurance contracts, endowment contract or estate income, or a distributive share of a publicly traded partnership or joint business venture income.

**Exclude:** You need not report unearned income received or accrued to your benefit from any retirement system of the United States (including the Thrift Savings Plan).

**Exemption Test:** At the bottom of the page, you must indicate whether any asset of a spouse or a dependent child was not reported because it met the three part exemption test defined previously in these instructions.

**Examples:** On PART IIIA are two examples which are representative of the reporting scheme of this PART. The first example represents the proper method of reporting a stock of IBM Corporation (which is publicly traded) held at the end of the reporting period. The individual had a value of $55,000 at the close of the reporting period, in Block A, the category "$50,001–$100,000" is checked. The individual had also received dividends of $500, reported in Block C by checking the "Dividends" column and the "$201–$1,000 column. If the IBM Corporation stock had been completely sold during the reporting period, there would be a check in the "None (or less than $1,001)" column in BLOCK B because the individual no longer owned any of the stock at the end of the reporting period. In Block C, there may be an entry for capital gains income (as well as dividend income) if such income were realized from the sale during the reporting period.

The second example represents acceptable reporting of an investment fund which is widely held, widely diversified (or publicly traded), and independently managed. The investment is completely identified giving the family name of the investment firm (Keystone) as well as the specific fund name (Equity fund). The

specification "(widely diversified)" is not required, but indicates that this fund holds a diversified portfolio and is therefore not concentrated in any particular industry or geographical area. The value of the shares of this fund held at the end of the reporting period fit into the column checked in Block B. "$100,001–$250,000." Because the asset meets the requirements for an excepted investment fund, no individual assets of the fund need to be reported, and in Block C, only that column must be checked along with the appropriate category of income, "$2,501–$5,000." The type of income does not need to be further broken into dividends, interest, or capital gains as long as the column for "excepted investment fund" is marked.

---

**PART IIIB: NON-PUBLICLY TRADED ASSETS AND UNEARNED INCOME SOURCES**

**General Instructions**

More information (as opposed to publicly traded assets, see above) is required in order to properly identify and disclose assets and sources of unearned income which are not publicly traded or reported in publicly available reference materials. PART IIIB is designed to give you additional space and direction to meet these greater reporting requirements. Generally the name, address, and a brief description (including underlying assets) of your, your spouse's, and your dependent child's assets and sources of income are required to be listed in BLOCK A. Reading from left to right across the page from each description of the asset or income source, you will report in BLOCK B the

value of each asset, and in BLOCK C the type and amount of income generated by that asset or received from the non publicly traded asset or unearned income source.

Normally you will have to identify an item only once in BLOCK A with all other value and income information associated with that item shown on the same line to the right. However, when you have a number of different kinds of financial arrangements and income involving one entity, full disclosure of all the required information for that entity may require more than one line. You may always use more than one line for clarification if you choose.

**Identification of NON-PUBLICLY TRADED ASSETS and UNEARNED INCOME SOURCES: BLOCK A**

Report the name, address (city and state), and the nature of the business or a description of the holding of any interest in property (real or personal) held by you, your spouse, or your dependent child, in a non-publicly traded trade or business, for investment or the production of income, which has a fair market value which exceeds $1,000 as of the close of the reporting period. These interests include, but are not limited to, non-public stocks, pension interests, non-public IRA assets, private tax shelters, beneficial interests in trusts or estates, real estate, commercial crops, livestock, accounts (or other funds) receivable, and collectable items held for resale or investment.

REAL PROPERTY: A personal residence held for investment or production of income, such as a summer home rented during parts of the year, must be reported. Conversely, property which is held or maintained purely for recreational or

vacation purposes need not be reported. However, if any portion of the personal residence or recreational property was rented or offered for rent for any period of time during the reporting period, or if the property includes a working farm, ranch, mineral excavation, or other buildings for rent, that property is used for the production of income and must be reported.

PERSONAL PROPERTY: Personal property not held for investment or the production of income need not be reported. Intermittent sales from personal property such as collections of antiques or art holdings demonstrate that the items are held for investment or the production of income and should therefore be reported.

NON-PUBLIC SECURITIES OR PARTNERSHIP INTERESTS: To report interests held by you, your spouse, or your dependent child in a business, a partnership, or joint venture, give the complete name of the interest and its location (city, state), identify the character of the interest, and the nature of the business or property. You must disclose the primary trade or business of non-public entities, as well as interests and activities which are not solely incidental to such a trade or business. For example, if you hold an ownership interest in a private real estate rental company which primarily owns (and rents) real estate and which also buys stock in a bank, you must disclose not only the real estate owned (by type and location), but also that the company holds stock in a bank (name and location).

INTERESTS IN ESTATES: Report any interest in an estate in which you, your spouse, or dependent child has a beneficial interest by

Page 12

giving a brief and general statement of any interest prior to distribution. Report assets distributed during the reporting period and income for the estate in the same manner as other assets and income. (See IR 311)

Exceptions: Exclude your personal residences unless rented and any personal liability owed to you (or your spouse or dependent child) by: a spouse or dependent child; or by a parent, brother, sister or child of you, or your spouse, or your dependent child.

## Valuation of Assets: BLOCK B

Once you have identified the holding in BLOCK A, show the value of the holding at the close of the reporting period in BLOCK B. Only the category of value, rather than the actual value of the property interest or asset, must be shown. You need not disclose which valuation methods you selected unless you chose either option 6 or 7 described under Definition of Terms; Value. If the item is listed as a source of unearned income and has no value at the close of the reporting period, check the "None (or less than $1,000)" column. The "Over $1,000,000" category of value only applies if the specific asset is/was held independently by the spouse or dependent child. If the asset is/was held by the filer or jointly with the spouse or dependent child, use the other categories of value, as appropriate.

## Type and Amount of Unearned Income: BLOCK C

In BLOCK C, indicate the type and value of any unearned or investment income over $200 from any one source received by or accrued to

the benefit of you, your spouse or dependent child during the reporting period. For purposes of determining whether you meet the Over $200 threshold from any one source, you must aggregate all types of investment income from that same source. Report these items on the same line as any related interest in property, if any. Note that some property interests or other assets will not have a related item of income. In such a case, check "None (or less than $201)" in BLOCK C under category of amount.

For your spouse or dependent child investment income is only required to be reported if the source of that income must be reported in BLOCK A as an interest or asset described above.

Unearned (or investment) income includes, but is not limited to income derived from dealings in property, interest, rents, dividend, capital gains; income from annuities, the investment portion of life insurance contracts, endowment contracts, or from discharge (forgiveness) of debts owed by you, your distributive share of partnership or joint venture income, gross business income, and income from an interest in an estate or trust.

You need not show the actual dollar amount of dividends, rents, interest, capital gains, and income from qualified trusts, excepted trusts, or excepted investment funds. For these specific types of income, you need only check the category of amount of income for the item reported. For all other investment income you will have to report the actual dollar amount of income from each source, and indicate the type of income in the space marked "other (specify type)" in BLOCK C. Check all applicable classifications of

income and corresponding categories of amounts. The "Over $1,000,000" category of income only applies if the specific asset is/was held independently by the spouse or dependent child. If the asset is/was held by the filer or jointly with the spouse or dependent child, use the other categories of income, as appropriate.

If more than one type of income is derived from the same asset, check all relevant types which pertain to the category of amount or categories of income indicated (unless an excepted investment fund). Categories of amounts may be distinguished by using the abbreviations D (for dividends), R (for rent), I (for interest), and CG (for capital gains) in the appropriate boxes in lieu of checks.

RENT: Show income received or accrued by you, your spouse, or your dependent child as rental or lease payments for occupancy or use of personal or real property in which any one of you have an interest. In addition, show payments accrued or received from such interests as mineral leases, rental or lease of business equipment, or other similar interests. Check the type and category of amount of all rental income.

For reporting DIVIDENDS, RENT, INTEREST, CAPITAL GAINS, EXCEPTED and INVESTMENT FUND INCOME, TRUST INCOME and OTHER INVESTMENT INCOME see the information provided in PART IIIA, above.

**Exemption Test**

Where an asset of a spouse or dependent child has not been reported on PART IIIB because it meets the three part exemption test

defined above, you must check the box at the bottom of the page.

**Examples:** On Part IIIB are two examples which are representative of the reporting scheme of this Part. The first example represents the proper method of reporting an interest in JP Computers, a non-publicly traded company. In addition to the name, the address (Washington, DC) and the nature of the business (Computer sales) have also been listed. If the company held assets which were more than incidental to engaging in computer sales, those holdings would also be required to be reported. The value of the holding has been reported by checking the category for "$15,001–$50,000" and the type and category of amount of dividends received in the category between "$201–$1,000" has been reported in BLOCK C. If this asset had been completely sold during the reporting period, there would be a check in the "None (or less than $1,001" column in BLOCK B because the individual no longer owned any of the stock at the end of the reporting period. In Block C, there may be an entry for capital gains income (as well as dividend income) if they were realized from the hypothetical safe during the reporting period.

The second example represents acceptable reporting of an interest in land in Dubuque, Iowa, which is undeveloped. The land is valued in the category of "$100,000–$250,000", and because there is no income, only the "None (or less than $201" column has been checked in Block C. No type of income needs to be specified since there is no reportable income.

## PART IV: TRANSACTIONS

Report the identity, the date, and the category of amount of any purchase, sale, or exchange of any real property, stocks, bonds, commodity

futures, excepted investment fund shares, and other securities, by you, your spouse, or your dependent child when the amount involved in the transaction exceeded $1,000. This includes reporting any sale or exchange of an asset involving an amount exceeding $1,000 when the sold or exchanged asset did not yield income of more than $200 (and therefore was not reported on Part IIIA or B). It also includes reporting the purchase of an asset involving an amount exceeding $1,000, but at the end of the reporting period having a value of $1,000 or less and earning income of $200 or less during the reporting period (and therefore not appearing on Part IIIA or B). The "Over $1,000,000" category only applies if the specific asset is/was held independently by the spouse or dependent child. If the asset is/was held by the filer or jointly with the spouse or dependent child, use the other categories, as appropriate.

**General Instructions**

Under identification of assets, name or otherwise identify the property or securities involved in the purchase, sale or exchange, and give the date of the transaction.

An exchange takes place when one or more items is given directly for another item(s) of equal value. Sale of an item and subsequent purchase should be listed as a sale and purchase, not an exchange. Identify which items are given and received in any reportable exchange.

