IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Criminal No. 08-231 (EGS) |
| v. | ) ) ) |  |
| THEODORE F. STEVENS, | ) ) |  |
| Defendant. | ) ) |  |

**REPLY IN SUPPORT OF
MOTION TO STRIKE PREJUDICIAL SURPLUSAGE
(SENATOR STEVENS'S PRE-TRIAL MOTION NO. 3)**

Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)
Alex G. Romain (Bar No. 468508)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*

September 2, 2008

The government never disputes that it has not charged and cannot prove any *quid pro quo* relationship between the gifts Senator Stevens allegedly received and any official actions he may have taken. It also has conceded on multiple occasions that this is a simple case about Financial Disclosure Forms, which would tend to exclude the possibility that the trial might be a referendum on the Senator's overall conduct in office. The government nonetheless opposes the Senator's motion to strike from the indictment a paragraph (¶ 17) alleging that VECO and Bill Allen solicited official acts, and that the Senator took official action on their behalf. In support of this effort to have and eat its cake, the government cites three reasons why the allegations in paragraph 17 supposedly are material to the charges. None is persuasive.

      1.    <u>Paragraph 17 does not show knowledge and intent</u>. The government observes that it must prove at trial that Senator Stevens knowingly and intentionally submitted false Financial Disclosure Forms. The indictment alleges that the forms were false because they did not disclose certain gifts and liabilities the Senator allegedly received from Bill Allen and VECO. As to intent, the relevant claim is that the Senator allegedly knew he had received these things of value, knew that he had to disclose them, and intentionally did not disclose them. *See*, *e.g.*, Indictment ¶ 46.

      The allegations in paragraph 17 do not bear on intent. They allege solicitations by VECO and actions by Senator Stevens on disparate issues having no apparent relationship to the alleged gifts or to Senator Stevens's knowledge of them when he filed the Disclosure Forms. Proof that VECO solicited Senator Stevens's assistance on a project in Pakistan, for example, *see* Indictment ¶ 17(a), does not tend to prove anything about Senator Stevens's knowledge of the things of value or of the relevant disclosure requirements.

2. <u>Paragraph 17 does not show materiality</u>. Observing that materiality is a necessary element of a § 1001 charge, the government postulates that the disparate VECO solicitations alleged in paragraph 17 rendered material Senator Stevens's alleged nondisclosure of VECO gifts. The theory goes that if the Senator had disclosed that he allegedly received hundreds of thousands of dollars in free home renovations from VECO, he would have been subjected to public and Senate scrutiny—not because the alleged gifts were improper under Senate Rules incorporating the Ethics in Government Act, but because the gifts would be publicly linked to Senator Stevens's solicitations from and actions for VECO relating to Pakistan, Russia, and the like. In other words, the government is saying that it cannot prove a *quid pro quo* between gifts and official acts, but its prejudicial evidence is relevant because the public and Senate would have <u>suspected</u> a *quid pro quo*. By this device, the government would magically transform innuendo into evidence.

To recite this argument is to refute it. The government's theory is both unreasonably attenuated and the very essence of unfair prejudice.

3. <u>Paragraph 17 does not show motive</u>. The government finally contends that the alleged solicitations and official acts "demonstrate[] defendant Stevens's motive for having filed false financial disclosure forms." Opp. 9. Motive, of course, is not an element of the charged offenses; and in any event, the evidence to which paragraph 17 alludes does not prove motive. As the government readily admits, the conduct is <u>entirely lawful and proper</u>: "Paragraph 17 does not allege the commission of a crime let alone the commission of a bad act." Opp. 10. Yet the government, in an odd stretch of logic, argues that Senator Stevens was motivated to file false disclosure forms to cover up these lawful acts.

2

Because a lawful act does not need to be covered up, the government suggests that the Senator was motivated to conceal the gifts he allegedly received—not because they were a *quid pro quo* for the lawful acts, which the government does not allege, but because <u>someone else might think</u> they were a *quid pro quo*.  For the reasons discussed above as to materiality, this argument is a non-starter.

The government's argument also defies basic logic.  Senate Rules, incorporating the Ethics in Government Act, forbid Senators from accepting gifts in the amounts alleged in the indictment.  Yet, the government contends that Senator Stevens was motivated to conceal hundreds of thousands of dollars of allegedly improper gifts, <u>not</u> to hide receipt of improper gifts but instead to hide legal and appropriate solicitations from VECO.

Finally, many of the alleged solicitations and acts are demonstrably irrelevant to motive because they occurred before Senator Stevens allegedly began receiving the things of value from VECO.  The government has revealed in its *in limine* motion that much of this alleged conduct occurred in 1999, long before the initiation in 2000 of the home renovations that are the core of the government's case; and indeed, many occurred even prior to the first alleged gift—the June 1999 automobile exchange.[1]  Even under the government's tortured reasoning, the

---

[1] *See* Gov't Mot. *in Limine* Concerning Speech or Debate Clause (Dkt. No. 19) at 5 (proposing to introduce evidence of an "April 23, 1999[] letter from Bill Allen to Senator Stevens regarding assistance from the World Bank;" an "April 23, 1999[] letter from Bill Allen to Senator Stevens requesting support for a federal grant from the National Science Foundation;" an "April 1999[] internal VECO e-mail discussing a meeting between Bill Allen and officials from the Federal Emergency Management Agency that was arranged by Senator Stevens;" an "August 23, 1999[] letter from Bill Allen to Senator Stevens regarding assistance from the World Bank concerning the Pakistani pipeline;" and a "December 22, 1999[] e-mail from Bill Allen to a legislative aide for Senator Stevens describing assistance that VECO may need concerning an apprenticeship and training program authorized through the Department of Labor"); *see also id*. at 9 (proposing to introduce a September 20, 1999 letter from Senator Stevens to the President of the World Bank).

3

Senator cannot reasonably have been motivated to conceal gifts on the theory that someone might suspect a *quid pro quo* for actions that had already been completed.

*   *   *   *   *

The government obviously wishes to import the stench of a bribery prosecution into a case that is nothing of the sort. The government has cited no case, and we are aware of none, in which prosecutors were permitted to suggest a *quid pro quo* when no *quid pro quo* was or could be charged in the indictment. Particularly here, where the government concedes that the Senator's official acts were entirely lawful and proper, the allegations are unnecessary and unfairly prejudicial. The government's strained rationales should be rejected and paragraph 17 should be stricken.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By:  /s/ Robert M. Cary
Brendan V. Sullivan, Jr., D.C. Bar No. 12757
Robert M. Cary, D.C. Bar No. 431815
Alex G. Romain, D.C. Bar No. 468508
725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000

*Attorneys for Defendant Theodore F. Stevens*

Dated:  September 2, 2008