**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 08-231 (EGS) |
| THEODORE F. STEVENS, | ) ) ) | |
| Defendant. | ) ) | |

**REPLY IN SUPPORT OF
MOTION TO DISMISS THE INDICTMENT FOR
VIOLATION OF THE SPEECH OR DEBATE CLAUSE
(SENATOR STEVENS'S PRE-TRIAL MOTION NO. 4)**

Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)
Alex G. Romain (Bar No. 468508)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*

September 2, 2008

Every argument made in Senator Stevens's opening memorandum applies now with greater force in light of the government's recent disclosures. Senator Stevens pointed out that paragraph 17 of the indictment reflects its reliance on protected Speech or Debate materials. Mem. at 3-4. On the same day his motion was filed, the government submitted a separate motion *in limine* (Dkt. No. 19) ("Gov't ILM"), requesting that the Court admit ten categories of proposed "official acts" evidence, building on what is alleged in paragraph 17, notwithstanding the Speech or Debate Clause. The government's proffered evidence in fact <u>does</u> implicate the Speech or Debate Clause, proving that paragraph 17 of the indictment is a deceptively compact repository for constitutionally problematic evidence. Its inclusion in the indictment strongly indicates that protected materials were presented to the grand jury.

## I.    COUNT I OF THE INDICTMENT SHOULD BE DISMISSED.

At the time this motion was filed, Senator Stevens pointed to the indictment's vague but ominous wording that appeared to reference legislative acts, but the government had not revealed any details about those allegations. Now that the government has further explained it allegations in its motion *in limine*, there can be no doubt that paragraph 17 indicts for legislative conduct. Senator Stevens has explained in detail the reasons why the government's proposed evidence would violate the Speech or Debate Clause, in his Opposition to the government's motion *in limine* (Dkt. No. 34). That discussion will not be repeated here, except to note that the same reasons that support excluding the evidence also support dismissing the indictment's allegations under the Speech or Debate Clause.

For example, the government has now disclosed that the gas pipeline solicitation alleged in paragraph 17(c) relates to the implementation of a federal statute, the Alaska Natural Gas Pipeline Act, Pub. L. No. 108-324, § 105, 118 Stat. 1258, 1258-59, 15 U.S.C. § 720c (2004). Gov't ILM at 6-8. Similarly, the government's *in limine* motion acknowledges that the

"contracts" or "grants" referenced in paragraph 17(b) of the indictment relate to Senator Stevens's support in "providing earmarks in the appropriations bill," Gov't ILM at 10, and an "earmark through the Department of Transportation and Treasury's Fiscal Year 2005 Appropriations Bill," Gov't ILM at 13.

If there were any residue of doubt at the time of Senator Stevens's opening memorandum, the government has now clarified that the meaning of paragraph 17 is that Senator Stevens was indicted for legislative activities. Count I accordingly should be dismissed.

## II.  THE INDICTMENT SHOULD BE DISMISSED IN ITS ENTIRETY.

The government does not contest that "the circuits that have focused their attention . . . upon the use of Speech or Debate material before a grand jury are unanimous in their condemnation of the practice." *United States v. Rostenkowski*, 59 F.3d 1291, 1298 (D.C. Cir. 1995). Rather, it claims that it did not expose the grand jury to any protected information. In light of the discussion above, it is difficult to understand how that could be the case. Paragraph 17 unmistakably is the product of Speech or Debate privileged material.

The government's claim that it did not employ Speech or Debate information may reflect that it holds an unduly narrow conception of the matters protected by the Clause. Indeed, the government's opposition brief and its motion *in limine* suggest just such a misunderstanding. *See* Opp. at 6 (denying use of protected material "such as votes on bills or statements on the floor of the Senate"); *cf. United States v. Brewster*, 408 U.S. 501, 525 (1972) ("It is beyond doubt that the Speech or Debate Clause protects against inquiry into acts that occur in the regular course of the legislative process and into the motivation for those acts."); *Gravel v. United States*, 408 U.S. 606, 617 (1972) (Clause protects "things generally done in a session of the House by one of its members in relation to the business before it" (quotation marks omitted)).

