# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | Criminal No. 08-231 (EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| THEODORE F. STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPLY IN SUPPORT OF
## MOTION TO DISMISS INDICTMENT
## FOR VIOLATION OF SEPARATION OF POWERS
## (SENATOR STEVENS'S PRE-TRIAL MOTION NO. 5)

Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)
Alex G. Romain (Bar No. 468508)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*

September 2, 2008

As Senator Stevens's opening memorandum demonstrates, Congress is constitutionally forbidden to delegate to the Executive or Judicial branches the Senate's authority to "determine the Rules of its Proceedings" or to "punish its Members for disorderly Behaviour," U.S. Const., art. I, § 5, cl. 2.  Instead of responding to this argument (which it evidently cannot), the government treats it as something more familiar, and offers a brief apparently drafted in large part prior to the Supreme Court's landscape-altering decision in *Clinton v. City of New York*, 524 U.S. 417 (1998).

The unequivocal lesson of *Clinton* is that the functions constitutionally reserved to the Legislative branch cannot be exercised by another branch, <u>even if Congress expressly wishes to delegate them</u>.  The Supreme Court accordingly struck down an act of Congress, the Line Item Veto Act, that purported to confer upon the Executive authority to cancel parts of Congress's fiscal enactments, a function reserved to the Legislature under Article I, section 7. 524 U.S. at 445-46.

Through this prosecution, the Executive seeks to punish a Senator for alleged misbehavior in connection with an administrative requirement of the Senate, a function squarely within Article I, section 5.  The indictment is founded on the same fallacy as the Line Item Veto Act and should be dismissed.

The government's memorandum argues pre-*Clinton* law as though the Supreme Court had never spoken to this issue.  It acknowledges *Clinton* only in a short footnote, Opp. at 4 n.2, and otherwise cites exclusively to cases decided before *Clinton*.[1]  The government's footnote

---

[1] Indeed, the government's brief proves its obsolescence by arguing, in another footnote, that "Defendant does not appear to dispute that the Office of Secretary of the Senate is an agency of the United States within the meaning of Section 1001.  *See United States v. Bramblett*, 348 U.S. 503 (1955)."  Opp. at 2 n.1.  The government must be referring to a pre-1996 version of § 1001, which proscribed false statements within the jurisdiction of "any department or agency of the

apparently contends that *Clinton* is inapplicable to criminal prosecutions, because the Senate's power to make and enforce rules for its Members "exists side by side with the Executive's power to prosecute crimes."  Opp. at 4 n.2.  As a general matter, certainly Article I, section 5 does not prevent all criminal prosecutions of Members of Congress.  But the problem with the government's reasoning is that the conduct for which the Executive in this case is purporting to prosecute Senator Stevens is exclusively within the province of the Senate to punish.  The Financial Disclosure Forms are regulatory filings, promulgated and administered by the Senate Ethics Committee pursuant to internal Senate Rules.  Under these rules, Senator Stevens was obliged to, and did, submit his Disclosure Forms to officers of the Senate.  It would be difficult to imagine a clearer example of conduct reserved to the Senate under Article I, section 5 than that described in the indictment.[2]

In furtherance of Article I's fundamental separation-of-powers principles, its section 5 clause 2 reserves to the Senate and House the authority to regulate their respective Members' official behavior.  It thus ensures that the Executive and Judicial branches will not intrude upon the independence of the Legislature—and indeed, that the Senate and House will not intrude upon one another's prerogatives—by purporting to discipline Members of either House.  Even the prospect of a prosecution for internal Senate procedures, let alone the reality of

United States."  The statute was amended in 1996 to delete the phrase "agency of the United States."  That statutory amendment, moreover, was prompted by the Supreme Court's decision in *Hubbard v. United States*, 514 U.S. 695 (1995), in which the Court overruled *Bramblett* and held that § 1001 did not apply to the judicial branch.  It is thus puzzling to say the least why the government cites to a pre-1996 version of the statute and to a case that was overturned by the Supreme Court thirteen years ago.  Senator Stevens can only assume the government's footnote is, like the rest of its brief, hopelessly out of touch with the law circa 2008.

[2] In contrast, the century-old decision in *Burton v. United States*, 202 U.S. 344 (1906), which the government cites, did not concern an internal Senate reporting function, but rather a criminal statute that forbade members of Congress from receiving compensation for their efforts to influence official proceedings in which the United States was a party or was otherwise interested.

this prosecution, creates an unwarranted external threat to the Senate's independence and to its Members' performance of their duties. The Framers wisely reserved such internal discipline of Senators to the Senate.

*     *     *     *     *

If separation of powers means anything, it means that a branch of government cannot "assume[] a function that more properly is entrusted to another." *INS v. Chadha*, 462 U.S. 919, 963 (1983) (Powell, J., concurring). The Constitution explicitly entrusts the Senate with the function of disciplining its Members, and the Executive may not intrude into that exclusive authority. The indictment should be dismissed.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By:    /s/ Robert M. Cary
       Brendan V. Sullivan, Jr., D.C. Bar No. 12757
       Robert M. Cary, D.C. Bar No. 431815
       Alex G. Romain, D.C. Bar No. 468508
       725 Twelfth Street, N.W.
       Washington, DC  20005
       (202) 434-5000

*Attorneys for Defendant Theodore F. Stevens*

Dated:  September 2, 2008