IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Criminal No. 08-231 (EGS) |
| v. | ) ) ) |  |
| THEODORE F. STEVENS, | ) ) |  |
| Defendant. | ) ) |  |

**REPLY IN SUPPORT OF
MOTION FOR ADDITIONAL RELIEF
(SENATOR STEVENS'S PRE-TRIAL MOTION NO. 8)**

Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)
Alex G. Romain (Bar No. 468508)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*

September 2, 2008

The government's opposition presumes that Senator Stevens, by asserting his right to a speedy trial, somehow waived his other rights and freed the government of its obligations under the Constitution and Federal Rules of Criminal Procedure.  In fact, it is not the Senator but the government that seeks a "blank check," Gov't. Opp. at 1, guaranteeing immunity from its discovery and Title III obligations, simply by producing inadequate discovery materials and electronic surveillance in a manner that made it impossible for the defendant to challenge them prior to the motions deadline.

## ARGUMENT

At the July 31 arraignment, defense counsel requested a trial in October—so that Senator Stevens could clear his name before the November election—and expedited discovery, including *Brady* and Jencks material—so that "there would be absolutely no delay in the proceedings themselves." Hr'g Tr. at 3-4, July 31, 2008.  The government responded that it "is certainly willing to accommodate the defendant as far as trial schedule" and that, "[a]s far as discovery, your Honor, we do have discovery that is all ready for the defendant." *Id*. at 6.[1] Recognizing the short window of time between the government's promised production and the motions deadline, defense counsel requested that the Court "not hold us to [the motions deadline] if we find something else obviously in the discovery that might warrant the Court's attention." *Id*. at 20.  The Court agreed, noting that "there may be a motion or two filed subsequent to that date." *Id*.[2]  Senator Stevens's Motion for Additional Relief merely formalizes that request.

---

[1] The government later clarified that it would produce "the bulk of it next week." Hr'g Tr. 20, July 31, 2008.

[2] The Court had instructed earlier that day that "[t]here may be other reasons for motions once he gets all the discovery he is entitled to." *Id*. at 12.

**I.    DISCOVERY MATTERS.**

The grounds for this motion have only strengthened since it was filed, because the government repeatedly has failed to live up to its discovery obligations—and its own promises.

<u>First</u>, the government did not produce a single document to the defense until August 7, 2008—a mere week before the August 14 motions deadline. That production, moreover, was made on a computer hard drive which failed to include critical "load data" needed to make many of the documents readily useable, although the government admitted that it possessed such data for many of the documents.

<u>Second</u>, the government did not produce documents from key third parties until well after the motions deadline had passed. For example, on August 22, 2008, the government produced approximately 3,500 additional pages of documents received from VECO, and did so in a manner inconsistent with its promise to produce them in a useable, unitized format.[3]

<u>Third</u>, the government still has yet to produce critical *Brady* and *Giglio* material. It has not produced a single FBI Form 302, documenting interviews of its witnesses, nor has it produced impeachment material specifically identified by the government and requested by the defense.

Given the numerous delays and problems with the government's document production, it was impossible to determine the production's completeness, and thus whether it appeared to satisfy the government's obligations pursuant to Federal Rule of Criminal Procedure 16(b) or the *Brady* doctrine. Because it now appears that the government has <u>not</u> met these obligations, Senator Stevens will serve a motion to compel the missing discovery materials on the government today and will file that same motion, under seal, with the Court tomorrow.

---

[3] For example, in its August 22, 2008 production, the government provided a single pdf file consisting of 6,587 pages of VECO documents—many of which had already bene produced.

**II.    ELECTRONIC SURVEILLANCE MATERIALS.**

The government's initial document production, on August 7, contained over four-hundred hours of surveillance audio and video—virtually none of it relating to Senator Stevens or the allegations of this case.[4]  The government did not even produce an index of the intercepted calls and videos until after the motions deadline had passed.  To date, it still has not produced any minimization logs created by agents conducting the surveillance.  The notion that Senator Stevens's counsel could have digested these materials, and prepared motions on significant Title III issues, all within seven days after receiving them is simply outlandish.  The Senator accordingly seeks to preserve his right to move to suppress, in the event that a complete review of the surveillance material—and the not-yet-produced Title III minimization logs—reveals that the government failed to adhere to its constitutional and statutory duties.

Among the government's duties was to "minimize" the interception of communications to and from persons not named as "interceptees" in the surveillance orders; to minimize interception of non-criminal communications; and to identify the actual targets of the interceptions by affidavit to the authorizing court.  Here, the government never once identified Senator Stevens as a targeted "interceptee" in its Title III applications, yet it appears to have targeted his phone calls.  Courts recognize that where "the government continues to intercept . . . a person not named in the authorizing order . . . it would be of no moment that eventually that individual was heard discussing an incriminating matter; the conversation would still be subject to suppression."  *United States v. Dorfman*, 542 F. Supp. 345, 395 (N.D. Ill. 1982), *aff'd,* 690 F.2d 1217 (7th Cir. 1982).

---

[4] The government produced more than 2,800 intercepted calls, only 105 of which include Senator Stevens.

3

In addition, "under certain circumstances, it is appropriate to suppress the entire fruits of a wiretap surveillance even if it cannot be shown that each and every interception was wrongful by itself." *United States v. Suquet*, 547 F. Supp. 1034, 1039 (N.D. Ill. 1982). "[I]f the monitoring . . . evidenced flagrant disregard of the limiting provisions contained in the warrant, each defendant will be entitled to an order suppressing each call which he has standing to challenge." *Id*. at 1040 (internal quotation marks omitted). Such a showing will not be possible until Senator Stevens has reviewed all of the recorded conversations as well as the government's own "minimization record," which it has not yet produced. *See id*. at 1041-42.

Because the government's surveillance logs are essential to Senator Stevens's decision whether to file suppression motions, and because they are subject to pre-trial discovery, *United States v. Wright,* 121 F. Supp. 2d 1344, 1351 (D. Kan. 2000), Senator Stevens's motion that will be served on the government today and filed under seal tomorrow, *see supra*, p. 2, will also seek to compel the production of the logs.

**III.    OTHER ISSUES.**

Because of the compressed timetable for this case, it is reasonable to suggest that the Court entertain motions whose grounds may be identified after the August 14 deadline.

        Respectfully submitted,

        WILLIAMS & CONNOLLY LLP

By:    /s/ Robert M. Cary
        Brendan V. Sullivan, Jr., D.C. Bar No. 12757
        Robert M. Cary, D.C. Bar No. 431815
        Alex G. Romain, D.C. Bar No. 468508
        725 Twelfth Street, N.W.
        Washington, DC 20005
        (202) 434-5000

*Attorneys for Defendant Theodore F. Stevens*

Dated: September 2, 2008