**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
|                                             ) | |
|        v.                                                ) | Criminal No. 08-CR-231 (EGS) |
|                                             ) | |
| THEODORE F. STEVENS,           ) | |
|                                             ) | |
|        Defendant.                           ) | |
|                                             ) | |
| _____) | |

**GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE*
CONCERNING THE INAPPLICABILITY OF THE SPEECH OR DEBATE CLAUSE**

The United States of America, by and through the undersigned attorneys, submits the following reply in support of its "Motion in Limine Concerning the Inapplicability of the Speech or Debate Clause," filed on August 14, 2008.  See Dkt. 19.  Defendant Theodore F. Stevens ("Defendant") responded to the government's motion with a combined opposition brief and cross-motion filed on August 25, 2008.  See Dkt. 34.  Defendant's cross-motion is untimely and should be stricken.[1]

Defendant's opposition brief suffers from a number of fatally flawed arguments.  First, his brief mistakenly theorizes that the government's proof has turned or will turn on evidence of defendant's legislative acts rather than merely official or political acts.  Next, defendant compounds that error by, yet again, failing to inform the Court from the outset that one of his

---

[1] Defendant has filed a cursory, one-page document styled "Cross-Motion In Limine to Exclude the Evidence Described in the Government's Motion in Limine Concerning the Speech or Debate Clause."  See Dkt. 35.  This cross-motion should be stricken and disregarded because it is untimely under the Court's scheduling Order (requiring all motions to be filed by August 14, 2008), and improper insofar as defendant might attempt to obtain the advantage of a further "reply" brief on the issues, which have been fairly joined and briefed under the original motions by each party.

primary arguments has been considered and rejected by the D.C. Circuit – this time, by the D.C. Circuit's decision in United States v. Rostenkowski, 59 F.3d 1291 (D.C. Cir. 1995).[2]  Finally, defendant completely miscasts the standard for admissibility under Federal Rule of Evidence 403 in evaluating the relevance of defendant's performance of official or political acts in proving defendant's intent and motive and the materiality of his false statements on the financial disclosure forms.

## ARGUMENT

I.  **THE SPEECH OR DEBATE CLAUSE IS INAPPLICABLE TO THE GOVERNMENT'S PROFFERED EVIDENCE**

The law concerning evidence of defendant's official or political acts in this case is detailed and argued not only in the government's motion in limine, but also in the government's "Response in Opposition to Motion to Dismiss the Indictment for Violation of the Speech or Debate Clause," filed August 25, 2008, and incorporated here by reference.  See Dkt. 28.  Defendant's opposition brief either omits or disregards well-settled law establishing that the Speech or Debate Clause is inapplicable to the government's proffered evidence.

   A.  **Evidence Of Merely Official Or Political Acts Does Not Violate The Speech Or Debate Clause**

To summarize prior filings, a Senator's acts are not privileged simply because they relate to his office or have some nexus to it.  E.g. United States v. Brewster, 408 U.S. 501, 515-21 (1972).  Rather, the Speech or Debate privilege will not apply unless the acts at issue rise beyond

---

[2]  See D.C. R. PROF. CONDUCT 3.1 and 3.3(a)(3).  Four days after filing his opposition brief, defendant filed a notice of supplemental authority concerning Rostenkowski, indicating that this decision "may bear upon" the government's motion in limine.  See Dkt. 37.  As discussed below, defendant's belated attempt to marginalize an indistinguishable case is unavailing.

the merely official or political and qualify for the much narrower category of truly legislative action.  Id.; see also United States v. Rose, 28 F.3d 181, 188 (D.C. Cir. 1994) ("[M]any activities routinely engaged in by lawmakers, such as constituent services, communications with government agencies, assistance in securing government contracts, and speeches delivered outside of Congress, do not qualify for immunity.") (citations omitted).  To prevent the admission of the government's proffered evidence, it is defendant's burden to demonstrate that the official or political acts at issue are legislative.  See Rostenkowski, 59 F.3d at 1300 (citing Virgin Islands v. Lee, 775 F.2d 514, 524 (3d Cir. 1985)).  He does not and cannot do so.

In his opposition brief, defendant challenges the evidence of "solicitations of or actions by Senator Stevens."  Def. Opp. Br. at 2.  Solicitations of official action and official actions themselves are distinct evidentiary items, and defendant fails to carry his burden of showing that either category of evidence arises to a legislative action in this case.

As explained in detail and at length in the government's prior filings, all of the evidence of official or political actions by defendant will be limited to such routinely admissible categories as constituent services or communication with government agencies.  As the D.C. Circuit explained in Rose, such official acts are not privileged.  28 F.3d at 188.  Further, the opposition brief does not identify even one single instance of a proffered official action by defendant that he contends is a legislative act, let alone attempt to carry his burden of proving its legislative character.  Rather, he relies entirely on the theory that "solicitations" from private parties for official action are legislative acts.  They are not.

