IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 08-CR-231 (EGS) |
| | ) | |
| THEODORE F. STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**GOVERNMENT'S REPLY IN SUPPORT OF ITS
MOTION *IN LIMINE* TO EXCLUDE PRIOR CRIMINAL
CONVICTIONS OF PROSPECTIVE GOVERNMENT WITNESSES**

The United States of America, by and through the undersigned counsel, respectfully submits the following reply in support of its "Motion in Limine to Exclude Prior Criminal Convictions of Prospective Government Witnesses," filed on August 14, 2008.  See Dkt. 21. Defendant Theodore F. Stevens ("Stevens") responded with an opposition brief filed August 25, 2008 ("Def. Opp. Br.").  See Dkt. 36.

In his opposition brief, Stevens does not contest the exclusion of Witness A and Witness B's prior, stale convictions and, therefore, this Court should order them excluded.[1]  Stevens argues, however, that Witness C and Witness D's prior convictions should be admissible at trial. See Def. Opp. Br. at 1.  As discussed below, the Court should grant the government's motion as to all four witnesses.  Stevens' argument is based not only on inapplicable caselaw (or no caselaw at all), but also a false factual premise – that Witness C and Witness D are subjects of a

---

[1]  Despite conceding that Witness A and Witness B's convictions are forty years old, Stevens states in his opposition brief that he "does not presently intend to introduce evidence" relating to the conviction.  Def. Opp. Br. at 1 (emphasis added).  The Court should ignore Stevens' attempt to qualify his concession and, instead, accept it for what it is – an acknowledgment that this evidence is excludable and irrelevant.

government investigation and have entered into some form of cooperation agreement with the government.  See Def. Opp. Br. at 1 ("Witness C's and Witness D's convictions may be relevant to establish their motivation for testifying against Senator Stevens – namely, the hope that by cooperating with the government these witnesses will receive more lenient sentences for their alleged criminal acts than their criminal histories otherwise would dictate under the Federal Sentencing Guidelines.").

## ARGUMENT

### I.  RULE 609 BARS INTRODUCTION OF WITNESS C AND WITNESS D'S PRIOR CONVICTIONS

As a threshold matter, Stevens baldly asserts that Witness C's 1999 conviction for driving while intoxicated and Witness D's 2005 conviction for reckless driving are admissible.  Def. Opp. Br. at 1, 7, 9.  Unsurprisingly, Stevens provides no argument or case law in support of this contention.  Nor could he.  Both crimes are inadmissible under Rule 609(a) because they involve misdemeanors, and neither involves deceit or falsity.  E.g., United States v. Wiman, 77 F.3d 981, 986 (7th Cir. 1996) (concluding that district court correctly excluded misdemeanor conviction for driving under the influence pursuant to Rule 609(a)(2); conviction did not involve deceit or falsity); Lindsay v. City of Santa Paula, No. CV 00-08269, 2001 WL 36097435 at *2 (C.D. Cal. Oct. 15, 2001) (holding same); United States v. Nichols, 808 F.2d 660, 664 (8th Cir. 1987) (affirming district court's exclusion of FBI agent's misdemeanor conviction for driving while intoxicated; not a proper basis for impeachment); United States v. Lossiah, 537 F.2d 1250, 1252 (4th Cir. 1976) (reversing defendant's murder conviction where trial court permitted admission of, among other things, misdemeanor convictions for drunk driving and public drunkenness, both

of which had no bearing on the defendant's truth and veracity); <u>Lopez v. City of Chicago</u>, No. 01 C 1823, 2005 WL 563212 at *8 (N.D. Ill. Mar. 8, 2005) (defendant's conviction for aggravated reckless driving excluded pursuant to Rule 609(a)).[2]

Witness C and Witness D's other prior convictions should be excluded, too, because they are subject to the time-bar established in Federal Rule of Evidence 609(b):

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Fed. R. Evid. 609(b). As noted in the government's motion <u>in limine</u>, "convictions over 10 years old will be admitted <u>very rarely and only in exceptional circumstances</u>." Fed. R. Evid. 609(b) advisory comm. notes (emphasis added).

