IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v.  ) <br> ) <br> THEODORE F. STEVENS, ) <br> ) <br> Defendant. ) <br> ) | Crim. No. 08-231 (EGS) |

## MOTION *IN LIMINE* TO EXCLUDE
## REFERENCE TO ALASKA SEN. BEN STEVENS

In an unrelated proceeding, Bill Allen admitted to providing benefits, and seeking official state action from a number of Alaska State senators and representatives, including an individual identified in the relevant court papers only as "State Senator B." As part of his plea, Allen submitted a factual proffer stating that he authorized VECO to pay for the consulting services of a private company owned by "State Senator B" and asked "State Senator B" to use his official position to advance legislation favored by VECO. Neither the information, the plea agreement, nor the accompanying factual proffer identified "State Senator B" by name.

Although the government apparently believed that the identity of "State Senator B" was relevant neither for the purposes of the information charging Allen with making the payments, nor for the purposes of his factual proffer in that case, the government announced in court today that it now intends to have Allen identify State Senator B by name in <u>this</u> trial. The government's tactics are self-evident: State Senator B is Alaska State Senator Ben Stevens, the defendant's son, and the government obviously wishes to tar the defendant with unproven allegations about his son. There can be no other reason for the government to name Ben

Stevens, instead of referring to him as "State Senator B." His identity is wholly irrelevant to this action and would result in substantial unfair prejudice and confusion of the issues. Time after time, appellate courts have held that such evidence raises a "highly prejudicial" risk of "guilt by association" and that its admission constitutes reversible error. *See, e.g.*, *United States v. Polasek*, 162 F.3d 878, 887 (5th Cir. 1998). Defendant accordingly seeks an order from this Court instructing the government and Allen to refer to Alaska Sen. Stevens only as "State Senator B," and not by name.

## I.   THE IDENTITY OF STATE SENATOR B IS IRRELEVANT.

The identity of State Senator B cannot possibly meet even the most basic relevancy requirement of Rule 401: that it have "any tendency to make the existence of any fact that is <u>of consequence to the determination</u> more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added). Whether the State Senator whom Allen sought to bribe is a relative of the Defendant or not has absolutely nothing to do with the charges in this case. Indeed, the government did not believe that it was necessary to identify State Senator B even in the relevant court papers <u>in the case in which Bill Allen pleaded guilty to attempting to bribe that individual</u>. There can be no good reason for identifying him in this case.

## II.   IDENTIFYING STATE SENATOR B BY NAME WOULD BE HIGHLY PREJUDICIAL AND WOULD CONSTITUTE REVERSIBLE ERROR.

Even if the identity of State Senator B were somehow relevant, it must be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403.[1] Courts repeatedly

---

[1] This risk of prejudice would not have existed in other trials at which Bill Allen testified regarding the identity of State Senator B, as none of those trials involved a relative of State Senator B. Moreover, that the identity of State Senator B has been made public in those trials is irrelevant—this motion concerns the effect of this information on the jury in this trial, not on the public at large.

2

have held that evidence suggesting criminal activity by a family member constitutes "a highly prejudicial attempt to taint a defendant's character through guilt by association" and that its admission constitutes reversible error. *See, e.g, United States v. Labrera*, 581 F.2d 107, 109 (5th Cir, 1978) (admission of evidence of arrest of son for similar charge constituted plain error); *United States v. St. Michael's Credit Union*, 880 F.2d 579, 600-603 (1st Cir. 1989) (vacating conviction where evidence of father's alleged gambling creates "unsubstantiated and unwarranted connection" to "invidious" conduct and thus was highly prejudicial"); *United States v. Parada-Talamantes*, 32 F.3d 168, 169-70 (5th Cir. 1994) (admission of evidence of brother's wrongdoing "improper and highly prejudicial"). That risk, as well as the risk of juror confusion, is particularly heightened here, where the two Senators Stevens both are alleged to have received items of value from the same individual and where they share not only blood, but the same surname and appellation. Indeed, given that the government believes that Allen suffers from a significant speech and/or speech-cognitive impairment, it is easy to imagine that his testimony concerning one Senator Stevens may be confused for testimony regarding the other.

  Finally, in determining whether to admit prejudicial evidence, the Court must consider the "the probative value of the evidence in view of the availability of other means of proof." *Old Chief v. United States*, 529 U.S. 172, 184 (1997). In this instance, a perfect "evidentiary alternative," *id.*, not only exists but has been previously used by the government—identifying Ben Stevens only as "State Senator B."

## CONCLUSION

For the reasons set forth above, the Court should preclude reference to the identity of "State Senator B."

Dated: September 29, 2008

                        Respectfully submitted,

                        WILLIAMS & CONNOLLY LLP

             By:    /s/ Robert M. Cary
                        Brendan V. Sullivan, Jr. (Bar No. 12757)
                        Robert M. Cary (Bar No. 431815)
                        Craig D. Singer (Bar No. 445362)
                        Alex G. Romain (Bar No. 468508)

                        725 Twelfth Street, N.W.
                        Washington, D.C. 20005
                        (202) 434-5000
                        (202) 434-5029 (facsimile)

                        *Attorneys for Defendant Theodore F. Stevens*