**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————
                                                      )
UNITED STATES OF AMERICA,              )
                                                      )
            v.                                        )
                                                      )            Crim. No. 08-231 (EGS)
THEODORE F. STEVENS,                    )
                                                      )
            Defendant.                           )
———————————————————)

**SENATOR STEVENS'S MEMORANDUM IN OPPOSITION**
**TO GOVERNMENT'S MOTION *IN LIMINE* FOR THE ADMISSION OF ALLEGED**
**BUSINESS RECORDS OBTAINED FROM CARROLL WALK, LTD.**

Without a single witness, the government seeks to offer highly prejudicial and irrelevant evidence about a Florida real estate transaction, by placing documents in the record and arguing to the jury about what it thinks they mean. Senator Stevens renews his objection to any evidence about the Florida transaction, which has nothing to do with the issues in this case. In addition, the documents sought to be admitted are not self-explanatory, yet the government wishes to admit them and argue from them without the testimony of any witness with personal knowledge. The government's motion should be denied, and the evidence should be excluded.

**A.    The Florida Transaction Is Irrelevant and Prejudicial.**

The exhibits sought to be admitted (GX 965, 989) relate to a Florida real estate transaction that is entirely irrelevant to the charges in the indictment. *See* Senator Stevens's Motion *In Limine* To Exclude Purported Rule 404(b) Evidence (Dkt. No. 33) at 3-4; Reply Memorandum in Support (Dkt. No. 49) at 2-4. It relates to a transaction in property thousands of miles away from Girdwood, Alaska, involving none of the same people (other than Senator and Mrs. Stevens) or events as this case. Indeed, the government in four days of trial has not seen fit

to mention this transaction.  The evidence should be excluded as irrelevant under Fed. R. Evid. 401.

Even if the evidence had marginal relevance, it is inadmissible under Rule 403 and Rule 404(b).  The government simply wishes to suggest to the jury that the Senator did not properly disclose the Florida transaction on his Disclosure Forms (which is not the case), and therefore he must have engaged in disclosure violations with regard to the Alaska home renovations.  There is no justification for admitting this prejudicial and distracting evidence.  Its admission will lengthen the trial by requiring Senator Stevens to rebut the government's mischaracterization of the Florida transaction in the defense case.

### B.    The Documents Should Not Be Admitted Without a Witness.

Not only does the government seek to tar the Defendant with evidence of an unrelated transaction, it now proposes to do so on the basis of documents alone, without a single witness to explain them.  If the Florida transaction were admissible at all, these government exhibits should not be admitted in the absence of firsthand witness testimony to explain what they mean.  The documents include dense real estate papers that are not self-explanatory. Certainly they do not on their face prove a reporting violation or anything else that the government contends is relevant here.  The government should not be permitted simply to dump these documents into the record and then argue about them in closing – without the defense even hearing what the government claims they mean.  Absent an explanatory witness with firsthand knowledge in the government's case-in-chief, the documents are substantially more prejudicial than probative and should be excluded.  Fed. R. Evid. 403.

*       *       *       *       *

In sum, the Carroll Walk documents are unrelated to this case and highly prejudicial.  If the documents were otherwise deemed admissible, moreover, the government at the very least should be required to bring a witness to trial to testify about them.

Dated:  September 30, 2008

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By:   /s/ Craig D. Singer_____
Brendan V. Sullivan, Jr. (Bar No. 12757)
Robert M. Cary (Bar No. 431815)
Craig D. Singer (Bar No. 445362)
Alex G. Romain (Bar No. 468508)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Defendant Theodore F. Stevens*