**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                              |     |                              |
| ---------------------------- | --- | ---------------------------- |
| UNITED STATES OF AMERICA,    | )   |                              |
|                              | )   |                              |
| v.                           | )   | Criminal No. 08-231(EGS)     |
|                              | )   |                              |
| THEODORE F. STEVENS,         | )   |                              |
|                              | )   |                              |
| Defendant.                   | )   |                              |

**FILED**

FEB – 3 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**ORDER**

On January 21, 2009, the Court ordered that all
communications to, from, or between anyone in the Office of
Public Integrity, and any other office within the Department of
Justice, including but not limited to the Office of Inspector
General ("OIG"), the Office of Professional Responsibility
("OPR"), the FBI, and the U.S. Attorney's Office for the District
of Alaska, between November 15, 2008 and the present regarding
the complaint filed by Special Agent Chad Joy, be filed under
seal with the Court, with a copy provided to the defendant
pursuant to the protective order already in place in this case,
by no later than January 30, 2009.

In response to the Court's Order, on January 30, 2009, the
government filed under seal with the Court (1) a memorandum
entitled "Submission in Response to the Court's January 21, 2009
Order"; (2) a letter to the Court from William M. Welch II, Chief
of the Public Integrity Section at the Department of Justice; (3)

six declarations from officials at the Department of Justice; and
(4) emails and other documents related to communications between
attorneys within the Public Integrity Section and others within
the Department of Justice regarding Special Agent Chad Joy's
status as a whistleblower, and any protections that such status
would afford with respect to disclosing a complaint filed by
Agent Joy alleging law enforcement and prosecutorial misconduct
in the investigation and trial of Senator Ted Stevens.

The government provided to the defendant only a heavily-
redacted version of its memorandum and a copy of Mr. Welch's
letter.  The unredacted submission, the declarations, and the
email and other communications were filed *ex parte*.  In its
memorandum, the government explains that it reads the Court's
January 21, 2009 Order to require only the communications related
to Agent Joy's status and/or protection as a whistleblower,
rather than to all relevant communications related to Agent Joy's
complaint.  The memorandum also states that the government
determined to make its submission *in camera* because it believes
that complying with the Court's Order would "require the
production of substantial amounts of privileged and work-product
protected materials."  Finally, the government's memorandum asks
that if the Court should disagree with the government's
construction of the Order or overrule the government's objection
to providing the defendant with copies of the communications, the

2

Court stay its order and afford the government a two-week period in which to evaluate how best to proceed.

On February 2, 2009, Senator Stevens filed a Motion to Dismiss or for a New Trial, or in the Alternative, Motion to Hold Government in Contempt for Violating Court's January 21, 2009 Order.  The defendant argues that the government violated the Court's Order by not producing all relevant communications to the Court and not producing *any* communications to the defendant.

Upon consideration of the parties' submissions, it is hereby

**ORDERED** that the government shall file a response to the defendant's motion by no later than 12:00 p.m. on February 9, 2009.  The government's response shall include a detailed privilege log for each communication it seeks to withhold, including any points and authorities in support of its position that a communication is privileged and/or protected by the work product doctrine.  Consistent with D.C. Circuit authority, generalized assertions of privilege or protection are not sufficient and will not sustain a claim of privilege.  *See, e.g.*, *Tuite v. Henry*, 98 F.3d 1411, 1418 (D.C. Cir. 1996) ("[T]o sustain a claim of privilege, this circuit requires: (1) a formal claim of privilege by the head of the department having control over the requested information; (2) assertion of the privilege based on actual personal consideration by that official; (3) a detailed specification of the information for which the privilege

3

is claimed with an explanation why it properly falls within the scope of the privilege."); *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341-42 (D.C. Cir. 1984) ("The party claiming privilege has the burden to establish its existence. ... It will not be considered unless presented in a deliberate, considered and reasonably specific manner: ... Formally claiming a privilege should involve specifying which documents or class of documents are privileged and for what reasons, especially where the nature of the requested documents does not reveal an obviously privileged matter.") (internal citations omitted).  The government's response shall also address whether, even if a portion of a communication is privileged or protected, the communication can nevertheless be produced in redacted form.  It is further

   **ORDERED** that the government's redacted memorandum "Submission in Response to the Court's January 21, 2009 Order" and letter to the Court from Mr. Welch, as produced to the defendant, be filed on the public docket forthwith.  The Court has repeatedly stated that, absent truly compelling reasons to the contrary, the public should have access to these proceedings. Accordingly, the defendant's motion shall also be filed on the public docket, and all future related pleadings shall be filed on the public docket, with appropriate redactions where necessary, unless a party makes a compelling showing that a particular

4

pleading needs to be filed under seal.  It is further

**ORDERED** that the government shall file a supplemental
submission with a declaration from an official with oversight
responsibility for the Civil Division at the Department of
Justice and any and all relevant communications between attorneys
in the Civil Division and attorneys within the Public Integrity
Section or the Appellate Section of the Criminal Division by no
later than 12:00 p.m. on February 9, 2009.  The Court's January
21, 2009 Order directed that "all communications to, from, or
between anyone in OPI, and any other office within DOJ, including
but not limited to the Office of Inspector General ("OIG"), the
Office of Professional Responsibility ("OPR"), the FBI, and the
U.S. Attorney's Office for the District of Alaska, between
November 15, 2008 and the present regarding the complaint filed
by Special Agent Chad Joy ("the Joy Complaint")" be filed with
the Court. (emphasis added)  A review of the government's
memorandum, declarations, and communications makes clear that (1)
the Civil Division was consulted with respect to Agent Joy's
whistleblower status and/or protection and (2) that Ms. Stemler,
Chief of the Appellate Section, was directly involved in
communications with the Civil Division and was relating those
communications to Mr. Welch.  Therefore, a declaration from the
appropriate official in the Civil Division and all copies of all
relevant written communications is required by the Court's Order.

It is further

**ORDERED** that because the Court is not at this time making a determination as to whether the government's construction of its January 21, 2009 Order is appropriate and/or whether any of the documents may be withheld from the defendant, there is no need for the Court to address the government's request for a stay. Moreover, for the reasons already stated by the Court in previous Orders and because much of the recent litigation is in response to the government's requests for relief and admitted misrepresentations, intentional or not, the Court will view further requests by the government for extensions of time with disfavor.

**SO ORDERED**.

**Signed: Emmet G. Sullivan**
**United States District Judge**
**February 3, 2009**