```
 1                UNITED STATES DISTRICT COURT
 2                   DISTRICT OF COLUMBIA
 3   UNITED STATES DISTRICT COURT      CRIMINAL ACTION NO. 08-0231
 4                                     WASHINGTON,D.C.
 5   VERSUS                            WEDNESDAY, OCTOBER 1, 2008
 6                                     REDACTED TRANSCRIPT
 7   THEODORE F. STEVENS               2:00 P.M.
 8
 9             JURY TRIAL (DAY 8 – PM SESSION)
10         BEFORE THE HONORABLE EMMET G. SULLIVAN
11             UNITED STATES DISTRICT COURT JUDGE
12
13   A P P E A R A N C E S:
14   FOR THE PLAINTIFF,                JOSEPH W. BOTTINI,ESQ.
                                       U.S. ATTORNEYS OFFICE
15                                     District of Alaska
                                       22 West Seventh Avenue
16                                     Federal Building and U.s.
                                       Courthouse
17                                     Anchorage, AK 99513-7567

18                                     NICHOLAS A. MARSH,ESQ.
                                       U.S. Department of Justice
19                                     10th and Constitution Ave.
                                       NW
20                                     Washington, DC 20530
                                       202-307-1049
21
                                       BRENDA MORRIS, ESQ.
22                                     EDWARD SULLIVAN, ESQ.
                                       U.S. DEPARTMENT OF JUSTICE
23                                     1400 New York Avenue, NW
                                       12th Floor
24                                     Washington, DC 20005
                                       (202) 514-1412
25
```

```
 1
 2     FOR THE DEFENDANT,            BRENDAN SULLIVAN, ESQ.
                                     ROBERT MADISON CARY, ESQ.
 3                                   ALEX G. ROMAIN, ESQ.
                                     BETH STEWART, ESQ.
 4                                   CRAIG SINGER, ESQ.
                                     WILLIAMS & CONNOLLY
 5                                   725 12th Street, NW
                                     Washington, DC 20005
 6                                   (202) 434-5000
 7
 8     REPORTED BY:                  WENDY C. RICARD, RPR, CCR
                                     OFFICIAL COURT REPORTER
 9                                   333 Constitution Avenue
                                     Room #6718
10                                   Washington, DC  20001
                                     (202)354-3111
11
12     Proceedings recorded by mechanical stenography.
13     Transcript produced by computer-aided transcription.
14
15
16
17
18
19
20
21
22
23
24
25
```

**P-R-O-C-E-E-D-I-N-G-S**

THE COURT: All right I'm going to have to speak with counsel at the bench. I'm going to seal this.  Can you cut that off?

**(Whereupon, a bench conference took place at this time; sealed until after the trial concludes.)**

1           **(Whereupon, the bench conference concluded.)**
2           THE COURT:  And for the reasons discussed, we're
3   going to have to adjourn for the day, and we'll proceed with
4   further examination tomorrow at 9:30.  And that's all I have
5   to say.
6           All right.  Now do we need to talk about any legal
7   issues since we have some time?  And let me just take about a
8   three minute recess to further address what I had to address
9   earlier, and then I'll return in about five minutes or so.
10          MR. CARY:  We'll remain, Your Honor.
11          (Whereupon, court was at a brief recess.)
12          THE COURT: All right, counsel.  We're missing some
13  lawyers.  We're missing your side of the courtroom.  Do you
14  want to get them?  Okay.
15          MR. BOTTINI:  Your Honor, I think Ms.  Morris will
16  be right back.
17          THE COURT: That's fine.  That's fine.  We had to
18  recess today, ladies and gentlemen, to accommodate one of the
19  jurors, and we'll start tomorrow at 9:30.  And we have some
20  time, counsel, to deal with any legal issues.  Actually, we're
21  still waiting on some of your colleagues to return, that's
22  only fair.  Why don't you just let me know when they're ready?
23  All right?
24          MR. MARSH:  She's still here in the building.
25          THE COURT:  Why don't you let me know when you're

```
 1    ready; just let Carol know.
 2              MR. MARSH:  Okay.  Thank you.
 3              THE DEPUTY CLERK:  This Honorable Court now stands
 4    at short recess.
 5              (Whereupon, court was at a brief recess.)
 6              THE COURT:  Counsel, with a ton of paper up here, I
 7    overlooked the stipulation.  So at some point let me know
 8    tomorrow at what point you want me to give that stipulation,
 9    read that stipulation to the jury panel.
10              MR. MARSH:  Your Honor, and if possible, if we can
11    get it to type it up tonight and sign it nd give it to --
12              THE COURT:  That's fine.  There was a reference to
13    that person in one of the exhibits.  I probably should have
14    given it then, but if you need to bring that exhibit back up
15    tomorrow so that the stipulation makes some sense, then I'll
16    do it.  I just overlooked it.  I can pass that back to you.
17              MR. CARY:  Your Honor, I can think of three legal
18    issues at the moment; two of which we have talked about
19    before; one of which is new.  First of all is with jury
20    instruction 2.22(a), just that one sentence that we wanted
21    taken out.
22              THE COURT:  All right.  That's the second sentence
23    in the second paragraph.  Any objection?
24              MR. SULLIVAN:  Yes, Your Honor.
25              THE COURT: Any objection?
```

