```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


   UNITED STATES OF AMERICA,     .
                                 .
          Plaintiff,             .
                                 .  CR No. 08-231
      v.                         .
                                 .
   THEODORE F. STEVENS,          .  Washington, D.C.
                                 .  Monday, October 20, 2008
          Defendant.             .  9:29 a.m.
                                 .
   . . . . . . . . . . . . . .   .


        TRANSCRIPT OF JURY TRIAL - DAY 19 - MORNING SESSION
                        BENCH CONFERENCES
             BEFORE THE HONORABLE EMMET G. SULLIVAN
                   UNITED STATES DISTRICT JUDGE

   APPEARANCES:


   For the Government:          BRENDA K. MORRIS, ESQ.
                                United States Department of Justice
                                1400 New York Avenue, N.W.
                                12th Floor
                                Washington, D.C.  20005
                                202-514-1412

                                NICHOLAS A. MARSH, ESQ.
                                United States Department of Justice
                                10th and Constitution Avenue, N.W.
                                Washington, D.C.  20530
                                202-307-1049

                                JOSEPH W. BOTTINI, ESQ.
                                United States Attorney's Office
                                District of Alaska
                                222 W. Seventh Avenue
                                Federal Building and U.S. Courthouse
                                Anchorage, Alaska  99513-7567
                                907-271-5071


   APPEARANCES con't. on next page.
```

```
 1     APPEARANCES, con't.

 2

 3
       For the Defendant:        BRENDAN V. SULLIVAN, ESQ.
 4                               ROBERT M. CARY, ESQ.
                                 ALEX G. ROMAIN, ESQ.
 5                               BETH STEWART, ESQ.
                                 CRAIG SINGER, ESQ.
 6                               Williams & Connolly, LLP
                                 725 Twelfth Street, N.W.
 7                               Washington, D.C.  20005
                                 202-434-5000
 8

 9

10

11     Court Reporter:           JACQUELINE M. SULLIVAN, RPR
                                 Official Court Reporter
12                               U.S. Courthouse, Room 6720
                                 333 Constitution Avenue, NW
13                               Washington, D.C. 20001
                                 202-354-3187
14

15

16
       Proceedings reported by machine shorthand, transcript produced
17     by computer-aided transcription.

18

19

20

21

22

23

24

25
```

1         THE COURT:  My thought exactly.  We're getting into
2    speech-and-debate issues.
3         MS. MORRIS:  It's not speech or debate if he's
4    reaching out to a constituent.  He's already testified Bill
5    Allen was a constituent.
6         THE COURT:  But reference to legislation --
7         MS. MORRIS:  He read that.  He said that was not in
8    the e-mail, sir.
9         THE COURT:  I'm striking the reference.
10        MR. CARY:  I don't think you can undo this until you
11   strike the exhibit and the testimony.
12        MS. MORRIS:  Judge, the exhibit --
13        MR. CARY:  You can't just pick out a little part of
14   that.
15        MS. MORRIS:  Judge, he testified to that.  It's not in
16   the exhibit.  It's not in the exhibit.  He said legislation.
17   And again, that was him, even under speech and debate if it
18   were, and I suggest that it's not.
19        THE COURT:  It is speech and debate.
20        MR. CARY:  In fairness, it might require me to go in
21   there and getting an explanation.  This has nothing to do with
22   the case.
23        MS. MORRIS:  He said it treated --
24        THE COURT:  The ground rules alert me if you're going
25   to get into that area anyway.  I'm going to strike that.  If you

```
 1    want to send that first portion, that's fine, but not the second
 2    portion.
 3              MS. MORRIS:  How about the second portion, are you
 4    talking about where he sends this to him on the QT?
 5              THE COURT:  Yes.  You can do that.  I'll delete the
 6    references to "CI."
 7              MR. CARY:  Over objection?
 8              THE COURT:  Yes.
 9                            - - -
10
11              MR. CARY:  Repairs, that's relevant.
12              MS. MORRIS:  That he was very much involved in all of
13    his finances, as far as the house here in D.C., the house in
14    Girdwood, and that he was being updated on a regular basis.
15    Whether it was monthly or not, it still at the very minimum was
16    monthly, and Barb Flanders kept track on all repairs, re-models,
17    everything he was doing, the household bills for both
18    households.
19              THE COURT:  For that purpose, why isn't it relevant?
20              MR. CARY:  It has to do with another renovation
21    accounting years after the actual renovation occurred, and it's
22    a summary for as homeowners gathered together data in order to
23    contemplate a sale.
24              THE COURT:  How do you reference here in that
25    document?
```

1              MS. MORRIS:  On that particular document, yes, on the
2     second page I believe there is.
3              THE COURT:  Let me see that.
4              MS. MORRIS:  Do you want me to put it up?
5              THE COURT:  Yes.
6              MS. MORRIS:  They demonstrate --
7              THE COURT:  D.C.?
8              MS. MORRIS:  Yes, not the D.C.
9              THE COURT:  All right.
10                            - - -
11
12             MS. MORRIS:  Judge, with regard to the assessment
13    value and the purchase value, what they're trying to establish
14    on their defense that the assessment value of the home in
15    Girdwood was a tax assessment, was what he thought would be the
16    worth of the home, and it's never the case, Judge, as he knows
17    full well of his house purchased in D.C., the assessed value was
18    half of what he purchased it for.
19             MR. CARY:  That's completely wrong.  We've had
20    testimony in this case from one of the tax persons that
21    assessment value is the full value.
22             MS. MORRIS:  They also testified --
23             MR. CARY:  And the appraisal is in there.  It's
24    completely false.
25             THE COURT:  I'm not going to allow it.

1          MR. CARY:  After she brings out the price of the
2    house, can we have an instruction that that has nothing to do
3    with this case?
4          THE COURT:  I'm going to sustain the objection.
5    Objection sustained.  Disregard the question and any answer.  I
6    don't think there was an answer.
7          (End of bench conferences.)
8                       - - -

```
 1                         I N D E X

 2

 3    WITNESSES:

 4

 5         None.

 6

 ...

15                        E X H I B I T S

16

17    None.
```

Jacqueline Sullivan, RPR
Official Court Reporter

1                      CERTIFICATE

2          I, JACQUELINE M. SULLIVAN, Official Court Reporter,

3 certify that the foregoing pages are a correct transcript from

4 the record of proceedings in the above-entitled matter.

5                      _____

6                      JACQUELINE M. SULLIVAN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25