```
 1                    UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLUMBIA
 2

 3     UNITED STATES OF AMERICA,     .
                                     .
 4             Plaintiff,            .
                                     .   CR No. 08-231
 5         v.                        .
                                     .
 6     THEODORE F. STEVENS,          .   Washington, D.C.
                                     .   March 10, 2009
 7             Defendant.            .   10:15 a.m.
                                     .
 8     . . . . . . . . . . . . . .   .

 9
                       TRANSCRIPT OF STATUS HEARING
10              BEFORE THE HONORABLE EMMET G. SULLIVAN
                     UNITED STATES DISTRICT JUDGE
11

12     APPEARANCES:

13

14     For the Government:          PAUL M. O'BRIEN, ESQ.
                                     United States Department of Justice
                                     1400 New York Avenue, N.W.
15                                   Suite 11100
                                     Washington, D.C.  20005
16                                   202-514-0165

17                                   DAVID L. JAFFE, ESQ.
                                     United States Department of Justice
18                                   950 Pennsylvania Avenue, N.W.
                                     Washington, D.C.  20530
19                                   202-514-0865

20                                   WILLIAM J. STUCKWISCH, ESQ.
                                     United States Department of Justice
21                                   1400 New York Avenue, N.W.
                                     Room 3428
22                                   Washington, D.C.  20530
                                     202-353-2393

23

24

25     APPEARANCES con't. on next page.
```

1    APPEARANCES, con't.

2

3

4    For the Defendant:          BRENDAN V. SULLIVAN, ESQ.
                                 ROBERT M. CARY, ESQ.
                                 ALEX G. ROMAIN, ESQ.
5                                CRAIG SINGER, ESQ.
                                 Williams & Connolly, LLP
6                                725 Twelfth Street, N.W.
                                 Washington, D.C.  20005
7                                202-434-5000

8

9

10

11   Court Reporter:            JACQUELINE M. SULLIVAN, RPR
                                Official Court Reporter
                                U.S. Courthouse, Room 6720
12                              333 Constitution Avenue, NW
                                Washington, D.C. 20001
13                              202-354-3187

14

15

16   Proceedings reported by machine shorthand, transcript produced
     by computer-aided transcription.
17

18

19

20

21

22

23

24

25

P R O C E E D I N G S

COURTROOM DEPUTY:  Criminal action number 08-231,

<u>United States</u> verses <u>Theodore Stevens</u>.

Counsel, would you please come forward and identify yourselves for the record?

MR. O'BRIEN:  Good morning.  Paul O'Brien, David Jaffe, and William Stuckwisch for the United States.

THE COURT:  Good morning, counsel.

MR. CARY:  Alex Romain, Craig Singer, Brendan Sullivan, and Rob Cary for Senator Stevens.

THE COURT:  Good morning, counsel.

Let me put a few comments on the record, because a lot has happened since the verdict was returned in October.  Was it October?  All right.

We're here on the government's motion.  On February the 3rd the government filed an unopposed motion to vacate due dates of the government's response and defendant's reply to defendant's motion to dismiss the indictment or in the alternative motion for a new trial, discovery, and an evidentiary hearing.  In that motion the government indicated that it would be turning over documents in the government's investigation of public integrity of the Joy complaint and that its review of that, quote:  In reviewing what is gathered to date, the government believes that the material to be disclosed on February the 24th, 2009, as well as additional material to be

1    provided to defense at a later date, may prompt counsel for the

2    defendant to seek to amend its motion to dismiss.   End quote.

