1                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA
2
      UNITED STATES OF AMERICA,      .
3                                    .
              Plaintiff,             .
4                                    .  CR No. 08-231
         v.                          .
5                                    .
      THEODORE F. STEVENS,           .  Washington, D.C.
6                                    .  Friday, February 13, 2009
              Defendant.             .  3:17 p.m.
7                                    .
      . . . . . . . . . . . . . . .  .
8
                     TRANSCRIPT OF STATUS HEARING
9            BEFORE THE HONORABLE EMMET G. SULLIVAN
                     UNITED STATES DISTRICT JUDGE
10
      APPEARANCES:
11

12    For the Government:        BRENDA K. MORRIS, ESQ.
                                 WILLIAM WELCH, ESQ.
13                               KEVIN DRISCOLL, ESQ.
                                 United States Department of Justice
14                               1400 New York Avenue, N.W.
                                 12th Floor
15                               Washington, D.C.  20005
                                 202-514-1412
16
      For the Defendant:         BRENDAN V. SULLIVAN, ESQ.
17                               ROBERT M. CARY, ESQ.
                                 ALEX G. ROMAIN, ESQ.
18                               CRAIG SINGER, ESQ.
                                 Williams & Connolly, LLP
19                               725 Twelfth Street, N.W.
                                 Washington, D.C.  20005
20                               202-434-5000

21    Court Reporter:           JACQUELINE M. SULLIVAN, RPR
                                Official Court Reporter
22                              U.S. Courthouse, Room 6720
                                333 Constitution Avenue, NW
23                              Washington, D.C. 20001
                                202-354-3187
24
      Proceedings reported by machine shorthand, transcript produced
25    by computer-aided transcription.

P R O C E E D I N G S

1  COURTROOM DEPUTY:  Please remain seated and come to
2  order.
3  Criminal case 08-231, <u>United States</u> verses <u>Theodore</u>
4  <u>Stevens</u>.
5  Would counsel please identify yourselves for the
6  record?
7  MR. WELCH:  Good afternoon, your Honor.  William Welsh
8  on behalf of the United States.  Along are Brenda Morris and
9  Kevin Driscoll.
10  THE COURT:  All right.
11  MR. CARY:  Rob Cary, Brendan Sullivan, Craig Singer,
12  and Alex Romain for Senator Stevens.
13  THE COURT:  Good afternoon, counsel.
14  I thought it was appropriate to bring you in.  We need
15  to plan for the future.  I have a few questions to ask.
16  There was a joint submission regarding the unsealing
17  of pleadings and transcripts related to the Joy complaint.  I'm
18  aware that the parties have filed a stipulation regarding
19  approximately eight sealed pleadings, three transcripts, and an
20  order that can now be unsealed, and that Senator Stevens
21  requests that two additional pleadings should be unsealed.
22  Now, here's the way that's going to -- here's what I
23  want you to do:  First of all, I need affirmance from both sides
24  that indeed you have agreed to unsealing those pleadings and

1    transcripts, and assuming you agree, which I expect you will,

2    it's the parties burden to file those respective pleadings on

3    the public docket as appropriate, and that will be as soon as

4    possible.  Now, are there any problems with that?  So in other

5    words, it's not the Court's responsibility to unseal it.

6            MR. CARY:  No problem for the defense, your Honor.

7            THE COURT:  All right.  Monday.  Do it Monday, by no

8    later than Tuesday.  Then I want those pleadings filed.

9            Now, with respect to the Government's objections, and

10   they may be moot at this point, the government objected to

11   unsealing the following pleadings:  The Government's sealed

12   memorandum dated February -- filed December the 1st and Senator

13   Stevens' proposed discovery plan, filed January the 14th.  I'm

14   inclined to unseal those, but I'm sensitive, if there's

15   something in either of those documents that should remain

16   sealed, then you need to tell me.