Where multiple transactions have occurred which involve the same asset, you may list the item once, check purchase and/or sale, and note "biweekly," "monthly," or other appropriate frequency, and check the category for the aggregate amount of the sales and purchases. Your supervisor may request more specific

information on the dates of multiple transactions. Reporting an exchange generally requires reporting two items since one item is exchanged for another.

The amount to be reported, by the appropriate category of value, is the gross purchase or sales price or the fair market value in the case of an exchange. The gain or loss on sales is not required to be disclosed under this section, but should be disclosed under Part IIIA or B if it is over $200.

For investment clubs or other holding arrangements, report each of the underlying assets of the clubs or arrangements that were bought or sold during the reporting period where your (your spouse or dependent child's) interest in an asset was greater than $1,000.

You must report any underlying transactions of a non-public business or commercial enterprise, investment pool, or other entity in which you, your spouse, or your dependent child have a direct proprietary, general partnership or other interest unless (1) the entity is an "excepted investment fund" reported on Part IIIA or (2) the transaction is incidental to the primary trade or business or an entity as indicated by you on Part IIIB. Transactions of a trust or other financial arrangement should be described in the same manner as any other transaction, but the reporting individual may indicate that these transactions were at the direction of a trustee.

**Exclusions:** You need not report a transaction involving: (1) your personal residence(s); (2) a money market account or personal savings account; (3) an asset of your spouse or dependent child if the asset meets the three-part Exemption Test; (4) a holding of a "qualified blind trust," or an

"excepted trust;" (5) U.S. treasury bills, notes, and bonds; (6) transactions which occurred prior to your Federal Government employment; and (7) transactions solely by and between you, your spouse, or your dependent child.

**Example:** The example on the form shows the proper way to disclose ABC Corporation common stock which the reporting individual purchased for $50,000 on 2/1/9X.

**Exemption Test:** With respect to transactions involving interests of a spouse or a dependent child, do not report transactions involving items which meet the three part exemption test described in the Definitions above. If you do not report any transaction for any item for a spouse or dependent child because that item meets the above three-part test, you must indicate so at the bottom of the page.

---

## PART V: GIFTS

---

The Act requires you to disclose the receipt of gifts by you, your spouse, or your dependent child from any one source other than the U.S. Government. This reporting requirement applies to gifts received by your spouse or dependent child to the extent the gift was not given to him or her totally independent of the relationship to you. A "gift" means any payment, forbearance, advance, rendering or deposit of money, or anything of value, unless consideration of equal or greater value is received by the donor (see Interpretative Rulings 327 and 414).

### General Instructions

Report the identity of the source, a brief description (including a travel itinerary, dates,

and the nature of expenses provided, where appropriate), and the value of gifts aggregating more than $260 in value from any one source which you, your spouse, or your dependent child each received during the reporting period. You need only aggregate gifts that are received directly by you, or your spouse, or your dependent child for purposes of disclosure. Thus, even if you and your spouse each receive a $180 sculpture from the same donor (source), the gifts do not have a value of more than $260 to each one of you, individually, and therefore need not be reported. The gifts would, however, be aggregated with any other gifts with a value of more than $100 received by each person from the same source during the reporting period.

To report a gift, give the name and address of the source, briefly describe the item(s), and show the value by exact amount. If an item is given jointly to you (or your spouse or dependent child) and any other person, and is not readily divisible, the gift must be reported as if the entire gift was given to you (or your spouse or dependent child) individually (see Interpretative Ruling 201).

**Exclusions:** In determining which tangible gifts must be reported or aggregated, exclude these items:

1. Gifts having a value of $100 or less;

2. Gifts received from "relatives" (see Definitions of Terms: Relative);

3. Bequests and other forms of inheritance.

4. Suitable mementos of a function honoring the reporting individual;

5. Food and beverages not consumed in connection with a gift of overnight lodging;

6. Gifts given to a spouse or dependent child totally independent of the relationship to you;

7. Gift items in the nature of communications to your office, such as subscriptions to newspapers and periodicals;

8. Gifts received during the non-Federal Government employment periods;

9. Campaign contributions;

10. Gifts for which you received a publicly available waiver of this reporting requirement from the Senate Select Committee on Ethics;

11. Food, lodging, transportation, and entertainment or reimbursement provided by a foreign government within a foreign country or by the U.S. Government, the D.C. Government, state, or local governments; and

12. Gifts of personal hospitality on the donor's personal or family premises (personal hospitality must be for a non-business purpose; may only be from a person rather than a business or other entity; and does not include transportation; see Interpretative Ruling 139).

**Note:** Disclosure of gifts does not authorize their acceptance in violation of Senate Rule 35 or any other applicable law. Some gifts may qualify under an exception to the Gifts Rule and thus be acceptable; such gifts are *still* required to be reported here under the disclosure statute (e.g. Personal friendship gifts over $260).

---

# PART VI: REIMBURSEMENTS

You must report reimbursement (payments to cover travel related expenses) received by you, your spouse, or your dependent child during the reporting period which aggregate more than $260 from any one source other than the U.S. Government (see Interpretative Ruling 284). This reporting requirement applies to reimbursements received by your spouse or dependent child to the extent that the reimbursement was not given to him or her totally independent of the relationship to you.

Members are also required to disclose as a "reimbursement" the use of any campaign funds to defray otherwise unreimbursed expenses incurred in connection with official duties. Disclosure must include the identity of the campaign committee from which funds were received, the date and purposes of the disbursement, the amount, and the individual or organization to whom payments were made. This disclosure is not required, however, if disbursements are itemized in reports filed under the Federal Election Campaign Act (see Interpretative Ruling 389).

## General Instructions

Report the source and a brief description (including a travel itinerary, dates, and the nature of expenses provided) of any reimbursements (except those from the United States Government or otherwise excluded) aggregating more than $260 which you, your spouse, or your dependent child received from any one source. Amounts of reimbursements need not be specified unless they were made from campaign funds.

For example, if you were reimbursed $400 for travel and lodging expenses in connection with a speech you made for the Denver Realtors Association, you would report this item on the form by showing under SOURCE . . . "Denver Realtors Assoc., 45 Bridge St., Denver, CO", and under BRIEF DESCRIPTION . . . "travel expenses for speech made in Denver: United Airlines round trip from Washington, D.C. 1/22/91; lodging at Denver Airport Marriott". If your spouse made this speech and received the reimbursement totally independent of his or her relationship to you, no information for this item need be reported.

**Note:** Disclosure under Rule 34 may be necessary (if the payment meets the definition of a reimbursement) even though disclosure under Rule 35 may not be required.

**Exclusions:** In determining which reimbursements must be reported or aggregated, exclude: (1) reimbursements received during non-Federal Government employment periods; (2) reimbursements provided by the U.S. Government, D.C. Government, or any state or local government; (3) reimbursements required to be reported under the Foreign Gifts and Decorations Act (5 U.S.C. 7342); (4) reimbursements for political trips which were required to be reported under section 304 of the Federal Election Campaign Act of 1971 (2 U.S.C. 434); and (5) Reimbursements reported to the Office of Public Records pursuant to Rule 35 (Forms RE-1/2 or RE-3).

# PART VII: LIABILITIES

## General Instructions

Identify and give the category of amount of the liabilities which you, your spouse or dependent child owed to any creditor which exceeded $10,000 at any time during the reporting period. You need only disclose liabilities which exceeded $10,000 at any time during the reporting period. The "Over $1,000,000" category applies only if the obligation was that of the spouse or dependent child. If the obligation was the filer's, or a joint obligation with the spouse or dependent child, use the other categories, as appropriate.

Report the name and address (city, state) of the creditor to whom the liability is owed. You must also indicate the type of liability and date the liability was incurred, interest rate, and term (if applicable) of each liability. The category of value which must be checked is that which indicates the highest amount owed on that liability during the reporting period, not just at the end of the period. If the liability was completely paid during the reporting period, you may also note that on the form if you wish.

If you are only able to identify a fiduciary rather than the actual creditor, and you certify in the report that you have made a good faith effort to determine who the actual creditor is and were unable to do so, you may give the name and address of the fiduciary, rather than the actual creditor.

If the interest rate is not a set rate or is a variable one, indicate the range of the rate during the year, or the formula used to vary the rate if it can be determined by public reference, i.e. prime

+2%; and under TERM, the duration of the loan.

You are required to report any liability of any business, investment pool, or other entity, in which you, your spouse, or your dependent child have an interest, unless (1) the liability is incidental to the primary trade or business of the entity, (2) the entity is an excepted investment fund reportable in Part IIIA, or (3) the entity is publicly traded and described in standard reference manuals for publicly traded entities reportable in Part IIIA.

## Exclude:

1. a personal liability owed to a spouse or dependent child; or to a parent, brother, sister, or child of you, your spouse, or your dependent child;

2. a mortgage or home equity loan secured by real property which is your personal residence (or which is not used for producing income);

3. a loan secured by a personal motor vehicle, or by household furniture or appliances, where the loan does not exceed the purchase price of the item;

4. a revolving charge account where the outstanding liability did not exceed $10,000 as of the close of the reporting period; and

5. any liability of your spouse or dependent child which meets the three-part Exemption Test set forth below.

**Exemption Test:** With respect to liabilities of a spouse or a dependent child, do not report items which meet the three part exemption test described in the instructions. If you do not report any item for a spouse or dependent child because that item meets the above three-part test, you must indicate so at the bottom of the page.

# PART VIII: OUTSIDE POSITIONS

## General Instructions

Give the name, address (city & state), and brief description (type) of the organization; the title or other brief functional description of the position; and the dates you held the position. Report all compensated and uncompensated positions held by you during the applicable reporting period, as well as those positions you currently hold as an officer, director, trustee, general partner, proprietor, representative, employee or consultant of (1) any corporation, company, firm, partnership, trust, or other business enterprise; (2) any non-profit organization; (3) any labor organization; (4) any educational institution; or (5) any organization other than the United States Government.

**Exclude** position held in any religious, social, fraternal, or political entity, and any position solely of an honorary nature. No report is required regarding any positions held by **your spouse or your dependent child.**

**Be sure to report on Part II any earned income over $200 that you received from any of these positions.**

# PART IX: AGREEMENTS OR ARRANGEMENTS

## General Instructions

Under STATUS AND TERMS, describe the agreement or arrangement with appropriate

specificity. Under PARTIES, show the name of the organization, or entity, and (if applicable the name and title of the official, corporate officer, or principal person responsible for carrying out the terms of the agreement or arrangement. Under DATE, show the date of any such arrangement.