The government's opposition also reveals more reasons for concern than Senator Stevens previously knew. The Senator's opening memorandum noted that at least one member of his staff had testified before the grand jury and several others had been interviewed by the FBI. The government now acknowledges, in a footnote, that "[t]he prosecutors who were involved in the grand jury proceedings have identified a handful of witnesses who, at least facially, might have been privy to information protected by the Speech or Debate Clause." Opp. at 6 n.2. It is a reasonable inference that their testimony concerned information related to the alleged official actions in paragraph 17.

The government could well have indicted this case in a way that would present no Speech or Debate Clause violations. Had the government brought a case, consistent with its representations to the Court, limited to the Financial Disclosure Forms, there would be no Speech or Debate issue. Instead, the government persists in polluting this matter with insupportable implications of a *quid pro quo*, and it apparently shared those implications with the grand jury by means of protected Speech or Debate material.[1] Some of the resulting prejudice can be remedied by dismissing Count I, or excluding evidence at trial, but to the extent the grand jury was influenced by the widespread use of protected information, dismissal is the only appropriate remedy. *See United States v. Helstoski ("Helstoski II")*, 635 F.2d 200, 205 (3d Cir. 1980) (upholding dismissal of indictment where "privileged matter permeated the whole proceeding").

---

[1] Indeed, the government's opposition itself employs inflammatory language unsuited to the charges of false disclosure forms, in the absence of alleged bribery or the like. The government says that Senator Stevens is charged with "abusing his office," references "Congressional corruption," and states that he "took official or political, non-legislative actions in furtherance of the charged scheme." Opp. at 1, 4.

3

**III.    AT THE VERY LEAST, THE COURT SHOULD ORDER A REVIEW OF THE GRAND JURY TRANSCRIPTS.**

Seeking to insulate from scrutiny its unilateral denial of a Speech or Debate violation, the government argues that "no further proceedings are necessary or proper." Opp. at 10. Its argument ignores the very low threshold for ordering a review of grand jury transcripts under these circumstances.

The governing standard in this Circuit comes from *Rostenkowski*, 59 F.3d 1291, a case in which access to transcripts was denied. Contrasting the facts of that case with this one explains why. In *Rostenkowski*, a congressman was charged with misappropriating public funds to his personal use through various fraudulent schemes. The case had decidedly nothing to do with protected legislative acts, and—unlike here—there was nothing on the face of the indictment that even suggested any legislative activities. In *Rostenkowski*, moreover, the government did not propose to introduce evidence relating to federal statutes authored by the defendant, or to earmarks voted on by the defendant, as the government does here. Nor had the government acknowledged calling a "handful" of individuals before the grand jury who were "privy" to the congressman's Speech or Debate materials. Congressman Rostenkowski thus requested *in camera* review "without any particular reason apart from his status as a Member of Congress and therefore a person protected by the Speech or Debate Clause." *Id*. at 1313.

Even as it rejected *in camera* review in light of Rostenkowski's non-existent showing, the Court set a notably low threshold at which review would be appropriate:

> Although Rostenkowski obviously cannot be expected to know exactly what transpired before the grand jury or what was presented to that body, he must be able to provide, <u>either</u> from the allegations of the indictment <u>or</u> from some other source, at least <u>some reason</u> to believe that protected information was used to procure his indictment.

*Id*. at 1313 (emphases added).

4

Here, Senator Stevens offers substantial reason to believe the grand jury was exposed to protected material, including the allegations of the indictment <u>and</u> other sources—i.e., the evidence proffered in the government's motion *in limine* and the admissions in its opposition to this motion. Should the Court decline to dismiss the indictment, therefore, Senator Stevens respectfully requests that the Court allow him to review the grand jury transcripts, and/or order a review *in camera*, to determine the extent of the Speech or Debate Clause violation. This remedy would resemble the procedures employed in the pending case against Congressman Jefferson, in which the government voluntarily permitted the defendant to review the grand jury transcripts of his legislative aides, and the Court reviewed the remaining transcripts *in camera*. *See* Mem. at 7 n.3.

Dated: September 2, 2008

        Respectfully submitted,

        WILLIAMS & CONNOLLY LLP

By:    /s/ Robert M. Cary
        Brendan V. Sullivan, Jr., D.C. Bar No. 12757
        Robert M. Cary, D.C. Bar No. 431815
        Alex G. Romain, Bar No. 468508
        725 Twelfth Street, N.W.
        Washington, D.C. 20005
        (202) 434-5000

*Attorneys for Defendant Theodore F. Stevens*