The Supreme Court made absolutely clear in Brewster that the government may use evidence of the discussions attendant to a course of illegal conduct involving legislative acts, so

long as the legislative acts themselves remain unproven.  In <u>Brewster</u>, a bribery case, the Court explained that bribery requires proof of a corrupt agreement and "evidence of the Member's knowledge of the alleged briber's illicit reasons for paying the money is sufficient to carry the case to the jury."  <u>Brewster</u> at 527.  Thus, evidence of the solicitation of legislative action intrudes not at all upon the Speech or Debate Clause, so long as the legislative act itself, such as the voting at issue in <u>Brewster</u>, is not introduced.

Accordingly, the government's motion <u>in limine</u> should be granted, and the proffered evidence should be received at trial.

> **B.     The Speech Or Debate Clause Is Not Implicated By A Defendant's Decision To Offer Evidence Of Legislative Acts**

Despite controlling contrary precedent in the D.C. Circuit, defendant then inexplicably argues that the government's proffered evidence violates the Speech or Debate Clause insofar as he might decide to defend himself by offering evidence of legislative acts.  The D.C. Circuit, however, has expressly and pointedly rejected this argument in <u>Rostenkowski</u>, a leading case on the Speech or Debate Clause that is often cited by defendant in other contexts (including on page two of his memorandum), but which defendant – at least initially – failed to even mention in making this specific argument to the Court.  Specifically, <u>Rostenkowski</u> collected cases spanning more than a quarter century from today, and held that a defendant Congressman is not "questioned" under the clause when he offers otherwise privileged evidence:

> Moreover, to the extent that Rostenkowski himself chooses to present evidence of his status or activities as a legislator, we agree with the Second and Third Circuits that the constitutional protection against his being "questioned" for his legislative acts "does not prevent [a Member of Congress] from offering such acts in his own defense, even though he thereby subjects himself to cross-examination."

59 F.3d at 1303 (quoting United States v. McDade, 28 F.3d 283, 295 (3d Cir. 1994) (Alito, J.); citing United States v. Myers, 635 F.2d 932, 942 (2d Cir. 1980)).

In his belated notice of supplemental authority (see Dkt. 37), defendant attempts to distinguish Rostenkowski by claiming that here, defendant is "not argu[ing] that his indictment must be dismissed because he would be required to introduce Speech or Debate material in his defense." Id. at 2. "Rather, he argues for exclusion of extraneous evidence in part because it would require him to introduce such materials." Id. at 2-3.

This is a distinction without a difference. Like Rostenkowski, there is nothing on the face of the indictment here that will require the government to introduce legislative acts protected by the Clause. 59 F.3d at 1303. Whether defendant chooses to offer Speech or Debate evidence for tactical or other reasons is a decision – like the one confronting Representative Rostenkowski – that defendant can make voluntarily and without compulsion.

Moreover, even if one mistakenly assumes that the D.C. Circuit's holding in Rostenkowski is not controlling, each case cited by defendant is inapposite on its face. None of those cases even begin to address the foreclosed argument that a Congressman's decision to use Speech or Debate protected evidence in a criminal case brought against him somehow implicates the Speech or Debate Clause.[3]

    **C.**    **The Government Did Not Present Privileged Evidence To The Grand Jury**

---

[3]  United States v. Johnson, 383 U.S. 169 (1966) (government introduced floor speech of defendant Congressman); United States v. Rayburn House Office Building, 497 F.3d 654 (D.C. Cir. 2007) (Congressman resisting use disclosure of legislative material under search warrant); Brown & Williamson Tobacco Corp. V. Williams, 62 F.3d 408 (D.C. Cir. 1995) (Congressmen resisting subpoena for legislative material); MINPECO, S.A. v. Conticommodity Services, Inc., 844 F2d 856 (D.C. Cir. 1988) (subcommittee resisting same).

Defendant also improperly and unnecessarily attempts to supplement his separate motion to dismiss[4] by contending that the grand jury must have inquired into legislative acts in violation of the Speech or Debate Clause.[5] See Def. Opp. Br. at 6-7. The government stands on its separate briefing of that motion, but also notes two additional points here.