Importantly, whereas Rule 609(a) establishes a presumption in favor of admissibility, Rule 609(b) creates a presumption <u>against</u> it. <u>See</u> <u>United States v. Lewis</u>, 626 F.2d 940, 950 (D.C. Cir. 1980) (comparing subsections (a) and (b) and concluding that the former "stresses admissibility while the [latter] stress inadmissibility"); <u>id.</u> (holding that it was correct for the trial court to conclude that "those convictions that were more recent should receive more favorable consideration than those that were over 10 years old"); <u>see also</u> <u>United States v. Cathey</u>, 591 F.2d 268, 275 (5th Cir. 1979) ("The general rule . . . is inadmissibility."); <u>United States v. Bibbs</u>, 564

---

[2]/ <u>See also, e.g.</u>, <u>United States v. DeStefano</u>, No. 94 CR 116, 1995 WL 398763 at * 8 (N.D. Ill. June 29, 1995) ("In 1982, Lang was convicted of driving under the influence of drugs. However, the conviction is more than 10 years old and does not involve dishonesty. Therefore, it may not be admitted.").

F.2d 1165, 1170 (5th Cir. 1977) ("Congress intended that trial judges be extremely cautious in admitting evidence of remote convictions.").

In evaluating whether to permit introduction of remote convictions subject to Rule 609(b), courts have noted that it is not enough for the proponent to claim admissibility based solely on credibility issues that arise when one witness's testimony merely differs from that of another witness.  See United States v. Bensimon, 171 F.3d 1121, 1127 (9th Cir. 1999) ("The intended scope of Rule 609(b) would be defeated if a [witness] could be impeached with a stale, prior conviction every time his story differed materially from that of [other] witnesses.).  In other words, "the probative value of [the witness's] conviction is measured by how well it demonstrates his lack of trustworthiness, not how badly [the opposing party] wants to impeach him."  Am. Home Assurance Co. v. Am. President Lines, Ltd., 44 F.3d 774, 779 (9th Cir. 1994).

The three remote convictions at issue – Witness C's 1985 manslaughter conviction,[3] Witness C's 1986 failure-to-assist conviction, and Witness D's 1987 failure-to-provide information conviction – each occurred over twenty years ago.  None of the convictions involves conduct related to the events at issue in this case, and, significantly, they concern prospective witnesses other than the defendant.  For his part, Stevens overlooks the distinction, relying consistently on inapplicable case law.

Indeed, largely ignoring Rule 609(b)'s direct applicability, Stevens chooses instead to rely on case law concerning Rule 609(a)'s balancing test, which applies to prior convictions **of the accused**.  See Fed. R. Evid. 609(a)(1) ("[E]vidence that an accused has been convicted of such a

---

[3] Witness C completed his sentence for this conviction in 1988 – ten years beyond the threshold for Rule 609(b) applicability.

crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused[.]" (emphasis added)).  Citing United States v. Jackson, 627 F.2d 1198, 1209 (D.C. Cir. 1980), Stevens attempts to establish the appropriate balancing test that the Court must employ in the case at bar.  See Def. Opp. Br. at 4, 5.  But the discussion in Jackson refers explicitly to the factors that a court should consider when addressing a **defendant**'s prior convictions that are less than ten years old.  Clearly, Witness C and Witness D are not the accused in this matter, and Jackson's analysis of the Rule 609(a)(1) balancing test is inapposite.[4]

To sustain admission of remote convictions, Rule 609(b) requires that "the probative value of the conviction . . . substantially outweighs its prejudicial effect."  Fed. R. Evid. 609(b) (emphasis added).  Stevens' claim that the government has not provided sufficient information for the Court to make such a determination ignores guidance from a case Stevens in fact cited in his response.  Addressing Rule 609(b), the Sixth Circuit in United States v. Sloman, 909 F.2d 176, 181 (6th Cir. 1990), stated, "The hearing need not be extensive. . . . [T]he judge should require a brief recital by the [proponent] of the circumstances surrounding the admission of the evidence, and a statement of the date, nature and place of the conviction."  Based on the information disclosed in the government's motion in limine, Stevens, as proponent, has the date,

---

[4]   Similarly, Stevens misplaces his reliance on United States v. Butch, 48 F. Supp. 2d 453, 466 (D.N.J. 1999), which also dealt with analysis of the defendant's prior conviction under Rule 609(a).

place, and nature of each conviction – all of which, again, have no bearing on any of the events at issue in this case.[5]

In sum, Stevens has provided no support for his contention that this case is one of the rare and exceptional instances in which the probative value of a witness's prior convictions substantially outweighs their prejudicial effect, such that Rule 609(b)'s general prohibition should be set aside. Witness C and Witness D's prior, felony convictions – each over 20 years old – are too remote and too stale to warrant their introduction at trial. The Court should therefore exclude them.