1           MR. BOTTINI: Yes, Your Honor. We think that the
2    pattern instruction should be given in its entirety; what's
3    taken away with the removal of that sentence is that the jury
4    gets a fair advisement that while they should consider the
5    testimony with caution, on the other hand they are entitled to
6    treat it like any other testimony.
7           So it is our position that that sentence is a fair
8    balancing between the advisement that the Court gives with
9    that instruction.
10          MR. SINGER: Your Honor, as I mentioned earlier at
11   the bench, the reason for our objection to the sentence is
12   because it's completely inapplicable to this case and
13   prejudicial.
14          THE COURT: Why?
15          MR. SINGER: It says that the jury may accept the
16   testimony of such a witness and convict the defendant on the
17   basis of this testimony alone.  There is no witness, no single
18   witness, whose testimony could convict the defendant in this
19   case. Certainly, not Mr. Allen who is not, as I understand
20   it, going to be testifying for example about the disclosure
21   forms.  So it's inapplicable, it's highly prejudicial, and
22   invites the jury to do something that they cannot do.  So we
23   object to that sentence.
24          THE COURT: All right.  I'll give it some thought.
25   It may well be it should come out.  I don't know any case law

1   on that.  I haven't researched it.  Any case law?
2           MR. CARY:  We're not aware of any, Your Honor.
3           THE COURT:  Why isn't the defense counsel -- 1001.1
4   and 2 based solely on Allen's testimony.  Allen, especially,
5   is not going to testify about the forms themselves, the filing
6   of the forms, and what was either on the forms or not on the
7   forms.
8           MR. BOTTINI:  I understand that point, Your Honor,
9   but what is lost if you remove that sentence in its entirety
10  is that the jury is advised that, while you should view the
11  testimony with caution, on the other hand you're entitled to
12  treat it just like any other testimony.
13          THE COURT: Well, that may be true.  It may well be
14  that the first part of that instruction remains.
15          MR. BOTTINI:  Right.
16          THE COURT: You in turn may accept the testimony of
17  that witness.
18          MR. BOTTINI:  I think at a minimum that language
19  should be in there.
20          THE COURT:  Right.  Why shouldn't I put a period in
21  there?
22          MR. SINGER:  That's fine.
23          THE COURT:  And also the comment -- 2.225 should be
24  consolidated with 2.22 -- let's see, 2.22 -- probably not
25  charged as aider and abettor; 2.225 with that deletion of that

```
 1   appropriate language.  I'll give 2.225 before he testifies --
 2   before the government resumes with his testimony tomorrow.
 3            THE COURT:  But since I've raised it, does anyone
 4   want to respond to whether it was 2.225 or 2.22 consolidated
 5   --
 6            MR. SINGER:  Your Honor, I don't have 2.22 on me,
 7   but if it's the aiding and abetting instruction, there is no
 8   -- oh, I'm sorry.  I think I do have that.
 9            THE COURT: You want to take a look at it?
10            MR. SINGER:  If you've got it right there, Your
11   Honor, it might be the easiest thing.
12            THE COURT:  Maybe I cut it off; now, it's on.  Now,
13   what the Court just said was the Court is inclined to give
14   instruction 2.22(a) and delete some language in the second
15   sentence of the second paragraph.  The second sentence will
16   read: You in turn may accept the testimony of such a witness
17   and put a period there and delete the remaining language in
18   that sentence.  The question then becomes whether 2.22 should
19   be consolidated with 2.22(a), and I ask for any response from
20   the attorneys.
21            MR. SINGER:  Your Honor, that would be fine with the
22   defense.  I believe we proposed 2.22 as a separate instruction
23   to be given, and if Your Honor wants to give them both
24   together, we have no objection to that.
25            THE COURT:  What's the government's response?
```

```
 1              MR. BOTTINI:  I'm sorry, Your Honor.  The 2.22 is
 2    the aiding and abetting?
 3              THE COURT: It's the alleged -- it's not really
 4    aiding and abetting, it's the alleged participants.  I think
 5    there probably is an aiding and abetting instruction, as well.
 6    But it reads as follows:  You have heard testimony from -- it
 7    would be Bill Allen.  The government has a right to use a
 8    witness who testifies that he participated in the offenses
 9    charged against the defendant, although, the testimony of such
10    a witness should be received with caution and scrutinized with