3             Accordingly, the government sought to vacate the

4    current briefing schedule and requested a status hearing this

5    week.   The verdict, as we all know, was returned on October the

6    27th, on all seven counts.   On that day I set a briefing for

7    Rule 33 motions, essentially as follows:   The motions were due

8    December the 5th.   Responses due January 9th.   Replies due

9    January 30th, and I scheduled a post-trial motions hearing for

10   February the 25th.

11            On November the 3rd the Court held a show cause

12   hearing regarding Juror No. 4.   On November the 20th the Court

13   received a letter from David Anderson, a government witness,

14   dated November the 15th, stating that he would not have

15   testified as he did but for coaching and promises made to him by

16   the government.   The defendant filed a motion for discovery

17   related to that letter.   In response, the government filed an ex

18   parte, sealed response indicating that Mr. Anderson was, quote,

19   assisted, end quote, in writing this letter by another

20   individual under investigation.   Eventually the government filed

21   an unsealed response to the defendant's motion and a motion to

22   withdraw its ex parte filing.   The motion to withdraw was

23   opposed.   On December the 5th the Court received an e-mail from

24   government counsel that they would be filing a sealed pleading

25   the following week.   Moments after receiving the e-mail, the

electronic case filing system reflected that the defendant had
filed a motion pursuant to Rule 33, a motion for judgment NOV,
and a motion to dismiss count one or counts two through seven of
the indictment as multiplitious.  I spoke briefly with counsel
for the parties on the telephone that afternoon and informed
them that I had every intention of offering defendant additional
time to file his motions in view of the government's notice that
they would be making a sealed filing, and that while the
defendant had filed his motions before I was able to speak to
the parties, I was prepared to give the defendant an opportunity
to supplement, if appropriate, after the government's filing.
On December the 11th the government filed ex parte and under
seal the Joy complaint and a redacted version of the Joy
complaint under seal.  After briefing, I held a sealed hearing
on December the 19th and issued an opinion later that day.  The
Court also -- strike that.  The Court held that the defendant
should receive the unredacted complaint and that the redacted
version would be filed on the public docket with redactions to
protect the identities of sources and the names of the
complainant and other individuals named in the complaint.  On
December 22nd, the defendant filed a motion to dismiss the
indictment or in the alternative motion for a new trial,
discovery, and evidentiary hearing related to the allegations in
the Joy complaint.  On January the 14th the defendant filed a
response to the Court's order, a proposed discovery plan.  Now,

1    on January the 14th the government contacted the Court to

2    request that the Joy complaint be unsealed with only minor

3    redactions to protect the identities of sources.  The Court held

4    a hearing on January 14th.  During that hearing, the government

5    informed the Court that Agent Joy never qualified for

6    whistle-blower status.  On January the 21st the Court ordered

7    the government to produce declarations and communications

8    related to that determination, and when attorneys in the Office

9    of Public Integrity learned of that determination.  On February

10   the 5th defendant filed a motion to dismiss the case or for a

11   new trial or in the alternative motion to hold the government in

12   contempt for failure to comply with the Court's January 21st

13   order.  I ordered the government to file a response and to

14   provide a privilege log for any communications it sought to

15   withhold on work product or privilege grounds.

16          Now, following a hearing on February the 13th, the

17   government then notified the Court that it would produce all of

18   the documents related to the whistle-blower status

19   communications, notwithstanding work product protection, and

20   that it would be replacing certain attorneys on the case for

21   purposes of litigating the allegations of alleged misconduct in

22   this matter.  Now that brings us to today, and we're here on the

23   government's motion, and I think it's appropriate to hear from

24   government's counsel.

25          MR. O'BRIEN:  Good morning.  Thank you.

 1          THE COURT:  Good morning, counsel.  Sure.

 2          MR. O'BRIEN:  Your Honor, I just would like to bring

 3    the Court up to speed on what's occurred since Mr. Jaffe, Mr.

 4    Stuckwisch, and myself have filed a Notice of Appearance in the

 5    case.

 6          THE COURT:  Sure.

 7          MR. O'BRIEN:  I think that will help guide the

 8    discussion about where we would like to go.

 9          THE COURT:  First of all, let me say welcome to the

10    court.

11          MR. O'BRIEN:  Thank you, your Honor.  And I appreciate

12    the Court scheduling the status conference this morning at the

13    request of the government.