17           MS. MORRIS:  Yes, Judge.  There were portions of those

18   pleadings that actually should remain sealed as they related to

19   other matters, and so the bulk of the document I think could

20   probably be unsealed.  It's just portions that related to --

21           THE COURT:  You and defense counsel sit down and

22   determine what, if you can, what should remain sealed, and let

23   me know by no later than Tuesday, and then I'll determine what

24   should be sealed and what should be on the public docket.

25           MS. MORRIS:  Sure.

1            THE COURT:  I'm very sensitive, unless it's absolutely

2    necessary to file anything on the sealed docket, don't do it,

3    both sides, just don't do it.  The public has a right to know

4    what's going on in this case, Senator Stevens.  This is a public

5    criminal trial.

6            Now I want to focus on the privilege issues.  Looking

7    down the road, I need to set -- strike that.  I'm going to focus

8    on discovery first, and I'm mindful that Senator Stevens' motion

9    for discovery related to the Joy complaint will not be ripe

10   until March 19th.  The parties were generous among themselves.

11   I'm not going to interfere with that, but I need to set a

12   motions hearing on discovery, and that would be all discovery,

13   including any requests for discovery related to the David

14   Anderson letter and any other issues, because I'm going to

15   address and finally resolve all discovery at the same time.  I'm

16   looking at April the 8th at 10:30.  If the motion, if the

17   discovery motions are not ripe until March 19th, I don't need a

18   great deal of time after that.  I need some time obviously, I'm

19   in trial, so is April the 8th at 10:30 for a motions hearing for

20   discovery a bad date for anyone, a bad time for anyone?

21           MR. CARY:  Fine for the defense, your Honor.

22           MR. WELCH:  I have two members of the team who are not

23   going to be here on that day; one who would be on a honeymoon,

24   the other who is not going to be here on the 8th.  Could we

25   maybe move it a little bit later in April?

1          THE COURT:  How many other members of the team will be
2   here?  I mean, I'm sensitive that, you know, a jury returned a
3   verdict in October.
4          MR. WELCH:  As I am.  Mr. Driscoll has been --
5          THE COURT:  I'm not trying to interfere with someone's
6   honeymoon, I'm not going to do that, plus he's a new member of
7   the team, isn't he?
8          MR. WELCH:  But he is our work product expert, your
9   Honor, so he's an invaluable member of the team.  Is the 15th
10  okay your Honor?
11         THE COURT:  No.  The 15th?
12         MR. WELCH:  April 15th?  One week later.
13         THE COURT:  You're serious, aren't you?  April 15th?
14  All right.  Let's see.  It's, you know, any objection?
15         MR. CARY:  No, your Honor.
16         THE COURT:  April 15th, ten o'clock.  All right.
17         Let me say this, and this is in response to what you
18  just told me, that your work product expert is present and has
19  joined the team, and we welcome him to this litigation.  I
20  propose this choice and I propose this choice for the reason
21  that I'm going to give:  I've told the government to file a
22  response by Monday at three o'clock to the work product issue,
23  and the government certainly is free to do that, or the
24  government can produce those documents.  If you want to brief
25  it, be my guest, I'll consider your arguments and I'll resolve

1    the issue.  But I'm mindful, and I assume that work product

2    effort is mindful as well, that there is case law that will

3    support an argument that when the attorneys' conduct and intent

4    is at issue, the Work Product Doctrine does not protect against

5    production, and here in this case Judge Sullivan didn't create

6    the problem.  The United States has acknowledged, the Department

7    of Justice acknowledged it made misrepresentations to the Court

8    and has said those misrepresentations were not intentional.

9    Therefore, the government has placed the attorneys' conduct and

10   intent squarely at issue and there is no other way to get the

11   information but through the communications the government seeks

12   to withhold.  Now, I've not prejudged it, but by the same token

13   I've got a fair understanding of work product law as well, and I

14   just share that with you.  If you want to brief it, fine.  Brief

15   it and I'll resolve the issue.  If you want to think about what

16   I just said, focus on the authorities as well as other

17   authorities that are out there and withdraw that privilege on

18   Monday, that's fine.  Then we can move on to other things, and

19   that's all I'm doing, is just sharing a thought.  If you want to

20   respond, you can.  But I didn't create this problem.  The

21   government did.