Provide information regarding any agreements or arrangements you have concerning (1) future employment (including any current arrangement with a publisher to write a book or any portion thereof); (2) a leave of absence during your period of Federal Government service; (3) continuation of payments by a former employer other than the United States Government; and/or (4) continuing participation in an employee welfare or benefit plan maintained by a former employer other than the U.S. Government. No report is required on this Part regarding your spouse or your dependent child.

You must disclose any negotiations for future employment from the point you and a potential private sector employer have agreed to your future employment by that employer whether or not you have settled all of the terms, such as salary, title benefits, and date employment is to begin. Your office or agency may require internal disclosure of negotiations much earlier and you should seek guidance before conducting any negotiations with persons with whom you do business.

**Example:** The example on the form shows the severance agreement under which the reporting individual expects to receive a lump sum payment from the law firm he has left in order to enter the Government. It also shows a continuing pension interest and describes the nexus between the organization and the pension

interest, so that a determination of the individual's continuing financial interest in the firm and possible affiliation with the firm can be made.

---

### PART X: COMPENSATION IN EXCESS OF $5,000 PAID BY ONE SOURCE

---

**General Instructions**

You must disclose sources of compensation in excess of $5,000 generated by you and a description of the nature of services you provided. This includes not only the source of your salary or other fees, but the disclosure of clients (other than the U.S. Government) for whom you personally provided $5,000 or more in services even though the clients' payments were made to your employer, firm or other business affiliation.

In identifying the source of compensation, you must report the name and address of the source of the payments and the nature of the duties performed or services rendered for each source (other than the United States Government) from which you derived or generated compensation in excess of $5,000 in the two preceding calendar years, and the present calendar year.

This Part does not require you to disclose the value of the compensation for these services, however, it does require a brief description of the services provided. When a source has paid you directly, you may have a corresponding entry for the income on Part II. A client who paid your business affiliation $5,000 or more for your services may appear only in this Part.

**Exclude:** (1) information to the extent that it is considered confidential as a result of a privileged relationship established by law, or (2) information about clients for whom services were provided by a business entity or affiliation of which you were a member, general partner, or employer unless you were directly involved in the provision of the services. The name of a client of a law firm is not generally considered confidential. No report is required regarding sources of compensation paid to your spouse or your dependent child.

**Example:** The examples on the form show the proper way to disclose the business affiliation which paid the reporting individual's salary (compensation), in this case a law firm, and a client of the firm for which the reporting individual personally provided over $5,000 worth of services.

# Exhibit 2

# United States Senate
## Public Financial Disclosure Report
## Form Instructions

# 2000

# UNITED STATES SENATE PUBLIC FINANCIAL DISCLOSURE REPORT

This form contains two cover pages, ten sections for reporting certain items held by you, your spouse, or your dependent child, and detailed instructions for completing the form.

**COVER PAGE:** Choose the cover page which covers the type of report which you are filing. Annual and Termination filers use one cover page, New Employees and Candidates use the other page. These pages are clearly marked at the top. If you do not choose the correct cover page, the questions asked on that page will not correspond to your required reporting.

**PARTS I–X:** After you have read the instructions at the back of this booklet, you must determine whether you have items to report on each of the applicable Parts. To determine which Parts must be completed and attached, answer the questions on the appropriate cover page. For each question checked "YES," complete and attach that Part in accordance with the instructions. For each question checked "NO," no further report is required. If you do not check either "YES" or "NO" for each applicable question, your form may be deemed incomplete.

Once your form is complete, **sign and date your form** at the bottom of the cover page. Make sure you have completed the information regarding your filing status at the top of the cover page.

The due date for annual reports is **May 15.** The due dates for new employee, candidate, and termination reports are described on the first two pages of the instructions. In the event that May 15 or other filing date falls on a weekend, or other holiday, the filing deadline shall be on the next business day.

Requests for extensions of time for filing must be in writing and sent to the Committee at the address below. The Committee may grant an extension up to 90 days beyond the due date. A candidate may not file their first report later than 30 days before the election regardless of any extension granted by the Committee.

Before filing, separate the pages and file only those required. Be sure you have completed each applicable section on the cover page including filer information and status.

Please contact the Committee if you need additional assistance in completing this form, or if you are unsure of your filing requirements. If you have been requested to complete this form and believe this request is in error, you must notify the Committee in order to determine whether this report is required.

A $200 late filing fee shall be assessed against any individual who files more than 30 days after the due date of a report or the due date of any extensions granted by the Committee.

Your completed form (and any subsequent amendment) must be filed with the

**Secretary of the Senate**
**Office of Public Records**
**232 Hart Senate Office Building**
**Washington, D.C. 20510**

*Additional forms may be obtained from the Select Committee on Ethics at 220 Hart Senate Office Building, United States Senate, Washington, D.C. 20510.*
*Telephone: (202) 224-2981.*

Previous Editions Cannot Be Used

Revised 2/01

# PUBLIC FINANCIAL DISCLOSURE REPORT FOR THE UNITED STATES SENATE

## I. Introduction

Title I of the Ethics in Government Act of 1978, as amended (the "Act," 5 U.S.C. app., Section 101 et seq., also adopted as Senate Rule 34) and Senate Rule 41.1 require certain members, officers and employees of the U.S. Senate, related offices, and candidates for the Senate to file Financial Disclosure Statements with the Secretary of the Senate, Office of Public Records. The Act gives the Senate Select Committee on Ethics the authority to administer the Act for the Senate, promulgate the Senate Financial Disclosure Report Forms and Instructions and issue advisory opinions regarding the Act for the Senate and related offices and Senate candidates. If you need additional information about completing these reports, or wish to obtain a copy of the Interpretative Rulings of the Select Committee on Ethics, please contact the Committee at 220 Hart Senate Office Building, Washington, D.C. 20510.

## II. Who Must File

**Members of the United States Senate** must file: Annual Reports for each year they remain in office; a Termination Report upon leaving office; and in the case of a Member who did not file as a candidate, a New Employee Report.

**Officers and Employees of the Legislative Branch** who assume a position wherein they

expect to be compensated for a period in excess of 60 days during a calendar year at the annual rate of pay equal to or in excess of 120% of the basic rate of pay in effect for Grade GS-15 of the General Schedule (5 U.S.C. 5223) must file a New Employee Report. An individual would not file a New Employee Report if he or she, within 30 days of assuming this position, had left another position in which they were required to file a public disclosure form under Title I of the Ethics in Government Act. If the individual has served in excess of 60 days during a calendar year at the annual rate of pay equal to or in excess of 120% of the basic rate of pay in effect for Grade GS-15 of the General Schedule, he or she must file an Annual Report or a Termination Report, whether or not a New Employee Report was filed.

Part-time employees are required to file if their rate of pay after adjustment to reflect full-time service would be greater than 120% of the basic rate of pay in effect for Grade GS-15 of the General Schedule. For information on how to treat bonuses in computing annual rates of pay, see Interpretative Ruling 435.

For purposes of these instructions, the Legislative Branch includes the Senate, the General Accounting Office, the Office of the Attending Physician, and any agency or commission established in the legislative branch where the statute establishing such agency or commission designates filing with the Secretary of the Senate, or if there is no designation, any agency or commission established in even numbered calendar years. An employee of the Senate includes any individual, other than a Senator or the Vice President, whose compensation is disbursed by the Secretary of the Senate, and any individual who, pursuant to

Senate Rule 41(4)(c) has agreed to comply with the Senate Code of Official Conduct.

A **Principal Assistant** must be designated each year to file an Annual Report by each Member who does not have an employee compensated in excess of 60 days at a rate equal to or in excess of 120% of the annual rate of basic pay in effect for grade GS-15 of the General Schedule. A Principal Assistant would also file a Termination Report if he or she leaves Senate employment during that year.

**Political Fund Designees** must file an Annual Report for each calendar year in which they are designated to handle political funds at any time during that calendar year, pursuant to Senate Rule 41. A Political Fund Designee must also file a Termination Report within 30 days of leaving that filing position unless they continue to hold another filing position.

**Fellows, reemployed annuitants,** and other individuals serving in the Senate whose outside salary is treated as if it is disbursed by the Secretary of the Senate (per Rule 41.2–41.4) must file as if that individual is a full-time employee of the Senate. Contact the Ethics Committee for confirmation on whether or not your service meets the requirements of Rule 41.

**Candidates for the Senate** must file a Senate Public Financial Disclosure Report for each calendar year they continue to be a candidate whether or not they are elected. The candidate would follow all instructions for a Candidate Report. For purposes of this report, a "candidate" is an individual: who seeks nomination for election, or election, to Federal office; and has received contributions aggregating in excess of $5,000, or has made

expenditures aggregating in excess of $5,000; or the individual has given his or her consent to another to receive contributions or make expenditures on his or her behalf aggregating in excess of $5,000. "Election" means (1) a general, special, primary, or run-off election, or (2) a convention or caucus of a political party which has authority to nominate a candidate. For candidates who withdraw their candidacy, see Interpretative Ruling No. 413.

## III. When to File

*New Employee Reports:* Within 30 days after assuming a position in the legislative branch (described above), unless such individual has left another public filing position specified in Title I of the Ethics in Government Act within 30 days prior to assuming the new position, or has already filed a report as a candidate for the position (Senators).

*Annual Reports:* No later than May 15th annually. In the event that May 15th or other filing date falls on a weekend or a holiday, the filing deadline shall be on the next business day.

*Termination Reports:* In the event an individual terminates the filing position, and does not accept another public filing position described above within 30 days, the report must be filed no later than 30 days after termination.

*Candidate Reports:* Within 30 days after becoming a candidate for nomination or election to the office of Member of the United States Senate, or by May 15 of that calendar year, whichever is later, but at least 30 days before the election, and on or before May 15 of each succeeding year an individual continues to be a

Page 2

candidate. A candidate who currently holds an elected position in the United States Congress is not required to file a Candidate Report.

## IV. Where to File

Reports (and amendments to Reports) should be filed with the Secretary of the Senate, Office of Public Records, Room 232, Hart Senate Office Building, U.S. Senate, Washington, D.C. 20510.