First, there is a "presumption of regularity in grand jury proceedings." United States v. Trie, 23 F. Supp. 2d 55, 61 (D.D.C. 1998). Despite this presumption, defendant demands an inference from the particular evidence proffered by the government's motion in limine that the government presented the grand jury with evidence of privileged legislative acts. Def. Opp. Br. at 7 (proffered evidence "makes apparent that the government has actively investigated legislative conduct"). Defendant's motion, however, rests on the untenable premise that evidence of official or political acts contravenes the Speech or Debate Clause, whereas the law is clear that the privilege applies only to legislative acts. Moreover, the prosecutors involved in the grand jury proceedings are not aware of any evidence introduced to the grand jury that reflects any act by defendant, such as votes on bills or statements on the floor of the Senate, that would qualify as a protected legislative act. In fact, the government carefully guarded against the

---

[4] See Defendant's "Motion to Dismiss the Indictment for Violation of the Speech or Debate Clause," filed August 14, 2008 (Dkt. 14), to which the government responded on August 25, 2008. See Dkt. 28. Defendant is entitled to file a reply brief in support of his motion to dismiss. His attempt here to supplement that motion should therefore be disregarded.

[5] Defendant claims that our motion in limine reinforces this concern "as it makes apparent that the government has actively investigated Senator Stevens' legislative conduct, such as his support for the Alaska gas pipeline project." Def. Opp. Br. at 7. As noted above, however, defendant's involvement with legislation pending at the state level is not a protected legislative activity. See U.S. Motion in Limine at 5, 6-8, 22-24. Nor is his dissemination of information to the public or his promises to take future activity concerning the influencing of members of the Executive Branch. Id.

introduction of privileged evidence to the grand jury, warning both witnesses and grand jurors away from protected evidence.

Second, defendant's sweeping yet bald assertion regarding the evidence considered by the grand jury does not come close to carrying his burden, Rostenkowski, 59 F.3d at 1300, or to justifying any relief whatsoever. See also United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).").

## II. EVIDENCE OF DEFENDANT'S PERFORMANCE OF OFFICIAL OR POLITICAL ACTS IS NOT UNFAIRLY PREJUDICIAL

Defendant also urges the Court to preclude the introduction of any evidence of defendant's performance of non-legislative official or political acts, claiming that such evidence is prejudicial under Federal Rule of Evidence 403. See Def. Opp. Br. at 7-9. In doing so, defendant completely miscasts the balancing test under Rule 403.[6]

"When balancing the probative value and need for evidence versus its possible prejudicial effect, the question is always "one of 'unfair' prejudice – not of prejudice." United States v. Moreno Morales, 815 F.2d 725, 740 (1st Cir. 1987). Rule 403 "focuses on the 'danger of unfair prejudice,' and gives the court discretion to exclude evidence only if that danger

---

[6] Throughout his argument, defendant overstates the prejudicial effect of the introduction of this evidence. By defendant's own admission, the evidence that the government seeks to introduce consists of "entirely lawful and commonplace acts." Def. Opp. Br. at 7. It is difficult to fathom how "unfair" prejudice, let alone prejudice, flows from "entirely lawful and commonplace acts."

'substantially outweigh[s]' the evidence's probative value." United States v. Gartmon, 146 F.3d 1015, 1021 (D.C. Cir. 1998) (citing Fed. R. Evid. 403) (emphasis in original).

Rule 403 "does not bar powerful, or even 'prejudicial' evidence." Id. It "does not provide a shield for defendants who engage in outrageous acts, permitting only the crimes of Caspar Milquetoasts to be described fully to a jury." Id. The Rule "does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone." Id.; see also United States v. Rivera, 83 F.3d 542, 547 (1st Cir. 1996) ("Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing." (quotation and citation omitted)).

Indeed, "'the balance [under Rule 403] should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged.'" Gartmon, 146 F.3d at 1021 (quoting United States v. Moore, 732 F.2d 983, 989 (D.C. Cir. 1984)). See also Rivera, 83 F.3d at 545 (holding that even "where the reviewing court finds the balancing close, Rule 403 tilts the balance in favor of admission."). "When proffered evidence relates to the central issue in a case, it is a difficult matter indeed to show that the prejudicial effect of that evidence substantially outweighs its highly probative nature, as Rule 403 requires." Rubert Torres v. Hospital San Pablo, Inc., 205 F.3d 472, 479 (1st Cir. 2000). "[T]he more essential the evidence, the greater its probative value, and the less likely a trial court should order the evidence excluded." United States v. King, 713 F.2d 627, 631 (11th Cir. 1983).

The evidence of defendant's performance of official or political acts is of course prejudicial because the evidence tends to prove his guilt by establishing the expressly charged manner, means, and motive for his concealment scheme and false statements. Defendant,

however, confuses prejudice caused by evidence of his guilt, which is admissible under Federal Rules of Evidence 401 and 403, with the sort of "<u>unfair</u> prejudice" (emphasis added) barred by Rule 403. There is nothing unfair about introducing this evidence against defendant. In fact, it is quite necessary.