## II.   WITNESS C AND WITNESS D'S PRIOR CONVICTIONS ARE NOT ADMISSIBLE TO SHOW BIAS

Stevens also urges the Court to permit introduction of Witness C and Witness D's prior, felony convictions because, in his view, the witnesses' respective criminal histories might affect their Sentencing Guidelines range – and by extension any term of imprisonment the Court would impose at sentencing. Stevens argues that, without a full picture of the witnesses' prior convictions, the jury would not be able to evaluate completely the witnesses' motivation to testify favorably toward the government "in the hope of receiving lenient treatment." See Def. Opp. Br. at 1, 7, 9. Stevens' argument fails on two separate levels.

First and foremost, Stevens' concerns as to Witness C and Witness D are wholly unfounded because neither witness is under investigation, let alone the subject of a cooperation

---

[5]   Stevens' reliance on United States v. Pickard, 211 F. Supp. 2d 1287, 1291 (D. Kan. 2002) (see Def. Opp. Br. at 5), is misleading because the language quoted in Stevens' opposition brief – "Any attempt to preclude the introduction of evidence when we do not know all of the details is difficult, at best" – refers not to prior convictions under Rule 609(b), but other acts reflecting on the character of a witness under Rule 608(b). See id. at 1292.

agreement with the government. As such, there is <u>no</u> possibility that either witness would testify favorably toward the government in the hope of receiving lenient treatment at a sentencing that will never take place.

     Second, even if Stevens had correctly assumed that Witness C and Witness D were under investigation for alleged criminal conduct, his argument would still fail. Taken to its logical conclusion, Stevens' bias argument would allow for the introduction of any and all witness', under investigation, their entire criminal history, regardless of the age or probative value as contemplated by Rule 609 – thus permitting Stevens to circumvent the strictures of Rule 609 and render it a nullity. Indeed, under Stevens' catchall bias argument, any criminal defendant, faced with the testimony of a government witness, could claim entitlement to testimony concerning all prior convictions merely by claiming that the mere existence of the prior convictions <u>might</u> impact sentencing decisions. Permitting the exception of an entire class of witnesses runs afoul of both the Rule's limiting language, Congress's intent, and case law. <u>See</u>, <u>e.g.</u>, <u>United States v. Cook</u>, 608 F.2d 1175, 1182 (9th Cir. 1979) (rejecting contention that "all prior convictions of government witnesses must be admitted for impeachment purposes"), <u>overruled on other grounds</u>, <u>Luce v. United States</u>, 469 U.S. 38, 39 n.3 (1984); <u>United States v. Bynum</u>, 566 F.2d 914, 923 (5tth Cir. 1978) (permitting the exclusion under Rule 608(b) of government witness (and co-indictee) prior conviction). Stevens' "bias" argument should therefore be rejected out of hand.

## **CONCLUSION**.

For the reasons discussed above and in its motion in limine, the United States respectfully requests that the Court issue an Order granting the government's motion, excluding introduction of the identified witnesses' prior convictions.

                                                Respectfully submitted,

WILLIAM M. WELCH II
Chief, Public Integrity Section

  /s/
BRENDA K. MORRIS
Principal Deputy Chief

NICHOLAS A. MARSH
EDWARD P. SULLIVAN
Trial Attorneys

JOSEPH W. BOTTINI
JAMES A. GOEKE
Assistant United States Attorneys
   for the District of Alaska

Dated: Washington, D.C.
       September 2, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2d day of September, 2008, I caused a copy of the foregoing Government's Reply Brief to be delivered to the following:

Brendan V. Sullivan, Jr. Esq.
Robert M. Cary, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005


/s/
Edward P. Sullivan