11    care.
12              It may be superfluous to 2.22(a).  And then it goes
13    on to say:  You may give his testimony such weight as you
14    think it deserves.  If the testimony of a witness who
15    testifies about his own participation in the offense as
16    charged is not supported by other evidence, you may convict
17    the defendant upon that testimony only if you believe that it
18    proves the defendant's guilt beyond a reasonable doubt.
19              MR. BOTTINI:  It would be our position that that
20    instruction is not really applicable to the situation here
21    because Allen is not a participant in the submission of the
22    false disclosure forms.
23              THE COURT:  I think that's right.  I think it's just
24    2.22(a), but I'll give it some thought over the evening.  But
25    I think it's just 2.22(a) that should be given, and, surely,
```

```
 1    the defendant's don't want the last portion of that:  You may
 2    convict the defendant upon that testimony only if you believe
 3    that it proves the defendant's guilt beyond a reasonable doubt
 4    for all the reasons we just discussed.  He's not going to
 5    testify about the forms, what's on the forms or what's not on
 6    the forms.  So I'll give 2.22a(a), but I'll give further
 7    thought to two 2.22.
 8              Anything else?
 9              MR. SINGER:  No, Your Honor, not right now.
10              THE COURT:  Did you want to respond to that, 2.22?
11              MR. SINGER:  I may be reading a different version of
12    2.22, Your Honor.
13              THE COURT:  Which book do you have?
14              MR. SINGER:  Mine just has -- this is -- I believe
15    it's the '08 book, 6/4/08, and it's just one paragraph.
16              THE COURT:  Yeah.  I just read it verbatim.  This is
17    -- actually, you know what?  This is a 2002 supplement, so
18    maybe it's been changed.  We'll take a look at the 2008
19    version of that.  You have one dated 6/4/08?  We may not have
20    received that supplement, so I'll take a look at it.
21              The 2008 version --
22              MR. SINGER:  The 2008 version reads:  You have heard
23    testimony from Bill Allen.  The government is permitted to use
24    a witness who testifies that he participated in the offense
25    charged against the defendant, although, the testimony of such
```

```
 1    a witness should be considered with caution.  You should give
 2    his or her testimony as much weight as in your judgment it
 3    deserves.   And that's the end of it, Your Honor.
 4            THE COURT:  All right -- I can see why the remaining
 5    was deleted, yeah.  That makes sense --
 6            MR. SINGER:  And we believe that does apply here.
 7    Mr.  Allen is certainly alleged to be a participant in the
 8    offense.  As I understand it, that's the entire basis of the
 9    government's 801(d)2(e) theory.  How can they now say he's not
10    a participant in the offense while they're trying to get their
11    statements in through that rule, and all of the testimony is
12    about how he participated in the home renovations.
13            So I do think it applies.  I do think it adds
14    something to 2.22(a), and we'd like both instructions read.
15            MS. MORRIS:  Judge, it's just that we're at a
16    disadvantage here because we don't have the instructions in
17    front of us, and we just ask the Court to indulge us that we
18    have the ability to go back to our office and review the
19    instructions.  Thank you very much.
20            THE COURT: Fair enough.  Just let us know by seven
21    tomorrow what your position is, though.  All right.
22            MR. MORRIS:  Thank you, Judge.
23            THE COURT:  All right.  What's next?
24            MR. CARY:   Your Honor, the next issue is I have a
25    feeling that the playing of some audio intercepts may be
```

```
 1    coming up, and we have long insisted that the entire clips be
 2    played, not simply portions, and I don't think we ever got an
 3    agreement from the government on that.
 4            THE COURT:  The tapes are how long?  How long are
 5    those tapes?
 6            MR. BOTTINI:  Combined between the three recordings
 7    that we're going to play through Mr. Allen, it's about 30
 8    minutes altogether.
 9            THE COURT: What is the objection to playing the
10    entire tape?
11            MR. BOTTINI:  In the second recording that we're
12    going to play, there's a small segment of about four minutes
13    that is really sort of irrelevant.  It is Mr. Allen talking
14    about some health issues that he had had at or near the time
15    that that recording was made.  He was talking about having a