14          Since we've filed our Notice of Appearance, we have

15    been voluntarily providing discovery to the defense concerning

16    those allegations raised in the Joy complaint.  Specifically, we

17    provided the 302 reports of witness interviews that took place

18    when OPI was doing their investigation of some public integrity.

19    We also produced to the defense affidavits that were prepared in

20    the response to the Joy complaint.  Since that time, we have

21    been conducting our own witness interviews concerning the

22    allegations raised in the Joy complaint.  We have voluntarily

23    agreed to produce those 302s to the defense after they are

24    finalized, and I think specifically we indicated in our motion

25    that we've interviewed Special Agent Joy and we would make that

1  302 available to the defense once it is finalized.  The 302s

2  from the witness interviews that we have conducted have not been

3  finalized yet.  We hope that they'll be finalized in the near

4  future, and what we've told counsel is, once they are finalized,

5  we will produce them to the defense.  We may have to redact some

6  sources and some methods, but we intend on producing those to

7  the defense in the near future.

8       In addition, we intend on conducting additional

9  witness interviews of witnesses that may have information

10  concerning the allegations raised in the Joy complaint.

11  Likewise, we've told defense that we would voluntarily produce

12  those 302s once they're finalized.  What we are asking the Court

13  this morning, your Honor, and we spoke to counsel yesterday, and

14  certainly they can correct me if my representations are not

15  accurate, but we'd ask the Court to give us an additional thirty

16  days to hold the motions and everything in abeyance and give us

17  an additional thirty days to report back to the Court where we

18  are concerning discovery in this matter and how that will impact

19  both the defense's motion to dismiss the indictment and also

20  their request for discovery.

21       We met with counsel yesterday.  I think they were in

22  agreement with that plan, or they don't oppose it.  We did

23  inform them yesterday that we are going to review their

24  discovery and plan -- or are in the process of reviewing it.  I

25  think, your Honor, there may be certain categories of

1    information that we may be able to voluntarily produce, and we

2    intend on looking at that as expeditiously as possible.  We are

3    mindful that the verdict was returned in October and this matter

4    has been lingering for some time before the Court, and there has

5    been a lot --

6              THE COURT:  It's not been lingering.  It's been

7    active.  There has been probably just as much activity

8    post-trial as there was pretrial and during the trial.

9              MR. O'BRIEN:  As the Court said, a lot has occurred

10   since the verdict was rendered.  We can assure the Court that we

11   intend on moving as expeditiously as possible in this matter to

12   get the information to the defense that I indicated,

13   specifically the 302s from the witness interviews that we are

14   conducting.  Once those 302s are finalized, the Court has our

15   assurance that we'll provide those to the defense.  So we would

16   ask the Court to hold everything in abeyance, let us report back

17   to the Court in thirty days, and I think at that point the Court

18   will have a better understanding of where the parties are

19   concerning the discovery and whether or not the defense intends

20   on supplementing their motion to dismiss.  We just simply have

21   not gotten the 302s back from the witness interviews that we've

22   conducted to provide those to the defense.  I'm hoping that's

23   going to happen in the near future.

24             THE COURT:  What's your preference, counsel, to file a

25   status report in thirty days and then the Court set a hearing,

or is it your preference to report to the Court directly in a
setting like this?

    MR. O'BRIEN:  I would prefer report directly to the
Court.  This way if the Court has any questions, we'll certainly
be able to answer the questions or attempt to answer the
questions for the Court.

    THE COURT:  One suggestion, normally it helps me
tremendously if I have an opportunity to reflect on someone
else's best thoughts before a hearing, so my inclination would
be, and I don't know whether it should be filed under seal or
not, I'll hear from government counsel, I'll hear from you as
well, I'd like to have the benefit of your best thoughts maybe
two or three days before so I can give some thought to it as
well and ask questions as appropriate.  Should that be filed on
the public docket?  It probably should, especially given the
history of this case, it probably should, but I want to be
sensitive of revelations as well.  I'm certainly not going to
direct that revelations that should not be made public will be
filed on the public docket, but I think I want the benefit of
your best thoughts at least three days, maybe four or five days
before, and I want the benefit of defendant's best thoughts
before we have a hearing so I can ask questions as appropriate.