22            MR. DRISCOLL:  Understood, your Honor.  I guess the

23   question the government has, which is made clear in our filings,

24   is the documents that the government construed your order as

25   compelling the production of were documents with respect to

1    Agent Joy's status as a whistleblower and we provided those

2    documents to the Court for the Court's review?

3            THE COURT:  And I've taken a look at those documents.

4    I understand that, and I, you know, I have some concern.  I've

5    looked at those documents, and I have some concern about what

6    the attorneys knew before they first made representations to me

7    in court.

8            MR. DRISCOLL:  Okay.  But, your Honor, those are the

9    documents that you are referring to?  The government --

10           THE COURT:  I'm referring to those documents for which

11   the government has said, Judge, there's a privilege here.

12   Because I read them.  But, you know, again I ask you to take a

13   look at them.  Look at those authorities again.  You're the

14   expert.  You know the law in this area, and if indeed the

15   government in good faith believes that those documents should be

16   produced because those documents fairly address the Government's

17   intent, what the government was thinking about when it made

18   representations to me that prompted me to issue three major

19   opinions, the government should think seriously about whether or

20   not it wants to stand on that privilege, and if you do, that's

21   fine.  If you want to brief it, that's fine, I'll consider it,

22   but, you know, if you want to, you know, to waste, that's fine,

23   but I'm talking about only the whistleblower status, absolutely.

24   That's it.

25           MR. DRISCOLL:  Thank you, your Honor.  That is one of

 1      the clarifications that the government was looking for.

 2              THE COURT:  Right.  And that's all I'm concerned

 3      about, because it was all systems go full speed ahead December

 4      5th, focusing on whistleblower status and my sensitivity to

 5      that, and, you know, the Government's representations, innocent

 6      or otherwise, that's what we're talking about, how would the

 7      defendant ever have a true appreciation for the reasons why the

 8      government said or didn't say certain things if it didn't know

 9      what the government was thinking as a result?  And those, having

10      seen those, seen all the communications, the Court understands

11      exactly what was being discussed.

12              MR. DRISCOLL:  Appreciated, your Honor.  And the

13      Government's overarching concern with respect to these documents

14      is not just the work product with respect to the documents we

15      provided to the Court, but also potential for a subject matter

16      waiver or waiver of attorney/client or rather work product

17      protections with respect to documents not provided, so I would

18      like the opportunity to discuss with others at the department --

19              THE COURT:  Absolutely.  Whistleblower status only.

20      That's it.  I have no interest in pouring over the Government's

21      file, believe me.  I do have an interest in resolving this

22      issue, though, vis-a-vis Mr. Joy and his whistleblower status

23      and why I was told certain things that I was told.

24              MR. DRISCOLL:  Understood.  And it was in our interest

25      in providing you those documents in providing you an insight of

```
 1    what was going on at the department.
 2              THE COURT:  Oh, I've got an insight all right, and
 3    that's why I'm concerned.
 4              MR. DRISCOLL:  With respect we'd like a little time,
 5    your Honor, to consider what the Court said today.
 6              THE COURT:  You have until Monday, counsel.  This man
 7    is entitled to a fair resolution of all these issues.  The jury
 8    returned a verdict.  Again, I didn't create this problem.  I
 9    dropped everything in December, I dropped everything in January
10    to the extent I could and focused on these issues because I was
11    sensitive.  I was sensitive to competing consideration, at a
12    time when, had I known otherwise, I may not have focused my time
13    on those issues.  The government has until Monday at three
14    o'clock to either file your brief --
15              MR. DRISCOLL:  Agreed.  We think that's fair, your
16    Honor, and we will abide by that timeline.
17              MR. CARY:  Your Honor, just very briefly just so
18    there's no misunderstanding for the defense, we're in the dark
19    on this issue.  We object.  We view it as a violation of the
20    Court's order to not provide documents to the defense, and it's
21    contrary, as the Quezak (ph) court held, contrary to the most
22    basic concepts of American justice, not sharing these documents
23    with defense.
24              THE COURT:  I gather from your pleading filed
25    yesterday, which I've read, that you're not asking for any
```

1    additional opportunity to address the work product issue, and

2    you may ask for an opportunity, I assume, to reply if the

3    government chooses to file something?