## V. $200 Penalty for Late Filing

Any individual who is required to file this report and does not do so more than 30 days after the date the report is required to be filed, or, if an extension is granted, more than 30 days after the last day of the filing extension period shall be subject to a $200 penalty (fine). Such penalty must accompany the disclosure report when filed with the Secretary of the Senate and must be made payable for deposit in the U.S. Treasury. In extraordinary circumstances this fee may be waived by the Select Committee on Ethics. A waiver of the penalty fee must be requested in writing and should indicate the circumstances believed to justify the waiver.

## VI. Timeliness of Filing

Reports shall be deemed to have been filed in a timely manner if they are delivered or postmarked on or before the due date. Please note, however, that the Postal Service will not postmark envelopes bearing the next May 15th or other filing date falls on a weekend or a holiday, the filing deadline shall be the next business day.

A report filed more than 30 days after the date it is required to be filed, or more than 30 days after the last day of any filing extension granted by the Committee, must be accompanied by a certified check or money order in the amount of $200 made payable to the U.S. Treasury in order for the form to be deemed filed in accordance with the Ethics in Government Act.

## VII. Extensions

The Select Committee on Ethics may, in its discretion, grant reasonable extensions of time for filing reports. To obtain an extension, you must submit a written request to which the Committee shall respond in writing. The total of any extensions granted for any one report may not exceed 90 days under the law. An extension granted to a candidate is ineffective past the date such extension will result in a report being filed later than 30 days prior to an election in which the reporting individual is a candidate. The Committee will accept extension requests by facsimile.

## VIII. Failure to File or Falsifying Reports

Knowing or willful falsification of information, or failure to file or report information required to be reported by section 102 of the Act may subject you to a civil penalty of not more than $11,000 and to disciplinary action by the Select Committee on Ethics and/or any other appropriate authority under section 104 of the Act. Knowing and willful falsification of information required to be reported by section 102 of the Act may also subject you to criminal prosecution and sentencing under 18 U.S.C. 1001 and 18 U.S.C. 3571.

## IX. Review

The information contained in your report and any attachments thereto will be reviewed by the Select Committee on Ethics within 60 days of filing to determine whether such report is in compliance with applicable laws, rules, and regulations. If the review indicates an apparent error, omission, or discrepancy in your report, you will be notified and asked to correct or clarify the information by amendment within a certain time period. An amendment may be in the form of a revised report, corrected pages of your previously filed report, or an explanatory letter.

If you believe the amendment was requested in error, you must contact the Committee to indicate why you believe the request is in error. The Committee can then determine whether such an amendment or clarification is needed. Amendments should be filed with the Secretary of the Senate, Office of Public Records.

## X. Public Access

Your report may be disclosed within 30 days by the Secretary of the Senate to any requesting person pursuant to section 105 of the Act or as otherwise authorized by law. Any person requesting a copy of a report may be required to pay a reasonable fee to cover the cost of reproduction and mailing. You may inspect applications for public access of your own form upon request at the Office of Public Records, 232 Hart Senate Building, Washington, D.C. 20510. Except for unsuccessful candidates, all disclosure reports shall remain available for public inspection for a period of six years after receipt.

## XI. Unlawful Use of Reports

It is unlawful for any person to obtain or use a disclosure report: (1) for any unlawful purpose; (2) for any commercial purpose, other than by news and communications media for dissemination to the general public; (3) for determining or establishing the credit rating of an individual; or (4) for use, directly or indirectly, in the solicitation of money for any political, charitable, or other purpose.

The Attorney General may bring a civil action against any person who obtains or uses a report for any of the prohibited purposes mentioned above. A penalty may be assessed in any amount not to exceed $10,000 in addition to any other remedy available under statutory or common law.

---

### CONTENTS OF REPORTS

---

## General Guidelines for Completing the Public Financial Disclosure Report

## A. Reporting Periods

*Annual Reports:*

Parts I–VII: The reporting period is the preceding calendar year. Value assets and liabilities as of any date you choose that is within 31 days of the close of the reporting period.

Parts IV, V, and VI: Do not include transactions made, or gifts or reimbursements received, during a period when the filer was not a Federal employee.

Part VIII: List positions held at any time during the current year to the date of filing.

Part IX: Report agreements and arrangements as of the date of filing.

Part X: First Time Filers only. Report sources of income in the two preceding calendar years and the current year.

*New Employee Reports and Candidate Reports:*

Parts II, IIIA, IIIB, and VII: The reporting period for income is the preceding calendar year and the current calendar year up to the date of filing this report. Value assets and liabilities as of any date you choose that is within 31 days of the close of the reporting period.

Parts I, IV–VI: Not applicable.

Part VIII: List positions held during the current and two previous calendar years.

Part IX: Report agreements and arrangements as of the date of filing.

Part X: First Time Filers only. Report sources of income in the two preceding calendar years and the current year.

*Termination Reports:*

Parts I–IX: The reporting period begins at the end of the period covered by your previous filing and ends at the date of termination of your filing position. Value assets and liabilities as of any date you choose that is within 31 days of the close of the reporting period. Otherwise, follow annual reporting periods.

Part X: First Time Filers only. Report sources of income in the two preceding calendar years and the current year.

## B. Disclosure of Information Concerning Spouse and Dependent Children

In addition to your individual financial information, you are required to report information concerning your spouse and

dependent children in several Parts of the form unless they meet the three-part exemption test (See Definitions of Terms: Exemption Test). You **must** also make the appropriate notation for each entry on each part to indicate that the asset, interest, obligation, income, etc. is that of your spouse or dependent child. Assets not so identified are presumed to be assets of the filer. The extent of the reporting requirement is noted in each Part. It is the responsibility of each reporting individual to ascertain whether a spouse or dependent child has, or had, any items reportable on the public disclosure report.

No report is required with respect to your spouse if he or she is living separate and apart from you with the intention of terminating the marriage or permanent separation. In addition, no report is required with respect to the receipt or payment of alimony, child support, or other property settlement arising from the dissolution of a marriage or the permanent separation from a spouse. There are other exceptions to the reporting of assets and income, transactions, and liabilities of a spouse or dependent child which are discussed in the instructions applicable to those subjects.

## C. Definitions of Terms

### Category of Amount

Reportable financial interests are disclosed either by actual amount or by category of amount, depending on the interest, as specified by the form. You may, but you are not required to, indicate an actual amount where the form provides for a category of amount or value. You may not indicate a category of amount where an exact amount is required.

Page 4

### Dependent Child

The term "dependent child" means your son, daughter, stepson, or stepdaughter if such person is either: (1) unmarried, under age 21, and living in your household, or (2) a "dependent" of yours within the meaning of section 152 of the Internal Revenue Code of 1986.

### Excepted Investment Fund

As "excepted investment fund" is a mutual fund, common trust fund of a bank, pension or deferred compensation plan, or any other investment fund, which is: (1) widely held (i.e. has more than 100 participants or investors); and (2) publicly traded (or available) or widely-diversified; and (3) held under circumstances where you neither exercise control over nor have the ability to exercise control over the financial interests held by the fund. A fund is widely diversified when it holds no more than 5% of the value of its portfolio in the securities of any one issuer (other than the U.S. Government) and no more than 20% in any particular economic or geographic sector.

### Exemption Test

The reporting individual is not required to report assets, transactions, and/or liabilities which the reporting individual certifies: (1) represents the spouse's or dependent child's sole financial interest or responsibility and which the reporting individual has no knowledge of; (2) which are not in any way, past or present, derived from the income, assets, or activities of the reporting individual; and (3) which the reporting individual neither derives, nor expects to derive, any financial or economic benefit.

**Note:** It is EXTREMELY difficult for an asset to meet all three parts of this test, especially (3). For instance, if you file a joint tax return with your spouse, you derive a financial or economic benefit from the items involved and you are charged with knowledge of those items.

### Honoraria

The term "honoraria" means payments of money or anything of value for an appearance, speech, or article, excluding any actual and necessary travel expenses incurred by the individual (and one relative) to the extent that such expenses are paid or reimbursed by any other person, and the amount otherwise determined shall be reduced by the amount of any such expenses to the extent that such expenses are not paid or reimbursed.

### Relative

The term "relative" means an individual who is your father, mother, son, daughter, brother, sister, uncle, aunt, great uncle, great aunt, first cousin, nephew, niece, husband, wife, grandfather, grandmother, grandson, granddaughter, father-in-law, mother-in-law, son-in-law, daughter-in-law, brother-in-law, sister-in-law, stepfather, stepmother, stepson, stepdaughter, stepbrother, stepsister, half brother, half sister, your spouse's grandfather or grandmother, or your fiance or fiancee.

### Necessary Travel Related Expenses

The term "necessary travel related expenses" means the cost of transportation, and the cost of lodging and meals while a Member, officer, or

employee, or a relative of any such individual is away from his or her residence or principal place of employment.

## Value

The term "value" means a good faith estimate of the dollar value if the exact value is neither known nor easily obtainable and is not otherwise required by the instruction.

For personal property, you may use any of the following options to determine the value:

Option 1: value based upon a recent appraisal of the property interest;

Option 2: the book value of non-publicly traded stock, or the exchange value of corporate stocks, or the face value of corporate bonds or comparable securities;

Option 3: the net worth of your interest (as in a business partnership or other jointly held business interest);

Option 4: the equity value of your interest (as in a solely owned business or commercial enterprise);

Option 5: statement balance (e.g., personal savings accounts, excepted investment fund, or any investment portion of an insurance policy);

Option 6: any other recognized indication of value (but any individual using this option must describe the method used to determine the value); or

Option 7: where the value of real property or a real estate partnership is not ascertainable without an appraisal; (a) the assessed value of real property for tax purposes adjusted to reflect current market value if the tax assessment is computed at less than 100% of current value (but an individual using this option should

describe the method used to determine this value and list an actual amount rather than a category of value on the financial disclosure report); or (b) the actual purchase price of the real property and the date of purchase (but both should be listed on the report form).

## D. Additional Assistance

If you need assistance in completing this form, contact either the Senate Select Committee on Ethics or the ethics official of the agency in which you serve, will serve, or have served.

## Specific Instructions For Completing the COVER PAGE and Attached PARTS

```
COVER PAGE
```

### General Instructions

The form has two COVER PAGES. If you are an Annual or Termination filer, choose the COVER PAGE which indicates at the top that it is for Annual and Termination Reports. If you are a Candidate or New Employee, choose the COVER PAGE which indicates at the top that it is for Candidate and New Employee Reports. It is extremely important that you choose the correct COVER PAGE, since the questions correspond to the PARTS applicable to that type of filer. Using the wrong COVER PAGE could lead to an incomplete report which will subsequently require amendment.