Paragraph 17 of the government's indictment alleges that defendant received and accepted solicitations for multiple official and political acts from VECO and Bill Allen during the same time period that he filed false U.S. Senate financial disclosure forms concealing his receipt and acceptance of over $250,000 in things of value from VECO and Allen. As is plain from the indictment itself, this allegation relates to his motive and intent to conceal the benefits received from VECO and Allen. Thus, contrary to defendant's argument, the government is not trying to "smuggl[e] in the appearance of bribery where it has alleged none" (<u>see</u> Def. Opp. Br. at 7), but is instead seeking to introduce evidence in support of Paragraph 17 that is highly relevant to the essential elements of the charged crimes, including intent and materiality. <u>See</u> <u>United States v. Safavian</u>, 528 F.3d 957, 967 (D.C. Cir. 2008); <u>United States v. Hsia</u>, 176 F.3d 517, 522 (D.C. Cir. 1999); <u>United States v. Cisneros</u>, 169 F.3d 763, 766 (D.D.C. 1999); and <u>United States v. Hansen</u>, 772 F.2d 940, 949 (D.C. Cir. 1985). This evidence also proves motive, explaining why defendant did not report his receipt and acceptance of things of value from VECO and Allen on his financial disclosure forms. Moreover, although this evidence is not being offered to prove a bribery scheme, the fact that it could be interpreted in multiple ways by a jury does not preclude its admission to demonstrate an essential element of 18 U.S.C. § 1001. <u>See</u> <u>Gartmon</u>, 146 F.3d at 1021 (the fact that jury <u>could</u> have used evidence for an unfair purpose did not bar its admission to prove defendant's intent and controlling role in the fraud). (<u>See also</u>

Government's Opposition to Defendant's Motion to Strike Prejudicial Surplusage at 7-11; Dkt 27).

Defendant further contends that our motive to conceal argument "defies basic logic," because it would make no sense for defendant to conceal over $250,000 in benefits given that he is forbidden from accepting gifts of this amount in the first place under Senate Ethics Rules. See Def. Opp. Br. at 9. This argument is nonsense. That defendant violated the Senate Ethics Rules (as defendant now freely admits) by accepting over $250,000 in benefits is all the more reason to conceal the benefits on his financial disclosure forms. If defendant had disclosed anything of the sort on his publicly-filed forms, then he would have obviously drawn attention to his own improper conduct.

Defendant's final contention – that the government's proposed evidence would cause undue delay and waste court time – should be rejected out of hand. See Def. Opp. Br. at 10. Introducing and admitting the evidence in support of Paragraph 17 will not require the Court and the parties to engage in a series of "mini-trials" with respect to a handful of issues. To the contrary, the evidence of VECO or Allen's solicitations and the non-legislative activities taken by defendant in response thereto involves discrete areas that will be quickly addressed through witnesses who likely will be testifying in any event on other matters. Whether defendant, in response, feels compelled to introduce testimony from himself or from his own legislative aides to, among other things, explain the context and nature of the solicitations received or the non-legislative actions taken in response is entirely up to defendant in determining how he wants to proceed with his case-in-chief. See id. at 10.

Far from confusing the jury or unfairly prejudicing defendant, the government's evidence in support of Paragraph 17 is highly relevant, probative, and demonstrative of his guilt with respect to the crimes charged in the indictment. Defendant's contention that this evidence is inadmissible pursuant to Rule 403 is unavailing, and his claim that this evidence will run the risk of causing undue delay is speculative at best.

**CONCLUSION**

For the reasons discussed above, in its motion in limine, and in its opposition to defendant's motion to dismiss the indictment for violation of the Speech or Debate Clause, the United States respectfully requests that the Court issue an Order granting the government's motion in limine, denying defendant's motion to dismiss, and allowing the evidence to be introduced at trial for admissibility purposes.

Respectfully submitted,

WILLIAM M. WELCH II
Chief, Public Integrity Section


 /s/
BRENDA K. MORRIS
Principal Deputy Chief

NICHOLAS A. MARSH
EDWARD P. SULLIVAN
Trial Attorneys

JOSEPH W. BOTTINI
JAMES A. GOEKE
Assistant United States Attorneys
    for the District of Alaska

Dated: Washington, D.C.
          September 2, 2008

## CERTIFICATE OF SERVICE

      I hereby certify that on this 2d day of September, 2008, I caused a copy of the foregoing Reply Brief to be delivered to the following:

> Brendan V. Sullivan, Jr. Esq.
> Robert M. Cary, Esq.
> Williams & Connolly LLP
> 725 Twelfth Street, N.W.
> Washington, D.C. 20005

                                  /s/
                          Edward P. Sullivan