16    fainting spell or something like that.  So it's our proposal
17    that that section that discusses that issue simply be
18    redacted; it's about four minutes.
19            THE COURT: What about that?
20            MR. CARY:  Your Honor, it puts the conversation in
21    context, and it was a consensual recording made at the
22    direction of the FBI.  He knew exactly what he was talking
23    about, knowing that it could well be played in court today.
24    There's no privacy interest under those circumstances, and it
25    puts the entire conversation in context.
```

```
 1              THE COURT: You want it because it refers to a
 2    fainting episode, right?
 3              MR. CARY:  No.  We want it put into context, Your
 4    Honor.
 5              THE COURT:  All right.  What's -- how's the
 6    government prejudiced if we put the entire tape.  Are there
 7    three tapes?  You say the duration of the three tape is 30
 8    minutes.
 9              MR. BOTTINI:  About 30 minutes altogether, yeah.
10    It's simply our position that that segment discussing his
11    issues there is irrelevant.
12              THE COURT: What about the other two tapes?
13              MR. BOTTINI:  The first tape we're going to play in
14    its entirety.  It's very short.  The third recording, it was
15    our proposal to redact about the last 11 minutes, again,
16    because it's duplicative of what they discuss in the first
17    half of the recording, and it really doesn't add anything to
18    the mix.
19              What we can do for you this evening, if you want, is
20    to provide you with transcripts of the recordings and show you
21    exactly where we had notified --
22              THE COURT:  That's fine.  I'd be happy to look at
23    them, that's fine.
24              MR. CARY:  And Your Honor, the tape is, if you
25    listen to the entire tape, it's clear that Mr.  Allen is
```

```
 1   continuing to try to keep the Senator on the phone.  It also
 2   is highly -- well, they're not even arguing that it is not
 3   relevant now, they're arguing that it's somehow cumulative or
 4   duplicative, and we believe the entire tape should be played.
 5           It's an additional 11 minutes, and it's just as
 6   relevant as the first half of the tape.  What they want to do
 7   is cut it right off at the portion they want to emphasize, and
 8   it should be --
 9           THE COURT: I'll take a look at the transcripts.
10   What else?
11           MR. CARY:  The last issue, Your Honor, is we've
12   been given notice that what I believe are the government's
13   last three witnesses are going to be Special Agent Larry
14   Bateman, who I understand is going to be the financial witness
15   who is going to testify that he's been through the financial
16   records and doesn't see any indication of payments to VECO or
17   Bill Allen, which we don't object to if that's the limit of
18   his testimony.
19           THE COURT:  Now, is this the witness who's going to
20   testify about the multi-page document that we had some
21   pretrial discussions?
22           MR. CARY:  I believe so, Your Honor.  That's my
23   understanding after discussions or e-mails with government
24   counsel.
25           THE COURT: All right.
```

```
 1              MR. CARY:  The next witness is Special Agent
 2    Michelle Pluta, and it appears to us, and we received for the
 3    first time today a chart of exhibits that she is going to be a
 4    summary witness who is going to comment on the evidence, and
 5    we're fearful is going to argue about the evidence, and the
 6    evidence is what the evidence is.
 7              We don't see the need for it.  They shouldn't get a
 8    closing argument at this stage of the case, and we object if
 9    that's anywhere near where they're going to go.
10              THE COURT: You were told that the government has
11    three additional witnesses?
12              MR. CARY:  Yes, Your Honor.  All agents.
13              THE COURT: Is that right?  Are those your last three
14    witnesses?
15              MR. CARY:  Well, I'm sorry.  I didn't mean to
16    suggest that that was the end.  That's what I suspect, but I
17    don't -- they have told us about three additional witnesses,
18    whether they're the last witnesses, I don't know.
19              THE COURT:  All right.
20              MR. MARSH:  We have additional witnesses that the
21    Court is aware other than that.  We did prepare a summary
22    chart.  We gave it to Mr. Cary this morning to what it would
23    look like.  I specifically told Mr. Cary that we would not
24    have this -- our summary FBI witness comment or editorialize
25    on the evidence.  In fact, she can't do it, and that there
```