    MR. O'BRIEN:  Certainly what we could consider doing,
your Honor, is four or five days prior to the hearing the
government can file a status report with the Court.

1          THE COURT:  Right.

2          MR. O'BRIEN:  Outlining what we've done concerning

3     discovery, inform the Court of the items that we've produced

4     already, what items we think we are able to produce but just

5     haven't gotten to yet, and maybe those items that we were

6     opposed to producing.

7          THE COURT:  Right, absolutely.

8          MR. O'BRIEN:  And then at the status conference the

9     Court will have a better idea of where we are concerning the

10    discovery.

11         THE COURT:  I think along those lines what I'll

12    probably do is also direct defense counsel to file a response to

13    whatever recommendations the government makes, and that way I'll

14    be armed with everyone's best thoughts and I can give it my best

15    thought.

16         MR. O'BRIEN:  We're happy to provide that, your Honor.

17         THE COURT:  Thank you, counsel.

18         MR. CARY:  That's fine with the defense.  We'll be

19    happy to provide something in writing to the Court as well in

20    response to what the government provides.  We would prefer to do

21    it on the public docket.  We're somewhat sensitive, and we

22    certainly can talk with government counsel --

23         THE COURT:  Sure.

24         MR. CARY:  -- about what should and should not be on

25    the public docket, but that certainly would be our preference.

1          THE COURT:  Have the government file a status report

2     and have defense counsel file a response to that, and I'll pick

3     a date now for the next hearing.

4          MR. CARY:  That's fine, your Honor.

5          THE COURT:  Two things, and I'll invite government

6     counsel back, two things that I probably should -- well, one

7     thing, I want to give you something to think about.  This issue

8     of discovery, there's a lot of case law from our Circuit and

9     other circuits that talks about the appropriateness of discovery

10    in criminal cases and it not being appropriate in criminal

11    cases.  There's a lot of discovery about that.  One issue I want

12    counsel to focus on and give some thought to is whether or not

13    it would be more appropriate to hear in open court under oath

14    testimony from at least two of the witnesses who have already

15    communicated with indeed the parties and the Court as opposed to

16    affording counsel an opportunity to depose them.  I know I'm

17    getting way ahead of our discussion about discovery, but it

18    seems to me it might be more appropriate to bring those two in

19    who can provide live testimony under oath in open court and just

20    forego discovery.  Maybe that's not the appropriate approach.

21    That's one thought that occurs to me.

22          The other thought that occurs to me is that maybe this

23    is the atypical case where depositions should be allowed for

24    those witnesses prior to those witnesses providing in-court

25    testimony.  But there is a ton of case law out there about

1    depositions and discovery in criminal cases, and one way to take

2    into consideration that case law is to essentially bring the

3    witnesses in, swear them in and get their versions under oath in

4    open court.  I'm referring to two of the witnesses, at least two

5    of the witnesses, who have communicated openly with the Court:

6    Mr. Joy and David Anderson.  That's one thought.  I haven't, you

7    know, the thought occurred to us that maybe that's one way to

8    deal with it, a discovery issue.  You don't have to respond to

9    that now, but I want counsel to think about that.  Is it more

10   appropriate to bring those witnesses in since they've already

11   communicated with the Court?  I think that, and I'm not making a

12   finding now, I think that in all likelihood you're going to be

13   entitled to depose at least those two witnesses because this is

14   the atypical case where depositions should be granted in a

15   criminal case, but there's another side to that.  It might be

16   more appropriate to bring them in now and get their versions

17   under oath and then conduct further discovery as appropriate,

18   but counsel can talk about that and I'll be interested in your

19   best views on that.

20        MR. CARY:  We will do so.  The one thing I know for

21   certain now is that there are documents that we need first

22   before we can do either one of those.