4              MR. CARY:  Perhaps when we see it.

5              THE COURT:  You're not asking for any opportunity now

6    at this point in time?

7              MR. CARY:  Not at this time, but we may, your Honor.

8              THE COURT:  All right.

9              Now, I want to confirm this.  There are approximately

10   33 documents in my understanding that the government concedes

11   that it's not making a claim of work product protection.  My

12   understanding also is that those documents have not been

13   produced to the defendant; is that correct?

14             MR. DRISCOLL:  I don't believe they have, your Honor.

15   I think we did relinquish the assertion of the privilege with

16   respect to them, and since we have done so, we will provide them

17   to the defendant.

18             THE COURT:  Is there a reason why those documents have

19   not been produced to date?

20             MR. DRISCOLL:  I'm sorry?

21             THE COURT:  Is there a reason why those documents have

22   not been produced?

23             MR. DRISCOLL:  The reasons why the documents hadn't

24   been produced until we made a decision to relinquish the

25   privilege was, we were waiting for the Court to determine

1    whether our interpretation and construction of the Court's

2    January 21st order was correct, and then when the Court

3    compelled us to be more specific in our assertion of the

4    privilege, we took a closer look at those documents in the

5    spirit of providing as much information to the Court and to the

6    defense and still working with our assertion of the pretext, and

7    having done that, those 32, approximately 32 documents we

8    declined to continue to assert a privilege over.

9            THE COURT:  I understand all that.  I'm just saying,

10   is there some reason why to date those documents have not been

11   produced?  That's what a Court order --

12           MR. DRISCOLL:  There is not, and they will be produced

13   forthwith.

14           THE COURT:  There is no reason?

15           MR. DRISCOLL:  There is no reason.

16           THE COURT:  Then I'm holding the attorneys in contempt

17   of court.  Ms. Morris, Mr. Welch; you just joined the team, you.

18   Who else signed those pleadings?  That was a Court order.  That

19   wasn't a request.  I didn't say out of the goodness of your

20   heart do this.  I said turn them over or invoke the privilege,

21   and you're telling me there was no reason why they weren't

22   turned over, so I'm holding the team of attorneys responsible

23   for that with contempt of court and I'll deal with whatever

24   sanctions are appropriate at the conclusion of this case.  I

25   want those documents turned over today before the close of

1    business, and my interpretation of the close of business is five

2    o'clock.

3              MR. DRISCOLL:  Yes, your Honor.

4              THE COURT:  Who else is on the team that I need to

5    include in an order holding in contempt?

6              MS. STEMLER:  Your Honor, I signed the pleading.

7              THE COURT:  I'm sorry?

8              MS. STEMLER:  I signed the pleading, your Honor.

9              THE COURT:  And your name?

10             MS. STEMLER:  Patty Stemler.

11             THE COURT:  Ms. Stemler.

12             It's a Court order.  Isn't the Department of Justice

13   taking Court orders seriously these days?

14             MR. DRISCOLL:  We are, your Honor.

15             THE COURT:  Then why wasn't it turned over?  You tell

16   me you don't have a reason for it.

17             MR. DRISCOLL:  The reason, your Honor, was just to be

18   sure we were making our work product protection clear, and we

19   will provide them as soon as possible.

20             THE COURT:  Those lawyers are held in contempt.  And

21   there will be further proceedings at the appropriate time, and I

22   don't plan to get side tracked on any sanctions right now.  I'm

23   going to preside over all these remaining matters and resolve

24   the defendant's requests and motions before the Court in as

25   timely a manner as I can.  That's paramount to this Court, and

1    I'll deal with the sanctions associated with the content at a

2    later date, but that's outrageous for the Department of Justice,

3    the largest law firm on this planet, to come before a federal

4    judge and say, yeah, Judge, you know, we recognized your order,

5    we realized it and we haven't gotten around to complying with

6    it, and we really don't have a good faith reason or any reason

7    for not having complied with it.  That is not acceptable in this

8    court and that's the reason why I'm adjudicating those attorneys

9    in contempt.