### Filer Information

At the top of the form, please complete the boxes required for your full name, complete office mailing address, and office phone number. Candidates must also complete the Confidential Address Form so the committee may be able to contact candidates with questions about the Form.

Put your name on all of the attached PARTS. You must also complete the appropriate boxes for your filing status. An annual filer must indicate the calendar year covered by the report (generally the prior calendar year) and the office or agency in which they are employed. Termination filers must indicate the date on which they terminated their filing position and identify the office or agency in which they held the filing position. New Employees must indicate the commencement date of their employment and the office or agency in which they are employed. Candidates must indicate the date of the commencement of their candidacy and the state in which they are a candidate.

### Questions on Reportable Items

The COVER PAGE contains multiple questions which must be answered. In order to answer these questions, it is important that you first read the instructions. Once you have determined what your filing requirements are, then you should answer each question asked on your COVER PAGE. If the appropriate COVER PAGE for your report does not ask you questions about a particular PART, then that PART is not applicable to you.

If you checked "NO" to a question, you need not attach the corresponding PART. If you checked "YES," then that PART must be completed and attached to your COVER PAGE. Please check "YES" even if you have attached

the completed PART. If you checked "NO" to every question, then only the COVER PAGE must be filed.

## Certification

Please sign and date your COVER PAGE in the space provided. Your signature certifies that this page and all attached pages and statements are true, complete, and correct to the best of your knowledge and belief. Do not write in the box reserved for the signature of the reviewing official.

---

```
┌─────────────────────────────────┐
│ PART I: PAYMENTS TO CHARITABLE  │
│   ORGANIZATION IN LIEU OF       │
│         HONORARIA               │
└─────────────────────────────────┘
```

## General Instructions

Report payments made directly to a charitable organization on account of a speech, appearance, or article by you. You must report the date the payment was made (or, if unascertainable, the date of the speech, article, or appearance), the name and address of the organization making the payment, the activity generating the payment, and the exact amount of the payment.

Although you may transmit a check made out by the sponsor to the charitable organization, you may not accept payments made to you which you then donate to charity. Accepting payment for a speech, article, or appearance may be an honoraria which may not be accepted by you even if you subsequently donate the

---

amount to charity. If you have questions about the honoraria ban, please contact the Committee.

On a separate confidential report, you are also required to identify the charitable organization to which the payment was made. A separate, confidential report which names the charitable organizations receiving such payments must be filed directly with the Select Committee on Ethics.

```
┌─────────────────────────────────┐
│     PART II: EARNED AND         │
│   NON-INVESTMENT INCOME         │
└─────────────────────────────────┘
```

## General Instructions

For yourself, report the name and address of the source, type, and the actual amount of non-investment and earned income exceeding $200, from any one source in the appropriate columns on the form. For your spouse, report the name and address of the source and type, but not the amount, of earned income exceeding $1,000. If you wish, you may indicate that the amount of salary is "over $1,000", but the last column may be left blank. No report of earned income of your dependent children is required.

Individuals not covered by the Honoraria Ban: For you and/or your spouse, report the name and address of the source of honoraria income received which aggregates $200 or more by exact amount. Give the date and describe the activity (speech, appearance, or article) generating such honoraria payment. For payments which are received by an individual

---

through a speaker's bureau, list the actual payor as the source. Do not include payments in lieu of honoraria reported on Part I.

Include all income from non-investment sources including fees, commissions, salaries, income from personal services, retirement income, pension payments, royalty payments, or similar non-investment income. For example, if you earned $450 teaching at a law school, your entry should read ... "John Jones Law School, Rockville, MD; Salary $450". If you earned $75 for teaching in one law school and $250 from teaching at another school, report only the $250 amount. If you have a property interest or asset (including a retirement plan) related to the item of income, list that item on Part IIIA or B as appropriate.

If you or your spouse is self-employed in a business or profession, for example as a practicing attorney who earned $50,000 during the year, to report that income you would show: For you: "self-employed practicing attorney"; Bethesda, MD; salary; and "$50,000" in the appropriate columns. For your spouse: "self-employed practice psychologist-spouse"; Bethesda, MD; salary; and "over $1,000" or you may leave the last column blank. If you or your spouse is not self-employed, then the name of the employer would be listed in the first column. Note: If this is your First Report, you are also required to complete Part X.

Exclude income from employment by the United States Government including military pay from Federal Reserve Programs, social security income, and retirement income from the United States government.

## Examples:

The first example on the form represents the proper method of reporting the source of

## Identification of PUBLICLY TRADED ASSETS and UNEARNED INCOME SOURCES: BLOCK A

Report the complete identity and category of value of any interest in property (real or personal) attributable to or held by you, your spouse, or your dependent child, in a publicly traded business, for investment or the production of income which has a fair market value which exceeds $1,000 as of the close of the reporting period, and also report any interest in property from which you received or had accrued to your benefit income in excess of $200 during the reporting period.

These interests include, but are not limited to, publicly traded stocks, bonds, pension interests which are excepted investment funds or hold publicly traded assets, annuities, futures contracts, mutual funds, publicly traded IRA assets, personal savings or other bank accounts excepted and qualified blind trusts.

Publicly Traded Stocks & Bonds: These stocks need only be identified by using the complete name (and, preferably, the exchange upon which the stock is listed) so that any person examining your report could locate the information relating to this holding through publicly available reports or reference materials. If you hold different types of securities of the same corporation (e.g., bonds and stocks of "X" Corporation), these holdings should be considered as being from the same source for purposes of determining whether the aggregate value of the interest is below or above the $1,000 threshold value.

Municipal Bonds: Municipal bonds must be identified by the name of the municipality

PART IIIA is designed to enable you to report assets and unearned income sources where those reportable items are publicly traded. Generally a description of your, your spouse's, and your dependent child's publicly traded assets and sources of unearned income is required to be listed in BLOCK A of this PART. Reading from left to right across the page from each description of the asset or income source, you will be able to report in BLOCK B the value of each asset, and in BLOCK C the type and amount of income generated by that asset or received from the source. Unless specifically excepted, the specific instructions following refer to you, your spouse, and your dependent children even if the instructions refer only to "you".

Normally you will have to list an item only once in BLOCK A with all other value and income information associated with that item shown on the same line to the right. However, when you have a number of different kinds of financial arrangements and income involving one entity, full disclosure of all the required information for that entity may require more than one line. You may always use more than one line for clarification if you choose.

If you are unable to ascertain through publicly available reference material or an investment advisor or broker whether an asset is publicly available, you may wish to report it, along with the additional information, on PART IIIB. Reporting the item on PART IIIA indicates to the Committee that this item is appropriately reported in this section.

$15,000 of earned income (salary) from computer programming services the reporting individual had earned from a second job while an employee of the Senate. The second example represents acceptable reporting of a spouse's income. Note that no amount of income for the spouse is reported, and that the filer attributed this income to the spouse.

**NOTE:** Disclosure of income earned from outside employment is not a substitute for obtaining the approval of the Supervisor of your employing office as required by Senate Rule 37.3. Additionally, Senate Rule 36 limits outside earned income of individuals paid at or above 120% of the GS–15 rate of pay. However, not all types of income reportable in this Part are limited by Rule 36.

---

### PART IIIA: PUBLICLY TRADED ASSETS AND UNEARNED INCOME SOURCES

---

**General Instructions**

Aside from "earned" income, you must also report sources of "unearned" income and assets held for investment or the production of income. This form separates the reporting of **publicly traded assets and unearned income sources** from reporting of **non-publicly traded assets and unearned income sources.** Although the reporting is similar, greater information is required for those non-public assets and unearned income sources because there is no publicly available information which can supplement the information provided on your form.

offering the bond and the complete name of the bond which generally indicates its type. If the bond is a general obligation bond, you may so indicate by placing "G.O." after the complete name of the bond.

Personal Savings Accounts: Report the complete name of the financial institution where you have personal savings accounts aggregating more than $5,000 or which generated more than $200 in unearned income during the reporting period. This includes checking, savings, certificates of deposits, and any other type of account offered through a financial institution. You must aggregate all accounts with an institution to determine whether you have reached the reporting thresholds. Do not combine accounts at separate financial institutions.

Mutual Funds: A publicly traded mutual fund must be completely identified by its complete name; i.e., the name of the investment institution offering the mutual (e.g, Templeton, Vanguard, Merrill Lynch, etc.) and the specific identification of the fund (e.g. Total Return, Equity, Science and Technology, Gold, etc.).

Investment Clubs or Other Holding Arrangements: If you (your spouse or dependent child) have an interest in an investment club or similar entity which is organized to hold publicly traded assets for the purposes of investment, your report should not only include the identification of the investment club, it should also identify an underlying investment asset or property held by the club (i) if your (your spouse or dependent child's) interest in the asset exceeds $1,000 in value (and its corresponding category of value) or (ii) if the asset generated more than $200 in income for you (your spouse or dependent child) unless

shares in the investment club or similar entity are publicly traded, or the information regarding the underlying assets is not reportable because the club itself meets the definition of an **excepted investment fund** (see Definition of Terms: Excepted Investment Fund).

If you have an interest in an investment fund or pool which is an **excepted investment fund** you need only identify the interest by giving the complete name of the fund rather than listing the portfolio items. However, under Block C, you must indicate that it is an excepted investment fund so that reviewers will know that the information may not be publicly traded. Reporting individuals other than Members or Candidates may be asked by a supervisor for further identification of the general nature of the investments of non-diversified excepted investment funds reported on your form. You may wish to include this information when filing your disclosure report.

Retirement Plans: An individual who has a retirement plan (including an IRA, an SEP, a 401K plan or other pension plan) must identify each publicly traded (and, on PART IIIB any non-publicly traded) asset which is held by the retirement plan. If the retirement plan meets the requirements of an excepted investment fund described above, the underlying assets do not have to be disclosed. Your individual IRA generally will not meet the test for an excepted investment fund because it is held only by you, and thus cannot be "widely held". However, the underlying asset of your IRA may be an excepted investment fund, and therefore must be identified as a holding of your retirement plan. If your IRA is invested solely in a mutual fund such as "Templeton World Fund, Inc," and that fund was properly disclosed, that would be sufficient

identification of your IRA. If, however, the IRA had an individually or privately managed portfolio, detailed disclosure of the portfolio would be required on Part IIIA in the same amount of detail as if each investment were directly held. You may attach statements from a broker or investment advisor which contain the required information. If your IRA also holds non-publicly traded assets, these should be reported on Part IIIB.