would be no ability to make an argument, rather it is just normal summary witnesses go, and I apologize if I wasn't clear about this. I thought we conceded this point pretty straight up. It's just going to be someone who documents come through, those document are read. You know, I don't think there is very much, if anything else, that would be appropriate to ask a summary witness.

THE COURT: All right. These are the financial documents?

MR. MARSH: No, Your Honor. The two summary witnesses -- although, it may be that we decide that we can combine them into one summary witness.

THE COURT: But it's no longer the government's intent to attempt to introduce the multi-page document then; is that correct?

MR. MARSH: Right. Correct.

MR. CARY: And Your Honor, I think that was actually the last issue.

THE COURT: All right. Let me just inquire: How many -- aside from Mr. Allen -- and how much longer do you need for your direct examination? I'm not trying to curtail it, I'm just asking for planning purposes.

MR. BOTTINI: I'm guessing it would be -- the actual playing of the recordings played in their entirety about an hour-and-20 minutes.

```
 1              THE COURT: For your direct examination?
 2              MR. BOTTINI: Yeah, right.
 3              THE COURT: And how many additional witnesses?
 4    We've heard about the three FBI agents who may testify.  How
 5    many more?
 6              MR. BOTTINI: We have about five or six more,
 7    including the summary witnesses that we just talked about.
 8              THE COURT: So in all likelihood, we won't be able to
 9    finish tomorrow then, the government's case-in-chief tomorrow.
10              MR. BOTTINI: I think that would be, obviously,
11    dependent on the cross-examination of Mr. Allen, but probably
12    not.
13              THE COURT: All right.  All right.  I had been toying
14    with the possibility of giving the jurors and everyone else
15    Friday off.  I don't think that would be appropriate.  There's
16    an upcoming holiday a week from Monday.  So let's forget about
17    that day off, I guess.  Maybe we'll be able to leave early
18    Friday, though, if the government rests early Friday, and then
19    we'll start the defendant's case-in-chief on Monday.
20              MR. CARY: Yes, Your Honor.
21              THE COURT: Okay.  There are some things we need to
22    put on the record on the private docket.  Before we do that,
23    though, let me just inquire about any other issues that we
24    need to talk about in open court, and I'm referring to the
25    Williams' issue we need to talk about, but I need to speak
```

```
 1    with defense counsel about some issues that were raised ex
 2    parte in camera.
 3              But anything else that we need to talk about on the
 4    public docket?  All right.  I told the jury panel they've
 5    been excused.  I told them we're going to start tomorrow at
 6    9:30, and so I'd ask that the courtroom be cleared of everyone
 7    but the attorneys in the case so we can talk privately.
 8              (Whereupon, the courtroom was cleared of all other
 9    persons at this time.)
10              (Whereupon, the colloquy with the Court and all
11    counsel that followed is sealed until after the trial
12    concludes; thereafter, there was ex-parte colloquy (sealed)
13    with defense counsel only and Judge Sullivan.)
14              (Pages 16/19 - Page 40 -- redacted)
15
16
17
18
19
20
21
22
23
24
25
```

```
 1
 2                        C E R T I F I C A T E
 3
 4           I, Wendy C. Ricard, Official United States Court
 5   Reporter in and for the District of Columbia, do hereby
 6   certify that the foregoing proceedings were taken down by
 7   me in shorthand at the time and place aforesaid,
 8   transcribed under my personal direction and supervision,
 9   and that the preceding pages represent a true and correct
10   transcription, to the best of my ability and
11   understanding.
12
13
14
15                               _____
16                               Wendy C. Ricard, CCR, RPR
17                               Official U.S. Court Reporter
18
19
20
21
22
23
24
25
```

WENDY C. RICARD, RPR, CCR
OFFICIAL COURT REPORTER

```
 1
 2                        C E R T I F I C A T E
 3
 4           I, Wendy C. Ricard, Official United States Court
 5   Reporter in and for the District of Columbia, do hereby
 6   certify that the foregoing proceedings were taken down by
 7   me in shorthand at the time and place aforesaid,
 8   transcribed under my personal direction and supervision,
 9   and that the preceding pages represent a true and correct
10   transcription, to the best of my ability and
11   understanding.
12
13
14
15                               _____
16                               Wendy C. Ricard, CCR, RPR
17                               Official U.S. Court Reporter
18
19
20
21
22
23
24
25
```

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```