23        THE COURT:  Absolutely.  And I'm sensitive to the fact

24   that before you take any depositions, you want to have the

25   documents that are relevant.  I'm sensitive to that.

1          MR. CARY:  Very well, your Honor.  We will give our

2     best thoughts to that.

3          THE COURT:  All right.

4          The other thing that I think I should focus on today,

5     and I want to hear -- you don't have to stand up there, counsel.

6     I'm going to focus on, at least raise some thoughts, with

7     respect to the motion that was filed on October the 18th, and

8     I'll invite comment from both sides.  It's not a motions

9     hearing, but it seems to me that it's appropriate for the Court

10    to resolve that motion, given the fact that at some point in

11    time presumably the defendant will file a renewed motion and

12    fold into that renewed motion all these other motions and indeed

13    additional grounds for the Court's consideration.

14          But on October the 18th shortly before the case went

15    to the jury, Senator Stevens did file a motion to dismiss the

16    indictment for violation of the clear rule of constitutional

17    protection.  The motion was based on his argument that the

18    prosecutors had presented knowingly false information to the

19    grand jury related to the VECO accounting records.  In support

20    of that motion, Senator Stevens attached excerpts from several

21    grand jury transcripts.  At the time he filed his motion,

22    defense counsel indicated they were not taking the position that

23    the motion needed to be resolved prior to the case going to the

24    jury.  Now, in response to that motion, the government filed a

25    motion to strike defendant's, in the government's words,

baseless motion to dismiss as a sanction for violating the
Court's directive not to further disseminate grand jury
testimony.  That's a quote.  That's not the Court.  That's what
the government styled it as.  The Court had admonished the
defendant not to disseminate grand jury transcripts that it
received pursuant to this Court's order to the government to
produce those transcripts as a remedy for discovery violations.
I think at this point in time the Court should deny the
government's motion to strike, essentially for the reasons
articulated by Senator Stevens.  While the Court takes very
seriously the secrecy of grand jury proceedings and the
defendant's obligation to abide by the Court's directive, the
transcripts at issue here, first of all, did not reveal
confidential information such as information related to ongoing
investigations, sources, etcetera.  Secondly, much of what was
attached had already been produced to the defendant prior to the
Court's order to produce grand jury transcripts.  Third, it
appears that all or most of the information attached to the
motion had been discussed at length in open court during the
arguments made about the falsity of the VECO accounting records
and David Anderson and Rocky Williams' time, so it seems to me
that the Court should, for the reasons articulated by Senator
Stevens, deny the motion to strike, and I should at this time
also deny without prejudice the defendant's October 18th, 2008,
motion to dismiss the indictment, because presumably, as I just

1    indicated, those arguments will be incorporated in what I have

2    no doubt will be an omnibus motion to be refilled at some point.

3    That's the Court's approach to those two motions at this time.

4    Any objections to that approach?

5              MR. CARY:  No objection, your Honor.

6              THE COURT:  Counsel?

7              MR. O'BRIEN:  That's fine us with, your Honor.

8              THE COURT:  All right.  Let's talk about a time frame

9    then.  I'm still in trial.  Will I be in trial in thirty days?

10   Not in the case I'm presiding over, so let's look at the latter

11   part of, I guess, April.  Let's see.  Do you want to suggest a

12   date?  Maybe I can try to accommodate everyone.  I don't know,

13   what's a good date for us?  I hate to ask you a question and

14   then not hear your answer.  Go ahead.

15             MR. O'BRIEN:  We would propose April 24th.  That's a

16   little more than thirty days, if that's convenient for counsel.

17   That's a Friday.

18             THE COURT:  You know, there's a lot going on.  Just

19   one second here.

20             (There was a pause in the proceedings.)