10           Now, getting back to the schedule, the Court is aware

11   that there is a courtroom tape that --

12           Can I talk about this?  Just a minute.

13           (There was a pause in the proceedings.)

14           THE COURT:  I need to speak with counsel off the

15   record at the conclusion of this hearing regarding the matter

16   that I can't talk about in public.

17           There's some other documents, though, that the

18   government had indicated.  Let's see.  The government filed a

19   pleading on January 26th, filed an opposition to defendant's

20   proposed discovery plan.  In that pleading the government stated

21   that there were three articles, three pieces of evidence that

22   the government believes should be produced to the defendant

23   regarding the defendant's motion related to David Anderson:  two

24   electronic recordings of surveillance tapes, and a sworn

25   affidavit by Agent Joy dated December 15th, 2008.  The

1   government said, in the Government's words, produce these items

2   no later than February the 2nd.  In the defendant's reply

3   yesterday, the defendant said still has not received those

4   documents.  I want to know why.

5              MR. WELCH:  In the conclusion to that particular

6   discovery motion filed on the 26th, we had asked that the Court

7   order the production of the three pieces of evidence, and we're

8   simply waiting on the Court's order to do so.

9              THE COURT:  Well, that's fine.  It's ordered today.

10  Produce them.

11             MR. WELCH:  That's fine.

12             THE COURT:  Now let me go over my list of what's

13  pending here.

14             On November 21st the defendant filed a motion for

15  discovery and an evidentiary hearing regarding allegations in a

16  letter from David Anderson.  There's been a reply to that.  The

17  government also filed its ex parte response to the David

18  Anderson letter on November 26th.  My records reflect this is a

19  ripe motion.  Senator Stevens' motion to access the government's

20  unauthorized ex parte filing in consideration of other

21  recommendation, that's ripe.  On December the 5th, the defendant

22  filed a motion pursuant to Rule 33 for a new trial.  The reply,

23  according to my notes, is that the reply, according to my notes,

24  is due February the 20th.  December the 5th defendant filed a

25  motion for judgment NOV.  My records don't show there was ever a

1  response to it.  It may well be that the government's other

2  responses are indeed a response for judgment NOV, but I'm not

3  showing a response.

4         There is a response?  There is.  I'm sorry.

5         MR. CARY:  Your Honor, just --

6         THE COURT:  Yes?

7         MR. CARY:  I was just going to say if it's helpful to

8  the Court, there will be no reply.

9         THE COURT:  That's extremely helpful.  Thank you.

10         December the 5th, defendant filed a motion to dismiss

11  count one or counts two through seven as multiplicitis.  That

12  motion is ripe.  December 15th, the government filed its motion

13  to withdraw a document filed ex parte on November the 24th,

14  2008.  That's ripe.  On December the 22nd the defendant filed

15  its motion to dismiss the indictment or, in the alternative,

16  motion for a new trial, discovery, and an evidentiary hearing,

17  etcetera, etcetera.  The response is due February the 26th.  The

18  reply is due March 19th.  The defendant has proposed a discovery

19  plan, and they filed that January the 14th.  The government's

20  opposition to defendant's proposed discovery plan was filed

21  January the 26th.  I believe that addresses everything that's

22  pending.