Trusts: On PART IIIA, report qualified blind trusts, excepted trusts, and any other attributable trust interest which is publicly traded. Once you have given the complete name of the trust, you must also identify the underlying assets of that trust. However, you need not give the underlying assets of a trust which is a qualified blind trust or an excepted trust (unless they are known to you).

A **qualified blind trust** is one which has been certified by the Senate Select Committee on Ethics, in accordance with Senate Rule 34.

An **excepted trust** is one which:

    A. was not created by you, your spouse, or your dependent child; and

    B. has holdings or sources of income of which you, your spouse, and any dependent child have no knowledge.

Although you may know the total value of the trust, contributions by you, your spouse or your dependent child to the corpus of the trust, or payment of the trust taxes by you, your spouse or your dependent child will remove a trust from this "excepted" status.

In the case of these two special types of trusts, you must show in BLOCK A the complete name of that trust, and in BLOCK B show the category of value of the trust (unless the qualified blind trust was executed prior to July 24, 1995, AND

precludes you from receiving information of the trust's fair market value). If the value of an "excepted trust" is unknown, you may indicate "unknown." In BLOCK C, classify the trust as a "qualified blind trust" or an "excepted trust." The category of amount of the trust income to you, your spouse or dependent child, or paid on behalf of one or more of them, if it exceeded $200, must also be reported in BLOCK C.

**Note:** You may not "create" an excepted trust by instructing a trustee not to divulge information or otherwise avoiding previous sources of knowledge upon entering Government service. A qualified blind trust is not considered to be established until it has the written approval of the Select Committee on Ethics.

Except for the special trusts or funds referred to above, you must identify each individual investment holding of a trust or fund which had a value in excess of $1,000 as of the close of the reporting period. For example, in BLOCK A an entry such as "trust held by First National Bank (Boston, MA) consisting of ITT stock, U.S. Treasury certificates, and Dallas (G.O.) Municipal Bonds" might be listed. In BLOCK B the applicable value of each of these underlying trust assets would be entered. (As described below, the income from each asset would be entered in BLOCK C as well as income from assets of the trust sold during the reporting period.) You may attach statements from a trustee which contain the required information.

**Exclusions:**

Exclude any retirement benefits from Federal Government employment (including the Thrift Savings Plan) and any social security benefits.

Exclude also any deposits aggregating $5,000 or less in personal savings accounts in a single financial institution (unless listed as a source of income). (Personal savings accounts include any certificate of deposit or any other form of deposit in a bank, savings and loan, credit union, or other similar financial institution.) You may also exclude any assets of your spouse and dependent child which meets the three part exemption test defined above.

## Valuation of Assets: BLOCK B

After you have identified the asset or income source in BLOCK A, you must show the category of value attributable to that interest by checking the appropriate column in BLOCK B. Only the category of value, rather than the actual value of the property interest or asset, must generally be shown. Please note that Option 7 requires that you give the exact value. If the value is below the reporting threshold, check the first (or "none") column.

The "Over $1,000,000" category of value only applies if the specific asset is/was held independently by the spouse or dependent child. If the asset is/was held by the filer or jointly with the spouse or dependent child, use the other categories of value, as appropriate.

You need not disclose which valuation methods you selected unless you chose either option 6 or 7 described under Definition of Terms: Value. If you prefer to give the exact value, you may.

## Type and Amount of Unearned Income: BLOCK C

Report the type and amount of investment or unearned income received by (or accrued to the

benefit of) you, your spouse, or your dependent child which exceeded $200 from any one source during the reporting period in Block C of the same line where the source is identified in Block A. Those types of unearned income which are listed at the top of columns on the form may be reported by checking the appropriate type of income in the column and by then checking the appropriate category of amount of income. If there was no unearned income from the related holding, or if the income was below the reporting threshold, check the "None (or less than $201)" column.

The "Over $1,000,000" category of income only applies if the specific asset is/was held independently by the spouse or dependent child. If the asset is/was held by the filer or jointly with the spouse or dependent child, use the other categories of income, as appropriate. If the unearned income is not of a type already listed on the form in Block C, you must specify the type under the "Other" column and give the actual amount of the income. Only unearned income of those types listed on the form may be reported by category. However, you may give the actual amount of unearned income even if the type is specified on the report.

For purposes of determining whether you meet the "over $200" threshold from any one source, you must aggregate all types of investment income from that same source. For your spouse or dependent child, investment income is only required to be reported if the source of that income must be reported in BLOCK A as an interest or asset described above. Unearned (or investment) income includes, but is not limited to income derived from dealings in property, interest, rents, dividends, capital gains, income

from annuities, the investment portion of life insurance contracts, endowment contracts or from discharge (forgiveness) of debts owed by you, your distributive share of partnership or joint venture income, gross business income, and income from an interest in a estate or trust.

Check all applicable classifications of income and corresponding categories of amounts. If more than one type of income is derived from the same asset, check all relevant types which pertain to the category of amount or categories of amount indicated (unless an excepted investment fund) Categories of amounts may be distinguished by using the abbreviations D (for dividends), R (for rent), I (for interest), and CG (for capital gains) in the appropriate boxes in lieu of checks.

DIVIDENDS: Check the Dividends column and the category of amount you, your spouse, or your dependent child received or accrued as dividends from investment sources including common and preferred securities, and pension and mutual funds.

RENT: Check the appropriate columns in Block C to indicate the type and category of income received or accrued by you, your spouse, or your dependent child as rental or lease payments for occupancy or use of personal or real property in which any one of you have an interest. In addition, show payments accrued or received from such interests as mineral leases, rental or lease of business equipment, or other similar interests. Identify the source of such income and check the category of amount.

INTEREST: Check the appropriate columns in Block C to specify interest income and the

Page 10

category of amount of any interest received or accrued by you, your spouse, or your dependent child as income from investment holdings including bills and notes, loans, personal savings, accounts, annuity funds, bonds, and other securities.

CAPITAL GAINS: Report the type and category of amount of income from capital gains realized by you, your spouse, or your dependent child from sales or exchanges of publicly traded business interests or securities.

EXCEPTED and other INVESTMENT FUND INCOME: Specify the category of amount and the type(s) of income for investment fund income, such as mutual or pension funds which exceeds $200 for you, your spouse, or your dependent child. Dividends, capital gains, and interest may be checked for a single fund (but is not necessary for an excepted investment fund). Income from each individual asset of the fund must also be listed (unless it is an excepted investment fund). Because you are not required to identify the specific assets of an Excepted Investment Fund, the form allows you to check only one type of income—"excepted investment fund"—rather than requiring that you determine the full nature of the types of income received.

TRUST INCOME: Report the category of amount and the type of any income of more than $200 received or accrued from any trust. Whenever you are required to identify the source of trust income either for yourself or for a spouse or dependent child, it is not enough simply to say "John Jones Trust." Generally, the investment holdings of the trust, discussed above, and the income derived from each holding must be

identified to the same extent as if held directly. If the trust is a qualified blind trust or an excepted trust, in BLOCK C check the classification of the trust interest as a "qualified blind trust," or "excepted trust," and show the amount of income received by or attributable to you, your spouse, or your dependent child. For assets which have income in excess of $200 during a reporting period prior to their placement in a qualified blind trust, you still report this asset as a source of income item separately. Likewise, assets removed from a qualified blind trust for which reportable income was received during a reported period must be reported for the time it was held outside the trust.

Report by exact amount all legal expenses paid on your behalf by any legal expense trust fund established according to the Senate regulations governing such trust funds, whether or not you are a named beneficiary to the trust. If you are the grantor of the trust, you must also include the category of value of the trust fund at the close of the reporting period.

OTHER INVESTMENT INCOME: In Block C, report any items of investment income from publicly traded assets and income sources which are not addressed above by identifying the specific type and actual amount of the income which exceeded $200 during the reporting period. This may include items such as annuities, the investment portion of life insurance contracts, endowment contract or estate income, or a distributive share of a publicly traded partnership or joint business venture income.

**Exclude:** You need not report unearned income received or accrued to your benefit from any retirement system of the United States (including the Thrift Savings Plan).

**Exemption Test:** At the bottom of the page, you must indicate whether any asset of a spouse or a dependent child was not reported because it met the three part exemption test defined previously in these Instructions.

**Examples:** On PART IIIA are two examples which are representative of the reporting scheme of this PART. The first example represents the proper method of reporting a stock of IBM Corporation (which is publicly traded) held at the end of the reporting period which is identified in Block A. Because it had a value of $55,000 at the close of the reporting period, in Block B, the category "$50,001–$100,000" is checked. The individual had also received dividends of $500, reported in Block C by checking the "Dividends" column and the "$201–$1,000" column. If the IBM Corporation stock had been completely sold during the reporting period, there would be a check in the "None (or less than $1,001)" column in BLOCK B because the individual no longer owned any of the stock at the end of the reporting period. In Block C, there may be an entry for capital gains income (as well as dividend income) if such income were realized from the sale during the reporting period.

The second example represents acceptable reporting of an investment fund which is widely held, widely diversified (or publicly traded), and independently managed. The investment is completely identified giving the family name of the investment firm (Keystone) as well as the specific fund name (Equity fund). The

specification "(widely diversified)" is not required, but indicates that this fund holds a diversified portfolio and is therefore not concentrated in any particular industry or geographical area. The value of the shares of this fund held at the end of the reporting period fit into the column checked in Block B, "$100,001–$250,000." Because the asset meets the requirements for an excepted investment fund, no individual assets of the fund need to be reported, and in Block C, only that column must be checked along with the appropriate category of income, "$2,501–$5,000." The type of income does not need to be further broken into dividends, interest, or capital gains as long as the column for "excepted investment fund" is marked.

---

# PART IIIB: NON-PUBLICLY TRADED ASSETS AND UNEARNED INCOME SOURCES

**General Instructions**

More information (as opposed to publicly traded assets, see above) is required in order to properly identify and disclose assets and sources of unearned income which are not publicly traded or reported in publicly available reference materials. PART IIIB is designed to give you additional space and direction to meet these greater reporting requirements. Generally the name, address, and a brief description (including underlying assets) of your, your spouse's and your dependent child's assets and sources of income are required to be listed in BLOCK A. Reading from left to right across the page from each description of the asset or income source, you will report in BLOCK B the

value of each asset, and in BLOCK C the type and amount of income generated by that asset or received from the non publicly traded asset or unearned income source.