21             THE COURT:  Counsel, that's not a good date, but let

22   me make this suggestion.  I had a motions hearing scheduled in

23   this case for the 15th.  That's about thirty days from today, a

24   little bit longer than thirty days, at ten o'clock.  Is that a

25   bad date?

```
 1              MR. O'BRIEN:  That's fine with the United States, your

 2    Honor.

 3              THE COURT:  All right.

 4              MR. CARY:  And that's fine with defense.

 5              THE COURT:  Ten o'clock then for the status hearing.

 6    And let's see.  So the joint report --

 7              MR. O'BRIEN:  We can submit something to the Court on

 8    April 10th.  That gives the defense an opportunity, which is the

 9    Friday before --

10              THE COURT:  Friday.  Okay.

11              I've asked them to work a number of weekends

12    throughout this case, and I'm sensitive to that.

13              MR. CARY:  No.  I was worried whether we'll have

14    enough time.  We will happily work the weekend once again.

15              THE COURT:  I need your submission.  I'll do this,

16    then:  April the 10th at noon for the government's pleading, and

17    the following, let's see, 13th -- actually, that's Good Friday,

18    counsel.  Again, I'm sensitive to that date.  What about the

19    9th?

20              MR. O'BRIEN:  That's fine, your Honor.

21              THE COURT:  The 9th at noon, and the 13th.

22              MR. CARY:  Yes, your Honor, that's fine.

23              THE COURT:  At noon?

24              MR. CARY:  Yes.

25              THE COURT:  All right.  And the hearing at ten
```

1    o'clock.

2              Are there any other issues that we need to talk about

3    this morning?

4              MR. O'BRIEN:  Your Honor, just one other issue, if the

5    Court can give us some guidance.

6              THE COURT:  Why don't you come to the mic?

7              MR. O'BRIEN:  I'm sorry, your Honor.

8              It's my understanding that the Court scheduled a

9    hearing for one of the parties to review the tape.

10             THE COURT:  I'm sorry.  That's a sealed matter.  You

11   weren't present in Court.

12             MR. O'BRIEN:  I'm sorry.

13             THE COURT:  And that's something we're going to have

14   to talk about.  Actually it turns out -- let's talk about that

15   at the bench in a few minutes.

16             MR. O'BRIEN:  I just wanted to ask if the Court, if

17   that matter is still -- if the Court intends on conducting that.

18             THE COURT:  No, no, no, no.  Only because I won't be

19   available that date.

20             MR. O'BRIEN:  That's all.

21             THE COURT:  In fact, I probably don't need to say

22   anything more been about that at this time.

23             MR. O'BRIEN:  Thank you, your Honor.

24             THE COURT:  Let me just take a short recess.

25             Anything else we need to talk about this morning?

1          MR. CARY:  No, your Honor.

2          THE COURT:  Let me take a five-minute recess to make

3    sure.  No need to stand.

4          COURTROOM DEPUTY:  Remain seated.  This Honorable

5    Court is in a five-minute recess.

6          (Recess taken at about 10:36 a.m.)

7          COURTROOM DEPUTY:  Remain seated.  This Honorable

8    Court is again in session.

9          (Back on the record at about 10:45 a.m.)

10         THE COURT:  Counsel, I indicated I'm sensitive that's

11   Good Friday.  That's Easter weekend.  Let me just do this, make

12   an adjustment.  I just need a day to focus on your best

13   thoughts.  So to defense counsel, you can file your response by

14   noon on the 14th.  The hearing will go forward at ten o'clock on

15   April the 15th.

16         Let me just say this:  I think that the government's

17   recommendations are most reasonable.  I appreciate that.

18         And everyone have a wonderful day.

19         MR. O'BRIEN:  Thank you, your Honor.

20         THE COURT:  Thank you.  I'll be here for a while.

21   Thank you.

22         (Proceedings concluded at about 10:45 a.m.)

23                        - - -

24

25

I N D E X

WITNESSES:

None.

E X H I B I T S

None.

1                          CERTIFICATE

2           I, JACQUELINE M. SULLIVAN, Official Court Reporter,

3    certify that the foregoing pages are a correct transcript from

4    the record of proceedings in the above-entitled matter.

5                          _____

6                          JACQUELINE M. SULLIVAN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25