23         In connection with what I've just said, it will be the

24  Court's desire to put on hold its focus on the Rule 33 motions

25  until there's been some determination made with regards to

discovery. I can assure you whatever discovery the Court orders will be on a fast track and whatever dates I put in place I'm not going to extend. I don't need to focus on that right now. But I think the better part of wisdom is to put off consideration of Rule 33. I think it's probably best to put off consideration of that until I have everything before me, so it may well be that I'm going to order, I have every reason to believe I'm going to order some discovery, that's for sure, and it may well be that I need to schedule an evidentiary hearing that precedes a hearing on the Rule 33, but I'll leave that for another date, depending on just what's revealed during the course of the discovery, but there will be at least three hearings: that is, the discovery hearing, maybe an evidentiary hearing, maybe a hearing on the need for more discovery, and then the Court's focus on motion for new trial.

MR. CARY: Your Honor?

THE COURT: Why don't you come forward.

MR. CARY: Yes, your Honor. We have a reply brief due on the 20th on the Rule 33 motion.

THE COURT: Yes.

MR. CARY: We're prepared to file on that day. We do ask, perhaps it makes more sense to learn more, see if we're going to learn more, and then to file a comprehensive brief. On the other hand, we're happy to go and file whatever the Court's pleasure is.

1          THE COURT:  How would you like to proceed?  Look, in

2     all likelihood you're going to get some discovery.  It's not as

3     if I haven't given this some consideration.  The scope of that

4     discovery is yet to be determined, but I think you're entitled

5     to discovery, but I want to deal with all the discovery first.

6     I think I should.  I could focus on Rule 33 now.  I don't want

7     to do that.

8          MR. CARY:  We agree with that, your Honor.  We would

9     prefer to wait, but we wanted to bring that to the Court's

10    attention.

11         THE COURT:  How would you like to proceed?

12         MR. CARY:  We would like to --

13         THE COURT:  If you want to defer that filing, that's

14    fine.

15         MR. CARY:  We would suggest we would like to defer it,

16    and what we've suggested, perhaps we can consider this later, is

17    if, and we certainly submit that there should be discovery,

18    after that discovery, that we consolidate in our briefing for

19    the ease of the Court and put the mini briefs that we have into

20    one pleading.  That's our suggestion, your Honor.

21         THE COURT:  That would be great.  That would be great.

22    I actually was going to suggest that.  I didn't want someone to

23    do a lot of additional work, but we actually had thought about

24    that.  It would be a lot easier to track, and some of these

25    arguments overlap, but I don't have to deal with that today.

```
1              MR. CARY:  Very well, your Honor.

2              THE COURT:  I can today, though, defer your -- I can

3      grant your request to defer your filing that's due February the

4      20th.

5              MR. CARY:  Thank you, your Honor.

6              And to alert the Court to a couple of other issues

7      that at least according to our reports appear to be outstanding.

8              THE COURT:  Just a minute.  Let me go through my list.

9      I want to make sure I get everything.  Let me go through this

10     and then I'll hear from you.

11             MR. CARY:  Yes, your Honor.  I apologize.

12             THE COURT:  Counsel, according to my notes, there's

13     just that one additional matter that I have to talk to, and we

14     can talk in the -- actually, because it's sealed it will be the

15     last matter and I'll just ask that the courtroom be cleared,

16     because there are too many attorneys to get in the jury room,

17     and we'll talk about this later, but prior to the April 15th

18     hearing there should be one consolidated discovery request prior

19     to that hearing.  That will make our lives a lot easier as well.

20     I think there are at least a couple of requests for discovery.

21     I'm not so sure that work product slash Joy has been

22     consolidated with the other witness, the recanted witness, and

23     there are a couple of issues I recall.  I don't want to speak --

24     I think there are a couple of sealed matters that you've

25     requested some discovery on that deal -- there are.
```

```
 1              MR. CARY:  I'm --

 2              THE COURT:  -- that deal with matters that occurred

 3      during the course of the trial.

 4              MR. CARY:  There certainly is an element of our new

 5      trial motion.

 6              THE COURT:  And you're asking for some discovery there

 7      as well?

 8              MR. CARY:  Yes, your Honor.

 9              THE COURT:  It has to do with records and whether or

10      not people --

11              MR. CARY:  Yes.

12              There's one other matter.

13              THE COURT:  All right.

14              MR. CARY:  Substantive matter that I want to alert the

15      Court to that it was actually -- it's filed presently under seal

16      and I don't want to discuss it in open court, but perhaps I can

17      just clue you in.  It's docket 276.

18              THE COURT:  All right.

19              MR. CARY:  It was suppressed.  There's been no -- it

20      was filed on the public docket briefly, and then we withdrew or

21      we asked that it be made unavailable to the public, there's a

22      motion to strike that particular pleading, but there's been no

23      substantive response to it.  I believe that issue remains

24      outstanding, and then I think --

25              THE COURT:  Motion to strike filed by the government?
```