Normally you will have to identify an item only once in BLOCK A with all other value and income information associated with that item shown on the same line to the right. However, when you have a number of different kinds of financial arrangements and income involving one entity, full disclosure of all the required information for that entity may require more than one line. You may always use more than one line for clarification if you choose.

## Identification of NON-PUBLICLY TRADED ASSETS and UNEARNED INCOME SOURCES: BLOCK A

Report the name, address (city and state), and the nature of the business or a description of the holding of any interest in property (real or personal) held by you, your spouse, or your dependent child, in a non-publicly traded trade or business, for investment or the production of income, which has a fair market value which exceeds $1,000 as of the close of the reporting period. These interests include, but are not limited to, non-public stocks, pension interests, non-public IRA assets, private tax shelters, beneficial interests in trusts or estates, real estate, commercial crops, livestock, accounts (other funds) receivable, and collectable items held for resale or investment.

REAL PROPERTY: A personal residence held for investment or production of income, such as a summer home rented during parts of the year, must be reported. Conversely, property which is held or maintained purely for recreational or

vacation purposes need not be reported. However, if any portion of the personal residence or recreational property was rented or offered for rent for any period of time during the reporting period, or if the property includes a working farm, ranch, mineral excavation, or other buildings for rent, that property is used for the production of income and must be reported.

PERSONAL PROPERTY: Personal property not held for investment or the production of income need not be reported. Intermittent sales from personal property such as collections of antiques or art holdings demonstrate that the items are held for investment or the production of income and should therefore be reported.

NON-PUBLIC SECURITIES OR PARTNERSHIP INTERESTS: To report interests held by you, your spouse, or your dependent child in a business, a partnership, or joint venture, give the complete name of the interest and its location (city, state), identify the character of the interest, and the nature of the business or property. You must disclose the primary trade or business of non-public entities, as well as interests and activities which are not solely incidental to such a trade or business. For example, if you hold an ownership interest in a private real estate rental company which primarily owns (and rents) real estate and which also buys stock in a bank, you must disclose not only the real estate owned (by type and location), but also that the company holds stock in a bank (name and location).

INTERESTS IN ESTATES: Report any interest in an estate in which you, your spouse, or dependent child has a beneficial interest by

Page 12

giving a brief and general statement of any interest prior to distribution. Report assets distributed during the reporting period and income for the estate in the same manner as other assets and income. (See IR 311)

Exceptions: Exclude your personal residences unless rented and any personal liability owed to you (or your spouse or dependent child) by: a spouse or dependent child; or by a parent, brother, sister or child of you, or your spouse, or your dependent child.

## Valuation of Assets: BLOCK B

Once you have identified the holding in BLOCK A, show the value of the holding at the close of the reporting period in BLOCK B. Only the category of value, rather than the actual value of the property interest or asset, must be shown. You need not disclose which valuation methods you selected unless you chose either option 6 or 7 described under Definition of Terms: Value. If the item is listed as a source of unearned income and has no value at the close of the reporting period, check the "None (or less than $1,000)" column. The "Over $1,000,000" category of value only applies if the specific asset is/was held independently by the spouse or dependent child. If the asset is/was held by the filer or jointly with the spouse or dependent child, use the other categories of value, as appropriate.

## Type and Amount of Unearned Income: BLOCK C

In BLOCK C, indicate the type and value of any unearned or investment income over $200 from any one source received by or accrued to

the benefit of you, your spouse or dependent child during the reporting period. For purposes of determining whether you meet the over $200 threshold from any one source, you must aggregate all types of investment income from that same source. Report these items on the same line as any related interest in property, if any. Note that some property interests or other assets will not have a related item of income. In such a case, check "None (or less than $201)" in BLOCK C under category of amount.

For your spouse or dependent child investment income is only required to be reported if the source of that income must be reported in BLOCK A as an interest or asset described above.

Unearned (or investment) income includes, but is not limited to income derived from dealings in property, interest, rents, dividend, capital gains; income from annuities, the investment portion of life insurance contracts, endowment contracts, or from discharge (forgiveness) of debts owed by you, your distributive share of partnership or joint venture income, gross business income, and income from an interest in an estate or trust.

You need not show the actual dollar amount of dividends, rents, interest, capital gains, and income from qualified trusts, excepted trusts, or excepted investment funds. For these specific types of income, you need only check the category of amount of income for the item reported. For all other investment income you will have to report the actual dollar amount of income from each source, and indicate the type in the space marked "other (specify type)" in BLOCK C. Check all applicable classifications of

income and corresponding categories of amounts. The "Over $1,000,000" category of income only applies if the specific asset is/was held independently by the spouse or dependent child. If the asset is/was held by the filer or jointly with the spouse or dependent child, use the other categories of income, as appropriate.

If more than one type of income is derived from the same asset, check all relevant types which pertain to the category of amount or categories of amount indicated (unless an excepted investment fund). Categories of amounts may be distinguished by using the abbreviations D (for dividends), R (for rent), I (for interest), and CG (for capital gains) in the appropriate boxes in lieu of checks.

RENT: Show income received or accrued by you, your spouse, or your dependent child as rental or lease payments for occupancy or use of personal or real property in which any one of you have an interest. In addition, show payments accrued or received from such interests as mineral leases, rental or lease of business equipment, or other similar interests. Check the type and category of amount of all rental income.

For reporting DIVIDENDS, RENT, INTEREST, CAPITAL GAINS, EXCEPTED and INVESTMENT FUND INCOME, TRUST INCOME and OTHER INVESTMENT INCOME see the information provided in PART IIIA, above.

Exemption Test

Where an asset of a spouse or dependent child has not been reported on PART IIIB because it meets the three part exemption test defined above, you must check the box at the bottom of the page.

Examples: On Part IIIB are two examples which are representative of the reporting scheme of this Part. The first example represents the proper method of reporting an interest in JP Computers, a non-publicly traded company. In addition to the name, the address (Washington, DC) and the nature of the business (Computer sales) have also been listed. If the company held assets which were more than incidental to engaging in computer sales, those holdings would also be required to be reported. The value of the holding has been reported by checking the category for "$15,001–$50,000" and the type and category of amount of dividends received in the category between "$201–$1,000" has been reported in BLOCK C. If this asset had been completely sold during the reporting period, there would be a check in the "None (or less than $1,001)" column in BLOCK B because the individual no longer owned any of the stock at the end of the reporting period. In Block C, there may be an entry for capital gains (as well as dividend income) if they were realized from the hypothetical safe during the reporting period.

The second example represents acceptable reporting of an interest in land in Dubuque, Iowa, which is undeveloped. The land is valued in the category of "$100,000–$250,000" and because there is no income, only the "None (or less than $201)" column has been checked in Block C. No type of income needs to be specified since there is no reportable income.

futures, excepted investment fund shares, and other securities, by you, your spouse, or your dependent child when the amount involved in the transaction exceeded $1,000. This includes reporting any sale or exchange of an asset involving an amount exceeding $1,000 when the sold or exchanged asset did not yield income of more than $200 (and therefore was not reported on Part IIIA or B). It also includes reporting the purchase of an asset involving an amount exceeding $1,000, but at the end of the reporting period having a value of $1,000 or less and earning income of $200 or less during the reporting period (and therefore not appearing on Part IIIA or B). The "Over $1,000,000" category only applies if the specific asset is/was held independently by the spouse or dependent child. If the asset is/was held by the filer or jointly with the spouse or dependent child, use the other categories, as appropriate.

General Instructions

Under identification of assets, name or otherwise identify the property or securities involved in the purchase, sale or exchange, and give the date of the transaction.

An exchange takes place when one or more items is given directly for another item(s) of equal value. Sale of an item and subsequent purchase should be listed as a sale and purchase, not an exchange. Identify which items are given and received in any reportable exchange.

Where multiple transactions have occurred which involve the same asset, you may list the item once, check purchase and/or sale, and note "biweekly," "monthly," or other appropriate frequency, and check the category for the aggregate amount of the sales and purchases. Your supervisor may request more specific

## PART IV: TRANSACTIONS

Report the identity, the date, and the category of amount of any purchase, sale, or exchange of any real property, stocks, bonds, commodity

information on the dates of multiple transactions. Reporting an exchange generally requires reporting two items since one item is exchanged for another.

The amount to be reported, by the appropriate category of value, is the gross purchase or sales price or the fair market value in the case of an exchange. The gain or loss on sales is not required to be disclosed under this section, but should be disclosed under Part IIIA or B if it is over $200.

For investment clubs or other holding arrangements, report each of the underlying assets of the clubs or arrangements that were bought or sold during the reporting period where your (your spouse or dependent child's) interest in an asset was greater than $1,000.

You must report any underlying transactions of a non-public business or commercial enterprise, investment pool, or other entity in which you, your spouse, or your dependent child have a direct proprietary, general partnership or other interest unless (1) the entity is an "excepted investment fund," reported on Part IIIA or (2) the transaction is incidental to the primary trade or business or an entity as indicated by you on Part IIIB. Transactions of a trust or other financial arrangement should be described in the same manner as any other transaction, but the reporting individual may indicate that these transactions were at the direction of a trustee.

**Exclusions:** You need not report a transaction involving: (1) Your personal residence(s); (2) a money market account or personal savings account; (3) an asset of your spouse or dependent child if the asset meets the three-part Exemption Test; (4) a holding of a "qualified blind trust," or an

"excepted trust;" (5) U.S. treasury bills, notes, and bonds; (6) transactions which occurred prior to your Federal Government employment; and (7) transactions solely by and between you, your spouse, or your dependent child.

**Example:** The example on the form shows the proper way to disclose ABC Corporation common stock which the reporting individual purchased for $50,000 on 2/1/9X.

**Exemption Test:** With respect to transactions involving interests of a spouse or a dependent child, do not report transactions involving items which meet the three part exemption test described in the Definitions above. If you do not report any transaction for any item for a spouse or dependent child because that item meets the above three-part test, you must indicate so at the bottom of the page.

## PART V: GIFTS

The Act requires you to disclose the receipt of gifts by you, your spouse, or your dependent child from any one source other than the U.S. Government. This reporting requirement applies to gifts received by your spouse or dependent child to the extent the gift was not given to him or her totally independent of the relationship to you. A "gift" means any payment, forbearance, advance, rendering or deposit of money, or anything of value, unless consideration of equal or greater value is received by the donor (see Interpretative Rulings 327 and 414).