1          MR. CARY:  By the government, yes.

2          THE COURT:  All right.  We'll address that.

3          MR. CARY:  And your Honor, on December 16th, we filed

4    a motion to transcribe bench conferences and sealed hearings.

5    I'm not confident that's been ruled upon yet.

6          THE COURT:  I think I said in my original scheduling

7    order that the bench conferences would be made public at the

8    conclusion of the trial.  There are a couple of bench

9    conferences that should not be made public, and they were

10   towards the end of the trial.

11         MR. CARY:  I might be able to address that, your

12   Honor.  We proposed that they be transcribed, be provided to the

13   parties, not to the public, and then the parties would have

14   seven days to designate which ones.

15         THE COURT:  I think that's the correct approach.

16   We'll issue an appropriate order.  I have no problems with that

17   approach.  There are at least two that I recall that should not

18   be made public.  So you've made all the requests then of the

19   court reporters, the two court reporters?

20         MR. CARY:  I believe we have, but we're waiting for an

21   order from the Court before they can do that.

22         THE COURT:  We'll take care of that.  Any additional

23   requests?

24         MR. CARY:  No, your Honor.

25         THE COURT:  All right.

```
 1              Mr. Welch, Ms. Morris, is that all?  Anything?
 2              MR. WELCH:  Not from the government.
 3              THE COURT:  Nothing?
 4              MR. WELCH:  No.
 5              THE COURT:  Let me do this.  Let me take a five-minute
 6    recess.  I think I went over everything in my notes.  Let me
 7    just make sure before I let you go, and then I may have to ask
 8    that the courtroom be cleared so we can discuss -- there are too
 9    many attorneys to get into the jury room, but the other issue
10    has to be sealed and we'll talk about that, but let me just take
11    a five-minute recess.
12              Anything further?
13              MR. CARY:  No, your Honor.
14              COURTROOM DEPUTY:  This Honorable Court now stands in
15    a brief recess.
16              (Recess taken at about 2:36 p.m.)
17              COURTROOM DEPUTY:  Please remain seated and come to
18    order.
19              (Back on the record at about 2:47 p.m.)
20              THE COURT:  Mr. Cary, you looked a little confused
21    when I said we need one pleading that deals with discovery.  It
22    would be extremely helpful -- the hearing is April the 15th.  It
23    would be extremely helpful if defendant can just aggregate all
24    the requests into one document, one pleading, and the government
25    can do likewise.  If you can do that by the 1st, April the 1st,
```

1    defendant, and the government by April the 8th, just put

2    everything into one document, it would be extremely helpful.

3            MR. CARY:  Yes, your Honor.

4            THE COURT:  And that's all I have to say on the public

5    docket.

6            Are there any additional requests from anyone?  All

7    right.

8            I'm going to have to ask that the courtroom be cleared

9    because there is one matter that I need to talk with counsel

10   about off the record, and I'll seal this transcript.

11           (Public proceedings concluded at about 2:47 p.m.)

12                        - - -

23

1                          I N D E X

2

3

4      WITNESSES:

5

6      None.

7

8

9

10

11

12

13

14                        E X H I B I T S

15

16     None.

17

18

19

20

21

22

23

24

25

1                          CERTIFICATE

2            I, JACQUELINE M. SULLIVAN, Official Court Reporter,

3     certify that the foregoing pages are a correct transcript from

4     the record of proceedings in the above-entitled matter.

5                          _____

6                          JACQUELINE M. SULLIVAN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25