**General Instructions**

Report the identity of the source, a brief description (including a travel itinerary, dates,

and the nature of expenses provided, where appropriate), and the value of gifts aggregating more than $260 in value from any one source which you, your spouse, or your dependent child each received during the reporting period. You need only aggregate gifts that are received directly by you, or your spouse, or your dependent child for purposes of disclosure. Thus, even if you and your spouse each receive a $180 sculpture from the same donor (source), the gifts do not have a value of more than $260 to each one of you, individually, and therefore need not be reported. The gifts would, however, be aggregated with any other gifts with a value of more than $100 received by each person from the same source during the reporting period.

To report a gift, give the name and address of the source, briefly describe the item(s), and show the value by exact amount. If an item is given jointly to you (or your spouse or dependent child) and any other person, and is not readily divisible, the gift must be reported as if the entire gift was given to you (or your spouse or dependent child) individually (see Interpretative Ruling 201).

**Exclusions:** In determining which tangible gifts must be reported or aggregated, exclude these items:

1. Gifts having a value of $110 or less;

2. Gifts received from "relatives" (see Definitions of Terms: Relative);

3. Bequests and other forms of inheritance;

4. Food and beverages not consumed in connection with a gift of overnight lodging;

5. Gifts given to a spouse or dependent child totally independent of the relationship to you;

6. Gift items in the nature of communications to your office, such as subscriptions to newspapers and periodicals;

7. Gifts received during the non-Federal Government employment periods;

8. Campaign contributions;

9. Gifts for which you received a publicly available waiver of this reporting requirement from the Senate Select Committee on Ethics;

10. Food, lodging, transportation, and entertainment or reimbursement provided by a foreign government within a foreign country or by the U.S. Government, the D.C. Government, state, or local governments; and

11. Gifts of personal hospitality on the donor's personal or family premises (personal hospitality must be for a non-business purpose; may only be from a person rather than a business or other entity; and does not include transportation; see Interpretative Ruling 139).

**Note:** Disclosure of gifts does not authorize their acceptance in violation of Senate Rule 35 or any other applicable law. Some gifts may qualify under an exception to the Gifts Rule and thus be acceptable; such gifts are *still* required to be reported here under the disclosure statute (e.g. Personal friendship gifts over $260).

# PART VI: REIMBURSEMENTS

You must report reimbursement (payments to cover travel related expenses) received by you, your spouse, or your dependent child during the reporting period which aggregate more than $260 from any one source other than the U.S. Government (see Interpretative Ruling 284). This reporting requirement applies to you regardless of whether the trip was officially connected, personal or campaign (but *see* exclusions). This reporting requirement applies to reimbursements received by your spouse or dependent child to the extent that the reimbursement was not given to him or her totally independent of the relationship to you.

Members are also required to disclose as a "reimbursement" the use of any campaign funds to defray otherwise unreimbursed expenses incurred in connection with official duties. Disclosure must include the identity of the campaign committee from which funds were received, the date and purposes of the disbursement, the amount, and the individual or organization to whom payments were made. This disclosure is not required, however, if disbursements are itemized in reports filed under the Federal Election Campaign Act (see Interpretative Ruling 389).

**General Instructions**

Report the source and a brief description (including a travel itinerary, dates, and the nature of expenses provided) of any reimbursements (except those from the United States Government or otherwise excluded) aggregating more than $260 which you, your spouse, or your dependent child received from any one source. Amounts of reimbursements need not be specified unless they were made from campaign funds.

For example, if you were reimbursed $400 for travel and lodging expenses in connection with a speech you made for the Denver Realtors Association, you would report this item on the form by showing under SOURCE . . . "Denver Realtors Assoc., 45 Bridge St, Denver, CO", and under BRIEF DESCRIPTION . . . "travel expenses for speech made in Denver: United Airlines round trip from Washington, D.C. 1/22/91; lodging at Denver Airport Marriott". If your spouse made this speech and received the reimbursement totally independent of his or her relationship to you, no information for this item need be reported.

**Note:** Disclosure under Rule 34 may be necessary (if the payment meets the definition of a reimbursement) even though disclosure under Rule 35 may not be required.

**Exclusions:** In determining which reimbursements must be reported or aggregated, exclude: (1) reimbursements received during non-Federal Government employment periods; (2) reimbursements provided by the U.S. Government, D.C. Government, or any state or local government; (3) reimbursements required to be reported under the Foreign Gifts and Decorations Act (5 U.S.C. 7342); (4) reimbursements for political trips which were required to be reported under section 304 of the Federal Election Campaign Act of 1971 (2 U.S.C. 434); and (5) Reimbursements reported to the Office of Public Records pursuant to Rule 35 (Forms RE-1/2 or RE-3).

## PART VII: LIABILITIES

### General Instructions

Identify and give the category of amount of the liabilities which you, your spouse or dependent child owed to any creditor which exceeded $10,000 at any time during the reporting period. You need only disclose liabilities which exceeded $10,000 at any time during the reporting period. The "Over $1,000,000" category applies only if the obligation was that of the spouse or dependent child. If the obligation was the filer's, or a joint obligation with the spouse or dependent child, use the other categories, as appropriate.

Report the name and address (city, state) of the creditor to whom the liability is owed. You must also indicate the type of liability and date the liability was incurred, interest rate, and term (if applicable) of each liability. The category of value which must be checked is that which indicates the highest amount owed on that liability during the reporting period, not just at the end of the period. If the liability was completely paid during the reporting period, you may also note that on the form if you wish.

If you are only able to identify a fiduciary rather than the actual creditor, and you certify in the report that you have made a good faith effort to determine who the actual creditor is and were unable to do so, you may give the name and address of the fiduciary, rather than the actual creditor.

If the interest rate is not a set rate or is a variable one, indicate the range of the rate during the year, or the formula used to vary the rate if it can be determined by public reference, i.e. prime

+2%; and under TERM, the duration of the loan.

You are required to report any liability of any business, investment pool, or other entity, in which you, your spouse, or your dependent child have an interest, unless (1) the liability is incidental to the primary trade or business of the entity, (2) the entity is an excepted investment fund reportable in Part IIIA, or (3) the entity is publicly traded and described in standard reference manuals for publicly traded entities reportable in Part IIIA.

### Exclude:

1. a personal liability owed to a spouse or dependent child; or to a parent, brother, sister, or child of you, your spouse, or your dependent child;

2. a mortgage or home equity loan secured by real property which is your personal residence (or which is not used for producing income);

3. a loan secured by a personal motor vehicle, or by household furniture or appliances, where the loan does not exceed the purchase price of the item;

4. a revolving charge account where the outstanding liability did not exceed $10,000 as of the close of the reporting period; and

5. any liability of your spouse or dependent child which meets the three-part Exemption Test set forth below.

**Exemption Test:** With respect to liabilities of a spouse or a dependent child, do not report items described in the instructions. If you do not report any item for a spouse or dependent child because that item meets the above three-part test, you must indicate so at the bottom of the page.

## PART VIII: OUTSIDE POSITIONS

### General Instructions

Give the name, address (city & state), and brief description (type) of the organization; the title or other brief functional description of the position; and the dates you held the position. Report all compensated and uncompensated positions held by you during the applicable reporting period, as well as those positions you currently hold as an officer, director, trustee, general partner, proprietor, representative, employee or consultant of (1) any corporation, company, firm, partnership, trust, or other business enterprise; (2) any non-profit organization; (3) any labor organization; (4) any educational institution; or (5) any organization other than the United States Government.

**Exclude** position held in any religious, social, fraternal, or political entity, and any position solely of an honorary nature. No report is required regarding any positions held by your **spouse or your dependent child.**

## Be sure to report on Part II any earned income over $200 that you received from any of these positions.

## PART IX: AGREEMENTS OR ARRANGEMENTS

### General Instructions

Under STATUS AND TERMS, describe the agreement or arrangement with appropriate

specificity. Under PARTIES, show the name of the organization, or entity, and (if applicable) the name and title of the official, corporate officer, or principal person responsible for carrying out the terms of the agreement or arrangement. Under DATE, show the date of any such arrangement.

Provide information regarding any agreements or arrangements you have concerning (1) future employment (including any current arrangement with a publisher to write a book or any portion thereof); (2) a leave of absence during your period of Federal Government service; (3) continuation of payments by a former employer other than the United States Government; and/or (4) continuing participation in an employee welfare or benefit plan maintained by a former employer other than the U.S. Government. No report is required on this Part regarding your spouse or your dependent child.

You must disclose any negotiations for future employment from the point you and a potential private sector employer have agreed to your future employment by that employer whether or not you have settled all of the terms, such as salary, title benefits, and date employment is to begin. Your office or agency may require internal disclosure of negotiations much earlier and you should seek guidance before conducting any negotiations with persons with whom you do business.

**Example:** The example on the form shows the severance agreement under which the reporting individual expects to receive a lump sum payment from the law firm he has left in order to enter the Government. It also shows a continuing pension interest and describes the nexus between the organization and the pension

interest, so that a determination of the individual's continuing financial interest in the firm and possible affiliation with the firm can be made.

---

**PART X: COMPENSATION IN EXCESS OF $5,000 PAID BY ONE SOURCE**

---

**General Instructions**

You must disclose sources of compensation in excess of $5,000 generated by you and a description of the nature of services you provided. This includes not only the source of your salary or other fees, but the disclosure of clients (other than the U.S. Government) for whom you personally provided $5,000 or more in services even though the clients' payments were made to your employer, firm or other business affiliation.

In identifying the source of compensation, you must report the name and address of the source of the payments and the nature of the duties performed or services rendered for each source (other than the United States Government) from which you derived or generated compensation in excess of $5,000 in the two preceding calendar years, and the present calendar year.

This Part does not require you to disclose the value of the compensation for these services, however, it does require a brief description of the services provided. When a source has paid you directly, you may have a corresponding entry for the income on Part II. A client who paid your business affiliation $5,000 or more for your services may appear only in this Part.

**Exclude:** (1) information to the extent that it is considered confidential as a result of a privileged relationship established by law, or (2) information about clients for whom services were provided by a business entity or affiliation of which you were a member, general partner, or employer unless you were directly involved in the provision of the services. The name of a client or a law firm is not generally considered confidential. No report is required regarding sources of compensation paid to your spouse or your dependent child.

**Example:** The examples on the form show the proper way to disclose the business affiliation which paid the reporting individual's salary (compensation), in this case a law firm, and a client of the firm for which the reporting individual personally provided over $5,000 worth of services.

U.S. GOVERNMENT PRINTING OFFICE: 2001   70-273 (mac)